UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,

                              Plaintiff,

            -against-

TERRANCE DIXON, TYRONE
BLACKBURN, and T.A. BLACKBURN
LAW, PLLC,

                              Defendants.

Case No. 1:25-cv-03552 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Joseph Cartagena brings this action against Defendants Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn Law, PLLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332; Dkt. 9 ("Compl.") ¶ 17. Plaintiff alleges that he is a citizen of Florida. *See* Compl. ¶ 13. He alleges that Defendant T.A. Blackburn Law, PLLC is a citizen of New York because it is organized under the laws of the State of New York and operates its principal place of business from Brooklyn, New York. *See id.* ¶¶ 16-17.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members); *Sullivan v. Ruvoldt*, No. 16-cv-00583 (ER), 2017 WL 1157150, at *5 (S.D.N.Y. Mar. 27, 2017) (PLLC had the citizenship of each of its members for purposes of diversity jurisdiction). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and

principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  In the present case, the Complaint fails to do so.

Accordingly, it is hereby ORDERED that, on or before **May 7, 2025**, Plaintiff shall amend his Complaint to allege the citizenship of each constituent person or entity comprising Defendant T.A. Blackburn Law, PLLC.  If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated:  April 30, 2025
New York, New York

JENNIFER L. ROCHON
United States District Judge