

**Driving progress
through partnership**
**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

June 23, 2025

**Via ECF**

The Hon. Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York, Room 1920
New York, NY 10007

> **Re:** ***Cartagena v. Dixon*, Case No. 25-cv-03552 (S.D.N.Y.); and**
> ***Dixon v. Cartagena*, Case No. 25-cv-05144 (S.D.N.Y.)**

Dear Judge Rochon:

We, along with Tacopina Seigel & DeOreo, represent Defendant Joseph Cartagena, professionally known as "Fat Joe," and submit this letter about two closely related actions currently pending before Your Honor: (1) *Cartagena v. Dixon*, Case No. 25-cv-03552 (the "***First Filed Action***"); and (2) *Dixon v. Cartagena*, Case No. 25-cv-05144 (the "***Second Filed Action***"). As discussed below, both actions arise from the same transactions and occurrences. Thus, under Fed. R. Civ. P. 13(a), Dixon was required to assert the claims in the Second Filed Action as compulsory counterclaims and third-party claims in the First Filed Action. Accordingly, Cartagena respectfully requests that the Court either stay or dismiss the Second Filed Action without prejudice to Dixon refiling his claims (spurious as they may be) as counterclaims and third-party claims in the First Filed Action. In the alternative, Cartagena requests that, pursuant to Local Civil Rule 1.6 and Rule 13(b)(3) of the Rules for the Division of Business Among District Judges, the Court deem both lawsuits related, in which case Cartagena will promptly move to consolidate them.

### A. Background

The First Filed Action, filed by Cartagena on April 29, 2025, asserts claims against Terrance Dixon, Cartagena's former "hype man," and Dixon's attorneys, Tyrone Blackburn and T.A. Blackburn Law, PLLC. Cartagena alleges that Dixon and Blackburn engaged in a coordinated campaign of defamation, harassment, and extortion, including disseminating knowingly false and inflammatory accusations of criminal conduct such as sexual misconduct, pedophilia, statutory rape, and theft. Cartagena further alleges that Blackburn escalated this campaign by sending extortionate demand letters and threatening to file lawsuits containing fabricated allegations to coerce a multimillion-dollar settlement from Cartagena.

Nearly two months after Cartagena brought the First Filed Action, Dixon and Blackburn followed through on their scheme by filing the Second Filed Action against Cartagena and others. Rather than assert their claims in the already-pending First Filed Action today (their twice extended response date after having failed to timely respond), they initiated a separate lawsuit in this Court on June 19th (which was assigned to Your Honor on June 20th) repeating the same false and sensational

The Hon. Jennifer L. Rochon
June 23, 2025
Page 2



allegations that are the subject of the First Filed Action. This tactic is consistent with the pattern identified by at least two Southern District of New York judges, who have found that Blackburn's pleadings are "replete with inaccurate statements of law, conclusory accusations, and inappropriate ad hominem attacks on opposing counsel," *Jones v. Combs*, 2025 U.S. Dist. LEXIS 54277, at *10 (S.D.N.Y. 2025), and are designed primarily to "garner media attention [and] embarrass defendants," *Zunzurovski v. Fisher*, 2024 U.S. Dist. LEXIS 62568, at *14 (S.D.N.Y. 2024).

### B.   The Second Filed Action Should Be Dismissed Without Prejudice or Stayed

Fed. R. Civ. P. 13(a) provides that "A pleading ***must state as a counterclaim*** any claim that—at the time of its service—the pleader has against an opposing party if the claim: **(**A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." (Emphasis added). The factual allegations in both the First Filed Action and the Second Filed Action arise from the same nucleus of operative facts: Dixon's and Blackburn's campaign of false, extortionate accusations and threats to file a fabricated lawsuit against Cartagena, and Cartagena's response to those actions. The Second Filed Action is, in essence, a core component of the First Filed Action, with Dixon and Blackburn reasserting the same allegations that prompted Cartagena's First Filed Action. Accordingly, because Dixon should have asserted these claims as compulsory counterclaims and third-party claims in the First Filed Action, the Court should either stay or dismiss the Second Filed Action without prejudice to Dixon refiling his claims as counterclaims and third-party claims in the First Filed Action. *See, e.g., Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) ("[O]nce a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceeding."); *Skyline Steel, LLC v. Pilepro*, LLC, No. 13-CV-8171, 2015 U.S. Dist. LEXIS 27436, at *17 (S.D.N.Y. Mar. 5, 2015) (dismissing second filed action and stating that "[w]hen faced with duplicative litigation in an earlier-filed action, as here, '[t]he decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion.'" (quoting *Adam*, 950 F.2d at 92)).

### C.   In The Alternative, Both Lawsuits Should Be Deemed Related, In Which Case, Cartagena Will Promptly Move to Consolidate Them

At minimum, the cases should be deemed related. Rule 13(a)(2) of the Rules for the Division of Business provides that civil cases are related where "the interests of justice and efficiency will be served," and sets forth four factors for determining relatedness: (A) whether the actions concern the same or substantially similar parties, property, transactions, or events; (B) whether there is substantial factual overlap; (C) whether the parties could be subjected to conflicting orders; and (D) whether, absent a determination of relatedness, there would be substantial duplication of effort and expense, delay, or undue burden on the Court, parties, or witnesses." All four factors are satisfied here:

***First,*** both cases involve the same core parties—Cartagena, Dixon and Blackburn. The only meaningful difference is the alignment of the parties as plaintiff and defendant, but the underlying dispute and the core individuals involved are substantially similar.  Cartagena submits that the additional parties sued by Dixon have no place in this action but, in any event, their inclusion centers on the same facts at issue in the core of the dispute.

The Hon. Jennifer L. Rochon
June 23, 2025
Page 3

ReedSmith

*Second*, as discussed above, the factual allegations in both lawsuits arise from Dixon's and Blackburn's campaign of false, extortionate accusations and threats against Cartagena, and Cartagena's response to those actions. There is thus a substantial if not complete factual overlap between the cases.

*Third*, the Second Filed Lawsuit is baseless and is part and parcel of Dixon and Cartagena's ongoing extortion scheme. However, even assuming arguendo that the Second Filed Lawsuit were to proceed beyond the pleading stage (which it should not), both the First Filed Action and the Second Filed Action would involve the same witnesses, the same evidence, and the resolution of many of the same legal and factual issues. Likewise, there is a risk of inconsistent or conflicting rulings if the cases proceed to trial at different times and before different juries. Allowing these actions to proceed separately would result in unnecessary expense and burden for the parties, witnesses and the Court.

Accordingly, both lawsuits should, at minimum, be deemed related, in which case Cartagena will promptly move to consolidate them.

\*        \*        \*

For the reasons discussed above, the Court should either stay or dismiss the Second Filed Action without prejudice to Dixon refiling counterclaims and third-party claims in the First Filed Action. In the alternative, the Court should deem both lawsuits related, in which case Cartagena will promptly move to consolidate them.

Respectfully submitted,


/s/ Jordan W. Siev

cc:   All counsel by ECF