# T. A. Blackburn Law

### TYRONE A. BLACKBURN

MEMBER OF
NY, DC & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

June 23, 2025

Via ECF
The Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

**Re:** *Dixon v. Cartagena et al.*, No. 1:25-cv-05144 (JLR)
Opposition to Defendant's June 23, 2025, Letter Request to Stay or Dismiss

Dear Judge Rochon:

We represent Plaintiff Terrance Dixon in the above-captioned matter. We write in opposition to Defendant Joseph Cartagena's June 23, 2025, request seeking dismissal, stay, or consolidation of this action with the earlier-filed matter *Cartagena v. Dixon*, No. 25-cv-03552. Defendant's request mischaracterizes the nature of Plaintiff's claims, misapplies Rule 13(a) of the Federal Rules of Civil Procedure, and seeks to obscure the gravity and independence of Plaintiff's trafficking and RICO allegations by miscasting them as a retaliatory response to a defamation suit.

## I.    Defendant Improperly Attempts to Collapse Human Trafficking Claims into His Defamation Narrative

Contrary to Defendant's assertions, *Dixon v. Cartagena* is not a rehash of *Cartagena v. Dixon* or a defamation response. Instead, it is a distinct and well-pleaded civil action under the Trafficking Victims Protection Act (TVPA), RICO, and related state tort doctrines. The complaint alleges that from 2008 through 2024, Defendant used his public persona and private enterprise to engage in a longstanding pattern of sexual coercion, forced labor, economic intimidation, and retaliatory threats—all supported by extensive factual detail and corroborated by witnesses.

347-342-7432       tblackburn@tablackburnlaw.com       TABlackburnlaw.com



## T. A. BLACKBURN LAW

Defendant now attempts to recast these claims as part of a "defamation and extortion campaign" and argues that the TVPA and RICO claims should have been filed as compulsory counterclaims. This is a distortion of both the factual record and applicable law. The alleged trafficking enterprise predated the parties' current public dispute by more than a decade. The complaint does not hinge on Defendant's defamation suit—it stands on its own as a civil enforcement of statutory rights.

Courts reject efforts to reduce trafficking and forced labor allegations to reputational disputes. These claims concern the abuse of power, control, and manipulation over a vulnerable individual—allegations that implicate serious federal interests. No court has ever held that a TVPA or civil RICO claim must be brought as a counterclaim to a defamation lawsuit simply because the Defendant is a public figure.

## II.    Defendant's Defamation Framing Ignores Actual Malice and Public Figure Standards

Under Rule 13(a), a claim is compulsory only if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Courts interpret this standard narrowly, focusing on whether the claims share a "logical relationship." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004). That test is not satisfied here.

The Defendant's defamation suit arises from a February 2025 demand letter and subsequent public commentary. In contrast, *Dixon v. Cartagena* involves years of prior conduct—spanning multiple states, involving enterprise participants, and implicating both federal labor and organized crime statutes. While Defendant would like to treat the trafficking claims as a publicity stunt, they allege a pattern of exploitation and coercion that far predates and independently supports Plaintiff's complaint.

Rule 13(a) does not authorize the dismissal of independent statutory claims merely because they touch the same public figure. Nor does it require a trafficking victim to forfeit relief unless he responds directly to a reputational claim in the first-filed action.

## III.   The Defendant Is a Public Figure Subject to Actual Malice Standards.

To the extent Defendant's letter implies reputational harm from Plaintiff's allegations, Defendant is a public figure subject to the heightened "actual malice" standard for any defamation-



## T. A. BLACKBURN LAW

based relief. "The showing of fault necessary to recover for libel varies depending on a plaintiff's position in society, requiring a higher degree of fault for public officials and public figures." *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000). A public figure must plausibly allege that the statements were made "with knowledge that the statements were false or with reckless disregard as to their falsity." *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015).

Courts have repeatedly dismissed defamation claims that fail to plead actual malice with specificity. See *Diario El Pais, S.L. v. Nielsen Co. (US)*, 2008 U.S. Dist. LEXIS 92987, at *19–20 (S.D.N.Y. 2008)*. Cartagena's letter fails to show how Plaintiff's independently substantiated trafficking claims could ever satisfy that burden. The attempt to characterize serious civil rights allegations as a "false narrative" or "extortion attempt" is precisely the sort of conclusory and speculative framing that courts reject. See also *Themed Restaurants, Inc. v. Zagat Survey, LLC*, 4 Misc. 3d 974, 781 N.Y.S.2d 441, 449 (N.Y. Sup. Ct. 2004).

Moreover, courts may deem a party a public figure at the motion to dismiss stage where the pleadings suffice. See *Biro*, 963 F. Supp. 2d at 270 (SDNY 2013), aff'd, 807 F.3d 541. Defendant's public prominence as an entertainer, business owner, and frequent commentator qualifies him as a limited-purpose public figure, at minimum. See *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974); *NOVAGOLD Res., Inc. v. J Capital Rsch. USA LLC*, 2022 U.S. Dist. LEXIS 55734, at *16–17.

## IV.    Consolidation or Related Case Designation Would Be Improper and Prejudicial

There is no legal or factual basis to consolidate the two cases or deem them "related" under Local Civil Rule 1.6. Relatedness requires substantial factual and legal overlap—not the mere identity of parties. The Plaintiff's claims allege statutory and constitutional violations, not reputational harm. They involve different factual timelines, different causes of action, and different types of harm. The Defendant's desire to obscure those distinctions through procedural consolidation should be denied.

Once the Court reviews the motion to dismiss in Cartagena v. Dixon, No. 25-cv-03552, it will be abundantly clear that there is no legal or factual basis for that action. Defendant fails to plausibly plead actual malice, as required under New York Times Co. v. Sullivan, 376 U.S. 254



# T. A. BLACKBURN LAW

(1964), and its progeny. As a public figure, Cartagena bears the burden of demonstrating that Plaintiff acted with knowledge of falsity or reckless disregard for the truth—yet the complaint is devoid of any specific allegations supporting that standard. See Celle v. Filipino Reporter Enters. Inc., 209 F.3d 163, 177 (2d Cir. 2000); Biro v. Condé Nast, 807 F.3d 541, 544 (2d Cir. 2015). The complaint's conclusory assertions are legally insufficient, and the case should be dismissed with prejudice.

## V.      Conclusion

Plaintiff's trafficking, forced labor, and enterprise liability claims are not subject to Rule 13(a). Defendant's request to dismiss, stay, or consolidate is based on a deliberate mischaracterization of the factual record and applicable law. The Court should deny the request in its entirety and permit this action to proceed independently on the merits.

Respectfully submitted,

*/s/ Tyrone A. Blackburn*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
Counsel for Plaintiff Terrance Dixon

cc: All Counsel of Record (via ECF)

