

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY, DC & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

July 1, 2025

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

  Re: *Joseph Cartagena v. Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn Law, PLLC*
                              Case No. 1:25-cv-03552 (JLR)

Dear Judge Rochon:

  We represent Defendants Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn Law, PLLC in the above-captioned action. We write in strong opposition to Plaintiff's July 1, 2025, letter seeking leave to file a second amended complaint. The request is meritless, strategically abusive, and procedurally improper. The Defendant respectfully requests oral arguments so that the Plaintiff can explain to the Court the merits of their leave to amend request.

  First, Plaintiff has already amended his complaint once and offers no justification—factual or legal—for why a further amendment is necessary. There are no newly discovered facts, no intervening law, and no change in circumstances. What Plaintiff proposes is not a good-faith effort to clarify allegations, but a transparent tactic to keep alive a profoundly flawed and retaliatory action that should have never been filed in the first place.

  Second, this lawsuit was initiated in bad faith. The complaint was filed only after the Defendant sent the Plaintiff and his counsel a pre-suit preservation letter, which is standard and protected legal correspondence. It is black-letter law that attorneys cannot be sued for defamation or IIED based on pre-litigation settlement communications. As the New York Court of Appeals made clear in *Front, Inc. v. Khalil*, 24 N.Y.3d 713 (2015), pre-suit demand letters sent in good faith anticipation of litigation are protected by qualified privilege and cannot give rise to liability.





Even where statements are aggressive or unfavorable, they are shielded if made in the context of anticipated litigation.

The Second Circuit and New York Court of Appeals have repeatedly affirmed that pre-suit statements by attorneys—particularly those advancing legal claims—fall within the zone of protected advocacy. See also *Gottwald v. Sebert*, 40 N.Y.3d 240 (2023) (reaffirming First Amendment and privilege protections in defamation actions involving public figures and litigation conduct). To permit Plaintiff to amend under these circumstances would chill legal advocacy and incentivize retaliatory litigation tactics.

Third, the majority of the social media posts identified in Plaintiff's complaint are time-barred under New York's one-year statute of limitations for defamation. The remaining statements are protected speech under the First Amendment. Plaintiff is a well-known public figure, and thus must plead and prove actual malice—a burden he has failed to meet in both prior iterations of the complaint. He also fails to plead that Defendant knew the challenged statements were false at the time they were made—another fatal omission.

This failure is not an innocent oversight. It is deliberate. Defendant possesses four audio recordings that corroborate his underlying statements—two from women who were underage at the time of their interactions with Plaintiff, one from a relative of one of those women, and a fourth from a former member of Plaintiff's Terror Squad who confirms that Plaintiff flew one of the minors to Miami for illicit purposes. These materials directly support Defendant's statements and eviscerate any claim of falsity or malice.

Plaintiff's own admissions further support these facts. While involved with at least one of the young women referenced above, Plaintiff publicly released a song titled "She's My Mama," in which he describes having a relationship with a 16-year-old girl. The timing of the song's release aligns with his involvement with one of the women referenced in the audio recordings. These materials, taken together, eviscerate any plausible claim of falsity or malice and provide independent factual support for Defendant's statements.

If the Court would like to review these recordings or prefers an in camera meeting with the two women, we are prepared to facilitate that process. Both individuals have expressed their

347-342-7432   tblackburn@tablackburnlaw.com   TABlackburnlaw.com



willingness and eagerness to meet with Your Honor and provide further details about their experiences with the Plaintiff.

Finally, this is not the first time Plaintiff's employer, Roc Nation, has used this retaliatory playbook. In *Shawn "Jay-Z" Carter v. Buzbee*, Roc Nation initiated a nearly identical lawsuit in California state court against attorney Tony Buzbee after he filed a civil rape action against Roc Nation founder Jay-Z and Sean Combs for the rape of a child. That case was dismissed in its entirety on July 1, 2025, by Judge Mark Epstein of the Los Angeles County Superior Court in a detailed 65-page decision. Judge Epstein held that pre-litigation demand letters—even those offering a settlement—are not extortion or actionable defamation. A court of competent jurisdiction has now rebuked Roc Nation's attempts to chill litigation and retaliate against opposing counsel.

This Court should not permit Plaintiff to perpetuate a meritless, retaliatory case under the guise of "analyzing" new legal theories. Plaintiff has had ample opportunity to plead his best case and failed. He offers no justification for further delay and no legal basis for amendment. Defendants respectfully request that the Court:

- Deny Plaintiff's request for an extension;
- Enforce the current July 7, 2025, deadline for opposition;
Take notice that Defendants reserve all rights to seek Rule 11 sanctions and Anti-SLAPP remedies under NY CLS Civ R § 70-a.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

See enclosed copies of the following decisions cited herein:

- *Front, Inc. v. Khalil*, 24 N.Y.3d 713 (Court of Appeals of New York)
- *Gottwald v. Sebert*, 40 N.Y.3d 240 (Court of Appeals of New York)
- *Balliet v. Kottamasu*, Dismissal Order with Prejudice (New York Supreme Court)
- Westlaw Precision case bundle titled "5 full text Additional cases documents from July 1, 2025 Letter"