UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CARTAGENA, <br>         *Plaintiff*, <br> v. <br> TERRANCE DIXON, <br> TYRONE BLACKBURN, and <br> T.A. BLACKBURN LAW, PLLC, <br>         *Defendants*. | Civil Action No. 25-cv-03552 <br><br> REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**By**: Tyrone A. Blackburn, Esq.

**TABLE OF CONTENTS**

INTRODUCTION
I.    PLAINTIFF FAILS TO STATE A CLAIM FOR DEFAMATION
    A. The Alleged Statements Are Non-Actionable Opinion or Hyperbole
    B. Plaintiff Fails to Allege Actual Malice
II.   THE IIED CLAIM REMAINS INSUFFICIENT AS A MATTER OF LAW
    A. The Conduct Alleged Is Not Extreme or Outrageous
    B. Plaintiff's Alleged Emotional Distress Is Conclusory and Unverified
    C. The IIED Claim Is Duplicative of the Defamation Claim
III.  THE DEFAMATION AND IIED CLAIMS AGAINST ATTORNEY BLACKBURN AND HIS FIRM FAIL
IV.  PLAINTIFF'S UNSUPPORTED ALLEGATIONS, EVIDENTIARY OMISSIONS, AND MISCHARACTERIZATIONS UNDERMINE HIS CLAIMS
CONCLUSION

**TABLE OF AUTHORITIES**

**United States Supreme Court**
- New York Times Co. v. Sullivan, 376 U.S. 254 (1964)
- Masson v. New Yorker Magazine, Inc., 501 U.S. 496 (1991)
- Harte-Hanks Commc'ns, Inc. v. Connaughton, 491 U.S. 657 (1989)

**United States Court of Appeals**
- Dalbec v. Gentleman's Companion, Inc., 828 F.2d 921 (2d Cir. 1987)
- Pippen v. NBCUniversal Media, LLC, 734 F.3d 610 (7th Cir. 2013)
- Schatz v. Republican State Leadership Comm., 669 F.3d 50 (1st Cir. 2012)
- Dodds v. Am. Broad. Co., 145 F.3d 1053 (9th Cir. 1998)

**United States District Courts**
- Coleman v. Grand, 523 F. Supp. 3d 244 (E.D.N.Y. 2021)
- Immuno AG v. Moor–Jankowski, 77 N.Y.2d 235
- Palin v. New York Times Co., 482 F. Supp. 3d 208 (S.D.N.Y. 2020), modified, 510 F. Supp. 3d 21 (S.D.N.Y. 2020)
- BYD Co. Ltd. v. VICE Media LLC, 531 F. Supp. 3d 810 (S.D.N.Y. 2021), aff'd, No. 21-1097, 2022 WL 598973 (2d Cir. Mar. 1, 2022)
- Cabello-Rondon v. Dow Jones & Co., Inc., No. 16-CV-3346, 2017 WL 3531551 (S.D.N.Y. Aug. 16, 2017), aff'd, 720 F. App'x 87 (2d Cir. 2018)
- World Boxing Council v. Cosell, 715 F. Supp. 1259 (S.D.N.Y. 1989)
- Biro v. Conde Nast, 963 F. Supp. 2d 255 (S.D.N.Y. 2013), aff'd, 807 F.3d 541 (2d Cir. 2015), and aff'd, 622 F. App'x 67 (2d Cir. 2015)
- Collins v. Giving Back Fund, No. 18-CV-8812 (CM), 2019 WL 3564578 (S.D.N.Y. Aug. 6, 2019)
- Semper v. New York Methodist Hosp., 786 F. Supp. 2d 566 (E.D.N.Y. 2011)
- Stevens v. New York, 691 F. Supp. 2d 392 (S.D.N.Y. 2009)

**New York State Cases**
- Howell v. New York Post Co., 81 N.Y.2d 115 (1993)
- Chapadeau v. Utica Observer–Dispatch, Inc., 38 N.Y.2d 196 (1975)
- Immuno AG v. Moor–Jankowski, 77 N.Y.2d 235
- Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92 (2d Cir. 2000)

