

**ReedSmith**
Driving progress through partnership

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

September 18, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

Re:   *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

Plaintiff Joseph Cartagena submits this letter under Rule 1(A) of this Court's Individual Rules of Practice in Civil Cases to request that the Court strike and/or disregard three improper attachments to Defendants Terrance Dixon, Tyrone Blackburn and T.A. Blackburn Law, PLLC's Reply Memorandum of Law in Further Support of their Motion to Dismiss ("**Reply Brief**"): (1) The Revised Memorandum of Law in Support of Defendants' Motion to Dismiss (ECF 56-1) (the "**Revised Opening Brief**"); (2) the Affidavit of Tyrone A. Blackburn (ECF 56-4) (the "**Affidavit**"), which purports to describe changes Defendants made to their original Memorandum of Law in Support of their Motion to Dismiss ("**Opening Brief**"); and (3) purported "U.S. Copyright Office public records" (ECF 56-3) for three songs Defendant Dixon claims to have co-written (the "**Song Records**") (collectively, the "**Improper Submissions**"). Defendants improperly submitted the Revised Opening Brief and Affidavit in direct violation of the Court's September 10, 2025 order denying Defendants' motion to submit the Revised Opening Brief, and because they offer no explanation for the egregious inaccuracies contained in their Opening Brief. Furthermore, the Song Records are entirely irrelevant to this case and Defendants' pending motion to dismiss. The Court should therefore strike and/or disregard these Improper Submissions, impose sanctions, and award Mr. Cartagena the attorney's fees incurred in responding to Defendants' misconduct.

A.   **The Court Should Strike And/Or Disregard the Improper Submissions**

*The Revised Opening Brief*.  On September 9, 2025, Defendants filed a letter motion (the "**Letter Motion**") requesting "leave to amend and correct" their Opening Brief. ECF 54. One day later, on September 10, 2025, the Court denied the Letter Motion, stating that "Defendants may address any inaccuracies in their previous brief in reply." ECF 55. The Court should thus strike and/or disregard the Revised Opening Brief because the Court already denied Defendants' Letter Motion seeking leave to submit it.

The Court should also strike and/or disregard the Revised Opening Brief because it exceeds the word limits established by Local Civ. R. 7.1(c) and Rule 3(C) of Your Honor's Individual Rules of Practice in Civil Cases. Under those rules, an opening brief is limited to 8,750 words. Defendants' Revised Opening Brief, however, is 8,930 words. This violation of the Court's rules independently warrants striking and/or disregarding the Revised Opening Brief.

***The Affidavit***. The Court should strike or disregard the Affidavit because it fails to "address any inaccuracies" in Defendants' Opening Brief. Instead, it merely describes purported changes Defendants made to the Opening Brief within the unauthorized Revised Opening Brief with no explanation for how those inaccuracies found their way into a signed court filing in the first instance (stating that "the following ten citations in the original memorandum of law were identified as inaccurate and have been corrected in Attachment A"). As the Affidavit serves solely as an improper conduit for the unauthorized Revised Opening Brief, the Court should strike it. *See Lopez v. Fluxpace Design & Build, LLC*, No. 22-CV-07605, 2024 U.S. Dist. LEXIS 42389, at *7 (S.D.N.Y. Mar. 11, 2024) (declining to consider a declaration's unsupported legal conclusions); *Internet Law Library, Inc. v. Southridge Capital Mgmt.*, LLC, 2005 U.S. Dist. LEXIS 32299, at *9 (S.D.N.Y. Dec. 8, 2005) (striking attorney affidavit that engaged in extensive argumentation and drew numerous conclusions of law).

***Song Records***. Defendants attach the Song Records to their Reply Brief. However, the Song Records are wholly irrelevant to Defendants' arguments for dismissal of this case and Mr. Cartagena's responses. Indeed, the Song Records are not referenced in the Reply Brief itself, nor are they referenced in or attached to Mr. Cartagena's pleadings. The Court should thus strike and/or disregard the Song Records. *See Lopez*, 2024 U.S. Dist. LEXIS 42389, at *7 (declining to consider declaration exhibits not properly judicially noticed, attached to the complaint, or incorporated by reference).

B. **The Court Should Require Defendants To Pay Mr. Cartagena's Attorneys' Fees and Impose Sanctions**

Defendants' egregious misconduct in filing the Improper Submissions necessitated Mr. Cartagena's counsel expending significant time to identify and respond to these issues. The Court should therefore order Defendants to reimburse Mr. Cartagena for all attorneys' fees incurred in doing so. Blackburn's ongoing misconduct also underscores the compelling need for sanctions.

