# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS DEXTER JAKES,

                    *Plaintiff*,

    v.

DUANE YOUNGBLOOD, et al.,

                    *Defendants*.

No. 2:24-CV-1608-WSS

## NOTICE OF BLACKBURN'S UNDISCLOSED PRIOR ISSUES WITH FAKE CITATIONS GENERATED BY AI

We write to notify the Court of information contradicting Mr. Blackburn's sworn statements, discovered this week when a New York state court, in an unrelated matter, issued an order sanctioning him.

In this case, Mr. Blackburn submitted an Affidavit in response to this Court's Order to Show Cause on July 19, 2025, wherein he swore that "I have practiced law since 2018, and during that time, I have never encountered citation or quotation issues in any legal filing submitted to a court. This is the first instance of its kind in my professional career."[1]

However, in *Facey v. Fisher*,[2] Blackburn opposed a motion to dismiss this Spring on behalf of the plaintiff.  In an April 16 reply filing, the defendants noted that Blackburn's opposition contained five (5) cases that did not "appear to exist."  (*See* Exhibit A at 3 n.1, 12, 14, 16, 20-21).  Blackburn then submitted a substantially revised opposition brief on April 24.  That brief again had citation issues, as defense counsel noted in a letter filed with the Court the next day (April 25):

---

[1] (Dkt. No. 57-1, ¶ 2 (emphasis added).)

[2] No. 152088/2025 (N.Y. Supreme Ct., N.Y. County).

As plaintiff did in her memorandum of law in opposition to the motion to dismiss [Dkt. No. 38], she relies in this new filing on case law that does not exist. As an example, on page 4 of her recent filing, plaintiff cites *James v. City of New York*, 144 A.D.3d 604, 605 (1st Dep't 2016) and *Board of Mgrs. of 28 Cliff St. Condominium v. Maguire*, 191 A.D.3d 553 (1st Dep't 2021), for the legal proposition that a motion directed to a pleading automatically becomes moot upon the filing of an amended pleading, as a matter of law. This statement of law is incorrect (*Sage Realty Corp. v. Proskauer Rose LLP*, 251 A.D.2d 35 (1st Dep't 1998), and the citations by plaintiff belong to *Matter of Nassair S.*, 144 A.D.3d 604 (1st Dep't 2016) and *Matter of Barry H. v. Veronica S.*, 191 A.D.3d 553 (1st Dep't 2021), respectively, and which contain no discussion of the legal issue set forth by plaintiff. Moreover, the case names similarly appear in research, under different citations, and are not at all related to the pertinent legal issue.

(Exhibit B at 2).

Plaintiff's counsel discovered these misrepresentations after reviewing a September 15 Order, from the Honorable Mary V. Rosado, sanctioning Blackburn for "violat[ing] his duty of candor" to the Court and for filing a Complaint that was "malicious and aimed at embarrassing and harassing Defendants." (Exhibit C at 4-5.)[3]  Judge Rosado also ordered Blackburn to show cause why she should not impose further sanctions for filing "motion papers [that] are riddled with incorrect and false citations."  (*Id.* at 5-6.)

Suffice to say, Mr. Blackburn <u>had</u> "encountered citation or quotation issues in [a] legal filing submitted to a court" by the time he submitted his declaration on July 17.  Plaintiff's counsel therefore submits this Notice for the Court's consideration.

---

[3] The fake and nonexistent cases noted by Judge Rosado in her decision exist in Mr. Blackburn's filings dated April 1, 2025 (NYSCEF 38) and April 24, 2025 (NYSCEF 47).

DATED: September 15, 2025                         Respectfully Submitted,

                                                 By: /s/ Dustin A. Pusch
                                                 Dustin A. Pusch (admitted *Pro Hac Vice*, D.C.
                                                  Bar I.D. No. 1015069)
                                                 Amy M. Roller (admitted *Pro Hac Vice*, D.C.
                                                  Bar I.D. No. 1044199)
                                                 Meier Watkins Phillips Pusch LLP
                                                 919 18th Street NW, Suite 650
                                                 Washington, DC 20006
                                                 dustin.pusch@mwpp.com
                                                 amccannroller@mwpp.com

                                                 By: /s/ Devin J. Chwastyk
                                                 Devin J. Chwastyk (Pa. Bar I.D. No. 91852)
                                                 McNees Wallace & Nurick LLC
                                                 100 Pine Street, P.O. Box 1166
                                                 Harrisburg, PA 17108
                                                 (717) 232-8000
                                                 dchwastyk@mcneeslaw.com

                                                 By: /s/ Derrelle M. Janey
                                                 Derrelle M. Janey (admitted *Pro Hac Vice*,
                                                  N.Y. Bar I.D. No. 4971495)
                                                 The Janey Law Firm P.C.
                                                 111 Broadway, Suite 701
                                                 New York, NY 10006
                                                 (646) 289-5276
                                                 djaney@thejaneylawfirm.com

                                                 *Counsel for Plaintiff Bishop T.D. Jakes*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------X

MONIQUE FACEY,                                    Index No.: 152088/2025

                          Plaintiff,

            -against-

LIANE FISHER and FISHER TAUBENFELD, LLP,

                          Defendants.

--------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO STRIKE AND FOR SANCTIONS, AND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT AND AN AWARD OF SANCTIONS**

**Of Counsel:**
  Lisa L. Shrewsberry, Esq.

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600
*Attorneys for Defendants Liane Fisher and Fisher Taubenfeld, LLP*

<u>**TABLE OF CONTENTS**</u>

PRELIMINARY STATEMENT ...................................................................1

STATEMENT OF FACTS ........................................................................3

    Background ..................................................................................3

    Complaint Filed Against the Law Firm in Federal Court ...................................6

    The Law Firm's Efforts to Compel Plaintiff to Accept Her Funds .......................6

ARGUMENT ...................................................................................9

        POINT I --   PLAINTIFF CANNOT DEMONSTRATE A CLAIM FOR
                  NEGLIGENCE OR BREACH OF FIDUCIARY DUTY
                  AGAINST THE LAW FIRM ........................................9

        POINT II --   PLAINTIFF CANNOT DEMONSTRATE A CLAIM
                  AGAINST THE LAW FIRM FOR VIOLATION OF
                  NEW YORK JUDICIARY LAW §487 ........................13

        POINT III --  PLAINTIFF CANNOT DEMONSTRATE A CLAIM FOR
                  CONVERSION AGAINST THE LAW FIRM ...........................15

        POINT IV --  PLAINTIFF CANNOT DEMONSTRATE A CLAIM OF
                  FRAUD AGAINST THE LAW FIRM .........................17

        POINT V --   THE LAW FIRM IS ENTITLED TO AN AWARD OF
                  SANCTIONS ........................................19

        POINT VI --  PLAINTIFF'S CROSS-MOTION MUST BE DENIED ..............22

                  A.      Request for Sanctions .......................................22
                  B.      Request to Strike .........................................22

CONCLUSION ................................................................................25

i

# TABLE OF AUTHORITIES

**CASES**                                                                                     **PAGE(S)**

*Amalfitano v. Rosenberg*,
   12 N.Y.3d 8 (2009) ............................................................... 13

*Armstrong v. Blank Rome LLP*,
   126 A.D.3d 427 (1st Dep't 2015) ........................................... 13

*Beudert-Richard v. Richard*,
   72 A.D.3d 101 (1st Dep't 2010) .............................................10

*Bill Birds, Inc. v. Stein Law Firm, P.C.*,
   35 N.Y.3d 173 (2020) ........................................................... 13

*Briarpatch Ltd., LLP v. Frankfurt Garbus Klein & Seiz*,
   13 A.D.3d 296 (1st Dep't 2004) ........................................... 13

*Burgher v. AF 111 Props. LLC*,
   80 A.D.3d 1055 (3d Dep't 2011) ...........................................12

*Dombrowski v. Bulson*,
   19 N.Y.3d 347 (2012) ........................................................... 10

*Dukuray v. Experian Info. Sols.*,
   2024 U.S. Dist. LEXIS 132667 (S.D.N.Y. 2024) ................... 21

*Facebook, Inc. v. DLA Piper LLP (US)*
   134 A.D.3d 610 (1st Dep't 2015) ........................................... 13

*Fields v. Turner*,
   1 Misc. 2d 679 (N.Y.Co. 1955) ............................................. 14

*Franklin v. Winard*,
   199 A.D.2d 220 (1st Dep't 1993) ........................................... 10

*FTI Consulting, Inc. v. CT Miami, LLC*,
   2018 N.Y. Misc. LEXIS 3406 (N.Y. Co. 2018) ...................... 9

*Guidance Endodontics, LLC v. Olshan Grundman Frome Rosensweig & Wolosky, LLP*,
   157 A.D.3d 508 (1st Dep't 2018) ........................................... 18

