

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

October 7, 2025

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re:** *Dixon v. Cartagena, 1:25-CV-05144-JLR (SDNY)*
*(consolidated with Cartagena v. Dixon, 1:25-cv-03552-JLR (SDNY))*

<u>Plaintiff's Response to Defendants' Letter Motion to Stay Discovery
Set Briefing Schedule, and Adjourn Conference</u>

Dear Judge Rochon:

    Plaintiff respectfully submits this letter in partial opposition to Defendants' October 6, 2025, letter motion (ECF 65). While Plaintiff does not oppose the adjournment of the October 15, 2025, pretrial conference, he opposes Defendants' request to stay discovery and their proposed word limits on briefing. As detailed below, Defendants' justifications for a stay of discovery and for constraining Plaintiff's briefing are legally unfounded, factually misleading, and procedurally inappropriate.

I.    **Plaintiff's Proposed Briefing Schedule and Scope**

    Plaintiff consents to a consolidated briefing schedule and proposes the following structure:

1. Defendants who have not yet moved to dismiss shall file an omnibus motion to dismiss by November 10, 2025, limited to 12,500 words, with individual defendants permitted to file supplemental briefs of no more than 3,000 words each. This is a total of 30,500 words.
2. Plaintiff shall file a single opposition brief not to exceed 30,000 words on or before January 31, 2026.
3. Defendants may file a consolidated reply brief not to exceed 6,250 words, with individual replies limited to 2,000 words per Defendant, on or before March 16, 2026. This is a total of 18,250 words.

    Defendants' proposal to constrain Plaintiff's opposition to 20,000 words while jointly filing over 30,500 (motion memorandum of law), and 18,250 (reply to opposition) words





themselves is inequitable and unworkable. The operative Complaint contains facts spanning more than 16 years of forced labor, sex trafficking, and racketeering activity. A 30,000-word opposition is reasonable, proportional, and necessary to address the range of legal and factual arguments raised by seven defendants.

II.   **Plaintiff Opposes the Request to Stay Discovery**
   a.   <u>Timeliness of Plaintiff's Claims</u>

Defendants' assertion that Plaintiff's claims are time-barred is meritless. Defendant Cartagena has admitted that Plaintiff last worked for him in and around 2021, and the Complaint alleges—and discovery will confirm—that predicate acts of forced labor, sex trafficking, and racketeering continued through that period. The Supreme Court has interpreted the Civil RICO statute to have a **four-year** limitations period. *Rotella v. Wood*, 528 U.S. 549, 553 (2000); see also *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148 (2d Cir. 2012). That four-year period begins to run not when a plaintiff uncovers the full pattern of predicate acts, but "when a plaintiff knew or should have known of his injury." *Rotella*, 528 U.S. at 553–54; *Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 35 (2d Cir. 2002)…; *Nat'l Grp. for Commc'ns & Computers Ltd. v. Lucent Techs., Inc.*, 420 F. Supp. 2d 253, 264 (S.D.N.Y. 2006). Here, Plaintiff's injuries persisted well within the actionable window. Moreover, the Complaint alleges that Defendants Cartagena, Jospitre, and Torres have continued to make threats, exert coercion, and engage in harassment as recently as the summer and fall of 2024. Such conduct constitutes part of the ongoing enterprise and further tolls the applicable limitations periods.

The TVPA likewise creates a civil cause of action for victims of trafficking and related violations. 18 U.S.C. § 1595(a)… The TVPA imposes liability as well on any person who attempts to recruit or solicit a minor to engage in a commercial sex act. 18 U.S.C. §§ 1591(a)(1), 1594(a). Importantly, the statute of limitations for civil TVPA claims is **ten years** from when the cause of action arises. 18 U.S.C. § 1595(c)(1); *Ngono v. Owono*, 2022 U.S. Dist. LEXIS 150653, at *6–7 (S.D.N.Y. 2022). Because the Complaint pleads predicate acts of forced labor and trafficking through 2021, and threats and coercion extending into 2024, Plaintiff's RICO and TVPA claims are timely on their face. These timeliness issues raise fact-bound questions inappropriate for resolution on a motion to dismiss and certainly do not justify a stay of discovery.





