

**Driving progress through partnership**

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

October 7, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

Re:   *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

Plaintiff Joseph Cartagena submits this letter pursuant to Rule 1(A) of this Court's Individual Rules of Practice in Civil Cases to inform the Court of the recent decision in *Jakes v. Youngblood*, No. 24-CV-1608 (W.D. Pa. Oct. 6, 2025), attached as Exhibit 1 (the "**Decision**"). As discussed below, the Decision supports Mr. Cartagena's requests to sanction Defendant Tyrone Blackburn for his persistent misconduct, despite repeated warnings from multiple courts. *See* ECF No. 53, 57-58.

In the Decision, Judge William S. Stickman IV sanctioned Mr. Blackburn and revoked his *pro hac vice* status, finding that "[a]t best, [Blackburn] knowingly and repeatedly submitted legal documents that he neither prepared nor reviewed to ensure their accuracy." Decision at 2. Rather, Judge Stickman found that Blackburn "knowingly misrepresented case law in support of the arguments he attempted to present to the Court." *Id*. at 3. Judge Stickman thus sanctioned Blackburn $5,000 and revoked his *pro hac vice* status "to deter Blackburn from future misconduct—especially due to his decision to double-down on his misuse of AI after it was brought to the attention of the Court." *Id*. at 5.

Judge Stickman notably found Blackburn's explanation for his misconduct "incredible." *Id.* at 2. First, Judge Stickman concluded that Blackburn should have known the problems associated with using AI, and even if unaware, Blackburn's "ignorance . . . falls below the level of professional diligence required of attorneys before the bar of the Court." *Id*. Second, Judge Stickman observed that even after being apprised of the errant citations, "Blackburn doubled-down[,]" and "[r]ather than take responsibility for his misconduct, apologize, and voluntarily withdraw his brief, Blackburn pointed the finger at Plaintiff's counsel, wrongly accusing them of doing exactly what he did (twice)—using AI to craft an inaccurate brief." *Id*.

The Decision strongly supports Mr. Cartagena's requests for sanctions against Mr. Blackburn. As in *Jakes*, Blackburn's Memorandum of Law in Support of Defendants' Motion to Dismiss (ECF No. 46) (the "**Memorandum**") contained inaccurate or fabricated citations and quotes to caselaw. Similarly, Blackburn's excuses—that he "had no reason to doubt the accuracy of" the AI tools he used (ECF No. 58)—are unfounded, mirroring Blackburn's explanation in *Jakes*, which Judge Stickman found were incredible. Before submitting the Memorandum on August 11, 2025, Blackburn claims to have taken several CLE courses related to ethical AI usage. ECF No. 58 at 3-4. In fact, by the time Blackburn submitted the Memorandum, Judge Stickman had already ordered Blackburn to show cause why sanctions

Hon. Jennifer L. Rochon  
October 7, 2025  
Page 2



should not be imposed for his unchecked reliance on AI. *Jakes*, ECF No. 53 at 8. Thus, as in *Jakes*, despite awareness of the AI tools' flaws, Blackburn continued to "unquestioningly trust[] the[ir] accuracy . . . without fully verifying" their outputs. ECF No. 58 at 3.

      Accordingly, this Court, like Judge Stickman in the Decision, should sanction Blackburn. *See* ECF No. 53, 57-58. Doing so would send a strong message to Blackburn that his misconduct carries consequences, thereby ensuring that violations of his obligations to the Court are not committed with impunity.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/ Jordan W. Siev

cc:    All counsel by ECF