

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

October 9, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

    Re:    *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

    Plaintiff Joseph Cartagena submits this letter in response to Defendants' letter to the Court, dated October 8, 2025 (25-cv-05144, ECF 49), which purports to respond to Mr. Cartagena's letter to the Court, dated October 7, 2025 (ECF 68), informing the Court of the recent decision in *Jakes v. Youngblood*, No. 24-CV-1608 (W.D. Pa. Oct. 6, 2025) (the "**Decision**"). While Mr. Cartagena is hesitant to further burden the Court on these issues, we believe it is necessary to address Mr. Blackburn's submission.

    In his October 7th letter, Mr. Cartagena explained that the Decision underscores the need for this Court to sanction Mr. Blackburn for his conduct in ***this*** case, particularly because the Decision highlights his awareness of the risks presented by AI tools *prior* to filing false citations in this case. Mr. Blackburn's response diverts from the merits of this argument by raising irrelevant personal matters about Mr. Cartagena's past, which further illustrates his abuse of the judicial system.

    Not content with merely addressing the merits of Mr. Cartagena's argument, Mr. Blackburn attempts to harass, humiliate and coerce Mr. Cartagena by "not[ing] for the record" that Mr. Cartagena was involved in a tax case in 2012.[1] That case has nothing to do with Mr. Blackburn, nothing to do with Mr. Blackburn's client, Defendant Terrance Dixon, and is irrelevant to any case before this (or any other) court. Mr. Blackburn's letter is thus further irrefutable evidence of Mr. Cartagena's claims: that Mr. Blackburn and Dixon have misused the judicial system to harass, humiliate and coerce Mr. Cartagena into a settlement based on their malicious and baseless claims.

    Furthermore, Mr. Blackburn's mischaracterization of the Decision demonstrates a continued disregard of the findings and sanctions imposed by Judge Stickman. For example, Mr. Blackburn asserts that Judge Stickman "did not find willful deceit, fabrication, or bad faith." However, Judge Stickman explicitly rejected Mr. Blackburn's claim that his misrepresentations were not malicious, sanctioning him precisely because Mr. Blackburn "***knowingly*** misrepresented case law in support of the arguments he attempted to present to the Court." ECF 68-1 at 4 (emphasis added).

    Mr. Blackburn further represents that the Decision acknowledges his apology and participation in CLE trainings regarding AI usage. However, Judge Stickman specifically noted that even after Mr.

---

[1] Mr. Cartagena's tax case is plainly inadmissible here. *See e.g.,* Fed. R. Evid. 609.

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT
HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON
US_ACTIVE-208956577.v3-IMTURETS-406054-20002 10/9/2025 7:05 PM

Hon. Jennifer L. Rochon
October 9, 2025
Page 2

Blackburn was on notice that his brief contained misrepresentations, "[r]ather than take responsibility for his misconduct, apologize, and voluntarily withdraw his brief, Mr. Blackburn pointed the finger at Plaintiff's counsel, wrongly accusing them of doing exactly what he did (twice)—using AI to craft an inaccurate brief." ECF 68-1 at 3; *see also id.* at 3 ("It is inexcusable to skirt this duty by relying on AI to draft a brief. Mr. Blackburn did so and, when accused, did so again"). Indeed, Mr. Blackburn only offered an apology after he *was twice* caught misrepresenting cases and citations, and *after* Judge Stickman ordered Mr. Blackburn to show cause why sanctions should not be imposed.

Finally, Mr. Blackburn suggests that the Decision excuses his misuse of AI because other attorneys have also experienced issues using AI. However, Judge Stickman discussed these instances solely to demonstrate that Mr. Blackburn "cannot plead ignorance to justify [his] use or misuse of AI in drafting legal documents filed with the courts." ECF 68-1 at 3. The Decision notes that "[t]he court's decision to impose sanctions is consistent with an (unfortunately) growing number of cases that imposed sanctions on attorneys whose misuse of AI led them to file briefs that included inaccurate or nonexistent citations and quotes." ECF 68-1 at 4.

We again thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Jordan W. Siev

cc:   All counsel by ECF