UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CARTAGENA,<br>        *Plaintiff*,<br>v.<br>TERRANCE DIXON,<br>TYRONE BLACKBURN, and<br>T.A. BLACKBURN LAW, PLLC,<br>        *Defendants*. | Civil Action No. 25-cv-03552<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

      Defendants Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn Law, PLLC respectfully submit this Notice of Supplemental Authority in further support of their pending Motion to Dismiss the Second Amended Complaint.

      On October 9, 2025, the Honorable Jeannette A. Vargas of this Court issued a comprehensive 38-page decision in *Graham v. UMG Recordings, Inc.*, No. 25-cv-0399 (JAV) (S.D.N.Y. Oct. 9, 2025), granting the defendant's motion to dismiss defamation and related tort claims. A copy of the Opinion and Order is attached hereto as Exhibit A.

      In *Graham*, the Court dismissed claims brought by recording artist Aubrey "Drake" Graham, holding that the allegedly defamatory lyrics in a popular recording were nonactionable opinion as a matter of law. The Court concluded that "even accusations of criminal behavior are not actionable if, understood in context, they are opinion rather than fact" (*Slip op.* at 13, quoting *Hayashi v. Ozawa*, No. 17-CV-2558 (AJN), 2019 WL 1409389, at *2 (S.D.N.Y. Mar. 28, 2019)*)*.

      Judge Vargas emphasized that the determination of whether a statement is fact or opinion is a question of law for the courts, to be decided based on what the average person hearing or reading the communication would take it to mean, and that such questions are appropriately resolved at the motion to dismiss stage. (*Id.* at 12–13, citing *Brian v. Richardson*, 87 N.Y.2d 46, 52 (1995); *Dfinity Found. v. New York Times Co.*, 702 F. Supp. 3d 167, 174 (S.D.N.Y. 2023)*.

      In assessing the context of the allegedly defamatory material, the Court explained that "the forum here is a music recording, in particular a rap 'diss track,' with accompanying video and album art," and that such a forum is "much more akin to forums like YouTube and X, which 'encourag[e] a freewheeling, anything-goes writing style,' than journalistic reporting." (*Slip op.* at 15, quoting *Sandals Resorts Int'l Ltd. v. Google, Inc.*, 925 N.Y.S.2d 407, 415 (1st Dep't 2011)*). The Court further found that:

*"the Recording was published as part of a heated public feud, in which both participants exchanged progressively caustic, inflammatory insults and accusations,"* and that this is *"precisely the type of context in which an audience may anticipate the use of 'epithets, fiery rhetoric or hyperbole' rather than factual assertions."* (Id. at 18, *citing Steinhilber v. Alphonse, 68 N.Y.2d 283, 294 (1986)*).

Accordingly, the Court held that "a rap diss track would not create more of an expectation in the average listener that the lyrics state sober facts instead of opinion than the statements at issue in [*Torain v. Liu* or *Rapaport v. Barstool Sports, Inc.*]," and concluded that "a reasonable listener could not have concluded that [the statements] were conveying objective facts." (*Slip op.* at 18, 25*). The Court reaffirmed that "loose, figurative or hyperbolic statements, even if deprecating the plaintiff … cannot constitute actionable defamation," and that "imaginative expression" and "vituperation" are "indicia of opinion." (*Id.* at 23–24, quoting *Brahms v. Carver*, 33 F. Supp. 3d 192, 198 (E.D.N.Y. 2014); *Levin v. McPhee*, 119 F.3d 189, 196 (2d Cir. 1997)*).

The *Graham* Court's reasoning squarely reinforces Defendants' position in this case. As reflected in Defendants' Memorandum of Law, the statements challenged by Plaintiff Cartagena—many of which arose from social-media discourse, legal communications, and commentary on matters of public concern based on firsthand knowledge—are contextual, expressive, and nonactionable under the same First Amendment and New York constitutional principles.

Like the contextual speech in *Graham*, the communications here took place within a highly publicized dispute involving a public figure, where "the tone, medium, and audience expectation" foreclose any reasonable inference that the statements asserted literal facts. The decision also supports Defendants' argument that Plaintiff, as a public figure, must plead actual malice with particularity, and that no such plausible allegations appear in the operative complaint.

For these reasons, *Graham v. UMG Recordings, Inc.* provides directly relevant, persuasive authority within this District confirming that Plaintiff's defamation and related claims fail as a matter of law.

Dated: October 9, 2025
Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn*
Tyrone A. Blackburn, Esq.

2