

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

October 22, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

   Re: *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

  Plaintiff Joseph Cartagena submits this letter in response to Defendants' October 9, 2025 Notice of Supplemental Authority in further support of their Motion to Dismiss the Second Amended Complaint (ECF 74, the "**Notice**"), informing the Court of the recent decision in *Graham v. UMG Recordings Inc.*, No. 25-CV-0399 (JAV), 2025 U.S. Dist. LEXIS 200606 (S.D.N.Y. Oct. 9, 2025) (the "**Decision**"). Defendants' reliance on the Decision is misplaced because they invoke it to support an argument they have not made and thus waived—that the statements forming the basis of Plaintiff's defamation claims are nonactionable "contextual" or "expressive" speech.[1] In fact, the Decision is distinguishable from this case and, if anything, supports Mr. Cartagena's position that Defendants' statements are defamatory.

  In *Graham*, singer Aubrey Drake Graham ("**Drake**") sued UMG Recordings, Inc. ("**UMG**") for defamation and other claims over its promotion of the song "Not Like Us" by rapper Kendrick Lamar. "Not Like Us" included lyrics suggesting that Drake is a "pedophile" and "predator," and its music video depicted images of "sex trafficking" accompanying those lyrics. *Graham*, 2025 U.S. Dist. LEXIS 200606 at *11-13. The Decision applied a three-factor test to determine whether the song and its references to pedophilia constituted actionable fact or nonactionable opinion:

> (1) whether the specific language in issue has a precise meaning which is readily understood;
>
> (2) whether the statements are capable of being proven true or false; and
>
> (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal readers or listeners that what is being read or heard is likely to be opinion, not fact.

*Decision* at 13 (citing *Brian v. Richardson*, 87 N.Y.2d 46, 51 (1995)). The Decision dismissed Drake's claim based on the third factor,[2] finding that the "overall context of 'Not Like Us' forecloses the argument

---

[1] Defendants also argue that the Decision supports their argument that actual malice should be pled with particularity, but the Decision does not discuss the actual malice standard at all.

[2] Notably, the Decision found that the lone accusation that "Drake is a pedophile" was specific enough to convey a precise meaning that is readily understood and capable of being proven true, in satisfaction of the first two factors. Decision at 13.

Hon. Jennifer L. Rochon  
October 22, 2025  
Page 2

**ReedSmith**

that its lyrics can be read as factual assertions." *Id.* at *27. The court found that (1) the lyrics were part of a "diss track," a forum that does not "convey[] to the public fact-checked verifiable content," *id.* at *15, (2) Lamar released "Not Like Us" during a heated public rap feud started by Drake where "epithets, fiery rhetoric or hyperbole," rather than factual assertions, are to be expected, *id.* at *15-22, and (3) the "incendiary language and offensive accusations hurled by both participants" would not induce "the reasonable listener to believe that 'Not Like Us' imparts verifiable facts about Plaintiff," *id.* at *23-25.

Defendants argue that their statements about Mr. Cartagena are similarly "contextual, expressive, and nonactionable under the same First Amendment and New York constitutional principles" and therefore support their pending Motion to Dismiss the Second Amended Complaint. Notice at 1-2. Defendants are wrong.

Defendants waived any argument that their statements constitute non-actionable rhetoric. In their motion to dismiss, Defendants merely state, in a single sentence, that "many of the challenged statements are either non-actionable opinions or rhetorical hyperbole, fully protected under the First Amendment." ECF 46 at 6. This barebones, perfunctory sentence, unaccompanied by developed argument, is insufficient to preserve an argument that the statements are purely rhetorical, which is deemed waived. *See Abdou v. Walker*, No. 19 Civ. 1824 (PAE), 2022 U.S. Dist. LEXIS 144570, at *6-7 (S.D.N.Y. Aug. 12, 2022) ("The Second Circuit has held that arguments raised in 'a single conclusory sentence' are waived . . . because 'it is not the obligation of this court to research and construct legal arguments open to parties.") (quoting *Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005)); *see also Fairbank Reconstruction Corp. v. Greater Omaha Packing Co.*, No. 13-CV-00907-WMS-JJM, 2019 U.S. Dist. LEXIS 140355, at *8 (W.D.N.Y. Aug. 16, 2019) (declining to consider an argument raised for the first time in reply after party presented the argument in a conclusory fashion in its opening brief and attempted to expand on the argument in its reply).

Moreover, the Decision is readily distinguishable because neither the full context of the communications in which Defendants' defamatory statements appear nor the broader social context and surrounding circumstances could possibly signal to readers or listeners that what is being read or heard is likely to be opinion, not fact.

