

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

October 29, 2025

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re:** *Joseph Cartagena v. Terrance Dixon, et al.,*
Case No. 1:25-cv-03552 (JLR)

Dear Judge Rochon:

Defendants Tyrone Blackburn, Terrance Dixon, and T.A. Blackburn Law, PLLC respectfully submit this response to Plaintiff Joseph Cartagena's October 27, 2025, pre-motion letter requesting a discovery conference pursuant to Local Civil Rule 37.2 and Rule 2.E. of Your Honor's Individual Rules of Practice in Civil Cases. For the reasons set forth below, Defendants respectfully request that the Court deny Plaintiff's request for a pre-motion conference or any motion to compel. As detailed below, Plaintiff failed to comply with FRCP 5(b)(2)(E). If and when Plaintiff complies with FRCP 5(b)(2)(E), Defendants would happily provide answers to their discovery demands.

I. **Plaintiff Improperly Served Discovery Requests via Email Without Defendants' Written Consent**

Plaintiff's discovery demands were served exclusively by email without Defendants' express written consent as required by Federal Rule of Civil Procedure 5(b)(2)(E). This fundamental procedural defect renders the service improper, and response deadlines have not been triggered.

Defendants have not executed any written consent form authorizing the receipt of discovery requests via email. No stipulation or agreement between the parties authorizes





electronic service of discovery. No email exchange or other correspondence demonstrates Defendants' express consent to this method of service.

Plaintiff bears the burden of establishing proper service, including demonstrating that the party to be served consented in writing to electronic service. Plaintiff cannot meet this burden because no such written consent exists.

### A. FRCP 5(b)(2)(E) Requires Express Written Consent for Electronic Service

Federal Rule of Civil Procedure 5(b)(2)(E) explicitly provides that a paper may be served "by sending it by electronic means if the person consented in writing." Fed. R. Civ. P. 5(b)(2)(E) (emphasis added). The Advisory Committee Notes emphasize that "[t]he consent must be express and cannot be implied from conduct." (Advisory Committee Notes to 2001 Amendment).

The case law is clear that "service via electronic mail is only appropriate if the person to be served in that manner 'consented to it in writing.'" *Family Dollar Stores, Inc. v. United Fabrics Intern., Inc.*, 896 F. Supp. 2d 223, 228 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 5(b)(2)(E)). "Without this written consent, such attempted service shall be considered void." *Id.* (quoting *Ortiz—Moss v. N.Y. City Dep't of Transp.*, 623 F. Supp. 2d 404, 407 (S.D.N.Y. 2008)). Importantly, "[c]onsent must be express, and cannot be implied from conduct." *Id.* (quoting *Wright—Jackson v. HIP Health Plan*, No. 07 CIV. 1819, 2009 US Dist. LEXIS 31935, 2009 WL 1024244, at *7 (S.D.N.Y. Apr. 15, 2009) (quoting from Advisory Committee Notes to Fed. R. Civ. P. 5, 2001 Amendments)); *see also Masterson v. N.Y. Fusion Merchandise, LLC*, 300 F.R.D. 201, 205 (S.D.N.Y. 2014) ("service could not be effected through email without N.Y. Fusion's express written consent") (citing Fed. R. Civ. P. 5(b)(2)(E) and *Family Dollar*, 896 F. Supp. 2d at 223). There is no record of Plaintiff's counsel having expressly consented to accepting service through electronic means here. *Dash v. Seagate Tech. (US) Holdings, Inc.*, 2015 US Dist. LEXIS 91105, *40.

According to Plaintiff's per motion letter dated 10/27/2025, Plaintiff allegedly served the First Requests for Production of Documents on August 18, 2025, via email to Defendant Tyrone Blackburn's email address. Plaintiff allegedly served the First Set of Interrogatories and Requests for Admission on September 15, 2025, via email. At no time before or after these purported services did Plaintiff obtain Defendants' express written consent to receive discovery demands via






electronic means. The certificates of service attached to Plaintiff's discovery requests confirm that service was made "by electronic mail" without identifying which email the discovery was sent to, and without any reference to or documentation of written consent. As a result of Plaintiff's failure to comply with FRCP 5(b)(2)(E), Defendants were not served with discovery demands.

II.    **Defendants Are Willing to Respond Once Proper Service is Effectuated**

Defendants do not seek to evade their discovery obligations. To the contrary, Defendants are prepared to provide complete responses to Plaintiff's discovery requests once those requests are properly served in accordance with the Federal Rules of Civil Procedure. FRCP 5(b)(2) authorizes several methods of service that do not require written consent, including:

- **Personal delivery** to Defendants or their counsel (FRCP 5(b)(2)(B)).
- **Mail** via the United States Postal Service (FRCP 5(b)(2)(C)).
- **Commercial delivery service** such as FedEx or UPS (FRCP 5(b)(2)(C)).

Plaintiff may employ any of these methods to serve discovery demands properly. Alternatively, suppose Plaintiff wishes to serve discovery electronically going forward. In that case, Defendants are willing to execute a written consent agreement specifying the scope, email addresses, format, and duration of electronic service, as contemplated by the Advisory Committee Notes to FRCP 5(b)(2)(E).

Once Plaintiff correctly serves the discovery requests, Defendants will provide complete responses within the time periods prescribed by FRCP 33(b)(2) (30 days for interrogatories) and FRCP 34(b)(2)(A) (30 days for document requests), calculated from the date of proper service. Defendants are willing and eager to proceed with discovery in this case. However, they respectfully insist that Plaintiff comply with the same procedural rules that govern all litigants in federal Court.

III.    **Plaintiff's Motion Would Be Premature**

Because Plaintiff has not adequately served the discovery requests, the response deadlines under FRCP 33 and 34 have not been triggered. Accordingly, there has been no "failure" by Defendants to respond to discovery, and any motion to compel would be premature.

IV.    **Defendants Propose a Path Forward**

To avoid unnecessary motion practice and facilitate efficient discovery, Defendants respectfully propose the following:





1. **Written Consent Agreement**: The parties execute a stipulation and agreement providing for electronic service of all future discovery requests, responses, and related correspondence via email. The agreement should specify:
   - The email addresses for service on each party.
   - The format for attachments (e.g., PDF).
   - Confirmation that electronic service is complete upon transmission.
   - The scope and duration of the consent.
2. **Re-Service of Plaintiff's Discovery Requests**: Upon execution of the consent agreement, Plaintiff may either:
   - Re-serve the August 18, 2025, Requests for Production and September 15, 2025, Interrogatories and Requests for Admission via email pursuant to the consent agreement; or
   - Serve these discovery requests via United States mail.
3. **Response Deadline**: Defendants will serve complete responses to all properly served discovery requests within 30 days of proper service (or such other time as the parties may agree or the Court may order).

This proposal respects the requirements of FRCP 5(b)(2)(E) while enabling the parties to proceed efficiently with discovery going forward.

V.  **Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request for a pre-motion discovery conference. Plaintiff's discovery requests were improperly served without Defendants' written consent as required by FRCP 5(b)(2)(E). Defendants have not failed to respond to properly served discovery, and therefore, Plaintiff has no grounds for a motion to compel.

Defendants remain willing and able to provide complete discovery responses once Plaintiff effectuates proper service in compliance with the Federal Rules of Civil Procedure.

We thank the Court for its attention to this matter.

Respectfully,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ECF.


