

**Driving progress**
through partnership

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

November 12, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

      Re:    ***Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR (S.D.N.Y.)**

Dear Judge Rochon:

      Plaintiff Joseph Cartagena respectfully submits this letter, pursuant to Your Honor's Individual Rules of Practice 1(F) and October 30, 2025 Order, to request a 60-day extension of the operative discovery cutoffs. This request follows Defendants Tyrone Blackburn and Terrance Dixon's agreement to comply with Mr. Cartagena's discovery requests, which Defendants only agreed to after Mr. Cartagena filed a request for a pre-motion discovery conference. The proposed new deadlines, to which all Parties consent, are reflected in the Revised Civil Case Management Plan and Scheduling Order attached to this letter as **Exhibit A**.

      The parties agree that good cause exists for the requested extension. The Court's September 5, 2025 Civil Case Management Plan and Scheduling Order (ECF 52) sets the deadline for fact discovery as December 1, 2025, and expert discovery as January 20, 2026. Following the entry of this Order, Mr. Cartagena promptly sought comprehensive discovery from Defendants, including requests for production, interrogatories, and requests for admission ("**Requests**"). As the Court's October 30, 2025 Order noted, Defendants objected to those requests on the grounds of improper service,[1] but did not do so until after Mr. Cartagena was forced to request a pre-motion discovery conference because (1) Defendants did not raise any objections "when they received the discovery requests" and (2) "did not respond to Plaintiff's" attempts to request a meet and confer to address Defendants' "lack of response to his discovery requests." ECF 80 at 1-2.

      Although Defendants have now committed to comply with the Requests, the extensive delays result in there being good cause for an extension of the discovery schedule. To avoid further disputes, Mr. Cartagena re-served the Requests, which effectively reset Defendants' 30-day response period. Consequently, Mr. Cartagena will be severely prejudiced should the current schedule remain in place, as he will lack sufficient time to: (1) thoroughly review Defendants' document production; (2) analyze

---

[1] Though the October 30, 2025 Order largely renders this issue moot, Mr. Cartagena notes that Defendants themselves only served their discovery requests by email. Moreover, during the October 10, 2025 Pretrial Conference, Mr. Blackburn referenced his emailed requests and Mr. Cartagena's email responses and objections, stating that he "attempted to obtain" discovery from Plaintiff in this matter and "got a rejection of everything that" he requested. **Exhibit B** at 28:4-6.

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT
HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON



Hon. Jennifer L. Rochon
November 12, 2025
Page 2

Defendants' responses to the newly served Requests; (3) address any deficiencies or disputes with the Court; and (4) depose relevant witnesses with the benefit of the document production before the December 1, 2025 fact discovery deadline. Defendants should not be rewarded for their dilatory conduct. *Cf. Dash v. Seagate Tech. (US) Holdings, Inc.*, No. CV 13-6329 (LDW) (AKT), 2015 U.S. Dist. LEXIS 91105, at *40-41 (E.D.N.Y. July 14, 2015) (granting additional time for discovery after fact discovery cutoff where the plaintiff waited until 12 days before close of fact discovery to object on the basis of service and where the parties' "course of conduct" was to serve and receive discovery via email).

Accordingly, to ensure that both parties are afforded a fair opportunity to conduct discovery, we respectfully request a 60-day extension to complete discovery, as reflected in Exhibit A. This is the first such extension sought.

We thank the Court for its attention to this matter.

Respectfully submitted,


/s/ Jordan W. Siev

cc:  All counsel (via ECF)