UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,
                *Plaintiff*,

v.

TERRANCE DIXON,
TYRONE BLACKBURN, and
T.A. BLACKBURN LAW, PLLC,
                *Defendants*.

Civil Action No. 25-cv-03552

ATTORNEY AFFIDAVIT

TYRONE A. BLACKBURN, ESQ., being duly sworn, deposes and states as follows:

1. I am Tyrone A. Blackburn, Esq., counsel for Defendants. I am licensed to practice in New York and before this Court.

2. I have personal knowledge of the facts herein.

3. This affidavit supplements Defendants' Motion for Sanctions by attaching five exhibits that collectively demonstrate:

    a. Controlling legal precedent barring Plaintiff's claims;
    b. Defendants' compliance with Rule 11(c)(2)'s safe-harbor requirement;
    c. Plaintiff's affirmative refusal to withdraw or amend despite explicit notice; and
    d. Plaintiff's counsel's expertise and prior Rule 11 experience.

4. Attached as **Exhibit A** is *Sherman v. Graves*, 24 Civ. 8494 (S.D.N.Y. June 2, 2025), decided by this Court in June 2025. *Sherman* establishes that New York law recognizes an absolute privilege that bars defamation claims arising from statements made in litigation. The Court held that the privilege is broad and encompasses anything that may be relevant or pertinent, however tenuous the connection. *Sherman v. Graves*.

5. In the present case, Plaintiff's defamation claims are premised entirely on statements made by Defendant Dixon in federal litigation filings (*Dixon v. Cartagena*, No. 25-cv-5144) or communications made in anticipation of litigation.

6. Under *Sherman*, every statement at issue is absolutely privileged as a matter of law. Plaintiff cannot state a defamation claim.

7. Any attorney reviewing *Sherman*—decided months before Plaintiff's Second Amended Complaint—would be required to advise that Plaintiff's claims are foreclosed by controlling precedent.

8. Attached as **Exhibit B** is *Drake v. UMG Recordings, Inc.*, 1:25-cv-00399 (JAV) (S.D.N.Y. Oct. 9, 2025), decided by Judge Jeanette Vargas in this District in October 2025.

9. *Drake* holds that statements must be evaluated in their broader social context and that hyperbolic rhetoric and competitive language are not actionable as defamation, even when accusations are inflammatory.

10. Plaintiff's Second Amended Complaint treats Defendant Dixon's contextual statements—made in the course of serious legal disputes and entertainment industry competition—as if they were naked factual assertions made in a vacuum. This is precisely the error *Drake* prohibits. Any competent attorney reviewing *Drake* would recognize the complaint's deficiency.

11. Attached as **Exhibit C** is a comprehensive compilation of cases cited in this matter governing Rule 11 sanctions, defamation pleading requirements, and litigation privilege. These authorities—including *New York Times Co. v. Sullivan*, and other Federal Rule 11 precedent—establish that Plaintiff's claims fail on multiple independent grounds: litigation privilege, opinion protection, failure to plead actual malice with specificity, and failure to identify any specific false statement. No reasonable attorney could conclude the complaint states a tenable claim.

12. Attached as **Exhibit D** are two emails demonstrating Defendants' strict compliance with Rule 11(c)(2):
    a. August 15, 2025 email: Detailed written notice of Rule 11 violations with 21-day deadline (September 5, 2025) to withdraw or amend;
    b. August 27, 2025 email: Reminder that safe-harbor period expires September 5, 2025.

13. These emails establish that Defendants provided explicit, detailed, written notice twice, gave Plaintiff a full 21-day opportunity to cure, and complied precisely with Rule 11(c)(2) requirements. Defendants did not ambush Plaintiff with a sanctions motion.

14. Attached as **Exhibit E** is an email dated **September 5, 2025**, from Plaintiff's counsel (Ian M. Turetsky, Esq., Reed Smith LLP) in response to the safe-harbor notice. Plaintiff's counsel states:

    > *"Your August 15, 2025 letter and its enclosed proposed Memorandum of Law in Support of Rule 11 Sanctions are baseless. Accordingly, for the reasons stated in the attached opposition brief, Mr. Cartagena will not withdraw the Second Amended Complaint."*

15. Exhibit E demonstrates Plaintiff's conscious, deliberate defiance of the safe-harbor process. Plaintiff understood the notice, had a full 21-day period to respond, and affirmatively chose to refuse withdrawal or amendment. This is not an inadvertent error. Under Second Circuit

precedent, continuing to press an obviously meritless lawsuit after receiving safe-harbor notice "does tend to indicate bad faith and further supports the imposition of a [Rule 11] sanction." *O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990).

16. Attached as **Exhibit F** is the Rule 11 sanctions motion filed by Plaintiff's counsel, Joseph Tacopina, Esq., in *Kerik v. Tacopina*, 1:14-cv-02374-JGK (S.D.N.Y.).  This demonstrates that Mr. Tacopina has personal knowledge of Rule 11 standards, pleading requirements, and the distinction between well-pleaded and frivolous complaints.

17. Despite this expertise and familiarity with Rule 11 practice, Mr. Tacopina advanced and maintained the Second Amended Complaint in violation of Rule 11(b), even after receiving a detailed safe-harbor notice.  This suggests willful conduct rather than inadvertent error.  An attorney cannot claim ignorance of Rule 11 requirements after previously prosecuting a Rule 11 sanctions motion.

18. Rule 11 sanctions are warranted.  The Court should dismiss the Second Amended Complaint with prejudice and award Defendants' reasonable attorneys' fees and costs.

I swear under penalty of perjury, and to the best of my knowledge, the statements above are true.  I know that if I intentionally lie, I may be punished.

Dated: December 4, 2025
Brooklyn, New York

Respectfully submitted,

/s/ Tyrone A. Blackburn
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Telephone: (347) 342-7432
Email: tblackburn@tablackburnlaw.com