

**ReedSmith**

**Driving progress**
through partnership

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

December 1, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

*Given that Defendant has not responded to this motion, the parties are HEREBY ORDERED to appear before the Court virtually on **December 9, 2025** at **12:00 p.m.** Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 785 418 115#.*

*The Clerk of the Court is respectfully directed to terminate the motion at Dkt. 95.*

Date:    December 5, 2025
         New York, New York

SO ORDERED.

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

Re:    ***Cartagena v. Dixon et al.***, No. 25-cv-03552-JLR

Dear Judge Rochon:

Plaintiff Joseph Cartagena requests a pre-motion discovery conference, pursuant to Rule 2.E. of Your Honor's Individual Rules of Practice in Civil Cases and SDNY Local Civil Rule 37.2, due to Defendants Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn, PLLC's ("**Defendants**") continued refusal to engage in the discovery process.

This is not the first time Defendants have refused to engage with Mr. Cartagena. In October, after Defendants failed to respond to multiple written and telephonic requests to discuss discovery—including a proposed stipulated confidentiality agreement and protective order (the "**Stipulation**")—Mr. Cartagena was forced to seek this Court's intervention. *See* ECF 78. It was only after Mr. Cartagena filed that request that Defendants responded. In its October 30, 2025 order, the Court found Defendants' delays and non-responses "unacceptable," and warned that it should "not happen [again] in the future." ECF 80 at 1-2.

Unfortunately, Defendants have repeated their unacceptable conduct. Following the Court's order, the parties briefly communicated regarding the Stipulation. On October 31, 2025, Mr. Cartagena re-sent counsel for Defendants the proposed Stipulation he had first circulated on October 15, 2025. **Exhibit A** at 1-2. On November 4, 2025, counsel for Defendants sent back comments. **Exhibit B** at 3. Then, on November 5, 2025, Mr. Cartagena sent a revised draft incorporating many of Defendants' proposed changes and asked for confirmation that the revisions were acceptable. *Id.* at 2. Since then, Defendants have once again refused to respond. Mr. Cartagena sent follow-up emails on November 10, 11, and 14, and a formal letter on November 19, in a good-faith effort to finalize the Stipulation and avoid further motion practice. *Id.* at 1-2; **Exhibit C**. Defendants have ignored every single one of these communications.

Given Defendants' repeated and ongoing failure to engage in the discovery process, Mr. Cartagena respectfully requests a pre-motion discovery conference to address this pattern of non-compliance.

 Respectfully submitted,

 */s/ Jordan W. Siev*

cc:    All counsel by ECF