UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CARTAGENA,<br><br>      *Plaintiff*,<br><br>v.<br><br>TERRANCE DIXON, TYRONE BLACKBURN, AND T.A. BLACKBURN LAW, PLLC,<br><br>      *Defendants*. | Civil Action No. 1:25-cv-3552<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

    All of the parties to this action, through their undersigned counsel of record, stipulate and agree pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulated Confidentiality Agreement and Protective Order shall govern the disclosure of nonpublic, confidential, and sensitive information that they may need to disclose in connection with discovery in this action.

    IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

## DEFINITIONS GENERALLY

    1.    "Confidential Material" means all documents and testimony, and all information contained therein, and other information designated as confidential, regarding confidential or proprietary business, commercial, research, personnel, product, financial information, or any sensitive information, including, but not limited to:

        a)    previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees,

1

    royalty rates, minimum guarantee payments, sales reports, and sale margins);

  b) previously non-disclosed material relating to ownership or control of any non-public company;

  c) previously non-disclosed business plans, product-development information, or marketing plans;

  d) any information of a personal or intimate nature regarding any individual or company;

  e) any information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients;

  f) any other category of information given confidential status by this Court after the date of this Stipulated Confidentiality Agreement and Protective Order; or

  g) any other material that qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. "Designating Party" means the Party or Non-Party that designates Discovery Material as "Confidential" or "Highly Confidential Attorney's Eyes Only Material."

3. "Discovery Material" means all documents, items, tangible things, or information, whether produced or disclosed in the course of discovery in this action. This includes any material produced, filed, or served by the Parties or a Non-Party in this action. The term "document"

includes any and all material contemplated by Rule 34 of the Federal Rules of Civil Procedure and Federal Rule of Evidence 1001.

4. "Highly Confidential Attorney's Eyes Only Material" means Discovery Material that the Producing Party reasonably and in good faith believes constitutes or reveals:

  a) Trade secrets or other Confidential Information that, if disclosed without authorization, would result in competitive, commercial or financial harm to the Producing Party or its personnel, clients, or customers; and

  b) Material that the Producing Party believes in good faith would not otherwise be adequately protected under the producers set forth herein for materials designated "Confidential."

5. "Non-Party" means any individual, corporation, association, natural person, or entity that is not a Party to the Action.

6. "Party" means a plaintiff or defendant in this action, including the officers, directors, principals, and other employees or agents acting on behalf of a corporate party. "Parties" means, collectively, every Party to this Action.

7. "Privilege" means the attorney-client privilege, the work-product doctrine, the common-interest doctrine, and any other privilege, protection, or immunity against disclosure recognized by law.

8. "Producing Party" means the Party or Non-Party that produces Discovery Material in this Action.

9. "Protected Material" means Confidential Material and Highly Confidential Attorney's Eyes Only Material, collectively.

10. "Receiving Party" means the Party that receives Discovery Material from a Producing Party.

## GENERAL PROVISIONS

11. This Stipulated Confidentiality Agreement and Protective Order governs all Discovery Material produced by any Party or Non-Party in this Action.

12. The protections conferred by this Stipulated Confidentiality Agreement and Protective Order cover all Protected Material, including any information copied or extracted from Protected Material, copies, excepts, summaries, or compilation of Protected Material, and any testimony, conversations, or presentations that may reveal Protected Material.

## DESIGNATION AND DISCLOSURE OF PROTECTED MATERIAL

13. <u>Designation of Protected Material.</u>   With respect to the "Confidential" or "Highly Confidential Attorney's Eyes Only" portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential Attorney's Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. A Producing Party may designate as "Confidential" or "Highly Confidential Attorney's Eyes Only" any portion of Discovery Material that it reasonably and in good faith believes is Confidential Material or Highly Confidential Attorney's Eyes Only Material, respectively.

14. <u>General Prohibitions on Disclosure</u>. No person may disclose any information designated as "Confidential" or "Highly Confidential Attorney's Eyes Only" pursuant to this Order to anyone else except as expressly permitted by this Stipulated Confidentiality Agreement and Protective Order.

15. <u>Disclosure of Confidential Material</u>. No person subject to this Stipulated Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "Confidential" to any other person, except to:

    a) the Parties to this action, their insurers, and counsel to their insurers;

    b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed to this Stipulated Confidentiality Agreement and Protective Order as Exhibit A;

    e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed to this Stipulated Confidentiality Agreement and Protective Order as Exhibit A;

    g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed

                  to this Stipulated Confidentiality Agreement and Protective Order as Exhibit A;

       h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

       i)     the Court, including any appellate court, and its support personnel.

       j)     Any current employee of the Designating Party; and

       k)     Any mediator or other presiding officer during alternative dispute resolution proceedings for which the Patties have agreed to participate.

