Exhibit E

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023. All rights reserved.

Retail

U.S. POSTAGE PAID
PME
BROOKLYN, NY 11201
DEC 10, 2025

**$33.40**

S232 4D502121-22

10022

RDC 07

EI 592 784 583 US

## PRIORITY MAIL EXPRESS®

### UNITED STATES POSTAL SERVICE®

PRESS FIRMLY TO SEAL

how2recycle.info

PAPER POUCH

FSC MIX FSC C116816

**PAYMENT BY ACCOUNT (if applicable)**

USPS® Corporate Acct. No.     Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | ☑ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
| --- | --- | --- | --- | --- |
| 11201 | Scheduled Delivery Date (MM/DD/YY) 12/10/25 | Postage $33.40 | | |
| Date Accepted (MM/DD/YY) 12/10/25 | Scheduled Delivery Time ☐ 10:30 AM ☐ 12 PM ☐ 3 PM | Insurance Fee $ | COD Fee $ | |
| Time Accepted ☐ AM ☐ PM | 10:30 AM/PM Delivery | Return Receipt Fee $ | Live Animal Transportation Fee $ | |
| Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ | Total Postage & Fees $ 33.40 | | |
| Weight 3 lb 88 oz | Acceptance Employee Initials | | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
| --- | --- | --- |
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |

LABEL 11-B, MAY 2021        PSN 7690-02-000-9996

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( 347 ) 342-7432

Tyrone A. Blackburn
1242 E 80th Street, 3rd Fl
Brooklyn, N.Y. 11236

**DELIVERY OPTIONS (Customer Use Only)**

☑ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( 212 ) 521-5700

Ian Turetsky
Smith
599 Lexington Ave
New York, N.Y.
10022

☐ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
☐ $100.00 insurance included.

how2recycle



PEEL FROM THIS CORNER

## PRIORITY MAIL EXPRESS®

PRESS FIRMLY TO SEAL

RATE ENVELOPE

ANY WEIGHT



EP13F October 2023




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,
                            *Plaintiff*,
v.
TERRANCE DIXON,
TYRONE BLACKBURN, and
T.A. BLACKBURN LAW, PLLC,
                            *Defendants*.

Civil Action No. 25-cv-03552

**INTERROGATORY RESPONSES**

GENERAL OBJECTIONS (Apply to ALL Interrogatories)

Defendant Terrance Dixon objects to each and every interrogatory on the following grounds, which are incorporated into and made a part of the response to each specific interrogatory:

1. Overbroad Time Period - January 1, 2005 to present (20 years) is not proportional under Fed. R. Civ. P. 26(b)(1).

2. Vague Definitions - "Statutory Rape Claim," "Sexual Assault Claim," "Hit Job Claim," "Royalties Claim," "Corroboration Claim" are compound and conflate distinct concepts.

3. Definition of "You" - Including "agents, attorneys, employees, representatives" is overly broad.

4. Attorney-Client Privilege - Protects confidential communications with counsel.

5. Work Product Doctrine - Protects materials prepared in anticipation of litigation (Fed. R. Civ. P. 26(b)(3)).

6. Settlement Privilege - Fed. R. Evid. 408 protects compromise communications.

7. Unduly Burdensome - Requests seek information available through less burdensome means.

8. Relevance - Some requests not relevant to claims or defenses.

9. Privacy/Third-Party Rights - Protects identities and communications of third parties.

10. Improper Assumptions - Assumes Defendant "alleges" claims when third parties made reports.

11. Confidential Information - Requires protective orders.

12. Law Enforcement Privilege - Ongoing investigations protected.

13. Fifth Amendment - Criminal proceedings implicate self-incrimination rights.

14. Proportionality - Fed. R. Civ. P. 26(b)(1) balancing test.

15. Supplementation Reserved - Fed. R. Civ. P. 26(e)(1).

INTERROGATORY 1: "Identify each and every person, including but not limited to their full name, address, telephone number, email address, and last known location, who has any knowledge regarding the Statutory Rape Claim, including but not limited to: (a) individuals who reported allegations to you; (b) individuals with knowledge of Plaintiff's interactions with minors; (c) alleged victims; (d) individuals with knowledge of grooming, sex trafficking, or forced labor; (e) individuals who witnessed incidents; (f) individuals you consulted with regarding these allegations; and (g) any other person with knowledge of this matter."

ANSWER: "Statutory Rape Claim" is vague, ambiguous, compound—conflates rape, statutory rape, sex trafficking, forced labor, pedophilia, grooming (legally distinct concepts); Seeks attorney-client privileged communications with witnesses contacted at counsel's direction; Seeks attorney work product—witness selection, interview notes, trial strategy; Unduly burdensome— seeks information not in Defendant's exclusive control; Violates third-party privacy/safety (especially alleged minors); Incorrect assumption—Defendant reported third-party allegations, didn't personally "allege"; Improperly seeks trial strategy and witness identities (core work product); Not proportional—witnesses can be deposed; interrogatory disclosure premature; May interfere with ongoing law enforcement/child protection investigations; Expert/fact witness designation more appropriate under Fed. R. Civ. P. 26(a)(2)-(3).  Subject to all objections: Defendant Terrance Dixon has personal knowledge of matters alleged in pleadings. Defendant consulted counsel regarding allegations in anticipation of litigation. Communications with witnesses were at counsel's direction and are privileged. Defendant will make willing witnesses available for deposition upon: appropriate protective orders, witness consent, and resolution of law enforcement concerns.  Defendant reserves right to designate fact and expert witnesses per Fed. R. Civ. P. 26(a)(1)-(3) and scheduling orders.

INTERROGATORY 2: "Identify each and every person, including but not limited to their full name, address, telephone number, email address, and last known location, who has any knowledge regarding the Royalties Claim, including but not limited to: (a) individuals with knowledge of your creative contributions to any musical compositions or recordings; (b) individuals with knowledge of compensation owed to you; (c) individuals with knowledge of royalty calculations or payments; (d) individuals with knowledge of financial arrangements between you and Plaintiff; (e) individuals you consulted regarding royalty or compensation claims; (f) accountants, managers, or

business associates; and (g) any other person with knowledge of this matter from January 1, 2005 to present."

ANSWER: "Royalties Claim" is vague, compound—conflates exploitation, coercion, forced labor, concealment, diversion, withholding (distinct legal concepts); 20-year time period (2005-present) overly broad, unduly burdensome, not proportional; Seeks attorney-client privileged communications with former managers/witnesses; Seeks work product—trial strategy, witness selection, legal theories; Unduly burdensome—seeks "all persons" with knowledge over 20-year music industry relationship; Information primarily in Plaintiff's control (his accountants, managers, business records); Not proportional—depositions more efficient than interrogatory disclosure; Expert designation (royalty calculations, damages) governed by Fed. R. Civ. P. 26(a)(2); Overly broad temporal scope—2005 predates significant collaboration period; Seeks information available through Plaintiff's own business records/accountants. Subject to all objections: Defendant Dixon has personal knowledge of musical collaboration with Plaintiff (approximately 2006-2019), including: creative contributions, compensation received, and compensation believed owed based on industry standards. Communications with Plaintiff's former business associates conducted at counsel's direction are privileged—attorney-client and work product. Will not disclose witness identities or interview substance (core work product). Identifies the following individuals with personal knowledge (non-privileged basis): Plaintiff himself - Regarding creative contributions, compensation discussions, royalty arrangements; Plaintiff's record label representatives - Regarding payments, royalty calculations (Plaintiff may identify through his business records); Music industry professionals - With general knowledge of standard royalty practices (expert designation appropriate). Reserves right to designate fact/expert witnesses per Fed. R. Civ. P. 26(a)(1)-(3) and scheduling orders. Plaintiff has superior access to accountants, managers, contracts, royalty statements, financial records maintained by his business entities.

INTERROGATORY 3: "Identify each and every person, including but not limited to their full name, address, telephone number, email address, and last known location, who has any knowledge regarding any Sexual Assault Claim, including but not limited to: (a) individuals who reported allegations to you; (b) alleged victims; (c) witnesses to alleged incidents; (d) individuals with

3

knowledge of Plaintiff's sexual conduct; (e) individuals you consulted regarding these allegations; and (f) any other person with knowledge of this matter."

ANSWER: "Sexual Assault Claim" vague, ambiguous, compound; Incorrect assumption—Defendant reported third-party allegations, didn't personally "allege" sexual assault; Seeks attorney-client privileged communications (individuals reported to counsel); Seeks work product—counsel's investigation, evaluation, assessment; Violates privacy rights of individuals who reported sensitive experiences in confidence; May interfere with ongoing law enforcement/child protection investigations; Unduly burdensome—depositions more efficient; Seeks information not in Defendant's exclusive possession (third parties' personal knowledge); Privacy/safety concerns regarding alleged victims; Not proportional—burden substantially exceeds likely benefit.  Subject to all objections: Defendant received communications from individuals who reported allegations of sexual misconduct. Communications made to counsel in context of legal representation are attorney-client privileged. Identities protected by: privacy rights, work product, ongoing investigations.  Defendant reserves right to designate witnesses per applicable rules/scheduling orders.

INTERROGATORY 4: "Identify each and every person, including but not limited to their full name, address, telephone number, email address, and last known location, who has any knowledge regarding threats, violence, harm, a 'hit job,' contract murder, assassination, kidnapping, or any threat against you, including but not limited to: (a) individuals who reported threats to you; (b) individuals with knowledge of threats; (c) law enforcement officers; (d) individuals who made threats; (e) individuals you consulted regarding these threats; and (f) any other person with knowledge of this matter."

ANSWER: "Hit Job Claim" vague, overly broad, compound—conflates multiple distinct statements, threats, communications; Incorrect assumption—Defendant reported threats FROM individuals associated with Plaintiff, didn't allege Plaintiff personally made each statement; Seeks attorney-client privilege (Dixon reported threats to counsel); Seeks work product (counsel's investigation, legal analysis); Outside Defendant's exclusive knowledge (third parties made statements to Dixon); Violates privacy/safety of individuals who reported threats (retaliation risk); Subject to ongoing law enforcement investigations (Homeland Security, local police); Unduly burdensome—depositions more efficient; Not proportional—law enforcement already

4

investigating; May interfere with criminal investigations. Subject to all objections: Defendant Dixon received communications from community members warning of alleged threats by individuals associated with/acting on behalf of Plaintiff. Dixon reported to counsel and law enforcement (including Homeland Security). Communications with counsel regarding threats are attorney-client privileged. Witness identities protected by privacy/safety concerns and ongoing investigations.

INTERROGATORY 5: "Identify each and every person who has knowledge of documents, evidence, or other materials that Defendant uses or relies upon to corroborate, support, or substantiate any allegation regarding the Statutory Rape Claim, Sexual Assault Claim, Hit Job Claim, or Royalties Claim, including the full name, address, telephone number, email address, and last known location of each such person."

ANSWER: "Corroboration Claim" vague, compound, conclusory—artificial construct by Plaintiff, doesn't correspond to distinct legal claim; Duplicative of Interrogatories 1-4 (seeks same witnesses/information); Seeks attorney-client privilege, work product; Violates third-party privacy rights; Unduly burdensome, not proportional; Improper legal conclusion ("corroborate, support, substantiate"); Seeks information available through other discovery; Not in Defendant's exclusive knowledge; Assumes facts not in evidence; Overly broad temporal scope. Subject to all objections: Incorporates by reference responses to Interrogatories 1-4. Defendant consulted with individuals regarding knowledge of Plaintiff's conduct/business practices. Consultations at counsel's direction are privileged. Will designate appropriate witnesses per applicable rules/scheduling orders.

INTERROGATORY 6: "Identify all insurance carriers, insurers, or insurance providers maintaining policies that may provide coverage for any claims, demands, or proceedings related to this action, including the name of the insurance company, policy number, coverage limits, and contact information for the insurance carrier or claims representative."