**California State Cases**
- James v. San Jose Mercury News, Inc., 17 Cal.App.4th 1, 20 Cal. Rptr. 2d 890 (1993)
- Nygard, Inc. v. Uusi-Kerttula, 72 Cal. Rptr. 3d 210 (Cal. Ct. App. 2008)
- Overhill Farms, Inc. v. Lopez, 190 Cal.App.4th 1248, 119 Cal. Rptr. 3d 127 (2010)
- Chaker v. Mateo, 209 Cal.App.4th 1138, 147 Cal. Rptr. 3d 496 (2012)
- ComputerXpress, Inc. v. Jackson, 93 Cal.App.4th 993, 113 Cal. Rptr. 2d 625 (2001)

**Recent SDNY Decisions**
- Lively v. Wayfarer Studios LLC, No. 24-CV-10049, 2025 WL 1637019 (S.D.N.Y. June 9, 2025)

Plaintiff's opposition fails to rehabilitate the Second Amended Complaint ("SAC") from its core defects. Rather than respond to the actual legal arguments raised by Defendants, Plaintiff resorts to mischaracterizations, hyperbole, and unsupported accusations. This reply addresses each of Plaintiff's contentions in turn.

I.    **PLAINTIFF FAILS TO STATE A CLAIM FOR DEFAMATION**
    a.    THE ALLEGED STATEMENTS ARE NON-ACTIONABLE OPINION OR HYPERBOLE

Plaintiff mischaracterizes satire, commentary, and personal viewpoints as actionable factual assertions. However, Defendants' statements—many of which were made through social media, podcasts, or interviews—were not presented as verifiable facts, but as rhetorical critiques, expressions of personal frustration, and commentary on Plaintiff's abusive industry conduct. These expressions fall squarely within the protected realm of opinion and hyperbole.

Courts have consistently held that general characterizations—such as asserting that someone is manipulative, exploitative, dishonest, or has taken advantage of others—are not susceptible to objective proof and therefore not actionable. See, e.g., *James v. San Jose Mercury News, Inc.*, 17 Cal.App.4th 1, 20 Cal. Rptr. 2d 890, 898 (1993) (holding that statements containing elastic terms and subjective elements are not provably false); *Adler v. Solar Power, Inc.*, 2018 WL 1626162, at *10 (S.D.N.Y. Mar. 30, 2018) (Characterizing Plaintiff as a bad person is a statement of opinion); *Nygard, Inc. v. Uusi-Kerttula*, 72 Cal. Rptr. 3d 210, 229 (Cal. Ct. App. 2008) (statements that the employer used Plaintiff and was horrible to work for deemed nonactionable).

The same applies here. Dixon's statements—regarding creative theft, unpaid labor, and allegations of sexual misconduct—were expressed in general, emotionally charged, and sometimes metaphorical terms. They reflect views that the Plaintiff is unfair, unethical, and exploitative, rather than specific factual allegations capable of objective verification. See *Overhill Farms, Inc. v. Lopez*, 190 Cal.App.4th 1248, 119 Cal. Rptr. 3d 127, 140 (2010) (general charges of being racist, unfair, or unjust are not actionable); *Chaker v. Mateo*, 209 Cal.App.4th 1138, 147 Cal. Rptr. 3d 496, 504 (2012) (insulting language like deadbeat dad lacks specificity and is non-actionable); *ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 113 Cal. Rptr. 2d 625, 643 (2001) (accusations of self-interest and disregard for business legitimacy too vague to be considered factual assertions); *Dodds v. Am. Broad. Co.*, 145 F.3d 1053, 1067 (9th Cir. 1998) (statement that a judge acted wrongfully too vague to be proven true or false).

As the Southern District recently reaffirmed in *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049, 2025 WL 1637019 (S.D.N.Y. June 9, 2025), general allegations of immoral behavior, exploitation, or abuse are often infinitely debatable and extremely elusive in meaning. They are protected expressions of viewpoint—not assertions of fact that can sustain a defamation claim.