***First***, Defendants do not dispute that their original Opening Brief cited cases that simply do not exist and mis-cited cases for propositions they do not support. Despite the Court's invitation to "address any inaccuracies in their previous brief," Defendants have conspicuously refused to do so. Indeed, Defendants do not even oppose, let alone respond to, Mr. Cartagena's request for sanctions and argument that Blackburn's conduct erodes the credibility of Defendants' arguments, rendering their original Opening Brief fundamentally untrustworthy and inappropriate for consideration by the Court. Blackburn's persistent failure to address his inaccuracies is particularly egregious because he submitted the Original Brief ***after*** (1) the Hon. William S. Stickman IV ordered Blackburn to show cause why he should not be sanctioned for using "wholly fabricated quotations from caselaw," "fabricated quotations from the Court's own prior opinion," and "non-existent quotations" in his briefs which "repeatedly misrepresent case law;" (2) acknowledging his own failure to verify case citations; (3) representing that he "now understand[s] that paraphrases—particularly those closely tracking the language from cases— must never be enclosed in quotation marks unless they accurately reflect the precise language of the cited source[;]" (4) representing that "unequivocal accountability when wrong is how [he] was raised, and all that [he] know[s;]" and (5) representing that, between July 18, 2025, and August 8, 2025, he completed "more than eleven hours of CLE courses focused on artificial intelligence, ethics, data protection, and small firm compliance" in "an effort to ensure this never happens again." ECF 54 at 12-13 (citing *Jakes v. Youngblood*, No. 24-CV-1608 (W.D. Pa.) ("***Jakes***"), ECF 53 at 7-8 and ECF 63 at 3-4).

Hon. Jennifer L. Rochon
September 18, 2025
Page 3

ReedSmith

**Second**, Defendants' Letter Motion incredulously represents that they identified the citation errors during an "internal review." ECF 54 at 1. Yet the citations Blackburn purports to have "identified" were copied bullet point by bullet point from the Opposition Brief. ECF 53 at 10-11. The purported "internal review" was moreover allegedly completed just four days after Mr. Cartagena filed the Opposition Brief, and twenty-nine days after Defendants filed their Opening Brief. Defendants' claim that they found the errors during an "internal review" utterly lacks credibility.

**Third**, Blackburn was recently sanctioned and admonished for his unprofessional and deceitful conduct. In *Facey v. Fisher*, Index No. 152088/2025 (N.Y. Sup. Ct.) ("***Facey***"), the plaintiff, represented by Blackburn, sued her former attorneys alleging breach of fiduciary duty, negligence, and negligent infliction of emotional distress related to a purported delay in disbursement of a settlement check. On September 15, 2025, Hon. Mary V. Rosado, a Justice of the Supreme Court of the State of New York, dismissed the plaintiff's complaint and found it was "malicious and aimed at embarrassing and harassing Defendants," specifically noting that "[t]here is no reason why [Blackburn] decided to include Plaintiff's photograph in the Complaint." *Facey*, NYSCEF No. 50 (attached hereto as **Exhibit 1**). Justice Rosado then sanctioned Blackburn for failing to inform the court that the defendants "repeatedly tried to send him the settlement check pre-suit and post-suit," and that United States District Court Judge Valerie E. Caproni, who was supervising the delivery of the settlement check to plaintiff, compelled Blackburn "to accept the settlement check" and "warned" him that "his conduct was sanctionable." Finally, Justice Rosado found that Defendant Blackburn's "motion papers" were "riddled with incorrect and false citations." She thus ordered Mr. Blackburn to, within 5 days, submit an affirmation advising "whether he used artificial intelligence applications and/or chatbots to write his motion papers" and "explain why his motion papers repeatedly cite to cases that do not exist and/or stand for legal proposition that are discussed nowhere in the cited decision." *Id.* at 6.

**Fourth**, Blackburn's pattern of unethical conduct extends to making false statements to another federal judge. On July 19, 2025, Blackburn represented to the *Jakes* court: "I have practiced law since 2018, and during that time, ***I have never encountered citation or quotation issues in any legal filing submitted to a court. This is the first instance of its kind in my professional career***." *Jakes*, ECF 57-1, ¶ 2 (emphasis added). But months prior, on April 16, 2025, and April 25, 2025, the defendants in *Facey* accused Blackburn of citing nonexistent cases. *Jakes*, ECF 69 at 1 (attached hereto as **Exhibit 2**) (citing *Facey*, NYSCEF Nos. 42 and 49).

Blackburn has thus demonstrated a persistent unwillingness to cease his unethical practices, despite repeated warnings from multiple courts and despite promising to be better. The Court should sanction him in an attempt to end this behavior once and for all.

\*   \*   \*

For these reasons, the Court should strike and/or disregard the Improper Submissions, impose sanctions, and award Mr. Cartagena the attorneys' fees incurred in responding to Defendants' misconduct. We thank the Court for its prompt attention to this matter.

Respectfully submitted,

/s/ Jordan W. Siev

cc:   All counsel by ECF