*Iberdola Energy Products v. MUFG Union Bank*,
   218 A.D.3d 409 (1st Dep't 2003) ........................................... 15

*InKine Pharm. Co. v. Coleman*,
   305 A.D.2d 151 (1st Dep't 2003) ........................................... 9

ii

*Jean v. Chinitz*,
163 A.D.3d 497 (1st Dep't 2018) ......................................................... 13

*Lauer v. Rapp*,
190 A.D.2d 778 (2d Dep't 1993) ......................................................... 10

*Levine v. Lacher & Lovell-Taylor*,
256 A.D.2d 147 (1st Dept' 1998) ......................................................... 10

*Meese v. Miller*,
79 A.D.2d 237 (4th Dep't 1981) ......................................................... 15

*Park v. Kim*,
91 F.4th 610 (2d Cir. 2024) ......................................................... 20-21

*Pellegrino v. File*,
291 A.D. 2d 60 (1st Dep't 2002) *lv. denied*,
98 N.Y.2d 606 (2002) ......................................................... 11

*People v. Chess*,
162 A.D.3d 1577 (4th Dep't 2018) .........................................................16

*Price v. Herestic*,
240 A.D.2d 151 (1st Dep't 1997) ......................................................... 10

*Prudential Ins. Co. v. Dewey, Ballentine, Bushby, Palmer & Wood*,
170 A.D.2d 108 (1st Dep't 1991) ......................................................... 10

*Shea v. Hambros PLC*,
244 A.D.2d 39 (1st Dep't 1998) ......................................................... 17

*Singh v. Trief & Olk*,
26 Misc.3d 1211(A)(Kings Co. 2009) .........................................................9

*Sonnenschine v. Giacomo*,
295 A.D.2d 287 (1st Dep't 2002) ......................................................... 9

*State v. Wyatt*,
935 N.W.2d 669, 2019 WL 5692291 (2019) .........................................................14

*Stroock & Stroock & Lavan v. Beltramini*,
157 A.D.2d 590 (1st Dep't 1990) ......................................................... 10

*Waggoner v. Caruso*,
68 A.D.3d 1 (1st Dep't 2009) ......................................................... 17

*William v. Kaufman Org., Ltd. v. Graham James LLP*,
269 A.D.2d 171 (1st Dep't 2000) ......................................................... 9

*Wolkstein v. Morganstern*,

iii

Case 2:25-cv-03652-JLS    Document 56-21    Filed 06/13/25    Page 10 of 48

275 A.D.2d 635 (1st Dep't 2000) ........................................................................ 12

*Won The Hwang v. Bierman*,
   206 A.D.2d 360 (2d Dep't 1994) ...................................................................... 10

*Zarin v. Reid & Priest*,
   184 A.D.2d 385 (1st Dep't 1992) ..................................................................... 11

**STATUTES**

22 NYCRR 130-1.1 ............................................................................................. 1, 20

CPLR5003-a ......................................................................................................... 10

CPLR 3016 ..................................................................................................... 13, 17, 18

CPLR 3211 .......................................................................................................... 1, 23

CPLR 5003-a ............................................................................................................ 3

New York Judiciary Law §487 ................................................................... i, 1, 13, 14

Case 2:25-cv-03553-JLS Document 60-21 Filed 09/18/25 Page 7 of 38

## PRELIMINARY STATEMENT

This memorandum of law is submitted in opposition to plaintiff's cross-motion to strike and for sanctions, and in reply to plaintiff's opposition to the motion by defendants Liane Fisher and Fisher Taubenfeld, LLP (collectively, "the law firm"), to dismiss the amended complaint pursuant to CPLR 3211(a)(1) and (7), as well as for an order of sanctions pursuant to 22 NYCRR 130-1.1 (a), (c)(2) and (3).

Initially, it must be noted that the version of the amended complaint that was the subject of this motion, and which paragraphs and causes of action were referenced in support of same, was filed by plaintiff on March 3, 2025, and is annexed to the reply affirmation of Lisa L. Shrewsberry, dated April 16, 2025, as Exhibit "A." Such amended complaint was designated as First Amended Civil Complaint, filed as Docket No. 6, is 52 pages in length, and contained the six causes of action addressed in the law firm's motion, for conversion, fraud, unjust enrichment, negligence (legal malpractice), breach of fiduciary duty and negligent infliction of emotional harm, as well as a claim for treble damages under New York Judiciary Law §487 (although plaintiff did not allege a cause of action for same). It appears that plaintiff thereafter replaced such amended complaint with a second amended complaint on March 7, 2025, also filed as Docket No. 6, a copy of which is annexed to the reply affirmation of Lisa L. Shrewsberry as Exhibit "B." Such second amended complaint (which also bears the designation of First Amended Civil Complaint), reduced plaintiff's claims to three causes of action, sounding in breach of fiduciary duty, negligence (legal malpractice) and negligent infliction of emotional harm, as well a claim for treble damages under Judiciary Law §487 (without alleging a cause of action for same).

Therefore, in her second amended complaint plaintiff has withdrawn her claims for conversion, fraud and unjust enrichment. (It is unclear why plaintiff addressed such withdrawn

Case 2:25-cv-03552-JLS Document 6-21 Filed 09/17/25 Page 12 of 48

claims in her opposition to the instant motion, so we have replied thereto in an abundance of caution.) In any event, although the law firm takes no position on the propriety of the procedure by which the second amended complaint was filed to replace the first amended complaint, this motion applies to both pleadings, and the law firm does not object to the second amended complaint serving as the operative pleading herein.

It is important to note that, in her opposition, plaintiff agrees to the dismissal of her cause of action for negligent infliction of emotional harm, which is identified as Count III in her second amended complaint. In opposition, it is clearly stated that "[t]o be clear: Plaintiff is not asserting a standalone cause of action for infliction of emotional distress." (Memo. of Law in Opp., p. 14). Therefore, at present the operative pleading contains two causes of action, which sound in breach of fiduciary duty and negligence (legal malpractice).

It is respectfully requested that this Court grant the instant motion to dismiss this action as the facts alleged by plaintiff are the same in every version of her pleading. This action is based on demonstrably false allegations, and has been brought to harass Ms. Fisher. Indeed, it is difficult to reconcile the assertions of plaintiff and her attorney in opposition hereto, in light of the undeniable facts and unrefuted documentation raised by the law firm to the Court in support of this motion. In fact, plaintiff accepts such documentation in opposition, but asserts that such documentation "corroborates" her allegations. (Memo. of Law in Opp., p. 7). However, the allegations that the law firm "stole" settlement funds from plaintiff, or "bounced" a check or a wire to plaintiff, are entirely refuted by the documentary evidence. Such documentation also puts lie to the assertion that the law firm lied about sending the replacement wire, and that the law firm did not initiate the intervention of Judge Caproni to compel plaintiff to finally accept her settlement funds on March

2

7, 2025.  It is unclear why plaintiff would state such allegations with an intentional disregard of the truth.

It is also respectfully requested that plaintiff's cross-motion be denied.  It is rich in irony that plaintiff's counsel seeks sanctions against the law firm, and a referral of the undersigned for discipline, for the audacity of seeking dismissal of the amended complaint herein, by continuing to misrepresent documented facts, and relying on fictitious case law, that simply does not exist.[1]

## **STATEMENT OF FACTS**

### **_Background_**

The law firm represented Monique Facey in the matter of _Facey v. City of New York,_ in the United States District Court for the Southern District of New York, under docket no. 23-cv-07035 (VEC), before Judge Valerie E. Caproni.  On October 2, 2024, the parties agreed to settle the action for $150,000, and filed a stipulation of dismissal. The defendant City of New York had 90 days to fund such settlement, until on or about January 2, 2025, pursuant to CPLR 5003-a(b).

On December 24, 2024, the law firm received the settlement check from the City of New York in the amount of $150,000. Plaintiff correctly asserts that the law firm did not deposit such check into the firm's Chase IOLTA account until December 30, 2024, after the law firm's holiday break.  (It is unclear why plaintiff has taken the position that the check issued by the City of New York would have cleared on December 30, 2024, the same day it was deposited.)  On January 15,

---

[1] Plaintiff cites in opposition cases identified as _Xiong v. Knight_, 80 A.D.3d 1055 (3d Dep't 2011), _Fields v. Turner,_ 2019 WL 569229 (N.Y. Co. 2019), _Gutman v. Klein,_ 26 Misc. 3d 1211(A) (Kings Co. 2009), _Johnson v. Stadtlander_, 16 A.D.3d 1580 (4th Dep't 2018) and _In re Warburgh_, 72 A.D.3d 107 (1st Dep't 2010).  As discussed more fully in Points I, II and III herein, none of these cases appear to exist, and all of such citations belong to completely different cases with no application herein.