b. **The Complaint Is Not a "Shotgun" Pleading**

Defendants' accusation that the Complaint constitutes a "shotgun" pleading misrepresents the pleading's content and structure. Plaintiff's claims are pled with specificity and provide ample notice to each Defendant of their individual roles in the RICO enterprise, including dates, locations, methods of coercion, and predicate acts. Rule 8(a) requires a "short and plain statement," not a sanitized version of egregious facts. Courts recognize that complex RICO and TVPA claims may necessarily involve detailed factual recitations.

c. **Copyright Preemption and the Statute of Frauds Do Not Apply**

Defendants' attempt to shoehorn Plaintiff's state-law claims into copyright preemption is both premature and legally unfounded. Plaintiff's claims for unjust enrichment, fraud, and constructive trust do not rest on mere authorship disputes; they arise from a broader course of coercion, exploitation, and fraudulent inducement connected to a pattern of forced labor and trafficking. These claims seek redress for misconduct qualitatively distinct from any rights protected by the Copyright Act.

For a state-law claim not to be preempted, it must be "qualitatively different" from a copyright infringement claim. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). "To determine whether a claim meets this standard, we must determine 'what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992); see also *Alexander Interactive, Inc. v. Leisure Pro Ltd.*, 2014 U.S. Dist. LEXIS 132206, at *14–15 (S.D.N.Y. Sept. 18, 2014). Here, Plaintiff seeks to vindicate rights rooted in unjust enrichment and abuse of power—not infringement of copyright-protected material. The additional elements of fraud, coercion, and trafficking render these claims qualitatively outside the scope of the Copyright Act. Similarly, Defendants' reliance on the statute of frauds is misplaced. It is well established that coercion, threats, and duress may prevent the formation—or enforcement—of formal written agreements.

d. **Defendants Have Not Shown Good Cause for a Discovery Stay**

Defendants argue that discovery will be "wide-reaching," but it is the scope of their misconduct—not the Complaint—that demands such breadth. The alleged RICO enterprise spans nearly two decades, involves multiple states, shell corporations, and acts of coercion, trafficking,



and fraud. Discovery is necessarily expansive because Defendants' civil and criminal conduct is expansive. Courts do not reward alleged enterprise participants by shielding them from evidence-based accountability. Rule 26 already ensures that discovery remains proportional to the needs of the case. A blanket stay is neither warranted nor just. Contrary to Defendants' assertion, Plaintiff has diligently prosecuted this action—filing the operative Complaint, effectuating service, opposing premature dispositive motions, and preparing discovery.

The real prejudice lies in delaying the Plaintiff's access to crucial evidence—contracts, communications, financial records, and witness testimony—that remains solely in the Defendants' possession. Upon a showing of good cause, a district court has considerable discretion to stay discovery under Fed. R. Civ. P. 26(c). *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). *Idle Media, Inc. v. Create Music Grp., Inc.,* 2024 U.S. Dist. LEXIS 107130, *1. But because "[a] motion to dismiss does not automatically stay discovery," such stays should not be routinely granted. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). The burden to demonstrate good cause lies entirely with the moving party. *Ema Fin.*, 336 F.R.D. at 79; *Pujals v. BDO USA, P.C.*, 2025 U.S. Dist. LEXIS 180732, at *7 (S.D.N.Y. 2025). Here, Defendants fall far short of that burden. The scope of discovery simply reflects the magnitude and complexity of the enterprise alleged. In light of the early procedural stage and this Court's precedent denying routine discovery stays, Defendants' request should be denied.

III.    **Conclusion**

Plaintiff respectfully requests that the Court approve a consolidated briefing schedule as modified above, permit Plaintiff to file a 30,000-word opposition brief by January 31, 2026, deny Defendants' motion to stay discovery in its entirety, and adjourn the October 15, 2025, conference to a date convenient to the Court. Plaintiff thanks the Court for its continued time, attention, and consideration of this matter.

Respectfully,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ECF.