***Forum & Surrounding Circumstances***. Unlike in *Graham*, Defendants' statements about Mr. Cartagena were not made in a single rap "diss track," but in Defendants' social media posts and podcast interviews published over the span of several months. Moreover, unlike the "heated public feud" at issue in *Graham* "in which **both** participants exchanged progressively caustic, inflammatory insults and accusations," Decision at *18 (emphasis added), the Complaint alleges no facts indicative of Plaintiff ever engaging in such public discourse with Defendants.

***Tone and Language***. Defendants' defamatory statements at issue in this case are nothing like the hyperbolic language at issue in *Graham*, which was "replete with profanity, trash-talking, threats of violence, and figurative and hyperbolic language." Decision at *24. Rather, each of Defendants' statements bluntly and directly accused Plaintiff of committing at least three distinct crimes, backed by specific (albeit false) details meant to support those accusations, including the names of purported victims and graphic descriptions of Plaintiff's purported actions. *See, e.g.*, Compl. ¶ 124(a) (claiming that Cartagena "was dating and having sex with a 16 year old girl named Nikki aka Chiquita he had a full fledge relationship with her for 5 years;" ¶ 124(e) ("accusing Cartagena of sexually assaulting a woman in Wisconsin by placing his hand up her skirt"); ¶ 132(a) (stating that Cartagena "ordered a hit job against"

Hon. Jennifer L. Rochon
October 22, 2025
Page 3

ReedSmith

Dixon); ¶ 132(b) (describing the existence of a recording of a woman who Cartagena purportedly "started dating . . . when she was 16 years old and he was in his late 30s.").

***Mixed Opinion***.  To the extent that any of Defendants' statements *could* be construed as opinion (they should not be), they are plainly actionable statements of "mixed opinion" because Defendants held them out to be based on "undisclosed facts" or personal knowledge. Decision at *26-27. The Decision details how the lyrics of "Not Like Us" could be "reasonably understood to be a direct response" to Drake's own diss track or the extensive "preexisting rumors about Drake's interest in minors" to which Lamar's lyrics made reference,  and that "no reasonable listener could understand" the lyrics to mean that Lamar "has specific evidence to back up his assertions of pedophilia . . . given the overall context." *Id.* at *27-28. Defendants, by contrast, have pointed to no other public source of information for their claims. Instead, their statements clearly purport to be based on personal knowledge. *See e.g.*, Compl. ¶ 36 ("@fatjoe this rape charge was on you ***I know the story and I will go into full detail***") (emphasis added); Compl. ¶ 39 ("@fatjoe Milwaukee was scary and it was your fault ***should I go into detail???***") (emphasis added); Compl. ¶ 124(d) ("this happened in Wisconsin joe was being a thirsty n**** and ***almost got us locked up for #sexualassault***.") (emphasis added); Compl. ¶ 143(c) ("@fatjoe you ask me do I take any accountability yes I do ***for watching you mess with under age girls*** but I was minding my business.") (emphasis added); Compl. ¶ 132(b) ("It was probably like about 60 seconds long of a 15-minute conversation of another young lady who was Fat Joe's, uh, girlfriend. And he started dating her when she was 16 years old and he was in his late 30s…"); Compl. ¶ 132(c) (stating that the claims were "according to [him], one hundred percent . . . ***a hundred percent all Tyrone Blackburn***[,]" and that he would "***indemnify***" the interviewer who had asked him about those statements "100 million bajillion percent" for the same.) (emphasis added).

Finally, Defendants' present argument that their statements are "contextual, expressive, and nonactionable" as statements of opinion is belied by their own legal filings. Dixon's complaint, which Blackburn signed, states that Dixon "***personally witnessed*** Defendant engage in sexual relations with children[]." *Dixon*, ECF 3 ¶ 178 (emphasis added).  His declaration in support of the Motion to Dismiss in this case (which, as noted, the Court should disregard in ruling on the motion to dismiss), testifies under oath to the "truth underlying [his] public statements" and reaffirms that his "***public statements were truthful and based on firsthand observations***." ECF 47 ¶¶ 23-30 (emphasis added). And, most recently, the Notice itself boldly claims that the statements are "based on firsthand knowledge." Notice at 2. Defendants cannot have it both ways.

Accordingly, the Decision does not support Defendants' motion to dismiss, which the Court should deny.

We thank the Court for its attention to this matter.

 Respectfully submitted,

*/s/ Jordan W. Siev*

cc:     All counsel by ECF