16.    <u>Disclosure of Highly Confidential Attorney's Eyes Only Material</u>. Notwithstanding the foregoing paragraph, no person subject to this Stipulated Protective Order, other than the Producing Party, shall disclose any Discovery Material designated as "Highly Confidential Attorney's Eyes Only" to any other person, except to:

       a)     The Parties' counsel retained in connection with this matter, including any paralegal, clerical, and other assistant employed by such counsel;

       b)     Persons whom the Highly Confidential Attorney's Eyes Only Material itself indicates were the author, creator, producer, addressee, source, or recipient of the document; and any person whose statements, communications or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face;

       c)     A witness testifying at a deposition, hearing, or trial, provided that one of the following conditions are met:

            i.     the witness is a current employee of the Designating Party or entity; or

  ii. the witness is a former employee of the Designating Party or entity and the examining Party has a good-faith basis to believe the witness has or had lawful access to the specific material to be disclosed (but only to the extent the document was created during the time of such former employee's employment by the Designating Party and if the Designating Party has a reasonable basis to believe that the former employee knew or had access to the information in the document during the term of his employment with the Designating Party).

d) Absent either of these circumstances or order of the Court, the Party wising to use Highly Confidential Attorney's Eyes Only Material in an examination of a witness must obtain prior consent from the Producing Party.

e) stenographic reporters, videographers and their respective staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed to this Stipulated Confidentiality Agreement and Protective Order as Exhibit A;

f) any other person whom the Producing Party agrees in writing may have access to such Discovery Material;

g) the Court and its support personnel; and

h) any mediator or other presiding officer during alternative dispute resolution proceedings for which the Patties have agreed to participate.

17. <u>Coordinated Proceeding</u>. Protected Material may be disclosed and used in the coordinated proceeding, *Dixon v. Cartagena, et al.*, No. 25-cv-03552 (S.D.N.Y.), provided that the Protected Material will be subject to a protective order in that proceeding that affords protection at least as stringent as this Protective Order.

18. <u>Legal Compulsion</u>. Nothing in this Protective Order will prevent any person subject to it from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process issued by a court or government agency, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the Producing Party before disclosure and as soon as reasonably possible.

## CHALLENGES TO DESIGNATIONS

19. Any Receiving Party may challenge a designation of confidentiality at any time. The challenging party shall notify the Designating Party in writing, identifying the specific materials at issue and the basis for the challenge. The Designating Party shall have twenty (20) days from receipt of such notice to either: (a) withdraw the confidentiality designation; (b) agree to a less restrictive designation; or (c) file a motion with this Court seeking to maintain the designation, which motion must demonstrate with specificity why the material qualifies for protection under this Order. If the Designating Party fails to file such a motion within twenty (20) days, the confidentiality designation shall be automatically removed. Until the dispute is resolved, the material shall continue to be treated as confidential.

## USE OF PROTECTED MATERIAL BY A PARTY IN THIS ACTION

20. <u>Depositions</u>. From the date of a deposition until thirty (30) days after receipt of a final transcript for that deposition, such transcript shall be deemed Highly Confidential - Attorney's Eyes Only unless the Parties otherwise agree. A Producing Party or its counsel may

8

designate deposition exhibits or portions of deposition transcripts as Confidential Material or Highly Confidential Attorney's Eyes Only Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of a final deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential Attorney's Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.

21. <u>Filings</u>. All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed in accordance with the procedures described by Rule 4(B) of the Court's Individual Rules of Practice in Civil Cases:

    a)    *Meet and Confer*. The filing Party shall meet and confer with any opposing Party or Non-Party seeking confidential treatment of the information to narrow the scope of the request. When a Party seeks leave to file a document under seal or in redacted form on the ground that an opposing Party or Non-Party has requested it, the filing Party must notify the opposing Party or Non-Party that it must file, within three days, a letter explaining the need to seal or redact the document.

    b)    *Redacted Copy*. In filing Protected Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such

        Protected Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.

c)    *Filing Under Seal.*    The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

d)    *Motion.*    Any Party that seeks to file a document in redacted form or under seal must file a motion stating the particular reasons for seeking to file that information with redactions or under seal and should not include the Protected Material sought to be filed under seal. Supporting papers must be separately filed on the Electronic Case Filing System and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

## REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES

22.    Each person who has access to appropriately designated Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23.    Any Party or Non-Party (or counsel to any Party or Non-Party) that becomes aware of any unauthorized disclosure of Protected Material or any breach of this Stipulated Protective Order shall promptly give notice to the Party or Non-Party that produced or supplied the Protected Material of such circumstances, including a reasonable description of the circumstances that led to the unauthorized disclosure. Upon receipt of such notice, the Party or Non-Party that produced or supplied the Protected Material may seek such other relief as is appropriate. In any event, the

Party or Non-Party that made the unauthorized disclosure shall immediately use its best efforts to retrieve such information and to prevent further disclosure.

## PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION

24. The production of Protected Material without a designation as Confidential or Highly Confidential Attorney's Eyes Only shall not be deemed a waiver or impairment of any subsequent claim of protection of the confidential nature of any such material.