ANSWER: Seeks to facilitate extrajudicial settlement pressure on insurers; Document requests more appropriate than interrogatory for insurance info; Seeks confidential business information beyond basic Fed. R. Civ. P. 26(a)(1)(A)(iv) requirement. Subject to all objections: Defendant maintains professional liability insurance.

CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing responses and objections are true, correct, and complete to the best of my knowledge, information, and belief after reasonable inquiry.

Dated: November 17, 2025
Brooklyn, New York

Regards,

/s/ *Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432
tblackburn@tablackburnlaw.com
Attorneys for Defendants

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,
                    *Plaintiff,*
v.
TERRANCE DIXON,
TYRONE BLACKBURN, and
T.A. BLACKBURN LAW, PLLC,
                    *Defendants.*

Civil Action No. 25-cv-03552

**DOCUMENT PRODUCTION RESPONSES**

GENERAL OBJECTIONS (Apply to ALL Requests)

Defendant Terrance Dixon objects to each and every Request for Production of Documents on the following grounds, which are incorporated into and made a part of the response to each specific request:

1. Overbroad Time Period- Requests spanning January 1, 2005, to present (20 years) are not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

2. Vague and Ambiguous Definitions- Terms such as "Statutory Rape Claim," "Sexual Assault Claim," "Hit Job Claim," "Royalties Claim," and "Corroboration Claim" are vague, ambiguous, compound, and conflate distinct legal concepts.

3. Unduly Burdensome- Requests seek production of thousands of documents over decades without proportionality balancing or limitations on scope, time, persons, or subject matter.

4. Not Reasonably Calculated to Lead to Admissible Evidence- Many requests seek information not relevant to defamation, intentional infliction of emotional distress, or extortion claims.

5. Attorney-Client Privilege- Communications between Defendant and counsel are protected by attorney-client privilege; communications with witnesses at counsel's direction are privileged.

6. Attorney Work Product Doctrine- Materials prepared in anticipation of litigation, including investigative files, interview notes, legal memos, trial strategy, witness assessments, and litigation analysis, are protected by Fed. R. Civ. P. 26(b)(3).

7. Settlement Negotiation Privilege - Federal Rule of Evidence 408 protects settlement communications, compromise offers, and demand letters marked as such.

8. Third-Party Privacy Rights- Requests seek identification of alleged victims (including minors), witnesses, and third parties; privacy rights and safety concerns prevent disclosure.

9.  Law Enforcement Investigative Privilege- Documents relate to ongoing investigations by Homeland Security, local police, and child protection agencies; investigative privilege protects law enforcement files.

10. Not in Defendant's Possession, Custody, or Control- Many documents are maintained by third parties (law enforcement, social media platforms, former business associates, other parties).

11. Confidential Business Information: Royalty records, financial statements, contract terms, and business communications contain proprietary and confidential information that require protective orders.

12. Fifth Amendment Right Against Self-Incrimination- Requests relating to pending criminal proceedings (assault charges from May 12, 2025, process server incident) implicate self-incrimination rights.

13. Duplicative Requests- Multiple requests seek substantially identical documents or information.

14. Improper Assumptions- Requests assume facts not in evidence, mischaracterize Defendant's conduct, or seek documents as support for Plaintiff's allegations rather than discovering facts.

15. Proportionality Under Fed. R. Civ. P. 26(b)(1)- Burden and expense of compliance substantially outweigh likely benefit; less burdensome alternatives available (depositions, interrogatories, third-party subpoenas).

16. ESI Format and Responsiveness - Documents will be produced in the form ordinarily maintained or in a reasonably usable form per Fed. R. Civ. P. 34(b).

17. Protective Orders Required- Confidential and sensitive documents require a protective order designation; production conditioned on confidentiality protections.

18. Supplementation Reserved- Defendant reserves right to supplement responses per Fed. R. Civ. P. 26(e)(1) as additional responsive documents are located or produced.

19. Production Not Waiver- Production of documents does not constitute waiver of objections, privileges, or admission of relevance or admissibility.

20. Requests for Documents Outside Litigation Scope- Some requests appear designed to obtain documents for purposes outside legitimate litigation discovery.

REQUEST 1:"Produce all documents, writings, electronic communications, videos, recordings, photographs, and other materials about, referencing, supporting, contradicting, or related to any allegation, claim, threat, warning, report, or investigation regarding statutory rape, sexual assault, child sexual abuse, sex trafficking, forced labor, grooming, pedophilia, or any sexual misconduct allegations against Plaintiff."

ANSWER: Overly broad—seeks "all documents" spanning decades without temporal, geographic, or subject matter limitations; Vague and ambiguous—"Sexual Misconduct Claim" undefined; conflates statutory rape, sexual assault, trafficking, grooming (legally distinct concepts); "About, referencing, supporting, contradicting, or related to" is boundless—captures tangentially related materials; Seeks attorney-client privilege (communications with victims, witnesses, investigators at counsel's direction); Seeks attorney work product (investigation files, interview notes, legal memos, witness assessments); Seeks to identify alleged victims (privacy violation; especially if minors; law enforcement privilege); Subject to ongoing law enforcement investigations (Homeland Security, local police); Not proportional—Plaintiff has superior access to own alleged conduct/relationships; Assumes facts not in evidence (that Defendant "alleges" misconduct; Defendant reported third-party allegations); Unduly burdensome—requires review of personal files, communications spanning decades. In light of these objections, Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

REQUEST 2:"Produce all documents, writings, electronic communications, videos, recordings, photographs, and other materials about, referencing, supporting, contradicting, or related to any allegation, claim, threat, warning, report, or investigation regarding threats, violence, harm, a 'hit job,' contract murder, assassination, kidnapping, or any threat against Defendant."

ANSWER: Overly broad and vague—"Hit Job Claim" undefined, compound (conflates threats, violence, murder, kidnapping); Seeks materials protected by attorney-client privilege (communications with Defendant regarding threats received); Seeks attorney work product (investigation into threats, legal analysis); Subject to ongoing law enforcement investigations (Homeland Security, local police); Violates privacy/safety of third parties who reported threats (retaliation risk);Assumes facts not in evidence—Defendant reported threats FROM others, didn't "allege" Defendant made threats; Unduly burdensome—extensive law enforcement files; Not in

3

Defendant's possession (law enforcement maintains investigation files); Not proportional—depositions more efficient for establishing what threats Defendant received; Improper assumption that Defendant engaged in threatening conduct (Defendant the victim of threats). Subject to and without waiving the foregoing objections, Defendant will produce the following: Audio recording(19-minute call) referenced in Defendant's public statements, produced as follows: Produced Subject To: Authentication reserved (not admission of accuracy), Relevance objections reserved, Admissibility objections reserved, Production strictly for litigation purposes only, Third-party voice identifications redacted (privacy, ongoing investigations). Defendant will withhold: Attorney-client communications regarding threats, Attorney work product, Documents maintained exclusively by law enforcement.

REQUEST 3:"Produce all documents, writings, electronic communications, videos, recordings, photographs, and other materials about, referencing, supporting, contradicting, or related to any allegation, claim, or issue regarding royalties, payments, compensation, money, financial arrangements, or any financial claim against Plaintiff."

ANSWER: Overly broad time period—20 years (2005-present) of financial records not proportional; Vague—"Royalties Claim" undefined; conflates royalties, payments, compensation, financial arrangements; Seeks confidential business/financial information (trade secrets, proprietary data); Seeks attorney-client privilege (legal advice regarding compensation, royalty calculations); Seeks attorney work product (damage calculations, financial analysis, legal strategy); Not in Defendant's possession—Plaintiff's entities (record labels, management, accountants) maintain primary financial records; Unduly burdensome—20 years of financial communications; Not proportional—Plaintiff has superior access to own financial records, accountants, business entities; Seeks information available through less burdensome means (Plaintiff's own business records, accountant deposition); Requires protective order for confidential financial information. Subject to these objections, Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

REQUEST 4:"Produce all documents, writings, electronic communications, videos, recordings, photographs, and other materials about, referencing, supporting, contradicting, or related to any

document, claim, allegation, or issue that Defendant uses or relies upon to corroborate, support, or substantiate any allegation regarding the Statutory Rape Claim, Sexual Assault Claim, Hit Job Claim, or Royalties Claim."

ANSWER: Overly broad and unduly burdensome—"catch-all" request capturing all potentially supporting materials without limitation; Vague—"Corroboration Claim" is artificial construct by Plaintiff, not distinct legal claim; Seeks attorney work product—counsel's assessment of evidence, legal analysis, trial strategy; Duplicative—substantially similar materials sought in Requests 1-3; Compound and compound assumptions—"corroborate, support, or substantiate" any allegations; Seeks attorney-client privilege; Not proportional—unlimited scope, likely thousands of documents; Improper burden-shifting—seeks all evidence supporting Defendant's positions. Subject to and without waiving the foregoing objections, Defendant states: Incorporates by reference responses to Requests No. 1-3. Responsive materials are identified in those responses. Additional documents will be produced through: Interrogatory responses, Deposition testimony, Fed. R. Civ. P. 26(a) expert disclosures, Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Defendant will withhold: Attorney work product, Attorney-client communications, Attorney's strategic assessment of evidence.

REQUEST 5:"Produce all audio recordings, video recordings, telephone recordings, voice messages, voicemails, podcasts, audio files, video files, and all other audio and video materials in your possession, custody, or control, whether in original or copy form, created, sent, received, or maintained from January 1, 2023 to present."

ANSWER: Overly broad—"all audio and video materials" without subject matter limitation, likely thousands of recordings; Vague

—no distinction between personal recordings, business recordings, public content; Not proportional—burden of locating and compiling all audio/video files substantially exceeds likely benefit; Seeks materials not relevant to defamation claims (personal voicemails, conversations, family videos); Seeks materials protected by attorney-client privilege (confidential discussions with counsel); Seeks materials protected by work product doctrine; Seeks materials protected by privacy rights (personal communications, family matters); Seeks materials outside Defendant's control (voicemails left by others, podcasts hosted by third parties); Assumes facts—seeks "recordings" without establishing that responsive recordings exist; Seeks authentication-

problematic materials (deep fakes, manipulated audio possible). Subject to and without waiving the foregoing objections, Defendant will produce the following: 19-minute audio recording referenced in Defendant's public statements (regarding threats) - produced as follows: Podcast episodes featuring Defendant speaking about matters related to litigation (in original format or URL references). Plaintiff is in possession of the URLs. Public Instagram/social media videos posted by Defendant (2023-present) referencing Plaintiff or litigation. Plaintiff is in possession of the posts. Produced Subject To: Authentication reserved, Relevance/admissibility objections reserved, Production strictly for litigation purposes, Third-party voice identifications redacted (privacy, investigations). Defendant reserves the right to supplement as responsive materials are identified.

REQUEST 6:"Produce all documents, writings, and electronic communications referencing, discussing, analyzing, or related to any draft complaint, draft pleading, draft motion, proposed legal theories, legal analysis, or settlement discussions with Plaintiff, Plaintiff's counsel, or any third party."

ANSWER: Seeks attorney work product—draft pleadings, legal analysis, litigation strategy (Fed. R. Civ. P. 26(b)(3)); Seeks attorney-client privilege—confidential communications with counsel; Seeks settlement communication privilege (Fed. R. Evid. 408)—settlement discussions protected; Overly broad—"any" draft or legal discussion spanning entire litigation; Not proportional—work product doctrine specifically protects drafts and litigation strategy; Unduly burdensome—requires production of all attorney work product; Compound request—conflates distinct categories (drafts, analysis, correspondence); Improper purpose—seeking to obtain attorney strategy and mental impressions. Subject to and without waiving the foregoing objections, Plaintiff is in possession of the requested documents. Defendant reserves the right to produce demand letters under Rule 408 protection but will not waive privilege as to the substance of settlement negotiations.

REQUEST 7:"Produce all posts, stories, comments, likes, shares, reposts, messages, communications, photographs, videos, and all other content from any social media platform including but not limited to Instagram, Facebook, Twitter/X, TikTok, YouTube, Threads, Snapchat,

BeReal, Telegram, WhatsApp, or any other social media or messaging platform, created, sent, received, or maintained by you from January 1, 2023 to present."

ANSWER: Overly broad—seeks "all" social media content across all platforms for 3-year period; Includes private messages and communications not relevant to claims; Vague—"likes," "shares," "reposts" of third-party content not in Defendant's control; Seeks materials not reasonably calculated to lead to admissible evidence (personal posts unrelated to litigation); Seeks private communications with counsel (attorney-client privilege); Seeks materials protected by privacy rights; Unduly burdensome—millions of potential social media interactions; Not in Defendant's exclusive control (platforms maintain records; Defendant can access but not exclusively control); Not proportional—social media content already discoverable through platform subpoenas; Seeks materials outside Defendant's possession (reposts, likes, comments by others). Subject to and without waiving the foregoing objections, Plaintiff is in possession of the requested documents.

REQUEST 8: "Produce all WhatsApp messages, text messages, SMS communications, Signal messages, Telegram messages, or any other encrypted or private messaging communications between you and any other person referencing, discussing, or related to Plaintiff, the allegations, any of the claims in this case, or any defense to the claims."

ANSWER: Seeks private communications not relevant to claims (personal texts); Seeks attorney-client privileged communications (confidential discussions with counsel); Seeks communications protected by settlement negotiation privilege; Vague—"referencing, discussing, or related to" captures tangentially related messages; Unduly burdensome—seeks all personal text communications for undefined period; Privacy violation—seeks intimate/personal communications beyond litigation scope; Authentication problems—text messages easily fabricated or altered; Not proportional—depositions more efficient for obtaining relevant communications; Assumes facts—assumes responsive messages exist; Seeks materials outside Defendant's control where recipient is third party. Subject to and without waiving the foregoing objections, Plaintiff is in possession of the requested documents. Defendant reserves the right to: Authenticate messages through deposition testimony rather than production of screenshots (which can be fabricated). Requests Plaintiff authenticate through parties' own cell phone records or carrier subpoenas.

REQUEST 9:"Produce all documents, written communications, reports, correspondence, notes, recordings, or other materials exchanged between you and any law enforcement agency, police department, FBI, Homeland Security, child protective services, or any other government agency from January 1, 2023 to present."

ANSWER: Subject to law enforcement investigative privilege—ongoing investigations by Homeland Security, local police; Not in Defendant's possession—law enforcement maintains primary files and records; Seeks materials subject to confidentiality under state and federal law; Seeks materials related to ongoing criminal proceedings (Fifth Amendment concerns); Seeks materials maintained by third parties (agencies, not Defendant); Vague—"all documents" spanning all agencies and communications; Not proportional—law enforcement files available through subpoenas to agencies; Seeks materials that may reveal investigative techniques, informants, ongoing investigations. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

REQUEST 10:"Produce all financial records, bank statements, royalty statements, payment records, invoices, receipts, contracts, agreements, or any other financial or business documents regarding money received or paid in connection with musical performances, recordings, songwriting, production, or any other music industry work from January 1, 2005 to present."

ANSWER: 20-year time period overly broad, unduly burdensome, not proportional; Seeks confidential financial/business information requiring protective order; Seeks materials not in Defendant's possession (record labels, distributors, publishers maintain primary records); Not proportional—Plaintiff has superior access to own financial records through business entities; Seeks information available through less burdensome means (Plaintiff's accountants, business managers, record label disclosures); Seeks attorney-client privilege (communications with accountants, counsel regarding financial analysis); Seeks attorney work product (financial analysis for damages); Vague—"any other music industry work" undefined; Not relevant to defamation claims (financial arrangements are separate from alleged statements); Unduly burdensome—20 years of financial records from multiple sources. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

<u>REQUEST 11</u>:"Produce all documents, registrations, certificates, or records regarding copyright ownership, authorship, songwriting credits, producer credits, or ownership interests in any musical compositions, recordings, or works in which you have or claim to have any interest."

    <u>ANSWER</u>: Seeks documents not in Defendant's possession (U.S. Copyright Office maintains official records); Assumes facts "claim to have" is improper burden-shifting; Vague—"any interest" undefined (what constitutes "interest"?); Not proportional Copyright Office records publicly available. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

<u>REQUEST 12</u>: "Produce all transcripts, audio files, video files, or recordings of any podcast, interview, appearance, or public statement where you discussed Plaintiff, the allegations, this litigation, or any related matter."

    <u>ANSWER</u>: Seeks public materials easily obtainable from third parties (podcast platforms); Not in Defendant's exclusive possession (podcast hosts maintain primary files); Seeks materials available through less burdensome means (third-party subpoenas to podcast platforms); Vague—"any related matter" boundless. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

<u>REQUEST 13</u>:"Produce all photographs, images, pictures, screenshots, graphics, videos, or visual materials in your possession showing Plaintiff, or referencing, depicting, or related to Plaintiff."

    <u>ANSWER</u>: Overly broad—seeks "all" photographs/images spanning indefinite time period; Vague—"related to Plaintiff" boundless (any photo Plaintiff may appear in?); Seeks personal materials not relevant to litigation (casual photos); Seeks materials not in Defendant's exclusive possession (some materials created by others); Unduly burdensome—requires review of thousands of personal photos; Not proportional—burden exceeds likely benefit. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

REQUEST 14:"Produce all documents, communications, or materials where you made, sent, forwarded, received, or discussed any threat, intimidation, harassment, disparagement, or negative statement toward, about, or regarding Plaintiff."

ANSWER: Premised on incorrect assumption—Defendant has NOT made threats or engaged in intimidation/harassment; Seeks to elicit admissions through discovery (improper); Compound request—conflates distinct conduct (threats ≠ disparagement ≠ negative statements);Seeks public statements protected by First Amendment; Vague—"negative statement" undefined (criticism protected speech); Seeks materials where Defendant reported threats RECEIVED (mischaracterizes as Defendant making threats). Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

REQUEST 15:"Produce all documents, police reports, arrest records, mugshots, court filings, or materials related to any criminal charges, arrests, convictions, or legal proceedings involving you from January 1, 2023, to present."

ANSWER: Violates Fifth Amendment right against self-incrimination (pending criminal assault charges); Relates to ongoing criminal proceedings (not relevant to civil defamation claims); Not in Defendant's possession—criminal court maintains records (Plaintiff may obtain directly); Production would prejudice pending criminal defense. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

REQUEST 16:"Produce all cell phone records, text message logs, phone records, location data, GPS data, or cellular provider records in your possession showing calls, text messages, location, or communications from January 1, 2023, to present."

ANSWER: Seeks materials not in Defendant's possession (cellular provider maintains records); Seeks private location data (privacy violation); Seeks communications already covered by other requests (duplicative); Unduly burdensome—requires obtaining records from provider, extensive personal data; Not proportional—provider records available through direct subpoena. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

REQUEST 17:"Produce all communications, documents, writings, or materials exchanged between you and Tyrone Blackburn, including but not limited to emails, text messages, phone calls, meetings, or any other form of communication."

ANSWER: Seeks attorney-client privileged communications (Blackburn is Defendant's attorney); Seeks work product (communications regarding legal strategy, litigation); Overly broad—seeks "all communications" indefinite time period; Vague—"including but not limited to" boundless. Subject to and without waiving the foregoing objections: Defendant will NOT produce communications with counsel (Tyrone Blackburn, T.A. Blackburn Law, PLLC), which are attorney-client privileged. All communications with T.A. Blackburn Law, PLLC are privileged attorney-client communications.

REQUEST 18:"Produce all communications, statements, notes, or materials exchanged between you and any other person regarding the allegations, Plaintiff's conduct, the claims in this case, your defenses, or any witness."

ANSWER: Seeks attorney work product—witness communications at counsel's direction are privileged; Seeks attorney-client privilege—many communications made in context of legal representation; Overly broad—"any other person" and "any" matter related to case; Unduly burdensome—seeks all communications with potentially hundreds of third parties;Not proportional—depositions more efficient for obtaining witness information; Seeks materials subject to privacy rights; Assumes facts not in evidence. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

REQUEST 19:"Produce all documents, evidence, materials, or other proof that you rely upon or intend to use to support any affirmative defense, including but not limited to any defense of truth, substantial truth, opinion, hyperbole, satire, protected speech, or any other defense to Plaintiff's claims."

ANSWER: Seeks attorney work product—Defendant's litigation strategy and mental impressions; Seeks attorney-client privilege—legal analysis of defenses; Seeks premature trial preparation—documents will be produced through Rule 26(a)(3) pretrial disclosures; Overly

11

broad—seeks "all" supporting materials; Not proportional—burden substantially exceeds likely benefit at this discovery stage; Compound—conflates distinct defenses. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

REQUEST 20:"Produce all insurance policies, insurance cards, insurance agreements, declarations pages, correspondence with insurers, coverage letters, or any other insurance-related documents in your possession."

ANSWER: Seeks confidential insurance information beyond Fed. R. Civ. P. 26(a)(1)(A)(iv) requirements; Seeks communications with carriers protected by settlement negotiation privilege; Seeks materials not relevant to liability (coverage determinations); Unduly burdensome—seeks policy documents not proportional to claims. Subject to and without waiving the foregoing objections, Defendant does not have insurance.

REQUEST 21:"Produce all documents, analyses, calculations, reports, or materials concerning your damages, harm, injuries, emotional distress, or any other harm allegedly suffered."

ANSWER: Defendant is not claiming damages in counterclaim or separate action; Relevant only to equitable relief in affirmative defenses (not damages); Seeks attorney work product (damages analysis prepared for litigation); Seeks materials available through interrogatory responses and depositions; Not proportional—interrogatories are an appropriate vehicle for damages information. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

REQUEST 22:"Produce all other documents, materials, writings, electronic data, communications, records, or evidence in your possession, custody, or control that are relevant to, related to, or have any connection to the allegations, claims, defenses, parties, witnesses, locations, events, or any other matter in this litigation that have not been produced in response to the preceding requests."

ANSWER: Ultimate "catch-all" request—overly broad, vague, unduly burdensome, unlimited scope; Seeks materials not reasonably calculated to lead to admissible evidence; Seeks attorney work product and mental impressions; Seeks attorney-client privileged materials; Seeks materials not in Defendant's possession; Not proportional under Fed. R. Civ. P. 26(b)(1)—burden

substantially exceeds likely benefit; Seeks materials already discoverable through specific requests (duplicative); Violates spirit of Fed. R. Civ. P. 33-34 requiring specificity; Seeks materials beyond the reasonable scope of litigation discovery; Improper attempt to avoid the specificity requirement of discovery rules. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers.

Dated: November 17, 2025
Brooklyn, New York

Regards,

/s/ *Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432
tblackburn@tablackburnlaw.com
Attorneys for Defendants

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,
               *Plaintiff,*

v.

TERRANCE DIXON,
TYRONE BLACKBURN, and
T.A. BLACKBURN LAW, PLLC,
               *Defendants.*

Civil Action No. 25-cv-03552

**DEFENDANT T.A. BLACKBURN LAW,
PLLC'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION**

Defendant T.A. Blackburn Law, PLLC ("Defendant"), by and through its undersigned counsel, hereby submits its responses to Plaintiff Joseph Cartagena's First Set of Requests for Admission, served on October 29, 2025, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

Defendant makes the following general objections to Plaintiff's Requests for Admission, which are incorporated by reference into each specific response below:

1. <u>Overbroad Time Period</u>: Defendant objects to the time period of January 1, 2023, through the present as overly broad and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) (1).
2. <u>Vague and Ambiguous Terms</u>: Defendant objects to vague and ambiguous terms, including "own," "use," "publish," "true and correct copy," and similar terms, which lack sufficient specificity to permit meaningful response.
3. <u>Compound Requests</u>: The Defendant objects to requests that are compound, seeking the admission of multiple distinct facts within a single request, in violation of Fed. R. Civ. P. 36.
4. <u>Attorney-Client Privilege</u>: Defendant objects to any request seeking admission of facts protected by attorney-client privilege, work product doctrine, or other applicable legal privileges.
5. <u>Relevance</u>: Defendant objects to requests seeking admissions not relevant to any claim or defense in this action.
6. <u>Authentication and Foundation</u>: Defendant objects to requests seeking admission of the authenticity or accuracy of documents, screenshots, or recordings without a proper foundation, chain of custody, forensic examination, or metadata analysis.
7. <u>Improper Purpose</u>: Defendant objects to requests designed to establish facts for use in other proceedings or for improper purposes beyond the scope of this litigation.
8. <u>Confidential Information</u>: Defendant objects to requests seeking admission of confidential information, personal information of third parties, trade secrets, or information subject to privacy rights.
9. <u>Incomplete or Misleading Characterization</u>: Defendant objects to requests that characterize documents, statements, or conduct in a manner that is incomplete, misleading, taken out of context, or otherwise misrepresentative.

10. <u>Best Evidence Rule</u>: Defendant objects to requests seeking admission of the contents or authenticity of documents where production of the documents themselves constitutes the best evidence.

11. <u>First Amendment Protection</u>: Defendant objects to requests seeking admission of facts that would constitute admissions regarding the falsity or defamatory nature of statements protected by First Amendment principles.

12. <u>Truth Defense</u>: Defendant objects to requests seeking admission of facts that would undermine Defendant's truth defense, as statements made by Defendant were based on Defendant's personal knowledge, experience, and good faith belief in their truth.

13. <u>Burden Shifting</u>: Defendant objects to instructions and requests that improperly seek to shift the burden of proof to Defendant or that seek admissions that would relieve Plaintiff of his burden of proving the elements of his claims.

14. <u>Premature Requests</u>: Defendant objects to requests seeking admissions on ultimate issues of fact or law that are more appropriately resolved through summary judgment or trial.

15. <u>Improper Legal Conclusions</u>: Defendant objects to requests seeking admission of legal conclusions or characterizations of conduct as unlawful, defamatory, harassing, or intimidating.

16. <u>Social Media Manipulation</u>: Defendant objects to requests seeking admission that screenshots or exhibits are "true and correct copies" of social media posts, as such posts can be edited, deleted, or manipulated after initial publication, and screenshots may not reflect the original or current state of posts.

17. <u>Third-Party Content</u>: Defendant objects to requests seeking admission regarding content posted by third parties, statements made by third parties, or actions taken by third-party social media platforms or podcast hosts.

18. <u>Context and Nuance</u>: Defendant objects to requests seeking simple admissions or denials of complex statements that require significant context, explanation, or qualification to answer accurately and fairly.

19. <u>Multiple Interpretations</u>: Defendant objects to requests regarding statements that may have multiple meanings or interpretations depending on context, audience, or surrounding circumstances.

20. <u>Reservation of Rights</u>: These general objections are incorporated by reference into each specific response below. Defendant's responses are made subject to and without waiving any general or specific objections.

RESPONSES TO REQUESTS FOR ADMISSION

<u>REQUEST FOR ADMISSION NO. 1</u>: Admit that you own the Instagram account with the handle @tyrone_blackburn.

<u>OBJECTIONS AND RESPONSE</u>: In addition to the General Objections, Defendant specifically objects to this Request as follows:

<u>Objections</u>:

1. This Request is vague and ambiguous as to the meaning of "You" and "own," as Defendant T.A. Blackburn Law, PLLC is a corporate entity and cannot personally "own" a social media account. Individuals, not corporations, typically own Instagram accounts.

2

2. This Request lacks foundation and fails to specify the time period at issue (e.g., whether the Request seeks admission that Defendant owned the account on a particular date, currently owns it, or has ever owned it).

3. This Request is not relevant to any claim or defense asserted against Defendant T.A. Blackburn Law, PLLC specifically, as opposed to Defendant Tyrone Blackburn individually.

4. This Request seeks to establish facts regarding social media accounts that are properly the subject of discovery directed to Defendant Tyrone Blackburn individually, not his law firm.

5. To the extent this Request seeks admission that Defendant T.A. Blackburn Law, PLLC is legally or factually responsible for statements made on an Instagram account owned by an individual (Tyrone Blackburn), the Request is compound and seeks to establish agency or vicarious liability without a proper foundation.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

**DENIED.** Defendant T.A. Blackburn Law, PLLC, does not own the Instagram account with the handle @tyroneblackburn. That account, if it exists, is owned by Tyrone Blackburn as an individual, not by his law firm. Ownership of social media accounts is typically registered to natural persons, not corporate entities.

**REQUEST FOR ADMISSION NO. 2**: Admit that you use the Instagram account with the handle @tyrone_blackburn.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request is vague and ambiguous as to the meaning of "You" and "use," as Defendant T.A. Blackburn Law, PLLC is a corporate entity that cannot personally "use" a social media account.

2. The term "use" is undefined and ambiguous—it could refer to posting content, viewing content, authorizing content, accessing the account, or various other activities.

3. This Request lacks temporal specificity and fails to identify the relevant time period.

4. This Request is not relevant to any claim or defense asserted against Defendant T.A. Blackburn Law, PLLC as a corporate entity.

5. This Request seeks to establish facts regarding the conduct of an individual (Tyrone Blackburn) that are not within the personal knowledge of a corporate entity (T.A. Blackburn Law, PLLC).

6. To the extent this Request seeks admission that posts made on the account are attributable to Defendant T.A. Blackburn Law, PLLC, the Request is compound. It seeks to establish agency or scope of employment without a proper foundation.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

**DENIED.** Defendant T.A. Blackburn Law, PLLC, as a corporate entity, does not "use" the Instagram account @tyroneblackburn. Any use of that account is by Tyrone Blackburn as an individual.

<u>**REQUEST FOR ADMISSION NO. 3**</u>: Admit that you published all posts from the Instagram account with the handle @tyrone_blackburn.

<u>OBJECTIONS AND RESPONSE</u>: In addition to the General Objections, Defendant specifically objects to this Request as follows:

<u>Objections</u>:

1. This Request is overly broad, vague, and unduly burdensome, seeking admission that Defendant "published all posts" from an Instagram account spanning an undefined time period, potentially covering years of social media activity.
2. The term "published" is vague and ambiguous—it could mean authored, posted, authorized, approved, or caused to be posted.
3. This Request is compound, as it seeks admission of authorship, publication, and responsibility for an undefined universe of social media posts spanning multiple years.
4. This Request lacks temporal specificity and geographic specificity.
5. This Request seeks admission of ultimate facts regarding agency, scope of employment, and vicarious liability without a proper foundation or legal analysis.
6. This Request is not relevant to claims asserted against Defendant T.A. Blackburn Law, PLLC as opposed to Defendant Tyrone Blackburn individually.
7. The Defendant lacks sufficient personal knowledge to admit or deny this Request, as Defendant T.A. Blackburn Law, PLLC is a corporate entity and does not have personal knowledge of the posts made on an Instagram account owned by an individual.
8. This Request improperly seeks to bind Defendant to admissions regarding the conduct of third parties who may have had access to the account, posted on behalf of the account holder, or otherwise created content appearing on the account.
9. This Request fails to identify specific posts and instead seeks a blanket admission covering "all posts," which is improper under Fed. R. Civ. P. 36.

<u>Response</u>:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

**DENIED.** Defendant T.A. Blackburn Law, PLLC did not publish "all posts" from the Instagram account @tyroneblackburn. Any posts made on that account were made by Tyrone Blackburn individually, not. By his law firm as a corporate entity. Defendant lacks sufficient knowledge to admit or deny what posts have been made on an Instagram account owned by an individual over an unspecified time period.

4

**REQUEST FOR ADMISSION NO. 4**: Admit that you published, caused to be published, or approved for publication the statements identified in Paragraph 132 of the Complaint.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request is compound, seeking admission of three distinct acts: (a) published; (b) caused to be published; OR (c) approved for publication. These are legally and factually distinct concepts with different standards of liability.

2. This Request is vague and ambiguous as to the terms "published," "caused to be published," and "approved for publication," which lack precise legal or factual definitions in this context.

3. This Request incorporates by reference "statements identified in Paragraph 132 of the Complaint" without reproducing those statements in full, requiring Defendant to reference external documents and potentially mischaracterize the statements.

4. This Request seeks admission of ultimate facts regarding authorship, agency, scope of employment, and vicarious liability without a proper foundation.

5. This Request lacks temporal specificity and does not identify whether it seeks admission that statements were published on a particular date, approved in advance, or ratified after publication.

6. To the extent Paragraph 132 of the Complaint contains multiple distinct statements, this Request is compound and seeks admission of publication of multiple statements in a single request.

7. Defendant lacks sufficient personal knowledge to admit or deny whether individual posts were "approved for publication" by a corporate entity, as such approval (if any) would typically be given by an individual acting in his personal capacity or as principal of the firm.

8. This Request is not relevant to any claim or defense asserted against Defendant T.A. Blackburn Law, PLLC as a corporate entity, as opposed to claims against Tyrone Blackburn individually or in his capacity as principal of the firm.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

**DENIED.** Defendant T.A. Blackburn Law, PLLC, as a corporate entity, did not publish, cause to be published, or approve for publication the statements referenced in Paragraph 132 of the Complaint. Any statements made on social media were made by Tyrone Blackburn as an individual. Defendant further denies that the statements referenced constitute defamation, as they are protected by First Amendment principles, litigation privilege, and constitute non-actionable opinion and hyperbole.

**REQUESTS FOR ADMISSION NO. 5**: Admit that the document attached as Exhibit D to the Complaint is a true and correct copy of the social media post you made to Instagram on April 29, 2025.

OBJECTIONS AND RESPONSE In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request is compound, seeking admission of multiple facts: (a) that Exhibit D is a "true and correct copy"; (b) that it depicts a "social media post"; (c) that the post was "made to Instagram";
2. (d) that it was made on "April 29, 2025"; and (e) that "You" (Defendant T.A. Blackburn Law, PLLC) made the post.
3. This Request lacks proper authentication and foundation. The Defendant has not been provided with an opportunity to conduct a forensic examination of the original post or metadata to verify its authenticity.
4. The term "true and correct copy" is vague and ambiguous—it is unclear whether the Request seeks admission that the exhibit is an exact reproduction of an Instagram post, an accurate screenshot, or merely a substantially similar representation.
5. Social media posts can be edited, deleted, manipulated, or altered after initial publication, and screenshots may not reflect the current state or original state of a post. Defendant lacks sufficient knowledge to admit that Exhibit D is a "true and correct copy" without forensic examination.
6. This Request seeks admission of facts not within the personal knowledge of Defendant T.A. Blackburn Law, PLLC, as a corporate entity.
7. This Request is not relevant to claims asserted against Defendant T.A. Blackburn Law, PLLC as opposed to Defendant Tyrone Blackburn individually.
8. To the extent this Request seeks admission that Defendant T.A. Blackburn Law, PLLC is vicariously liable for posts made by Tyrone Blackburn individually, the Request is compound and seeks legal conclusions regarding agency and scope of employment.

**RESPONSE**: Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

**DENIED**. Defendant T.A. Blackburn Law, PLLC, lacks sufficient knowledge to admit or deny that Exhibit D is a "true and correct copy" of any social media post, as Defendant has not had an opportunity to conduct a forensic examination of the original post or verify its authenticity. Moreover, Defendant T.A. Blackburn Law, PLLC, as a corporate entity, did not make any post to Instagram on April 29, 2025, or any other date. Any Instagram posts were made by Tyrone Blackburn as an individual.

To the extent Exhibit D accurately depicts a statement made by Tyrone Blackburn, Defendant denies that such statement constitutes defamation, as it is protected by First Amendment

6

principles, litigation privilege, and constitutes non-actionable opinion and commentary on matters of public concern.

**REQUEST FOR ADMISSION NO. 6**: Admit that the phrase "my client," as used in the social media post referenced in Request for Admission No. 3, refers to Defendant Dixon.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request incorporates by reference "the social media post referenced in Request for Admission No. 3" without identifying a specific post, reproducing the relevant language, or providing adequate context, making it unclear what post and what phrase are at issue.
2. Request for Admission No. 3 sought admission regarding "all posts" from an Instagram account, not a specific post, making this Request for Admission No. 6 impossible to answer with specificity without identifying which of potentially hundreds of posts is at issue.
3. This Request seeks admission of the meaning and intent behind Defendant's use of language, which requires context and may have multiple meanings depending on the specific post and surrounding circumstances.
4. This Request lacks temporal specificity—it does not identify the specific date or post at issue.
5. The phrase "my client" is a legal term of art that refers to an attorney-client relationship; admission of this Request could constitute a waiver or acknowledgment affecting the attorney-client privilege analysis.
6. This Request may be seeking admission of facts regarding the scope, duration, and nature of an attorney-client relationship without a proper foundation.
7. This Request seeks admission that may establish Defendant's role as an attorney, which could implicate attorney ethics rules and litigation privilege.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

**ADMITTED** that Tyrone Blackburn has represented and continues to represent Terrance Dixon as legal counsel in various matters, including the present litigation. Defendant further states that any references to "my client" in social media posts by Tyrone Blackburn were made in the context of attorney-client representation and are protected by litigation privilege and First Amendment rights to comment on pending legal matters.

**REQUEST FOR ADMISSION NO. 7**: Admit that the phrase "your client," as used in the social media post referenced in Request for Admission No. 3, refers to Plaintiff.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request incorporates by reference "the social media post referenced in Request for Admission No. 3" without identifying a specific post, making it unclear what post and phrase are at issue.
2. Request for Admission No. 3 sought admission regarding "all posts," not a specific post, rendering this Request impossible to answer with specificity.
3. This Request seeks admission of facts regarding subjective intent and meaning of statements, which requires context and interpretation beyond a simple admission or denial.
4. Defendant lacks sufficient personal knowledge, as a corporate entity, to admit or deny the subjective intent behind phrases allegedly used by Tyrone Blackburn as an individual.
5. This Request seeks admission of facts that may vary depending on context—"your client" could refer to different individuals in different posts or contexts.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

**ADMITTED IN PART; DENIED IN PART.** To the extent references to "your client" in social media posts by Tyrone Blackburn were directed to counsel for Joseph Cartagena and referred to Plaintiff, Defendant admits such references were to Plaintiff. However, Defendant denies any implication that such references constitute defamation, as they were made in the context of litigation commentary protected by the First Amendment and litigation privilege.

**REQUEST FOR ADMISSION NO. 8**: Admit that you can be heard speaking on the social media post made to Instagram by the @officialprinceofpain account on May 2, 2025.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request is vague and ambiguous as to "You," as Defendant T.A. Blackburn Law, PLLC is a corporate entity and cannot be "heard speaking" on any social media post.
2. This Request lacks proper authentication and foundation regarding the social media post referenced, as Defendant has not been provided with the opportunity to conduct forensic audio analysis to verify the identity of speakers.
3. This Request incorporates by reference a social media post "made to Instagram by the @officialprinceofpain account" without providing the post itself or an adequate description, making it impossible for Defendant to verify what audio recording is at issue.
4. This Request seeks admission of facts not within the personal knowledge of Defendant T.A. Blackburn Law, PLLC as a corporate entity.

8

5. Voice identification requires expert analysis and cannot be established through a simple request for admission, absent a proper foundation.

6. This Request is not relevant to claims asserted against Defendant T.A. Blackburn Law, PLLC as opposed to Defendant Tyrone Blackburn individually.

<u>Response</u>:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

**DENIED.** Defendant T.A. Blackburn Law, PLLC, as a corporate entity, cannot be "heard speaking" on any social media post. Defendant lacks sufficient knowledge to admit or deny whether Tyrone Blackburn can be heard speaking on any particular audio recording without proper authentication and forensic analysis:

<u>SUPPLEMENTAL STATEMENT</u>

The Defendant reserves the right to amend and supplement these responses as additional information becomes available, as required by Federal Law. R. Civ. P. 26(e)(1).

The responses provided herein are made in good faith based on information currently available to Defendant. Defendant notes that many of these Requests seek admissions regarding the conduct of Tyrone Blackburn as an individual, not the conduct of T.A. Blackburn Law, PLLC as a corporate entity, and such Requests are more appropriately directed to Defendant Tyrone Blackburn individually.

Defendant further notes that social media posts, if made, were made in the context of representation of a client, commentary on pending litigation, and matters of public concern, and are protected by First Amendment principles, litigation privilege (both absolute and qualified), and constitute non-actionable opinion and hyperbole rather than actionable statements of fact.

Dated: November 17, 2025
Brooklyn, New York

Regards,

<u>/s/ *Tyrone A. Blackburn, Esq.*</u>
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432
tblackburn@tablackburnlaw.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,
                              *Plaintiff,*

v.

TERRANCE DIXON,
TYRONE BLACKBURN, and
T.A. BLACKBURN LAW, PLLC,
                              *Defendants.*

Civil Action No. 25-cv-03552

**DEFENDANT TERRANCE DIXON'S
RESPONSES TO PLAINTIFF'S FIRST SET
OF REQUESTS FOR ADMISSION**

Defendant Terrance Dixon ("Defendant"), by and through his undersigned counsel, hereby submits his responses to Plaintiff Joseph Cartagena's First Set of Requests for Admission, served on October 29, 2025, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure.

GENERAL OBJECTIONS

Defendant makes the following general objections to Plaintiff's Requests for Admission, which are incorporated by reference into each specific response below:

1. Overbroad Time Period: Defendant objects to the time period of January 1, 2023, through the present as overly broad and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).
2. Vague and Ambiguous Terms: Defendant objects to vague and ambiguous terms, including "own," "use," "publish," "true and correct copy," and similar terms, which lack sufficient specificity to permit meaningful response.
3. Compound Requests: The Defendant objects to requests that are compound, seeking the admission of multiple distinct facts within a single request, in violation of Fed. R. Civ. P. 36.
4. Attorney-Client Privilege: Defendant objects to any request seeking admission of facts protected by attorney-client privilege, work product doctrine, or other applicable legal privileges.
5. Relevance: Defendant objects to requests seeking admissions not relevant to any claim or defense in this action.
6. Authentication and Foundation: Defendant objects to requests seeking admission of the authenticity or accuracy of documents, screenshots, or recordings without a proper foundation, chain of custody, forensic examination, or metadata analysis.
7. Improper Purpose: Defendant objects to requests designed to establish facts for use in other proceedings or for improper purposes beyond the scope of this litigation.
8. Confidential Information: Defendant objects to requests seeking admission of confidential information, personal information of third parties, trade secrets, or information subject to privacy rights.
9. Incomplete or Misleading Characterization: Defendant objects to requests that characterize documents, statements, or conduct in a manner that is incomplete, misleading, taken out of context, or otherwise misrepresentative.
10. Best Evidence Rule: Defendant objects to requests seeking admission of the contents or authenticity of documents where production of the documents themselves constitutes the best evidence.

11. <u>First Amendment Protection</u>: Defendant objects to requests seeking admission of facts that would constitute admissions regarding the falsity or defamatory nature of statements protected by First Amendment principles.

12. <u>Truth Defense</u>: Defendant objects to requests seeking admission of facts that would undermine Defendant's truth defense, as statements made by Defendant were based on Defendant's personal knowledge, experience, and good faith belief in their truth.

13. <u>Burden Shifting</u>: Defendant objects to instructions and requests that improperly seek to shift the burden of proof to Defendant or that seek admissions that would relieve Plaintiff of his burden of proving the elements of his claims.

14. <u>Premature Requests</u>: Defendant objects to requests seeking admissions on ultimate issues of fact or law that are more appropriately resolved through summary judgment or trial.

15. <u>Improper Legal Conclusions</u>: Defendant objects to requests seeking admission of legal conclusions or characterizations of conduct as unlawful, defamatory, harassing, or intimidating.

16. <u>Social Media Manipulation</u>: Defendant objects to requests seeking admission that screenshots or exhibits are "true and correct copies" of social media posts, as such posts can be edited, deleted, or manipulated after initial publication, and screenshots may not reflect the original or current state of posts.

17. <u>Third-Party Content</u>: Defendant objects to requests seeking admission regarding content posted by third parties, statements made by third parties, or actions taken by third-party social media platforms or podcast hosts.

18. <u>Context and Nuance</u>: Defendant objects to requests seeking simple admissions or denials of complex statements that require significant context, explanation, or qualification to answer accurately and fairly.

19. <u>Multiple Interpretations</u>: Defendant objects to requests regarding statements that may have multiple meanings or interpretations depending on context, audience, or surrounding circumstances.

20. <u>Reservation of Rights</u>: These general objections are incorporated by reference into each specific response below. Defendant's responses are made subject to and without waiving any general or specific objections.

RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that you own the Instagram account with the handle @thatstrategy.

<u>OBJECTIONS AND RESPONSE</u>: In addition to the General Objections, Defendant objects explicitly to this Request as follows:

<u>Objections</u>:

1. This Request is vague and ambiguous as to the term "own," as it is unclear whether the Request seeks admission of current ownership, historical ownership, joint ownership with others, or other forms of control or access.

2. This Request lacks temporal specificity and does not identify the relevant time period.

3. This Request seeks to establish facts regarding social media ownership that may have legal significance in relation to vicarious liability or agency. It thus seeks both a legal conclusion and a factual admission.

<u>Response</u>:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

ADMITTED. Defendant Terrance Dixon owns and maintains the Instagram account with the handle @thatstrategy. However, ownership and use of this personal social media account does not create liability under the claims asserted in this action, as all statements were made based on Defendant's personal knowledge, experience, and good faith belief in their truth, and are protected by First Amendment principles and truth defenses.

**REQUEST FOR ADMISSION NO. 2**: Admit that you use the Instagram account with the handle @thatstrategy.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request is vague and ambiguous regarding the term "use"—it is unclear whether the Request seeks admission that the Defendant currently uses the account, has used it in the past, posts on it regularly, views content on it, or performs other actions.

2. This Request lacks temporal specificity.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

ADMITTED. Defendant Terrance Dixon uses the Instagram account @thatstrategy to post content regarding his experiences in the music industry and matters of public concern. However, use of this personal social media account does not create liability, as statements made thereon are protected by First Amendment principles and are based on Defendant's personal knowledge and good faith belief in their truth.

**REQUEST FOR ADMISSION NO. 3**: Admit that you published all posts from the Instagram account with the handle @thatstrategy.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request is overly broad, vague, and unduly burdensome, seeking admission that Defendant "published all posts" from an Instagram account spanning an undefined time period without limitation as to number, date, or subject matter.

2. The term "published all posts" is ambiguous—it is unclear whether the Request seeks admission that Defendant authored all posts, personally typed and uploaded all posts, or merely maintains the account.

3. This Request is compound, as it seeks admission of authorship, publication, and responsibility for an undefined universe of social media posts spanning multiple years.

4. This Request lacks temporal specificity.

5. This Request improperly seeks to bind Defendant to admissions regarding posts that may have been made at different times with varying levels of detail or corroboration.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

ADMITTED IN PART; DENIED IN PART.

- Admitted: Defendant Terrance Dixon posted content to the Instagram account @thatstrategy during the relevant time period. Defendant authored and posted content that he personally created and uploaded to this account.

- Denied: Defendant denies that he authored or posted "all posts" that may appear on the account over its entire existence. More importantly, Defendant denies that posting content to a personal social media account creates legal liability for any of the claims asserted in this action.

- Further Denied: Defendant denies that posts published on his personal social media account constitute defamation, as they are based on Defendant's personal knowledge of his experiences with Plaintiff, his observations during years of working with Plaintiff, information provided by third parties, and Defendant's good faith belief in the truth of the statements. Truth defenses and First Amendment principles protect all statements.

**REQUEST FOR ADMISSION NO. 4**: Admit that you published the statements identified in Paragraph 124 of the Complaint.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

4

Objections:

1. This Request incorporates by reference "statements identified in Paragraph 124 of the Complaint" without reproducing those statements in full within the Request itself, requiring Defendant to reference external documents.
2. This Request is compound if Paragraph 124 contains multiple distinct statements.
3. This Request seeks admission that statements are defamatory, which seeks a legal conclusion.
4. This Request lacks foundation and takes statements out of context without providing the surrounding circumstances or full context.
5. This Request fails to account for the possibility that statements constitute protected opinion or statements based on personal knowledge and good faith belief in truth.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

ADMITTED IN PART; DENIED IN PART.

- Admitted: Defendant Terrance Dixon made public statements on social media and in other forums regarding his experiences with Plaintiff Joseph Cartagena, including statements regarding unpaid compensation, mistreatment, and other matters.

- Denied: Defendant denies that statements referenced in Paragraph 124 (or any statements made by Defendant) constitute defamation. All statements made by Defendant were:

  a) Based on Defendant's personal knowledge from years of working with Plaintiff;
  b) Based on Defendant's personal observations and experiences;
  c) Based on information provided by third parties with knowledge of relevant facts;
  d) Made in good faith belief of their truth;
  e) Protected by truth defenses and First Amendment principles;
  f) Non-actionable opinion or commentary on matters of public concern.

Defendant further denies that Defendant made statements with knowledge of their falsity, with reckless disregard for the truth, or with the intent to harm Plaintiff.

**REQUESTS FOR ADMISSION NOS. 5-25** (Exhibits E through X, WhatsApp Screenshots, Instagram Stories, Social Media Posts). [For brevity, I'll provide a model response that applies to all exhibit authentication requests 5-25]

OBJECTIONS (Apply to RFAs 5-25): In addition to the General Objections, Defendant specifically objects to these Requests as follows:

Objections:

1. Each Request is compound, seeking admission of multiple facts: (a) that an exhibit is a "true and correct copy"; (b) that it depicts a social media post or message; (c) that it was made on a specific date; and (d) that Defendant authored the post or message.

2. These Requests lack proper authentication and foundation. Defendant has not been provided with an opportunity to conduct a forensic examination of the original posts, metadata analysis, or technical verification to establish authenticity.
3. The term "true and correct copy" is vague and ambiguous. Social media posts can be edited, deleted, or manipulated after they are initially published. Screenshots may not reflect the original state of a post or may be manipulated by third parties.
4. These Requests seek admission that screenshots or reproductions are accurate and authentic without forensic analysis or proper chain of custody documentation.
5. Social media platform metadata (timestamps, edit history, location data) would be necessary to verify the date and authenticity of any post, which Defendant has not had the opportunity to examine.
6. These Requests seek legal conclusions that documents are accurate reproductions, which may affect admissibility and authenticity findings at trial.
7. These Requests fail to account for the possibility that posts may have been edited, modified, deleted, or displayed in a misleading context by the Plaintiff or in the Complaint.
8. WhatsApp screenshots (Exhibits G, H, O, V, X) present additional authentication concerns, as messages can be fabricated, edited, or taken out of context without full conversation history.

**RESPONSES TO RFAs 5-25**: Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows to each exhibit request:

**REQUEST NO. 5 (Exhibit E - June 17, 2023 Instagram post)**: ADMITTED IN PART; DENIED IN PART. Defendant posted content to Instagram on or about June 17, 2023. The general substance of Exhibit E may reflect a post made by Defendant on that approximate date. However, Defendant lacks sufficient knowledge to fully admit that Exhibit E is a "true and correct copy" without forensic examination and metadata verification. Defendant denies that any statements in The posts are defamatory, as they were based on the Defendant's personal knowledge and good faith belief in their truth.

**REQUEST NO. 6 (Exhibit F - June 17, 2023 Instagram post)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 5.

**REQUEST NO. 7 (Exhibit G - October 2023 WhatsApp messages)**: ADMITTED IN PART; DENIED IN PART. The Defendant communicated with the Plaintiff's management via WhatsApp in October 2023 regarding compensation and business matters. The general substance of Exhibit G may reflect messages sent by Defendant on that approximate date. However, Defendant lacks sufficient knowledge to admit that Exhibit G is a "true and correct screenshot" without the opportunity to verify authenticity, full conversation context, and absence of manipulation. Screenshots can be edited or fabricated. The Defendant denies that the messages constitute

defamation, extortion, or unlawful conduct, as they were legitimate business communications regarding unpaid compensation.

**REQUEST NO. 8 (Exhibit H - October 2023 WhatsApp messages)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 7.

**REQUEST NO. 9 (Exhibit I - December 28, 2024 Instagram post)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 5, substituting the December 28, 2024 date.

**REQUEST NO. 10 (Exhibit J - August 31, 2023 Instagram post)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 5, substituting the August 31, 2023 date.

**REQUEST NO. 11 (Exhibit K - September 9, 2023 Instagram post)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 5, substituting the date of September 9, 2023.

**REQUEST NO. 12 (Exhibit L - September 13, 2023 Instagram post)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 5, substituting the date of September 13, 2023.

**REQUEST NO. 13 (Exhibit M - December 6, 2023 Instagram post)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 5, substituting the date of December 6, 2023.

**REQUEST NO. 14 (Exhibit N - May 23, 2024 Instagram post)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 5, substituting the May 23, 2024 date.

**REQUEST NO. 15 (Exhibit O - June 15, 2024 WhatsApp messages)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 7, substituting the June 15, 2024 date.

**REQUEST NO. 16 (Exhibit P - September 20, 2024 Instagram post)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 5, substituting the September 20, 2024 date.

**REQUEST NO. 17 (Exhibit Q - October 1, 2024 Threads post)**: ADMITTED IN PART; DENIED IN PART. Defendant posted content to Threads on or about October 1, 2024. The general substance of Exhibit Q may reflect a post made by Defendant on that approximate date. However, Defendant lacks sufficient knowledge to fully admit that Exhibit Q is a "true and correct copy" without forensic examination. The Defendant denies that the statements are defamatory, as they were based on personal knowledge and a good faith belief in their truth.

**REQUEST NO. 18 (Exhibit R - December 28, 2024 Instagram post)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 5, substituting the December 28, 2024 date.

**REQUEST NO. 19 (Exhibit S - March 17, 2025 Instagram story)**: ADMITTED IN PART; DENIED IN PART. Defendant posted Instagram stories on or about March 17, 2025. Instagram stories are temporary content that disappears after 24 hours, making authentication particularly

difficult. Defendant lacks sufficient knowledge to admit that Exhibit S is a "true and correct copy" without verification. Defendant denies that any statements are defamatory.

**REQUEST NO. 20 (Exhibit T - March 18, 2025 Threads post)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 17, substituting the March 18, 2025 date.

**REQUEST NO. 21 (YouTube video - April 13, 2025)**: ADMITTED IN PART; DENIED IN PART. The Defendant participated in a podcast interview, which was posted to YouTube on or about April 13, 2025. Defendant can be heard speaking in the video. However, Defendant lacks sufficient knowledge to admit that the video is complete, unedited, or accurately reflects the full context of Defendant's statements without the opportunity to review the full recording and metadata. The Defendant denies that the statements made during the podcast constitute defamation, as they were based on personal knowledge, a good faith belief in their truth, and a protected opinion.

**REQUEST NO. 22 (Instagram video - April 16, 2025)**: ADMITTED IN PART; DENIED IN PART. Defendant participated in podcast or interview content posted to Instagram on or about April 16, 2025. Same response as RFA 21.

**REQUEST NO. 23 (Exhibit V - January 22, 2024 WhatsApp messages)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 7, substituting the January 22, 2024 date.

**REQUEST NO. 24 (Exhibit W - Instagram story)**: ADMITTED IN PART; DENIED IN PART. Exhibit W lacks a date specification. Defendant posted Instagram stories during the relevant time period. Same authentication concerns as RFA 19.

**REQUEST NO. 25 (Exhibit X - Instagram story)**: ADMITTED IN PART; DENIED IN PART. Same response as RFA 24.

**REQUEST FOR ADMISSION NO. 26**: Admit that your references to "Lil Joey" in your social media posts referenced in the Complaint refer to Plaintiff.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request seeks admission of the subjective meaning and intent behind Defendant's use of language, which may vary depending on context and specific posts.
2. This Request lacks specificity, as it does not identify which specific posts are at issue.
3. This Request is vague regarding whether "Lil Joey" refers to the Plaintiff in all posts or only in some posts.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

ADMITTED. References to "Lil Joey" in Defendant's social media posts refer to Plaintiff Joseph Cartagena. However, such references do not constitute defamation, as all statements were based on Defendant's personal knowledge, experiences working with Plaintiff, and good faith belief in their truth, and are protected by truth defenses and First Amendment principles.

**REQUEST FOR ADMISSION NO. 27**: Admit that "Minor Doe 3" described in Paragraphs 190-195 of the Dixon Complaint is the same individual you have referred to as "Nikki" and "Chiquita" in your social media posts referenced in the Complaint.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:
1. This Request seeks admission of the identity of a third-party individual who may have privacy rights and whose identity may be protected by law or public policy.
2. This Request seeks to establish facts that may violate the privacy rights of an alleged minor victim.
3. This Request is compound, seeking admission that three different names ("Minor Doe 3," "Nikki," "Chiquita") refer to the same person.
4. This Request seeks admission of facts that may be protected by confidentiality requirements in ongoing law enforcement or child protection investigations.
5. This Request improperly seeks to force Defendant to disclose the identity of a third party who communicated with Defendant or Defendant's counsel in confidence.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

ADMITTED IN PART; DENIED IN PART.

Defendant admits that references in social media posts to individuals by various names (including "Nikki" and "Chiquita") were based on Defendant's personal knowledge of individuals he encountered during his time working with Plaintiff, and that Defendant has personal knowledge of Plaintiff's interactions with such individuals.

However, Defendant objects to disclosing the specific identity of any individual described in Dixon's Complaint as "Minor Doe 3" on grounds of privacy rights, ongoing law enforcement investigations, and confidentiality concerns. The identity and personal information of alleged victims are protected by law and public policy.

9

Defendant further states that all allegations made by Defendant regarding Plaintiff's conduct with minors were based on: (a) Defendant's personal observations; (b) information provided by individuals with personal knowledge; (c) Defendant's good faith belief in the truth of the allegations; and (d) Defendant's duty to report suspected misconduct to appropriate authorities. Such allegations are protected by qualified privilege, truth defenses, and First Amendment principles.

### SUPPLEMENTAL STATEMENT

The Defendant reserves the right to amend and supplement these responses as additional information becomes available, as required by Federal Law. R. Civ. P. 26(e)(1).

The responses provided herein are made in good faith based on information currently available to Defendant. Defendant notes that many of these Requests seek admissions regarding statements made by Defendant based on his personal knowledge from years of working with Plaintiff in the music industry, personal observations of Plaintiff's conduct, and information provided by third parties with knowledge of relevant facts.

All statements made by Defendant were made in good faith, based on Defendant's knowledge and belief in their truth, without knowledge of falsity, without reckless disregard for truth, and without intent to harm Plaintiff. Defendant's statements are protected by:

1. Truth Defense - Statements based on Defendant's personal knowledge and experiences.

2. First Amendment - Opinion, commentary, and statements on matters of public concern.

3. Qualified Privilege - Statements made in good faith in furtherance of legitimate interests.

4. Opinion Doctrine - Distinguishing actionable statements of fact from non-actionable opinion.

Defendant further notes that statements made by Defendant regarding allegations against Plaintiff were based on:

- Personal observations during years of working closely with Plaintiff.

- Direct conversations with Plaintiff regarding compensation and business practices.

- Information provided by individuals claiming personal knowledge of Plaintiff's conduct.

- Publicly available information regarding Plaintiff's business dealings.

- Defendant's good faith efforts to report suspected misconduct to appropriate authorities.

All statements made by Defendant were made in good faith, without malice, and with belief in their substantial truth.

10

Dated: November 17, 2025
Brooklyn, New York

Regards,

/s/ *Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432
tblackburn@tablackburnlaw.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,
                    *Plaintiff,*

v.

TERRANCE DIXON,
TYRONE BLACKBURN, and
T.A. BLACKBURN LAW, PLLC,
                    *Defendants.*

Civil Action No. 25-cv-03552

**DEFENDANT TYRONE BLACKBURN'S
RESPONSES TO PLAINTIFF'S FIRST SET
OF REQUESTS FOR ADMISSION**

Defendant Tyrone Blackburn ("Defendant"), by and through his undersigned counsel, hereby submits his responses to Plaintiff Joseph Cartagena's First Set of Requests for Admission, served on October 29, 2025, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure.

<u>GENERAL OBJECTIONS</u>

Defendant makes the following general objections to Plaintiff's Requests for Admission, which are incorporated by reference into each specific response below:

1. <u>Overbroad Time Period</u>: Defendant objects to the time period of January 1, 2023, through the present as overly broad and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) (1).
2. <u>Vague and Ambiguous Terms</u>: Defendant objects to vague and ambiguous terms, including "own," "use," "publish," "true and correct copy," and similar terms, which lack sufficient specificity to permit meaningful response.
3. <u>Compound Requests</u>: The Defendant objects to requests that are compound, seeking the admission of multiple distinct facts within a single request, in violation of Fed. R. Civ. P. 36.
4. <u>Attorney-Client Privilege</u>: Defendant objects to any request seeking admission of facts protected by attorney-client privilege, work product doctrine, or other applicable legal privileges.
5. <u>Relevance</u>: Defendant objects to requests seeking admissions not relevant to any claim or defense in this action.
6. <u>Authentication and Foundation</u>: Defendant objects to requests seeking admission of the authenticity or accuracy of documents, screenshots, or recordings without a proper foundation, chain of custody, forensic examination, or metadata analysis.
7. <u>Improper Purpose</u>: Defendant objects to requests designed to establish facts for use in other proceedings or for improper purposes beyond the scope of this litigation.
8. <u>Confidential Information</u>: Defendant objects to requests seeking admission of confidential information, personal information of third parties, trade secrets, or information subject to privacy rights.
9. <u>Incomplete or Misleading Characterization</u>: Defendant objects to requests that characterize documents, statements, or conduct in a manner that is incomplete, misleading, taken out of context, or otherwise misrepresentative.

10. Best Evidence Rule: Defendant objects to requests seeking admission of the contents or authenticity of documents where production of the documents themselves constitutes the best evidence.
11. First Amendment Protection: Defendant objects to requests seeking admission of facts that would constitute admissions regarding the falsity or defamatory nature of statements protected by First Amendment principles.
12. Truth Defense: Defendant objects to requests seeking admission of facts that would undermine Defendant's truth defense, as statements made by Defendant were based on Defendant's personal knowledge, experience, and good faith belief in their truth.
13. Burden Shifting: Defendant objects to instructions and requests that improperly seek to shift the burden of proof to Defendant or that seek admissions that would relieve Plaintiff of his burden of proving the elements of his claims.
14. Premature Requests: Defendant objects to requests seeking admissions on ultimate issues of fact or law that are more appropriately resolved through summary judgment or trial.
15. Improper Legal Conclusions: Defendant objects to requests seeking admission of legal conclusions or characterizations of conduct as unlawful, defamatory, harassing, or intimidating.
16. Social Media Manipulation: Defendant objects to requests seeking admission that screenshots or exhibits are "true and correct copies" of social media posts, as such posts can be edited, deleted, or manipulated after initial publication, and screenshots may not reflect the original or current state of posts.
17. Third-Party Content: Defendant objects to requests seeking admission regarding content posted by third parties, statements made by third parties, or actions taken by third-party social media platforms or podcast hosts.
18. Context and Nuance: Defendant objects to requests seeking simple admissions or denials of complex statements that require significant context, explanation, or qualification to answer accurately and fairly.
19. Multiple Interpretations: Defendant objects to requests regarding statements that may have multiple meanings or interpretations depending on context, audience, or surrounding circumstances.
20. Reservation of Rights: These general objections are incorporated by reference into each specific response below. Defendant's responses are made subject to and without waiving any general or specific objections.

RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Admit that you own the Instagram account with the handle @tyrone_blackburn.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request is vague and ambiguous as to the term "own," as it is unclear whether the Request seeks admission of current ownership, historical ownership at a particular point in time, or ongoing ownership and control.

2. This Request lacks temporal specificity and does not identify the relevant time period (e.g., current date, a specific date, a specific period, etc.).
3. This Request seeks to establish facts regarding social media ownership that may have legal significance regarding agency, scope of employment, and vicarious liability. It thus seeks both a legal conclusion and a factual admission.
4. To the extent this Request seeks admission that posts made on the account are attributable to Defendant, the Request is compound. It implicitly seeks multiple admissions regarding authorship, publication, and responsibility.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

**ADMITTED.** Defendant Tyrone Blackburn owns and maintains the Instagram account with the handle @tyroneblackburn in his personal capacity. Defendant uses this account to post content regarding legal matters, the entertainment industry, and related topics of public interest.

However, Defendant denies that ownership and use of this personal social media account create any liability under the claims asserted in this action, as all statements were made in Defendant's personal capacity as an individual advocating in the context of litigation, and are protected by First Amendment principles, litigation privilege, and constitute non-actionable opinion and commentary.

**REQUEST FOR ADMISSION NO. 2**: Admit that you use the Instagram account with the handle @tyrone_blackburn.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant objects explicitly to this Request as follows:

Objections:

1. This Request is vague and ambiguous as to the term "use"—it is unclear whether the Request seeks admission that Defendant currently uses the account, has used it in the past, uses it regularly, posts on it, views content on it, approves content posted by others, or performs other actions.
2. This Request lacks temporal specificity.
3. This Request may implicitly seek admission of authorship of all posts, which would be compound.
4. This Request seeks to establish facts regarding conduct that may support legal conclusions regarding agency, scope of employment, or vicarious liability.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

3

**ADMITTED.** Defendant Tyrone Blackburn uses the Instagram account @tyroneblackburn to post content, view content, and communicate with followers regarding legal matters, the entertainment industry, and matters of public concern.

However, Defendant's use of this personal social media account does not create liability for statements made thereon, as such statements are protected by First Amendment principles and are made in the context of litigation commentary and matters of public concern. Any statements made constitute non-actionable opinion, commentary, and hyperbole.

**REQUEST FOR ADMISSION NO. 3**: Admit that you published all posts from the Instagram account with the handle @tyrone_blackburn.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request is overly broad, vague, and unduly burdensome, seeking admission that the Defendant "published all posts" from an Instagram account spanning an undefined time period, potentially covering years of social media activity, without limitation as to the number, date, or subject matter.
2. The term "published all posts" is ambiguous—it is unclear whether the Request seeks admission that Defendant authored all posts, posted all content, approved all content, caused all posts to be published, or merely maintains the account on which posts appear.
3. This Request is compound, as it seeks admission of authorship, publication, and responsibility for an undefined universe of social media posts spanning multiple years.
4. This Request lacks temporal specificity—it does not identify whether it seeks admission regarding posts made during a particular time period (2023 only, 2023-2025, all time, etc.).
5. This Request improperly seeks to bind Defendant to admissions regarding posts that may have been made at different times with varying levels of deliberation, research, or corroboration.
6. To the extent this Request seeks admission that all posts are accurate, truthful, or constitute statements of fact (as opposed to opinion, hyperbole, or commentary), the Request seeks a legal conclusion regarding defamation. It seeks to shift the burden of proof regarding truth/falsity to the Defendant.
7. This Request fails to account for posts that may constitute protected opinion, commentary, hyperbole, or statements on matters of public concern that are not actionable as defamation, regardless of their literal truth or falsity.
8. This Request seeks admission on an ultimate issue—that statements published by Defendant constitute defamation or are otherwise unlawful—which is more appropriately resolved through summary judgment or trial.
9. This Request may seek to establish that the Defendant is responsible for "all posts," which could include posts made by others who had access to the account, without a proper foundation.

4

<u>Response</u>:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

<u>ADMITTED IN PART; DENIED IN PART</u>.

- <u>Admitted</u>: Defendant Tyrone Blackburn posted content to the Instagram account @tyroneblackburn from January 1, 2023, through the present date. Defendant authored, posted, and caused to be published the posts he personally created and uploaded to this account.
- <u>Denied</u>: Defendant denies that he authored or posted "all posts" that may appear on the account, as the account has been maintained over multiple years and may contain posts made at different times. More importantly, Defendant denies that posting content to a personal social media account creates legal liability for any of the claims asserted in this action.
- <u>Further Denied</u>: Defendant denies that posts published on his personal social media account constitute defamation, as First Amendment principles protect them, constitute opinion and commentary on matters of public concern, litigation privilege, and are not statements of provable fact. Statements made by Defendant were made in the context of commenting on pending litigation and matters of significant public interest in the entertainment industry and are entitled to First Amendment protection.

**REQUEST FOR ADMISSION NO. 4**: Admit that you published, caused to be published, or approved for publication the statements identified in Paragraph 132 of the Complaint.

<u>OBJECTIONS AND RESPONSE</u>: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request is compound, seeking admission of three distinct acts: (a) published; (b) caused to be published; OR (c) approved for publication. These are legally and factually distinct concepts with different standards of legal responsibility.
2. This Request is vague and ambiguous as to the terms "published," "caused to be published," and "approved for publication," which lack precise legal or factual definitions in the context of social media posting.
3. This Request incorporates by reference "statements identified in Paragraph 132 of the Complaint" without reproducing those statements in full within the Request itself, requiring Defendant to reference external documents and potentially mischaracterize the statements.
4. This Request seeks to establish facts regarding the publication of statements that are purportedly defamatory, to draw legal conclusions regarding defamation liability, and to shift the burden of proving defamation elements to the Defendant.
5. This Request lacks temporal specificity—it does not identify whether it seeks admission regarding a specific date of publication, approval, or responsibility.

6. To the extent Paragraph 132 of the Complaint contains multiple distinct statements, this Request is compound and seeks admission of publication of multiple distinct statements in a single request.

7. This Request fails to account for the possibility that statements constitute protected opinion, hyperbole, or commentary on matters of public concern, which are not actionable as defamation.

8. This Request seeks admission on an ultimate issue of defamation liability.

9. This Request may seek admission that statements were made with knowledge of their falsity or reckless disregard for the truth, which would constitute an admission of actual malice, and thus seeks a legal conclusion regarding fault standards.

10. This Request takes statements out of context without providing surrounding circumstances, prior communications, or the full context in which statements were made, rendering it impossible to admit or deny fairly.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

ADMITTED IN PART; DENIED IN PART.

- **Admitted:** Defendant Tyrone Blackburn published statements on his personal Instagram account and in podcast appearances and made public statements regarding Plaintiff Joseph Cartagena. Defendant published such statements or caused them to be published, or Defendant made statements that were published by others (podcast hosts, news outlets, etc.).

- **Denied:** Defendant denies that he published or approved statements with knowledge of their falsity, with reckless disregard for their truth or falsity, or with intent to defame Plaintiff.

- **Denied:** Defendant denies that statements identified in Paragraph 132 of the Complaint (or any statements made by Defendant) constitute defamation as a matter of law. Statements made by Defendant constitute:

  a) Protected opinion and commentary on matters of public concern (Plaintiff is a public figure in the entertainment industry);
  b) Non-actionable hyperbole and rhetorical exaggeration;
  c) Statements made in the context of pending litigation are protected by litigation privilege (both absolute and qualified);
  d) Statements made based on Defendant's own investigation, personal knowledge, and reports from third parties;
  e) Statements regarding matters of significant public interest (allegations of sexual misconduct, unpaid royalties, threats).

- **Denied:** Defendant further denies that Defendant published statements with the intent to harm Plaintiff, with malice, or in disregard of Plaintiff's rights. Defendant published statements in good faith in the context of representing his client, Terrance Dixon, and in furtherance of lawful litigation tactics and legal advocacy.

**REQUESTS FOR ADMISSION NO. 5**: Admit that the document attached as Exhibit D to the Complaint is a true and correct copy of the social media post you made to Instagram on April 29, 2025.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request is compound, seeking admission of multiple distinct facts: (a) that Exhibit D is a "true and correct copy"; (b) that it depicts a social media post made to Instagram; (c) that the post was made on April 29, 2025; and (d) that Defendant authored the post.
2. This Request lacks proper authentication and foundation. Defendant has not been provided with an opportunity to conduct a forensic examination of the original post, metadata analysis, or technical verification to establish authenticity.
3. The term "true and correct copy" is vague and ambiguous. Social media posts can be edited, deleted, manipulated, or altered after they are initially published. Screenshots may not reflect the original state of a post or may be manipulated.
4. This Request seeks admission that a screenshot or reproduction of a social media post is accurate and authentic without forensic analysis or proper chain of custody documentation.
5. This Request incorporates by reference "Exhibit D to the Complaint" without reproducing the exhibit in full within the Request, requiring Defendant to reference external documents.
6. Social media platform metadata (timestamps, edit history, etc.) would be necessary to verify the date and authenticity of any post, which Defendant has not had the opportunity to examine.
7. This Request seeks a legal conclusion that a document is an accurate reproduction, which may affect admissibility and authenticity findings at trial.
8. This Request fails to account for the possibility that posts may have been edited, modified, deleted, or displayed in a misleading context by the Plaintiff or in the Complaint.

**RESPONSE**: Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

ADMITTED IN PART; DENIED IN PART.

- **Admitted:** Defendant Tyrone Blackburn posted content to Instagram on or about April 29, 2025. The general substance and content of Exhibit D may reflect a post made by Defendant on that approximate date.
- **Denied:** Defendant lacks sufficient knowledge to fully admit that Exhibit D is a "true and correct copy" of an Instagram post without opportunity to conduct forensic examination, verification of metadata, analysis of edit history, or technical verification of authenticity. Screenshots can be manipulated, altered, or taken out of context, making them susceptible to misrepresentation. Defendant has not had the opportunity to verify the accuracy of the reproduction.
- **Denied:** Defendant denies that admission of this Request constitutes admission that any statements in the post are defamatory, false, or constitute actionable statements. To the extent Exhibit D reproduces a post made by Defendant, Defendant affirms that all statements therein were made in good faith, based on information available to Defendant at the time, in the context of legal representation and litigation commentary, and constitute protected opinion, commentary, and non-actionable statements on matters of public concern.

**REQUEST FOR ADMISSION NO. 6**: Admit that the phrase "my client," as used in the social media post referenced in Request for Admission No. 3, refers to Defendant Dixon.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:

1. This Request incorporates by reference "the social media post referenced in Request for Admission No. 3" without identifying a specific post, reproducing the relevant language, or providing adequate context, making it unclear what post and what phrase are at issue.
2. Request for Admission No. 3 sought admission regarding "all posts" from an Instagram account, not a specific post, making this Request for Admission No. 6 impossible to answer with specificity without identifying which of potentially hundreds of posts is at issue.
3. This Request seeks admission of the meaning and intent behind Defendant's use of language, which requires context and may have multiple meanings depending on the specific post and surrounding circumstances.
4. This Request lacks temporal specificity—it does not identify the specific date or post at issue.
5. The phrase "my client" is a legal term of art that refers to an attorney-client relationship; admission of this Request could constitute a waiver or acknowledgment affecting the attorney-client privilege analysis.
6. This Request may be seeking admission of facts regarding the scope, duration, and nature of an attorney-client relationship without a proper foundation.
7. This Request seeks admission that may establish Defendant's role as an attorney, which could implicate attorney ethics rules and litigation privilege.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

- **ADMITTED.** Defendant Tyrone Blackburn has represented and continues to represent Terrance Dixon as his attorney in various matters, including the instant litigation and related legal matters. When Defendant has used the phrase "my client" in social media posts, podcast interviews, or other public statements, such references may have been to Terrance Dixon or to another client who has claims against Mr. Cartagena.
- **Further Response:** References to Defendant's client are made in the context of attorney representation and legal advocacy, and are protected by attorney-client privilege, litigation privilege (both absolute and qualified), and First Amendment rights to comment on pending legal matters. Defendant's statements regarding his client's allegations and claims are protected advocacy made in furtherance of lawful representation of a client in litigation.

**REQUEST FOR ADMISSION NO. 7**: Admit that the phrase "your client," as used in the social media post referenced in Request for Admission No. 3, refers to Plaintiff.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows:

Objections:
1. This Request incorporates by reference "the social media post referenced in Request for Admission No. 3" without identifying a specific post or reproducing relevant language, making it unclear what post and phrase are at issue.
2. Request for Admission No. 3 sought admission regarding "all posts," not specific posts, making this Request impossible to answer with specificity without identifying which specific post(s) are at issue.
3. This Request seeks admission of the subjective meaning and intent behind Defendant's use of language, which may vary depending on context and the specific post in question.
4. This Request lacks temporal specificity and does not identify the specific date or post at issue.
5. This Request seeks admission regarding statements allegedly directed to third parties (presumably Plaintiff's counsel), which may not be properly characterized as statements "made by" Defendant to Plaintiff.
6. This Request is vague regarding the identity of the speaker to whom "your client" was allegedly directed.
7. This Request fails to provide context regarding the surrounding statements, the conversation or post in which the phrase appeared, or the full context necessary to determine the meaning.

Response:

Subject to and without waiving the foregoing objections and the General Objections, Defendant responds as follows:

ADMITTED IN PART; DENIED IN PART.

9

- **Admitted:** To the extent that Defendant Tyrone Blackburn, in the context of communicating with, addressing, or responding to Plaintiff's counsel or representatives, used the phrase "your client" to refer to Plaintiff Joseph Cartagena, Defendant admits that the phrase referred to Plaintiff.
- **Denied:** Defendant denies that use of the phrase "your client" in any social media post or statement constitutes defamation, invasion of privacy, harassment, or any unlawful conduct. Such statements, if made, were made in the context of legal advocacy, litigation commentary, and discussion of matters of public concern, and are protected by First Amendment principles and litigation privilege.
- **Contextual Qualification:** Any statements made by Defendant referencing "your client" were made in the context of representing Terrance Dixon and discussing serious allegations against Plaintiff, including allegations of sexual misconduct with minors and theft of musical royalties. Such statements were made in good faith in furtherance of legal representation and are protected advocacy.

**REQUEST FOR ADMISSION NO. 8**: Admit that you can be heard speaking on the social media post made to Instagram by the @officialprinceofpain account on May 2, 2025.

OBJECTIONS AND RESPONSE: In addition to the General Objections, Defendant specifically objects to this Request as follows.

Objections:

1. This Request is vague and ambiguous regarding the audio recording at issue and what is meant by "can be heard speaking on" a social media post.
2. This Request lacks proper authentication and foundation regarding the audio recording referenced, as the Defendant has not been provided with the opportunity to conduct forensic audio analysis or voice identification to verify the authenticity of any recording.
3. This Request incorporates by reference a social media post "made to Instagram by the @officialprinceofpain account" without providing the post itself, providing an adequate description, or identifying the exact URL, date, or other identifying information.
4. This Request seeks admission of voice identification without a proper foundation or expert authentication.
5. This Request assumes facts not in evidence—that an audio recording exists, that it was posted to a specific Instagram account on a specific date, and that a voice on such recording is that of Defendant.
6. Audio files can be edited, manipulated, spliced, or altered. Voice identification requires expert forensic analysis and cannot be established through a simple request for admission.
7. This Request seeks admission that Defendant participated in communication with unidentified speakers on an unidentified date regarding unidentified subject matter, which is improper without foundation.
8. To the extent the audio recording involves confidential communications or attorney-client privileged discussions, admission of this Request could waive privilege.

10

9. This Request may seek to establish facts regarding threats or alleged criminal conduct that implicates the Defendant's Fifth Amendment rights in ongoing criminal proceedings.

Response:

Subject to and without waiving the foregoing objections and the General Objections, and reserving Fifth Amendment rights, Defendant responds as follows:

ADMITTED IN PART; DENIED IN PART.

- **Admitted:** Defendant Tyrone Blackburn made phone calls to various individuals during the period at issue and participated in conversations regarding allegations against Plaintiff and his client's claims. The Defendant participated in podcasts, interviews, and public appearances during which they discussed litigation matters.
- **Denied**: Defendant denies that admission of this Request constitutes admission that any statements allegedly made by Defendant on such recording are false, defamatory, threatening, or constitute unlawful conduct. All statements made by Defendant were made in good faith, in the context of legal representation and litigation commentary, and are protected by First Amendment principles, litigation privilege, and attorney speech protections.
- **Fifth Amendment Reservation:** To the extent this Request or any audio recording referenced therein may be used to establish criminal liability for threats or other conduct alleged in criminal proceedings against Defendant, Defendant reserves his Fifth Amendment right against self-incrimination and may supplement this response or assert Fifth Amendment privileges regarding portions of any audio recording after consultation with criminal counsel.

SUPPLEMENTAL STATEMENT

The Defendant reserves the right to amend and supplement these responses as additional information becomes available, as required by Federal Law. R. Civ. P. 26(e)(1).

The responses provided herein are made in good faith based on information currently available to Defendant. Defendant further notes that many of these Requests seek admissions regarding statements made by Defendant in his personal capacity as an individual and attorney advocating for his client, Terrance Dixon, and such statements are protected by:

1. First Amendment - Opinion, commentary, hyperbole, and statements on matters of public concern.
2. Litigation Privilege - Both absolute and qualified privilege for attorney statements made in the context of pending litigation.
3. Attorney Speech Protections - Statements made in the capacity as an attorney representing a client in litigation.
4. Qualified Privilege - Statements made in good faith in furtherance of legitimate legal interests.
5. Opinion Doctrine - Distinguishing actionable statements of fact from non-actionable opinion.

11

Defendant further notes that statements made by Defendant regarding allegations against Plaintiff were based on:

- Personal observations and conversations with his client.
- Reports from individuals claiming personal knowledge of Plaintiff's conduct.
- Publicly available information regarding Plaintiff's business practices.
- Legal investigations conducted in anticipation of litigation.
- Information provided by third parties in their personal capacities.

All statements made by Defendant were made in good faith, without knowledge of falsity, without reckless disregard for truth, and in the context of lawful litigation advocacy on behalf of Defendant's client.

Dated: November 17, 2025
Brooklyn, New York                                        Regards,

/s/ *Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432
tblackburn@tablackburnlaw.com
Attorneys for Defendants

12