Moreover, several of the challenged statements relate to matters of public concern, including exploitation in the music industry, creative theft, and abuse of power. Under New York law, when addressing matters of public concern, plaintiffs must meet a heightened standard and demonstrate that defendants acted with gross irresponsibility—or in some cases, actual malice. See *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 101–02 (2d Cir. 2000) (*Chapadeau v. Utica Observer–Dispatch, Inc.*, 38 N.Y.2d 196, 199, 379 N.Y.S.2d 61, 341 N.E.2d 569 (1975)); *Palin v. New York Times Co.*, 510 F. Supp. 3d 21, 25–26 (S.D.N.Y. 2020) (N.Y. Civ. Rights Law § 76-a). Additionally, only statements that are both factual and demonstrably false can support a defamation claim. Expressions of opinion, particularly those grounded in personal experience, are constitutionally protected and not actionable. See *Immuno AG v. Moor–Jankowski*, 77 N.Y.2d 235, 254–55, 566 N.Y.S.2d 906, 567 N.E.2d 1270; *Coleman v. Grand*, 523 F. Supp. 3d 244, 254–55 (E.D.N.Y. 2021).

Here, Defendant Dixon was expressing his lived experience, frustration, and personal perspective—often in colloquial or artistic language—concerning their mistreatment, unpaid labor, and exploitation by Plaintiff. These inherently subjective communications, particularly in the context of creative collaborations and personal relationships, cannot be reasonably construed as false statements of fact. They are protected speech and cannot support a defamation claim.

   b.  PLAINTIFF FAILS TO ALLEGE ACTUAL MALICE

Plaintiff continues to ignore his burden to allege facts plausibly showing that Defendants knew their statements were false or acted with reckless disregard for the truth. The Second Amended Complaint ("SAC") is devoid of such factual allegations and instead relies on conclusory language and circular reasoning—that the statements were false simply because Plaintiff says so. This is insufficient under controlling precedent.

To survive dismissal, Plaintiff must allege that Defendants published the statements with knowledge that they were false or with reckless disregard of whether they were false or not. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279 (1964). Mere negligence does not suffice. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510 (1991). Instead, a finding of malice must be

based on clear and convincing evidence that the defendant in fact entertained serious doubts as to the truth of his publication, or, in the alternative, knew of its falsity. *Dalbec v. Gentleman's Companion, Inc.*, 828 F.2d 921, 927 (2d Cir. 1987); see also *Palin v. New York Times Co.*, 482 F. Supp. 3d 208, 220–21 (S.D.N.Y. 2020), modified, 510 F. Supp. 3d 21 (S.D.N.Y. 2020).

Moreover, the state of mind necessary for actual malice must be brought home to the persons in the … organization having responsibility for the publication. *Sullivan*, 376 U.S. at 287. Even at this stage, Plaintiff must plead sufficient factual detail to render the claim plausible. As the Seventh Circuit has held, states of mind may be pleaded generally, but a plaintiff still must point to details sufficient to render a claim plausible. *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614 (7th Cir. 2013); see also *BYD Co. Ltd. v. VICE Media LLC*, 531 F. Supp. 3d 810, 823 (S.D.N.Y. 2021), aff'd, No. 21-1097, 2022 WL 598973 (2d Cir. Mar. 1, 2022).

Here, Plaintiff's conclusory assertions do not meet that standard. As in *BYD*, its claim that VICE acted knowingly is unsupported by any factual allegations in the Complaint, and the truth of factual allegations that are contradicted by documents properly considered on a motion to dismiss need not be accepted. *Id*.

Plaintiff also fails to allege facts showing that Defendants had obvious reasons to doubt the veracity of their sources or possessed information that should have raised such doubts. As the Supreme Court has emphasized, a failure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989). There is no rule requiring an author to conduct an investigation unless there is a showing that the author had reason to question the truth of their sources. *World Boxing Council v. Cosell*, 715 F. Supp. 1259, 1266 (S.D.N.Y. 1989); *Cabello-Rondon v. Dow Jones & Co., Inc.*, No. 16-CV-3346, 2017 WL 3531551, at *9 (S.D.N.Y. Aug. 16, 2017), aff'd, 720 F. App'x 87 (2d Cir. 2018). As was the case in *BYD*, the Court held that none of the facts in the Complaint alleged that VICE had obvious reasons to doubt the veracity of its sources before publishing or that it possessed information that should have put it on notice as to the veracity of the report. *BYD*, 531 F. Supp. 3d at 826–27 (collecting cases); see also *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 278, 285 (S.D.N.Y. 2013), aff'd, 807 F.3d 541 (2d Cir. 2015), and aff'd, 622 F. App'x 67 (2d Cir. 2015); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56, 58 (1st Cir. 2012).

Here, Plaintiff's pleading falls far short of these standards. The SAC offers only speculation, fails to allege facts demonstrating serious doubts about the truth of the statements at issue, and thus does not plausibly plead actual malice.

Defendant Dixon, on the other hand, has consistently maintained that his statements are based on personal knowledge, corroborating witnesses, and supporting documentation. This includes firsthand accounts and audio recordings. Plaintiff's opposition does not—and cannot—refute the existence of this material. The burden lies with Plaintiff to establish a plausible showing of actual malice, which he utterly fails to do.

II. **THE IIED CLAIM REMAINS INSUFFICIENT AS A MATTER OF LAW**
   a. <u>THE CONDUCT ALLEGED IS NOT EXTREME OR OUTRAGEOUS</u>

Plaintiff's claim for intentional infliction of emotional distress (IIED) rests entirely on the same speech that underlies his defamation cause of action. His characterization of Defendants' social media posts, public commentary, and litigation conduct as extreme is both self-serving and legally insufficient. The alleged conduct—posting on social media, granting interviews, and making legal demands—falls far short of the standard required to sustain an IIED claim.

IIED is a highly disfavored cause of action under New York law, one that is almost never successful. *Collins v. Giving Back Fund*, No. 18-CV-8812 (CM), 2019 WL 3564578, at *14 (S.D.N.Y. Aug. 6, 2019). Such claims routinely fail as a matter of law at the pleading stage, typically on the first element. See *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993).

To be actionable, the alleged conduct must be so outrageous in character and so extreme in degree as to exceed all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society. *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999) (quoting *Howell*, 81 N.Y.2d at 122). Notably, even showing that a defendant acted with tortious, criminal, or malicious intent is not enough. *Stuto*, 164 F.3d at 827 (quoting *Restatement (Second) of Torts* § 46 cmt. d (1965)).

Courts have consistently held that acts which merely constitute harassment, disrespectful or disparate treatment, a hostile environment, humiliating criticism, intimidation, insults, or other indignities are insufficiently outrageous to support an IIED claim. *Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 587 (E.D.N.Y. 2011) (quoting *Stevens v. New York*, 691 F. Supp. 2d 392, 399 (S.D.N.Y. 2009)); see also *Coleman v. Grand*, 523 F. Supp. 3d 244, 266 (E.D.N.Y. 2021).

7

Here, Plaintiff's allegations amount to nothing more than disagreement with Defendants' protected expression and conduct within the bounds of public discourse and legal process. Such allegations—devoid of any truly outrageous or intolerable behavior—are manifestly inadequate as a matter of law.

Rather than presenting anything outrageous, the Plaintiff's allegations reflect his distaste for the Defendants' willingness to publicly challenge him. That discomfort does not give rise to tort liability.

b.  PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS IS CONCLUSORY AND UNVERIFIED

Plaintiff offers no medical evidence, no diagnoses, and no factual allegations of actual harm resulting from Defendants' protected conduct. Instead, he relies on vague claims of emotional injury without any detail or corroboration. The failure to plead concrete, verifiable emotional harm is fatal to the IIED claim.

c.  THE IIED CLAIM IS DUPLICATIVE OF THE DEFAMATION CLAIM

Plaintiff's opposition fails to explain how his IIED claim arises from conduct distinct from the alleged defamation. The SAC explicitly links the emotional distress to the challenged public statements. Courts routinely dismiss IIED claims where they merely repackage defamation claims under a different label.

III. **THE DEFAMATION AND IIED CLAIMS AGAINST ATTORNEY BLACKBURN AND HIS FIRM FAIL**

Plaintiff's attempt to rope in Attorney Blackburn and his law firm is both legally baseless and ethically dubious. The statements attributed to Blackburn were made in his role as legal counsel and in direct response to a media onslaught orchestrated by Plaintiff's attorney, Joseph Tacopina. Blackburn's commentary was a defensive effort to correct the public record, clarify the basis for anticipated litigation, and respond to media inquiries prompted by Plaintiff's counsel.

Additionally, Plaintiff fails to distinguish between statements made in a personal capacity and those made in a legal or representative capacity. None of Blackburn's conduct meets the threshold for tort liability. The claims against him and his firm are transparently retaliatory and must be dismissed with prejudice.

IV. **PLAINTIFF'S UNSUPPORTED ALLEGATIONS, EVIDENTIARY OMISSIONS, AND MISCHARACTERIZATIONS UNDERMINE HIS CLAIMS**

Plaintiff's opposition is long on invective but short on facts. He repeatedly asserts that Defendants' statements were "false," "retaliatory," or "malicious," but provides no evidentiary

basis for those claims. These are conclusory statements—legal labels masquerading as facts—and they are insufficient to withstand a motion to dismiss. A plaintiff cannot simply recite the elements of a tort and declare them met. The Second Amended Complaint ("SAC") does not plausibly allege any facts to support the necessary legal elements, and the opposition brief fails to cure those deficiencies.

Plaintiff's attempt to reframe protected litigation conduct as extortion or intimidation is equally unavailing. In reality, Defendants engaged in lawful pre-suit communications, including demand letters and preservation notices, and made good-faith efforts to resolve the dispute without litigation. Plaintiff, by contrast, orchestrated a coordinated media campaign through his counsel to publicize inflammatory claims, promote sensational headlines, and pressure Defendants outside the courtroom.

Ironically, Plaintiff accuses Defendant Dixon of threatening harm or financial extortion in conversations with a phantom family member. Yet, he fails to identify the person to whom Dixon allegedly made this statement. Notably absent from the SAC is any affidavit, declaration, transcript, or recording that could substantiate this serious accusation. The omission of such basic corroboration is fatal.

More glaring still is Plaintiff's silence on the alleged conversation between Attorney Tyrone Blackburn and non-party Erica Moreira. The SAC purports to quote Blackburn verbatim—placing those statements at the heart of the defamation and IIED claims—yet Plaintiff fails to attach any declaration from Ms. Moreira confirming she made or heard such statements. Nor is there any audio recording or transcript provided. The total absence of evidentiary support renders the quoted language suspect, and the Court should view such speculative pleading with caution.

Compounding matters, Plaintiff's own allegations, if taken at face value, implicate Ms. Moreira in not one, but two serious felonies under Florida law.

First, practicing law without a license, in violation of Fla. Stat. § 454.23, which makes it a third-degree felony to hold oneself out as a qualified attorney in Florida without authorization.

Second, unlawful interception and disclosure of a private conversation, under Fla. Stat. § 934.03, Florida's wiretapping statute. Plaintiff appears to allege that Ms. Moreira:

- Secretly recorded her call with Attorney Blackburn.
- Disclosed that recording to third parties (including Plaintiff's counsel); and
- Used the contents of that recording to support litigation claims—all without consent.

These are not hypothetical violations. They arise directly from Plaintiff's own factual allegations. If Ms. Moreira made the recordings and disclosed them as the Plaintiff contends, she may have committed felonies. If she did not, then Plaintiff's quoted statements have no evidentiary foundation. Either way, the SAC collapses under its own contradictions.

Simply put, Plaintiff cannot selectively paraphrase unattributed remarks, omit critical context, and then rely on those fragments to mount a reputational attack against Attorney Blackburn. Nor can he evade evidentiary burdens while pursuing claims that demand heightened pleading, such as defamation and IIED. This tactic—stripped of factual support and steeped in theatrics—underscores the retaliatory and publicity-driven purpose of this lawsuit.

## CONCLUSION

The Plaintiff's opposition fails to meaningfully address the legal and factual deficiencies raised in the defendants' motion to dismiss. The defamation claim is unsupported by any non-conclusory factual allegations establishing falsity or actual malice. It relies on speculation, circular reasoning, and mischaracterizations of rhetorical and opinion-based speech—none of which satisfy the pleading requirements under settled law. The intentional infliction of emotional distress claim fares no better. It is duplicative of the defamation cause of action, legally deficient under New York's strict standard for IIED, and devoid of any specific, verifiable allegations of extreme conduct or severe emotional harm.

Moreover, the claims against Attorney Blackburn and his law firm are not only meritless—they are retaliatory and transparently designed to chill protected advocacy. The Plaintiff fails to produce any sworn statement, transcript, or admissible evidence to support the alleged statements at the core of these claims. Worse still, his attempt to manufacture liability based on unverified hearsay and inadmissible recordings only serves to undermine the credibility of his pleadings further.

For all of the foregoing reasons, and those stated in the initial memorandum of law, the Second Amended Complaint should be dismissed in its entirety, with prejudice.

Respectfully,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.

CC: All attorneys of record via ECF.