It must also be noted that although plaintiff has withdrawn her third cause of action for negligent infliction of emotional harm, the two scientific articles she cites in paragraph 140 of the second amended complaint are not found within the referenced American Journal of Obstetrics & Gynecology.  Indeed volumes 219 and 101 (as cited by plaintiff) were not published in 2023, but rather date back to 2018 and 1968, respectively.

3

2025, after the check cleared, the law firm confirmed with Ms. Facey her mailing address by

email. [Dkt. No. 10] After confirming delivery instructions, the law firm wrote a check to Ms.

Facey from the firm's Chase IOLTA account in the amount of $85,553.43.  [Dkt. No. 11].  It is

undisputed that the actual amount due to Ms. Facey was $89,553.43, pursuant to the retainer

agreement which provides for an offset of costs ($744.29) and a 40% contingency fee. The

January 15th check was mailed to Ms. Facey.

In opposition, plaintiff asserts that almost two weeks later she deposited the check mailed

to her by the law firm into her account at Municipal Credit Union ("MCU"), on January 27, 2025.

(Decl. in Opp. of Facey dated April 1, 2025, ¶II)  The next day, on January 28, 2025, Chase Bank

issued a Chase Fraud Protection email to the law firm, in an apparent abundance of caution, which

required the law firm to confirm the authenticity of the check written to Ms. Facey. [Dkt. No. 12]

Upon receipt of such request for verification, the law firm realized that the amount of the check

was incorrect, and verification was not completed. It was clear that a replacement check would

need to be issued.  In her declaration in opposition, plaintiff asserts that such check "bounced,"

however, the documentary evidence demonstrates that this is not so.  More importantly, even in

opposition, plaintiff does not offer a single fact in support of such statement.

It is undisputed in opposition that the law firm did not hear back from Ms. Facey until

February 4, 2025, when she advised that MCU would require from the law firm a confirmation

of amount of the check on the law firm's letterhead. It is also undisputed that on February 5,

2025, Liane Fisher discussed the issue with Ms. Facey and with Chase Bank, and it was

determined that the most expedient way to get her the settlement funds was to wire the funds to

her MCU bank account from the firm's Chase IOLTA account. On February 7, 2025, Ms. Facey

emailed to the law firm her wire instructions, and Ms. Fisher personally effected the wire of

$89,553.43 from the firm's Chase IOLTA account to Ms. Facey's MCU account on the same day.

On February 7, 2025, Ms. Fisher advised Ms. Facey by email that she would send the wire that

day. [Dkt. No. 13] Later on February 7, 2025, Ms. Fisher received confirmation that the wire

was sent to MCU by Chase, she advised Ms. Facey of same and Ms. Facey acknowledged same.

[Dkt. No. 14] On February 11, 2025, the law firm verbally confirmed with MCU the wire sent

on February 7, 2025, and explained the mistake in the original amount of the January 15th check,

pursuant to MCU's inquiries. Ms. Fisher then emailed Ms. Facey on February 11, 2025, attaching

confirmation by Chase that the wire was sent to Ms. Facey. [Dkt. No. 15]

It is undisputed that on February 12, 2025, Ms. Facey advised by email that MCU had

"rejected" the wire, and advised the law firm that "I'm going to need a check." [Dkt. No. 16]

This undisputed fact completely dismantles the unsupported statement in opposition that Liane

Fisher lied about sending the wire or did not send the wire. Moreover, by email to Ms. Fisher

from Chase, dated February 12, 2025, Chase confirmed that the wire to Ms. Facey was returned

to Chase by MCU, because of a restriction on Ms. Facey's account. [Dkt. No. 17]

It also bears repeating that attached to the moving affirmation of Liane Fisher as Exhibit

"J" is a true and correct copy of the summary of transactions in the law firm's Chase IOLTA

account during the relevant time frame. Such summary, which was generated by Chase, clearly

shows the deposit of the $150,000 in settlement funds on December 30, 2024, the negotiation of

the check in the amount of $85,553.43 on January 28, 2025, the reversal of same on January 29,

2025, the outgoing wire transfer of $89,553.43 to Ms. Facey's MCU account on February 7, 2025,

and the rejection of the wire in such amount by MCU on February 12, 2025 because of a

"restriction" on Ms. Facey's account. [Dkt. No. 18]

It is undisputed by Ms. Facey in opposition that the law firm immediately reached out to

her by email on February 12, 2025 [Dkt. No. 19], and tried calling her numerous times on February 12, 2025, in order to resolve the issue. At this point, it appeared that a bank check from Chase would be the best manner in which to get Ms. Facey her settlement funds. It is also undisputed by Ms. Facey that she never responded to the law firm.

### *Complaint Filed Against the Law Firm in Federal Court*

Rather, the next day, on February 13, 2025, Ms. Facey filed a complaint against the law firm in the United States District Court, Eastern District of New York (*Facey v. Fisher,* 25- CV-813), through attorney Tyrone Blackburn, Esq. [Dkt. No. 20] Despite the above clearly documented history of this matter, and ongoing communication with Ms. Facey, and with no due diligence whatsoever, Mr. Blackburn falsely asserted (as he continues to do herein) claims against the law firm for misappropriation of Ms. Facey's settlement funds.

### *The Law Firm's Efforts to Compel Plaintiff to Accept Her Funds*

Even in opposition, it is undisputed that the law firm immediately offered to transfer such settlement funds by bank check or wire to Mr. Blackburn once it became aware of his involvement, but he refused to respond. Neither plaintiff nor her counsel dispute that by emails from Lisa Shrewsberry to Mr. Blackburn, the law firm attempted to transfer Ms. Facey's settlement funds to him, on February 13, February 14 and February 20, 2025.  [Dkt. No. 21] Nevertheless, Mr. Blackburn refused to accept the settlement funds on behalf of Ms. Facey, and filed suit against the law firm, despite being advised by Ms. Shrewsberry that the wire was not accepted by Ms. Facey's bank due to a hold on her account by MCU.

In opposition, plaintiff does not dispute that the law firm applied to Judge Caproni, by letter dated February 18, 2025 [Dkt. No. 22], for leave to deposit the settlement funds due to Ms. Facey, in the amount of $89,553.43, with the Southern District of New York, because of Mr.

6

Blackburn's refusal to accept same on her behalf, as it was no longer appropriate for the law firm to contact her directly. The law firm advised Judge Caproni that it was clear that Mr. Blackburn had refused to accept the settlement funds so that he could continue the fiction that the law firm had "stolen" such funds.

In opposition, plaintiff characterizes Mr. Blackburn's response to the law firm's application to Judge Caproni as a "report of the situation" to Judge Caproni. However, such response, dated February 19, 2025, a copy of which is annexed to the reply affirmation of Lisa L. Shrewsberry as Exhibit "C," actually opposed the law firm's request to deposit Ms. Facey's settlement funds with the Court, but did not agree to accept such settlement funds, instead requesting that the matter play out and "be resolved in the New York State Supreme Court." Such letter belies the statements made by plaintiff in her Memorandum of Law in Opposition that she begged the law firm and Judge Caproni for her settlement funds, and that the law firm did not "voluntarily" transmit her settlement fund to her, and that Judge Caproni "compelled" the law firm to "hand over" the settlement funds, or that plaintiff was forced to fight the law firm for months. Such statements are further belied by the words of Judge Caproni during the hearing on March 7, 2025, wherein she admonished Mr. Blackburn as follows:

> This is entirely absurd. The fact that I am using my time to get a check delivered from Attorney 1 to the client is completely absurd. And I am looking at you, Mr. Blackburn, because you are responsible for this.

[Dkt. No. 24]

On March 7, 2025, Ms. Facey was compelled to accept her settlement funds from the law firm. In opposition hereto, Ms. Facey admits that she received her settlement funds in Court on March 7, 2025 (Decl. in Opp. of Facey, ¶II). Although she asserts in opposition that she was not "paid in full," it cannot be disputed that she received $89,553.43 and nowhere in her pleadings

7

does plaintiff assert that she was entitled to any additional amount of settlement funds.

## ARGUMENT

## POINT I

## PLAINTIFF CANNOT DEMONSTRATE A CLAIM FOR NEGLIGENCE OR BREACH OF FIDUCIARY DUTY AGAINST THE LAW FIRM

Claims for negligence and breach of fiduciary duty by a client against her attorneys are properly analyzed under the theory of legal malpractice. *FTI Consulting, Inc. v. CT Miami, LLC,* 2018 N.Y. Misc. LEXIS 3406 (N.Y. Co. 2018). Moreover, where, as here, the two causes of action are based upon the very same facts and seek similar relief, a breach of fiduciary duty claim will be dismissed as duplicative of the legal malpractice (negligence) claim. *InKine Pharm. Co. v. Coleman,* 305 A.D.2d 151 (1st Dep't 2003) (dismissal of breach of fiduciary claim as duplicative of legal malpractice claim appropriate where damages sought are similar, even if not identical); *Sonnenschine v. Giacomo,* 295 A.D.2d 287 (1st Dep't 2002) (cause of action for breach of fiduciary duty based upon same operative facts as that for legal malpractice is properly dismissed as duplicative). While plaintiff attempts to parse her factual allegations between the causes of action for breach of fiduciary duty and negligence (legal malpractice), the operating facts all are based upon the alleged delay in her receipt of the settlement funds due to Ms. Fisher's purported intentional conduct.[2][3] It cannot be seriously refuted that both claims are duplicative and redundant

---

[2] The second amended complaint asserts that the law breached a fiduciary duty by failing to safeguard funds, provide accurate disclosures or act in plaintiff's interest (¶72), and that the law firm was negligent in grossly mismanaging plaintiff's funds. (¶105)

[3] It should be noted that plaintiff's references to the law firm's purported violations of the New York Rules of Professional Conduct in her cause of action for breach of fiduciary duty, and in opposition to the instant motion, are presently under review of the Grievance Committee for the First Department. Mr. Blackburn filed a complaint with the Grievance Committee on behalf of Ms. Facey, on identical allegations, on February 14, 2025, and the law firm has responded to, and refuted, same. In any event, an alleged disciplinary violation does not create a cause of action for legal malpractice. *William v. Kaufman Org., Ltd. v. Graham James LLP,* 269 A.D.2d 171 (1st Dep't 2000). While plaintiff attempts to challenge this longstanding rule by citing the case of *Gutman v. Klein,* 26 Misc.3d 1211(A)(Kings Co. 2009), such case is not found by search of Lexis or Google. Rather, such cite belongs to the case of *Singh v. Trief & Olk,* 26 Misc.3d 1211(A)(Kings Co. 2009), which is not relevant to the facts herein. Moreover, on pages 7 and 24 of the second amended complaint, plaintiff purports to quote from a case entitled *In re Warburgh,* 72 A.D.3d 107 (1st Dep't 2010) for the proposition that a lawyer who "withheld" settlement funds (as opposed to stealing funds) is liable for breach of fiduciary duty. However, this case is not in existence on Lexis or Google. Rather, such cite belongs to

9

of each other. Plaintiff's causes of action, therefore, must be analyzed as one cause of action for legal malpractice.

Under the law of New York, in order to plead a claim for legal malpractice, a plaintiff must demonstrate that the attorney was negligent, that the negligence was the proximate cause of the plaintiff's loss, and evidence of actual and ascertainable damages. *Prudential Ins. Co. v. Dewey, Ballentine, Bushby, Palmer & Wood,* 170 A.D.2d 108 (1st Dep't 1991). In order to survive dismissal, the complaint must show that "but for" the attorney's alleged malpractice, the plaintiff would not have sustained some actual and ascertainable damages. *Franklin v. Winard,* 199 A.D.2d 220 (1st Dep't 1993); *Stroock & Stroock & Lavan v. Beltramini,* 157 A.D.2d 590 (1st Dep't 1990), so that the failure to establish proximate cause requires dismissal regardless of whether negligence is established. *Won The Hwang v. Bierman,* 206 A.D.2d 360 (2d Dep't 1994). Moreover, speculative or conclusory allegations of damage are insufficient to state a viable claim. *Levine v. Lacher & Lovell-Taylor,* 256 A.D.2d 147 (1st Dep't 1998). *Price v. Herestic,* 240 A.D.2d 151 (1st Dep't 1997); *Lauer v. Rapp,* 190 A.D.2d 778 (2d Dep't 1993). Finally, non-pecuniary damage, such as emotional distress, is not recoverable in a claim for legal malpractice. *Dombrowski v. Bulson,* 19 N.Y.3d 347 (2012).

Plaintiff's assertion that the law firm breached a duty to her is based on the delay in her receipt of the subject settlement funds. It bears repeating that plaintiff's underlying case against the City of New York settled on or about October 2, 2024, so that the settlement funds were not due from the City of New York until 90 days thereafter, on or about January 2, 2025. CPLR5003-a(b). The settlement check from the City of New York was received by the law firm on December 24, 2024, and deposited into the law firm's IOLTA account on December 30, 2024. The original

_____

the actual case of *Beudert-Richard v. Richard,* 72 A.D.3d 101 (1st Dep't 2010), which involves the sale of a cooperative apartment.

10

check was written to plaintiff on January 15, 2025, after clearance of the City's check. Plaintiff did not attempt to negotiate such check until January 27, 2025. While a mistake was made in the amount of the law firm's check to plaintiff, such error does not rise to the level of professional negligence. Such error was quickly identified and corrected, which culminated in a replacement wire to plaintiff on February 7, 2025, which was unfortunately rejected by plaintiff's bank on February 12, 2025. Any delay in receipt of such funds after February 12, 2025 is entirely due to the refusal of plaintiff and her attorney to accept same, which caused the law firm to seek and obtain a court order to force plaintiff to accept such funds. Plaintiff, therefore, has not credibly alleged that the law firm breached a duty to her.

In any event, even if plaintiff could assert a breach of duty by the law firm, she has not alleged proximate causation, or actual and ascertainable damages. Plaintiff is in possession of her settlement funds, which she has admitted in opposition. Therefore, no act of the law firm caused plaintiff to lose possession of her settlement funds. Moreover, any legal fees incurred by plaintiff are due to the scheme by her and her attorney to create a false narrative that her funds were "stolen."

The remaining monetary damages plaintiff seeks are alleged only vaguely, and even in opposition are described merely as "bank problems and fees (frozen account potential penalties for returned check.") (Memo. of Law in Opp., p. 12). However, speculative or conclusory allegations of damage cannot be the basis for a legal malpractice claim. *Pellegrino v. File*, 291 A.D. 2d 60 (1st Dep't 2002) *lv. denied*, 98 N.Y.2d 606 (2002); *Zarin v. Reid & Priest*, 184 A.D.2d 385 (1st Dep't 1992) (plaintiff's damages were speculative as he provided no basis for his calculations). Plaintiff's failure to set forth a specific amount of damage in fees, or providing an

11

actual loss amount of "bank problems" in insufficient, and "potential penalties" demonstrates nothing at all.

The remainder of plaintiff's purported damages, which are described as emotional distress and psychological harm, are simply not recoverable under the theory of legal malpractice. *Wolkstein v. Morganstern,* 275 A.D.2d 635 (1st Dep't 2000) (a cause of action for legal malpractice does not afford recovery for any item of damage other than pecuniary loss, so there can be on recovery for emotional or psychological injury). Importantly, while plaintiff acknowledges this longstanding rule under New York law, she argues that there is case law allowing exceptions, by citing a case identified as "*Xiong v. Knight*, 80 A.D.3d 1055 (3d Dep't 2011)" which plaintiff describes as standing for the proposition of "acknowledging possibility of emotional damages in legal malpractice where loss was profoundly personal." (Memo. of Law in Opp., p. 15) However, there is no case in New York (that can be found by Lexis or Google search) with the caption *Xiong v. Knight*, and the cite plaintiff assigns to such fictitious case actually belongs to *Burgher v. AF 111 Props. LLC*, 80 A.D.3d 1055 (3d Dep't 2011), which is a trespass case and does not involve a legal malpractice claim, even tangentially. Plaintiff, therefore, is not entitled to recover damages for emotional distress or psychological harm.

It is respectfully requested, therefore, that plaintiff's claims for negligence and breach of fiduciary duty be dismissed in their entirety because they do not, as they must, state a viable cause of action for legal malpractice.

## POINT II

### PLAINTIFF CANNOT DEMONSTRATE A CLAIM
### AGAINST THE LAW FIRM FOR VIOLATION OF
### NEW YORK JUDICIARY LAW §487

It must be noted that neither of plaintiff's amended complaints contain a separately delineated cause of action for violation of New York Judiciary Law §487. However, plaintiff's *ad damnum* clause seeks to recover treble damages under §487. Under New York Judiciary Law §487, an attorney "who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is guilty of a misdemeanor and may be liable to the injured party for treble damages in a civil action. N.Y. Jud. Law §487. Similar to fraud, §487 applies to the making of false statements with scienter, and does not apply to mere negligence or non-intentional errors. *Amalfitano v. Rosenberg*, 12 N.Y.3d 8 (2009). A claim for violation of §487 must also be plead with the specificity required under CPLR 3016(b). *Jean v. Chinitz*, 163 A.D.3d 497 (1st Dep't 2018). Moreover, because the violation of §487 is a crime, the courts are circumspect to ensure that penal responsibility is not extended beyond the fair scope of the statutory mandate. *Bill Birds, Inc. v. Stein Law Firm, P.C.*, 35 N.Y.3d 173 (2020). Relief under a cause of action based upon §487 is not lightly given, and requires allegations of egregious conduct or a chronic and extreme pattern of behavior. *Facebook, Inc. v. DLA Piper LLP (US)*, 134 A.D.3d 610 (1st Dep't 2015); *Armstrong v. Blank Rome LLP*, 126 A.D.3d 427 (1st Dep't 2015) (allegations regarding an act of deceit must be stated with particularity). A claim under §487 will be dismissed if the allegations as to scienter are conclusory and factually insufficient. *Briarpatch Ltd., LLP v. Frankfurt Garbus Klein & Seiz*, 13 A.D.3d 296 (1st Dep't 2004).

Even in opposition, plaintiff has not properly alleged that the law firm engaged in any deceit or collusion with respect to plaintiff or her settlement funds. She does not allege any facts

13

upon which to reach the conclusion that the law firm acted at any time with the intent to deceive plaintiff. All of plaintiff's assertions in this regard are made upon information and belief, and even in opposition are based on wild accusations that are belied by the facts and the documentary evidence.

Moreover, it must be noted that in opposition on this point, plaintiff cites a case of "*Fields v. Turner*, 2019 WL 5692291 (N.Y.Co. 2019)" for the proposition that a §487 claim includes the "mishandling of settlement funds." (Memo. of Law in Opp., p. 13)  However, again, no such case can be found by Lexis or Google search. The case of *Fields v. Turner* is actually found under the cite *Fields v. Turner*, 1 Misc. 2d 679 (N.Y.Co. 1955), and does not involve a claim under §487 (which statute was not enacted until 1965) or settlement funds. Moreover, the cite included by plaintiff belongs to the case of *State v. Wyatt*, 935 N.W.2d 669, 2019 WL 5692291 (2019), which is a South Dakota Supreme Court case.

It is respectfully requested, therefore, that plaintiff's claim for damages under N.Y. Judiciary Law §487 be dismissed in its entirety.

14

## POINT III

### PLAINTIFF CANNOT DEMONSTRATE A CLAIM
### FOR CONVERSION AGAINST THE LAW FIRM

It must be noted that although plaintiff's second amended complaint deleted her cause of action for conversion, her opposition to this motion opposes the dismissal of such claim. In opposition, plaintiff concedes that the law firm received the settlement check from the City of New York on December 24, 2024, and that the law firm deposited such check into its IOLTA account on December 30, 2024. While plaintiff alleges, upon information and belief, that the settlement funds became "immediately available" for disbursement on December 30, 2024, plaintiff fails to account for the time necessary for such settlement check to clear. In any event, it is conceded by plaintiff that the law firm first attempted to transfer to plaintiff her settlement funds on January 15, 2025, less than two weeks thereafter. The Chase record of the law firm's IOLTA account transactions during the relevant time period demonstrates that such check was not "fraudulent," and that the subsequent wire to plaintiff was not fictitious. [Dkt. No. 18] Rather, the documentary evidence demonstrates that the law firm was diligent in attempting to transfer to plaintiff her settlement funds from January 15, 2025 (after the funds from the City cleared), to February 12, 2025, and that plaintiff did not attempt to negotiate the January 15, 2025 settlement check until two weeks into such time period, on January 27, 2025.

Even in opposition, there is no basis upon which to allege that the law firm exercised "unauthorized dominion over the settlement funds, to the exclusion of plaintiff's rights." *Iberdola Energy Products v. MUFG Union Bank,* 218 A.D.3d 409, 410 (1st Dep't 2003). Under the law of New York, the test for conversion is whether the defendant "actually interferes with the property . . . in defiance of plaintiff's rights" or improperly makes use of such property. *Meese v. Miller,* 79 A.D.2d 237, 242-243 (4th Dep't 1981). However, the facts make clear that the law firm did not

15

interfere with, or misuse, plaintiff's settlement funds. Rather, the law firm worked to transfer such funds to plaintiff, and was only able to do so by seeking a Court order to finally force plaintiff and her attorney to accept such funds. Plaintiff's entire effort to show that the law firm exercised dominion over the settlement funds is based on the misrepresentation, refuted by documentary evidence, that the settlement funds were forced out of the law firm's hands by Judge Caproni. However, the application to Judge Caproni, plaintiff's response to same, and the transcript of the appearance before Judge Caproni put lie to such statement. [Dkt. Nos. 22 and 24, and Ex. "C" to reply affirmation of Lisa L. Shrewsberry] Moreover, it is unrefuted in opposition that Mr. Blackburn refused to respond to every effort to move the settlement funds to him from February 13, 2025, until the appearance before Judge Caproni on March 7, 2025.

It must be noted that in opposition on this point, plaintiff cites the case of *Johnson v. Stadtlander*, 162 A.D.3d 1580 (4th Dep't 2018) in support of the proposition that her allegations of "withholding" funds state a viable claim of conversion. (Memo. of Law in Opp., p. 10) However, a search of Lexis and Google produce no case by that caption, and the cite belongs to the case of *People v. Chess,* 162 A.D.3d 1577 (4th Dep't 2018), which involves a completely irrelevant criminal matter.

It is respectfully requested, therefore, that any claim for conversion be dismissed in its entirety.

16

## POINT IV

### PLAINTIFF CANNOT DEMONSTRATE A CLAIM
### OF FRAUD AGAINST THE LAW FIRM

It must be noted that although plaintiff's second amended complaint deleted plaintiff's cause of action for fraud, her opposition to this motion opposes the dismissal of such claim. Under the law of New York, in order to state a viable cause of action for fraud, a plaintiff must allege the misrepresentation or concealment of a material fact, falsity, scienter by the defendant, justifiable reliance on the deception, and resulting injury. *Waggoner v. Caruso,* 68 A.D.3d 1 (1st Dep't 2009). Moreover, such elements must be pleaded in detail, to comply with CPLR 3016(b). If insufficient factual allegations of even a single element are lacking, the claim must be dismissed. *Shea v. Hambros PLC,* 244 A.D.2d 39 (1st Dep't 1998).

Plaintiff asserts, with no factual support whatsoever, that the law firm intentionally issued a settlement check in the wrong amount, intentionally mailed such check to plaintiff two days late, and intentionally failed to verify the check. Plaintiff then alleges that the law firm falsely concealed the location of its office. Plaintiff makes the outrageous allegation, upon information and belief, that the law firm deliberately delayed paying to plaintiff her settlement funds "to cover unrelated financial obligations" and that the law firm "commingled funds." Plaintiff also asserts in opposition that the law firm misrepresented that it would send a replacement wire, and that sufficient funds were in the law firm's IOLTA account to cover same. (Memo. of Law in Opp., p. 8) However, it is clear from the communications between plaintiff, the law firm and Chase, as well as the Chase record of the IOLTA account transactions and running balance, that none of the foregoing is true. Further, plaintiff's assertion that the law firm is not a tenant at the address asserted by plaintiff herself in paragraph 8 of the amended complaint, is made out of whole cloth. Indeed, even if plaintiff's foregoing allegations were not demonstrably false, plaintiff (even in

17

opposition) does not provide specific facts demonstrating materiality, falsity and justifiable reliance.  Moreover, even in opposition, plaintiff utterly fails to allege (as required under CPLR 3016(b)) any details of scienter or reliance.

Plaintiff's argument in opposition essentially is that the Court should simply "infer" fraud, and ignore the actual facts, because this is a pre-answer motion to dismiss. However, the abject speculation by plaintiff in her pleadings, and in opposition, is not entitled to deference in considering a motion to dismiss.  *Guidance Endodontics, LLC v. Olshan Grundman Frome Rosensweig & Wolosky, LLP,* 157 A.D.3d 508 (1st Dep't 2018).  It is respectfully requested, therefore, that any fraud claim be dismissed in its entirety.

## POINT V

## THE LAW FIRM IS ENTITLED TO AN AWARD OF SANCTIONS

This action is frivolous and malicious. Plaintiff and her counsel concocted this action to capitalize on a short delay in the receipt of plaintiff's settlement funds, from January 27, 2025, when plaintiff first attempted to cash the January 15, 2025 check from the law firm, to February 12, 2025, when plaintiff's bank (MCU) rejected the replacement wire from the law firm's Chase IOLTA account. During this two week period, plaintiff and the law firm were in contact, and there was no question about what was occurring. Thereafter, from February 12, 2025 to March 7, 2025, plaintiff and her attorney simply refused to accept the settlement funds, which forced the law firm to seek and obtain a federal court order to compel her to do so. These facts are borne out by the documentary evidence submitted in support of the instant motion. It bears repeating that in opposition, plaintiff does not dispute any of the documentary evidence submitted by the law firm, and even goes far as to argue that all of such documentary evidence "corroborates" plaintiff's claims. (Memo. of Law in Opp., p. 7)

It bears repeating that certain facts are intentionally misrepresented by plaintiff and her attorney in the amended complaint, including:

1. The allegation that Ms. Fisher lied about sending the replacement wire to plaintiff. This is untrue, and belied by the proof of such wire was sent by Ms. Fisher to plaintiff. [Dkt. No. 18]

2. The allegation that the law firm "had no physical presence" and that the law firm had no discernable address. This is also untrue, as plaintiff and her attorney must know, as they also allege in paragraph 8 of both amended complaints that the law firm is located at 225 Broadway, Suite 1700, New York, New York 10007.

3. The allegation that the law firm retained 100% of the settlement amount paid by the City of New York, rather than the 40% to which it was entitled. Plaintiff and her attorney know this is untrue. Plaintiff received the amount of $89,553.43, which was calculated as follows - -$150,000 minus $744.29 in expenses = $149,255.7 x 60% = $89,553.43. In fact, in

19

opposition, plaintiff admits to receiving settlement funds on March 7, 2025. (Facey Decl. in Opp., II)

Moreover, in opposition, plaintiff and her attorney misrepresent the events between February 12, 2025 and March 7, 2025. The unrefuted documentary evidence demonstrates that Ms. Facey stopped responding to the law firm on March 12, 2025, and filed a federal court action on March 13, 2025 accusing the law firm of theft. The law firm attempted to transfer the settlement funds to Mr. Blackburn on February 13, 14 and 20, 2025, but he never responded. The law firm applied to Judge Caproni to transfer the funds to the SDNY on February 18, 2025, and Mr. Blackburn opposed such request on February 19, 2025, not agreeing to accept the funds on plaintiff's behalf, and advising Judge Caproni that he would prefer to allow the matter to play out in state court. Judge Caproni ordered Mr. Blackburn, Ms. Facey and the law firm to appear before her on March 7, 2025, at which time she admonished Mr. Blackburn and compelled Ms. Facey to accept the funds. These facts are beyond dispute. Yet, in opposition, and upon the same documents, plaintiff argues that she was begging for her settlement funds from February 12, 2025 to March 7, 2025, and that Judge Caproni "forced" the law firm to transmit the settlement funds to her. Such outrageous misrepresentation is clearly intentional.

Such plain misrepresentations are made to support this frivolous action, and continue Mr. Blackburn's campaign against Ms. Fisher, and form the basis for an award of sanctions under 22 NYCRR 130-1.1(a). The law firm has been forced to incur the expense of this motion (in addition to the expense of the application to Judge Caproni and defending against the identical allegations before the Grievance Committee), which expenses were compounded by having to respond to outright misrepresentations of fact and (nonexistent) case law. It must be noted that an attempt to persuade a Court or oppose an adversary by relying on non-existent precedent has been held to constitute "an abuse of the adversary system" warranting sanctions. _Park v. Kim,_ 91 F.4th 610, 615

20

(2d Cir. 2024); *Dukuray v. Experian Info. Sols.*, 2024 U.S. Dist. LEXIS 132667 (S.D.N.Y. 2024)

It is respectfully requested, therefore, that an order of sanctions be entered against plaintiff and her attorney.

Case 1:25-cv-01552-MSS    Document 59-1    Filed 05/13/25    Page 32 of 42

## POINT VI

## PLAINTIFF'S CROSS-MOTION MUST BE DENIED

**A.      Request For Sanctions**

Plaintiff's request for sanctions is based upon the argument that the law firm's motion to dismiss is frivolous, and that sanctions are appropriate to protect the integrity of the judicial process.  The law firm's motion to dismiss is not frivolous, which (at minimum) is demonstrated by plaintiff's withdrawal of her cause of action for negligent infliction of emotional harm in response to same.  In any event, the motion to dismiss is based on the undisputed documentary evidence filed in support of same, and the longstanding law of New York with respect to claims for legal malpractice.  Moreover, it must be reiterated that plaintiff's argument that she is trying to protect the integrity of the judicial system is completely at odds with her presentation to this Court of case law that does not exist, in support of her efforts to convince the Court to ignore well-established legal precedent.

**B.      Request to Strike**

Finally, plaintiff's cross-motion to strike should be denied.  Such relief is sought on the grounds that the law firm's motion to dismiss (1) accuses Mr. Blackburn of soliciting their clients, including by advertising outside their office, (2) states that Mr. Blackburn has a pattern of filing frivolous litigation, and (3) asserts that Mr. Blackburn is waging a documented campaign against Liane Fisher.  However, contrary to Mr. Blackburn's assertion, no statement was made by anyone that he "improperly solicited [Ms. Fisher's] former clients, including by allegedly advertising in front of her office."  (Blackburn Affirm. in Support of Cross-Motion, ¶3)  This is a bizarre assertion, and created out of thin air, and not based upon any statement or argument in support of the motion, or otherwise.

22

Case 1:25-cv-01662-VSB    Document 59-1    Filed 05/13/25    Page 32 of 42

With respect to Mr. Blackburn's assertion that the law firm has scandalously asserted that he has a "pattern of filing frivolous litigation," this exact finding was made by U.S. District Judge Denise Cote, in her order dated April 3, 2024 [Dkt. No. 25, p. 14].

Finally, the law firm's position that Mr. Blackburn has waged a documented campaign against Ms. Fisher is borne out by his history of threatening to publicly humiliate her by making public the utterly false allegation that she had an improper and illicit personal relationship with her adversary counsel in the *Zunzurovski* matter (unless she agreed to an immediate "settlement"), making good on such threat by the filing of the meritless *Zunzurovski* action against her when she refused to succumb to his extortive demands[4], and his unsupported assertions in this action that she "stole" her client's money, which reckless and malicious claim has also been filed by Mr. Blackburn with the New York Attorney General, the New York Grievance Committee for the First Department, the New Jersey Office of Attorney Ethics and (upon information and belief) the Manhattan District Attorney's office. It is difficult to characterize such behavior as anything short of a campaign. In a telling statement on page 24 of the plaintiff's Memorandum of Law in Opposition, plaintiff states that it would have been appropriate for Ms. Fisher to have "resolved this matter quietly," referring to Mr. Blackburn's threat by letter dated March 3, 2025, to increase the amount of damages sought to $10 million in this lawsuit, if the law firm did not immediately respond to his "settlement demand." As in *Zunzurovski,* the law firm stood firm, and Mr. Blackburn made good on his threat by substituting the second amended complaint for the first amended complaint on Docket No. 6, which *inter alia* increased the damages sought from $1 million to $10 million.

---

[4]  By order dated April 9, 2025, this Court granted the law firm's motion to dismiss the amended complaint in *Zunzurovski v. Fisher,* Index No. 153842/2024, under CPLR 3211(a)(1) and (7).

23

It is respectfully requested, therefore, that plaintiff's cross-motion to strike and for sanctions be denied in its entirety.

24

Case 1:25-cv-01562-VSB    Document 59-1    Filed 05/13/25    Page 35 of 48

## **CONCLUSION**

Based upon the foregoing, it is respectfully requested that the Amended Complaint be dismissed in its entirety, with prejudice, along with an award of costs and sanctions, and that plaintiff's cross-motion be denied in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: Hawthorne, New York
     April 16, 2025

                             TRAUB LIEBERMAN STRAUS &
                             SHREWSBERRY LLP
                             *Attorneys for Defendants Liane Fisher and Fisher*
                             *Taubenfeld, LLP*

                             *Lisa L. Shrewsberry*

By:    Lisa L. Shrewsberry, Esq.
          Mid-Westchester Executive Park
          Seven Skyline Drive
          Hawthorne, New York 10532
          (914) 347-2600

Case 1:25-cv-01552-VSB Document 59-1 Filed 05/13/25 Page 36 of 48

## <u>WORD COUNT CERTIFICATION</u>

I hereby certify pursuant to Uniform Civil Rules Section §202.8-b(c) that the total number of words in this Memorandum of Law in Opposition to Plaintiff's Cross-Motion to Strike and for Sanctions, and in Further Support of Motion to Dismiss Amended Complaint and an Award of Sanctions by Defendants Liane Fisher and Fisher Taubenfeld, LLP, exclusive of the caption and signature block, is **6,941**, and that this document complies with the word count limit set forth in Uniform Civil Rules Section §202.8-b(a).

Dated: Hawthorne, New York
April 16, 2025

TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP

*Lisa L. Shrewsberry*

Lisa L. Shrewsberry, Esq.

26

# EXHIBIT B

# TRAUB LIEBERMAN

Mid-Westchester Executive Park | 7 Skyline Drive | Hawthorne, NY 10532

DIRECT (914) 586-7009 | MAIN (914) 347-2600 | FAX (914) 347-8898

Lisa L. Shrewsberry | Partner | lshrewsberry@tlsslaw.com

April 25, 2025

**VIA NYSCEF**

Hon. Mary V. Rosado
Supreme Court of the State of New York
New York County – Part 33
60 Centre Street
New York, New York  10007

       Re:    *Monique Facey v. Liane Fisher, et al.*
           **Index No.:  152088/2025; Motion Seq. No. 1**
           **Return Date:  April 17, 2025**
           Our File No.:  850.0037

Dear Judge Rosado:

We represent defendants in this matter.  On March 24, 2025 we filed a motion to dismiss the amended complaint filed by plaintiff on March 3, 2025. [Dkt. No. 6]  Unbeknownst to us at the time, plaintiff replaced the amended complaint with a second amended complaint on March 7, 2025, also filing same under Docket No. 6.  Plaintiff opposed our motion, and made a cross-motion for sanctions on April 1, 2025.  We responded thereto on April 16, 2025, and the motion and cross-motion were fully submitted on the return date of April 17, 2025.

Yesterday, a week after the return date, plaintiff filed additional papers in opposition to the defendants' fully submitted motion to dismiss and in further support of plaintiff's fully submitted cross-motion.  We are compelled to respond thereto because of certain blatant falsehoods contained therein, and the request therein that this Court "sanction and censure" the undersigned.  This list is not exhaustive, but highlights the most egregious examples.

1.      On page 9 of plaintiff's newly filed memorandum of law [Dkt. No. 47], plaintiff asserts that defendants "deliberately attached and quoted from a confidential settlement demand letter . . . in violation of CPLR §4547 and basic ethical norms."  This is simply untrue, as no such exhibit was attached to our motion papers, and no quote was contained within our motion papers.

2.      Plaintiff refers to the pleading filed on March 7, 2025, which replaced her amended complaint, filed on March 3, 2025 as "the amended complaint," in order to support her position that she

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT

**www.traublieberman.com**

Hon. Mary V. Rosado, J.S.C.
Index No.: 152088/2025; Motion Seq. No. 1
Page 2

filed such second amended complaint as of right.  However, there is no automatic right to file a second amended complaint.

3.       As plaintiff did in her memorandum of law in opposition to the motion to dismiss [Dkt. No. 38], she relies in this new filing on case law that does not exist.  As an example, on page 4 of her recent filing, plaintiff cites  *James v. City of New York*, 144 A.D.3d 604, 605 (1st Dep't 2016) and *Board of Mgrs. of 28 Cliff St. Condominium v. Maguire*, 191 A.D.3d 553 (1st Dep't 2021), for the legal proposition that a motion directed to a pleading automatically becomes moot upon the filing of an amended pleading, as a matter of law.  This statement of law is incorrect (*Sage Realty Corp. v. Proskauer Rose LLP*, 251 A.D.2d 35 (1st Dep't 1998), and the citations by plaintiff belong to *Matter of Nassair S.*, 144 A.D.3d 604 (1st Dep't 2016) and *Matter of Barry H. v. Veronica S.*, 191 A.D.3d 553 (1st Dep't 2021), respectively, and which contain no discussion of the legal issue set forth by plaintiff.  Moreover, the case names similarly appear in research, under different citations, and are not at all related to the pertinent legal issue.

We regret to burden the Court with this additional information, but feel constrained to do so in light of the circumstances.

Respectfully submitted,

*Lisa L. Shrewsberry*

Lisa L. Shrewsberry

cc:     Tyrone A. Blackburn, Esq. (via NYSCEF)

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------X

MONIQUE FACEY,                                    Index No.: 152088/2025

                              Plaintiff,          **NOTICE OF ENTRY WITH
                                                  ORDER**

         -against-                                **Motion Seq. No. 001**

LIANE FISHER and FISHER TAUBENFELD, LLP,

                              Defendants.

----------------------------------------------------------------X

       **PLEASE TAKE NOTICE** that within is a true copy of the Decision and Order of the

Honorable Mary V. Rosado, J.S.C., dated September 15, 2025 and entered and filed in the above-

captioned action in the Office of the Clerk of the Supreme Court of the State of New York, County

of New York, on September 15, 2025.

Dated: Hawthorne, New York
      September 15, 2025

                    TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

                    *Lisa L. Shrewsberry*
                    Lisa L. Shrewsberry, Esq.
                    *Attorneys for Defendants Liane Fisher &*
                    *Fisher Taubenfeld, LLP*
                    Mid-Westchester Executive Park
                    Seven Skyline Drive
                    Hawthorne, New York 10532
                    (914) 347-2600

TO:   Tyrone A. Blackburn, Esq. (Via NYSCEF)
      T.A. Blackburn Law, PLLC
      1242 East 80th Street, 3rd Floor
      Brooklyn, New York  11236
      (347) 342-7432
      tblackburn@tablackburnlaw.com
      *Attorneys for Plaintiff*

Case 1:25-cv-03655-JMS Document 62-3 Filed 09/05/25 Page 2 of 8

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. MARY V. ROSADO | PART | 33M |
|---|---|---|---|
| | *Justice* | | |

--------------------------------------------------------------------------------X

MONIQUE FACEY,

                                Plaintiff,

                    - v -

LIANE FISHER, ESQ., and FISHER TAUBENFELD, LLP

                           Defendant.

--------------------------------------------------------------------------------X

| INDEX NO. | 152088/2025 |
|---|---|
| MOTION DATE | 03/24/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for                         DISMISSAL                    .

Upon the foregoing documents, and after a final submission date of June 16, 2025, Defendants Liane Fisher, Esq. ("Fisher") and Fisher Taubenfeld, LLP's ("Fisher Taubenfeld") motion to dismiss Plaintiff Monique Facey's ("Plaintiff") Amended Complaint pursuant to CPLR 3211(a)(1) and (a)(7), and for sanctions, is granted. Plaintiff's cross motion to strike from Defendants' motion papers allegedly scandalous material and imposing sanctions on Defendants is denied.

Moreover, counsel for Plaintiff is directed to, within five days, submit an affirmation advising the Court whether he used artificial intelligence applications and/or chatbots to write his motion papers. He must also explain why his motion papers repeatedly cite to cases that do not exist and/or stand for legal propositions that are discussed nowhere in the cited decisions.

## I.    Background

Defendants formerly represented Plaintiff in a sexual harassment lawsuit against New York City, which settled for $150,000 in September of 2024 (NYSCEF Doc. 6 at ¶ 8). Allegedly,

**152088/2025 FACEY, MONIQUE vs. FISHER, LIANE ET AL**
**Motion No. 001**

Page 1 of 7

Plaintiff received a settlement check in January of 2025, but was informed by her bank that the check was fraudulent. Plaintiff then alleges that Defendants lied about wiring the settlement funds to her bank. Based on these interactions, Plaintiff asserts claims for breach of fiduciary duty, negligence, and negligent infliction of emotional distress against Defendants.

However, reality is wholly separate from these allegations, which the Court finds to be entirely misleading to the point requiring sanctions. The reality is that when Plaintiff attempted to deposit her settlement check at her bank, Defendants received a fraud alert from Chase which required Defendants to verify the check. After realizing the amount of settlement proceeds disbursed to Plaintiff ($85,553.95) was lower than it should be ($89,553.43), Defendants cancelled the check and wired $89,553.43 to Plaintiff on February 7, 2025 (NYSCEF Doc. 15). On February 12, 2025, Plaintiff informed Defendants that the wire transfer was rejected. According to Chase, the wire was rejected because Plaintiff's bank account was restricted (NYSCEF Doc. 17). Defendants e-mailed Plaintiff on February 12, 2025 to coordinate delivery of another settlement check to Plaintiff (NYSCEF Doc. 19). However, the very next day, on February 13, 2025, Plaintiff, through her counsel in this lawsuit, filed a Complaint in the Eastern District of New York making identical allegations to Amended Complaint here (NYSCEF Doc. 20). On February 14, 2025, Plaintiff initiated this lawsuit.

Defendants' counsel repeatedly reached out to Plaintiff's counsel, stating the wire transfer did not occur due a hold on Plaintiff's bank account, and repeatedly tried to disburse settlement funds to Plaintiff via check, but Plaintiff's counsel never responded (NYSCEF Doc. 21). On March 7, 2025, the parties appeared in the Southern District of New York before United States District Judge Valerie E. Caproni, who supervised the delivery of the settlement check to Plaintiff, informed Plaintiff's counsel that he is responsible for the obstruction in the check being delivered,

**152088/2025  FACEY, MONIQUE vs. FISHER, LIANE ET AL**          Page 2 of 7
**Motion No. 001**

2 of 8

and warned the parties that if they ever behave like this again they will be sanctioned (NYSCEF Doc. 23-24).

Now, Defendants move to dismiss Plaintiff's Amended Complaint pursuant to CPLR 3211(a)(1) and (a)(7), and for sanctions, while Plaintiff cross moves to strike certain portions of Defendants' motion as scandalous and irrelevant and seeks to impose sanctions on Defendants.

## II. Discussion

### A. Defendants' Motion to Dismiss and Seeking Sanctions

Defendants' motion to dismiss Plaintiff's Amended Complaint is granted. The negligent infliction of emotional distress claim is dismissed as Plaintiff's counsel wrote in opposition "Plaintiff is not asserting a standalone cause of action for infliction of emotional distress" and in any event, it is duplicative of Plaintiff's negligence cause of action. Moreover, it is well established that alleged acts of malpractice do not give rise to emotional damages except where the alleged malpractice unreasonably and directly endangers a plaintiff's physical safety (*see, e.g. Wolkstein v Morgenstern*, 275 AD2d 635, 636-37 [1st Dept 2000]). Here, Plaintiff specifically alleges in her negligence claim that "attorneys owe their clients a duty of care, loyalty, and diligence, particularly when handling financial transactions and client settlements" (NYSCEF Doc. 6 at ¶ 102). Thus, it is clear from Plaintiff's allegations she is asserting a legal malpractice claim as opposed to an ordinary negligence claim. Because Plaintiff is alleging legal malpractice, her breach of fiduciary claim is dismissed as duplicative as it arises from the same facts and seeks similar damages to the legal malpractice claim (*see Alphas v Smith*, 147 AD3d 557, 558-59 [1st Dept 2017]; *InKine Pharmaceutical Co., Inc. v Coleman*, 305 AD2d 151, 152 [1st Dept 2003]).

The negligence/legal malpractice claim likewise must be dismissed. "In order to survive a motion to dismiss, a plaintiff's complaint in an action for legal malpractice must show that 'but

**152088/2025  FACEY, MONIQUE vs. FISHER, LIANE ET AL**
**Motion No. 001**

Page 3 of 7

for counsel's alleged malpractice, the plaintiff would not have sustained some actual ascertainable damages'" (*Gop*stein *v Bellinson Law, LLC,* 227 AD3d 465, 466 [1st Dept 2024] quoting *Pellegrino v File*, 291 AD2d 60, 63 [1st Dept 2002], *lv denied* 98 NY2d 606 [2002]). Plaintiff has failed to show any actual damages arising from the alleged delay of a few weeks in receiving her settlement check, especially since the delay was at least in part due to her current attorney refusing to cooperate with Defendants to receive the settlement check and requiring a United States District Judge to compel Plaintiff to accept the settlement check. There is no dispute that Plaintiff received the check, nor is there any dispute that Defendants repeatedly tried to disburse the funds to Plaintiff. Therefore, the legal malpractice claim is dismissed (*see also Gallet, Dreyer & Berkey, LLP v Basile*, 141 AD3d 405 505-06 [1st Dept 2016] [legal malpractice claim dismissed where asserted damages are vague, unclear, or speculative]).[1]

Contrary to Plaintiff's mistaken assertion, the mere fact that she filed a subsequent amended complaint during the pendency of Defendants' motion to dismiss does not make the motion moot where, as here, Defendants have expressly asked the Court to direct the motion to dismiss to the newly filed pleading Complaint (*see French v NYS Department of Labor*, 231 AD3d 620, 621 [1st Dept 2024]; *Donoso v New York University*, 160 AD3d 522 [1st Dept 2018]; *Fownes Bros. & Co., Inc. v JP Morgan Chase & Co.,* 92 AD3d 582, 582-83 [1st Dept 2012]; *Sage Realty Corp. v Proskauer Rose LLP*, 251 AD2d 35 [1st Dept 1998]).

The Court likewise finds sanctions to be appropriate. This Court rarely, if ever grants sanctions, but in this case, the Court finds them warranted. Plaintiff's counsel violated his duty of candor in informing the Court that Defendants repeatedly tried to send him the settlement check pre-suit and post-suit, and he never affirmatively informed the Court after filing this lawsuit that a

---

[1] Plaintiff seeks damages in a wherefore clause alleging a violation of Judiciary Law § 487 but does not allege this as an actual cause of action. As it is not alleged as a separate cause of action, the Court does not address it.

**152088/2025  FACEY, MONIQUE vs. FISHER, LIANE ET AL**                    Page 4 of 7
**Motion No. 001**

5 of 8

Federal District Court judge compelled Plaintiff and him to accept the settlement check. Moreover, the Court finds the Complaint to be malicious and aimed at embarrassing and harassing Defendants. There is no reason why Plaintiff's counsel decided to include Plaintiff's photograph in the Complaint. Moreover, although United States District Judge Valerie Caproni warned Plaintiff's counsel his conduct was sanctionable, he has done nothing to correct his unprofessional and deceitful behavior in this action.

This conduct cannot go unaddressed and without consequences. Therefore, Defendants' motion for sanctions pursuant to 22 NYCRR 130-1.1(a) is granted, and Defendants shall submit a fee application so they can be granted a judgment against Plaintiff's counsel awarding them their legal fees incurred in filing this motion.

### B. Plaintiff's Cross Motion

Plaintiff's cross motion is denied in its entirety. There is nothing scandalous or irrelevant to strike from Defendants' motion papers, as it is wholly relevant to their sanctions application. Multiple United States District Court judges have sanctioned Plaintiff's counsel or warned Plaintiff's counsel that his conduct is sanctionable. This information was wholly relevant to this Court's decision in whether to sanction Plaintiff's counsel in this action. Plaintiff's cross motion for sanctions against Defendants is denied. Defendants' counsel has acted in a professional manner and has succeeded on a motion to dismiss and a motion for sanctions.

Finally, the Court must address the fact that Plaintiff's motion papers are riddled with incorrect and false citations. It is well known that motion papers with incorrect and/or false citations is a sign that legal papers were written using artificial intelligence. This arises from a phenomenon associated with artificial intelligence where the artificial intelligence applications or chatbots "hallucinate" and generate fake or misleading legal citations due to programming flaws.

152088/2025  FACEY, MONIQUE vs. FISHER, LIANE ET AL                    Page 5 of 7
Motion No. 001

5 of 8

Case 1:25-cv-08505-JGLC    Document 62-3    Filed 09/17/25    Page 47 of 48

For example, Plaintiff cites to a case called *James v. City of New York*, 144 AD3d 604, 605 (1st

Dept 2016) and *Board of Mgrs. of 28 Cliff St. Condominium v. Maguire*, 191 AD3d 553 (1st Dept

2021) (*see* NYSCEF Doc. 47). But no cases with these names exist under these citations, and while

there is a First Department case from 2016 captioned *James v. City of New York*, 144 A.D.3d 466

(1st Dept 2016) there is nothing in that case related to the legal argument Plaintiff was making,

namely whether an amended complaint makes a motion to dismiss moot. Likewise, while there is

a case captioned *Board of Managers of 28 Cliff Street Condominium v Maguire*, 191 A.D.3d 25

(1st Dept 2020), that case too has nothing to do with the impact of an amended pleading being

filed during a motion to dismiss.

Plaintiff also cited to a case captioned *Xiong v. Knight*, 80 A.D.3d 1055 (3d Dept 2011)[2]

(*see* NYSCEF Doc. 38). But there is no such. Plaintiff cited to a case captioned *Johnson v.

Stadtlander*, 162 A.D.3d 1580 (4th Dept 2018), but there is no case with that caption or that

citation. There are other fake and/or incorrect citations in Plaintiff's papers, but the Court finds the

ones highlighted here are sufficient to warrant an explanation from Plaintiff's counsel. Therefore,

within five days from entry of this Decision and Order, Plaintiff's counsel must submit an

affirmation advising the Court whether he used artificial intelligence applications and/or chatbots

to write his motion papers. He must also explain why his motion papers repeatedly cite to cases

that do not exist and/or stand for legal propositions that are discussed nowhere in the cited

decisions.

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss Plaintiff's Amended Complaint is granted,

and the Amended Complaint is hereby dismissed; and it is further

---

[2] The case that appears from this citation is captioned *Burgher v AF III Props., LLC*, 80 AD3d 1055 (3d Dept 2011).

152088/2025  FACEY, MONIQUE vs. FISHER, LIANE ET AL    Page 6 of 7
Motion No. 001

6 of 8

ORDERED that Defendants' motion for sanctions against Plaintiff's counsel is granted, and Defendants' are awarded their legal fees incurred in filing the instant motion and opposing Plaintiff's cross motion, and within fourteen days, Defendants shall submit a fee application in order for this Court to award Defendants a money judgment against Plaintiff's counsel; and it is further

ORDERED that Plaintiff's cross motion is denied, and within five days, Plaintiff's counsel must submit an affirmation advising the Court whether he used artificial intelligence applications and/or chatbots to write his motion papers. He must also explain why his motion papers repeatedly cite to cases that do not exist and/or stand for legal propositions that are discussed nowhere in the cited decisions; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

9/15/2025
**DATE**

_My V Rcde JJC_
HON. MARY V. ROSADO, J.S.C.

| CHECK ONE: | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

152088/2025  FACEY, MONIQUE vs. FISHER, LIANE ET AL          Page 7 of 7
Motion No. 001

8 of 8