25. Upon a Party or Non-Party's discovery that its information was not correctly designated, that Party or Non-Party shall provide notice to the other Parties that the information was inappropriately designated.

26. The Producing Party or Non-Party shall then have twenty (20) business days in which to re-designate the information and produce a replacement copy of the re-designated document with appropriate confidentiality mark. The document shall be produced with an overlay load file referencing the original Bates number and including a metadata field indicating the confidential status of the document. If the reproduced document is stamped with a new Bates number, the load file shall include a cross-reference field to the original Bates number.

27. If an inadvertently-omitted Confidential or Highly Confidential Attorney's Eyes Only designation is first claimed by the Producing Party during the course of a deposition, hearing or proceeding in which such Protected Material is disclosed as though no designation had been made, it must be treated immediately going forward as though that Confidential or Highly Confidential Attorney's Eyes Only designation had been previously made. The Producing Party or Non-Party of such Protected Material shall then have twenty (20) business days in which to re-designate the information and produce a replacement copy of the re-designated document with appropriate confidentiality mark.

28. Additionally, upon notice that any Protected Material has not been appropriately designated and upon receipt of the re-produced document with the appropriate confidentiality stamp, the Party receiving such notice shall return or destroy all incorrectly marked Protected Materials. Upon notice, the Receiving Party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such re-designation. The Receiving Party shall thereafter treat the documents consistent with the designated level of confidentiality.

29. No Party is deemed to violate this Stipulated Protective Order if, prior to notification of any designation, Protected Material has been disclosed or used in a manner inconsistent with the later designation.

30. If such Protected Material became a part of the public record prior to notice of a request to change its designation, it is the responsibility of the Party or Non-Party who changed the designation to move the Court for appropriate relief.

## PRODUCTION OF PRIVILEGED OR OTHER MATERIAL IMMUNE FROM DISCOVERY

31. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

32. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

33. If the Producing Party becomes aware that it has produced privileged or work-product protected documents, ESI or information, the Producing Party will promptly notify the

Receiving Party in writing of the production and the basis of the privilege being asserted. The obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

34. The Producing Party retains the burden of establishing the privileged or protected nature of any information.

## **CONCLUSION OF LITIGATION**

35. Within 60 days of the final disposition of this action—including all appeals—all recipients of Protected Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof; provided, however, that this requirement does not apply to Protected Material that is subject to a lawful court order, subpoena, or other legal process requiring its retention, or that must be retained pursuant to legal or regulatory obligations. Any party retaining Protected Material pursuant to this exception must provide written notice to the Producing Party, including a copy of the order, subpoena, or legal process requiring retention or citation to the legal or regulatory obligation pursuant to which the Protected Material is being withheld, within 60 days of the final disposition of this action and must continue to maintain such materials in accordance with the confidentiality provisions of this Order. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected unless otherwise permitted herein.

36. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials

13

contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Confidentiality Agreement and Protective Order.

37. This Stipulated Confidentiality Agreement and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Stipulated Confidentiality Agreement and Protective Order to whom Protected Material is produced or disclosed.

38. This Court will retain jurisdiction over all persons subject to this Stipulated Confidentiality Agreement and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: December 5, 2025

/s/ *Joseph* [signature]
Joseph Tacopina
Chad Seigel
Matthew DeOreo
**Tacopina Seigel & DeOreo**
275 Madison Avenue, 35th Floor
New York, New York 10016
212-227-8877
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
mdeoreo@tacopinalaw.com

/s/ *Tyrone A. Blackburn, Esq.* [signature]
Tyrone Anthony Blackburn
**T.A Blackburn Law, PLLC**
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
347-342-7432
tblackburn@tablackburnlaw.com

*Counsel for Terrance Dixon, Tyrone Blackburn, T.A. Blackburn Law PLLC*

/s/ *Ian M. Turetsky* [signature]
Jordan W. Siev
Ian M. Turetsky
**Reed Smith LLP**
599 Lexington Avenue, 22nd Floor
New York, New York 10022
212-205-6087
jsiev@reedsmith.com
ituretsky@reedsmith.com

*Counsel for Joseph Cartagena*

SO ORDERED

Dated: December 8, 2025
New York, New York

_____
JENNIFER L. ROCHON
United States District Judge

15

<u>Exhibit A</u><br>
to Stipulated Confidentiality<br>
Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CARTAGENA,<br><br>*Plaintiff*,<br><br>v.<br><br>TERRANCE DIXON, TYRONE BLACKBURN, AND T.A. BLACKBURN LAW, PLLC,<br><br>*Defendants*. | Civil Action No. 1:25-cv-3552<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential Attorney's Eyes Only Material. I agree that I will not disclose such Protected Material to anyone other than for purposes of this litigation and as expressly permitted by the Protective Order in this action and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Name:
Date: