# EXHIBIT G

**Comparison of Plaintiffs' Discovery Requests and Defendant Dixon's Misquoted Versions**

*Cartagena v. Dixon*, No. 25-cv-03552 (S.D.N.Y.)

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| **Request for Production No. 1:** All documents and communications about, referencing, supporting, contradicting, or otherwise evidencing the truth or falsity of the Sexual Misconduct Claims, including but not limited to:<br>a) Allegations that Plaintiff "dated," "groomed," or had sexual relations with Nikki," "Chiquita," or any other alleged minor;<br>b) allegations of statutory rape, pedophilia, or transporting minors across state or international lines;<br>c) any purported victims' names, contact information, statements, affidavits, or declarations;<br>d) the alleged conversations with purported minor girlfriends;<br>e) any age verification materials for the alleged victims; and<br>f) documents reflecting efforts to corroborate or investigate such allegations. | **Request 1**: "Produce all documents, writings, electronic communications, videos, recordings, photographs, and other materials about, referencing, supporting, contradicting, or related to any allegation, claim, threat, warning, report, or investigation regarding statutory rape, sexual assault, child sexual abuse, sex trafficking, forced labor, grooming, pedophilia, or any sexual misconduct allegations against Plaintiff."<br><br>**Answer**: Overly broad—seeks "all documents" spanning decades without temporal, geographic, or subject matter limitations; Vague and ambiguous—"Sexual Misconduct Claim" undefined; conflates statutory rape, sexual assault, trafficking, grooming (legally distinct concepts); "About, referencing, supporting, contradicting, or related to" is boundless—captures tangentially related materials; Seeks attorney-client privilege (communications with victims, witnesses, investigators at counsel's direction); Seeks attorney work product (investigation files, interview notes, legal memos, witness assessments); Seeks to identify alleged victims (privacy violation; especially if minors; law enforcement privilege); Subject to ongoing law enforcement investigations (Homeland Security, local police); Not proportional—Plaintiff has superior access to own alleged conduct/relationships; Assumes facts not in evidence (that Defendant "alleges" misconduct; Defendant reported third-party allegations); Unduly burdensome—requires review of personal files, communications spanning decades. In light of these objections, Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 2:** All documents and communications about, referencing, supporting, contradicting, or otherwise evidencing | **Request 2:** "Produce all documents, writings, electronic communications, videos, recordings, photographs, and other materials about, referencing, supporting, contradicting, or related to any |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| the truth or falsity of Hit Job Claim, including but not limited to:<br><br>a) communications between or among You and Percy, Pistol Pete, or any other individual about the Hit Job Claims;<br><br>b) the purported "19-minute" call involving "Pistol Pete" or any associate; and<br><br>c) documents reflecting efforts to corroborate or investigate such allegations. | allegation, claim, threat, warning, report, or investigation regarding threats, violence, harm, a 'hit job,' contract murder, assassination, kidnapping, or any threat against Defendant."<br><br>**Answer:** Overly broad and vague—"Hit Job Claim" undefined, compound (conflates threats, violence, murder, kidnapping); Seeks materials protected by attorney-client privilege (communications with Defendant regarding threats received); Seeks attorney work product (investigation into threats, legal analysis); Subject to ongoing law enforcement investigations (Homeland Security, local police); Violates privacy/safety of third parties who reported threats (retaliation risk);Assumes facts not in evidence—Defendant reported threats FROM others, didn't "allege" Defendant made threats; Unduly burdensome—extensive law enforcement files; Not in Defendant's possession (law enforcement maintains investigation files); Not proportional—depositions more efficient for establishing what threats Defendant received; Improper assumption that Defendant engaged in threatening conduct (Defendant the victim of threats). Subject to and without waiving the foregoing objections, Defendant will produce the following: Audio recording(19-minute call) referenced in Defendant's public statements, produced as follows: Produced Subject To: Authentication reserved (not admission of accuracy), Relevance objections reserved, Admissibility objections reserved, Production strictly for litigation purposes only, Third-party voice identifications redacted (privacy, ongoing investigations). Defendant will withhold: Attorney-client communications regarding threats, Attorney work product, Documents maintained exclusively by law enforcement. |
| **Request for Production No. 3:** All documents and communications about, referencing, supporting, contradicting, or otherwise evidencing the truth or falsity of the Royalties Claim, including but not limited to: | **Request 3:** "Produce all documents, writings, electronic communications, videos, recordings, photographs, and other materials about, referencing, supporting, contradicting, or related to any allegation, claim, or issue regarding royalties, payments, compensation, money, financial |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| a) The purported negotiation of compensation for Dixon's "creative efforts," described in Paragraph 89 of Dixon's Complaint;<br><br>b) The purported "falsified and backdated split sheets omitting [Dixon's] authorship," described in Paragraph 94 of Dixon's Complaint; and<br><br>c) Any other document or communication regarding ghostwriting, vocal performances, or creative contributions Dixon claims to have made to any musical composition, recording, or performance by Plaintiff, including contracts, emails, stems, session files, and royalty statements. | arrangements, or any financial claim against Plaintiff."<br><br>**Answer**: Overly broad time period—20 years (2005-present) of financial records not proportional; Vague—"Royalties Claim" undefined; conflates royalties, payments, compensation, financial arrangements; Seeks confidential business/financial information (trade secrets, proprietary data); Seeks attorney-client privilege (legal advice regarding compensation, royalty calculations); Seeks attorney work product (damage calculations, financial analysis, legal strategy); Not in Defendant's possession—Plaintiff's entities (record labels, management, accountants) maintain primary financial records; Unduly burdensome—20 years of financial communications; Not proportional—Plaintiff has superior access to own financial records, accountants, business entities; Seeks information available through less burdensome means (Plaintiff's own business records, accountant deposition); Requires protective order for confidential financial information. Subject to these objections, Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 4:** Any witness statements, affidavits, videos, or recordings involving or concerning any of the third parties identified in Dixon's Complaint, Your correspondence described in Paragraphs 69 through 81 of the Complaint and Dixon's Draft Complaint, including but not limited to:<br><br>a) All "people" who purportedly corroborated "all" the claims You made in Dixon's Draft Complaint, as described by Blackburn in his April 23, | **Request 4:** "Produce all documents, writings, electronic communications, videos, recordings, photographs, and other materials about, referencing, supporting, contradicting, or related to any document, claim, allegation, or issue that Defendant uses or relies upon to corroborate, support, or substantiate any allegation regarding the Statutory Rape Claim, Sexual Assault Claim, Hit Job Claim, or Royalties Claim."<br><br>**Answer:** Overly broad and unduly burdensome—"catch-all" request capturing all potentially supporting materials without limitation; Vague—"Corroboration Claim" is artificial construct by Plaintiff, not distinct legal claim; Seeks attorney work product—counsel's assessment of evidence, legal analysis, trial strategy; Duplicative— |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| 2025 phone call with Erica Moreira;<br><br>b) The "16-year-old girl from North Carolina and her mother" at the "Market America event," described by Blackburn in his April 28, 2025 phone call with Erica Moreira;<br><br>c) "Nicole and her friend," the purported 15-year-old girls who Plaintiff and Dixon interacted with at the "Rolex Hotel" in Nigeria, described by Blackburn in his April 28, 2025 phone call with Erica Moreira;<br><br>d) "Nikki" and her cousin, the Bronx high schooler, described by Blackburn in his April 28, 2025 phone call with Erica Moreira; and<br><br>e) Minor Doe 1, Minor Doe 2, Minor Doe 3 and Minor Doe's "15-year-old cousin," described in Paragraphs 179 through 195 of Dixon's Complaint. | substantially similar materials sought in Requests 1-3; Compound and compound assumptions—"corroborate, support, or substantiate" any allegations; Seeks attorney-client privilege; Not proportional—unlimited scope, likely thousands of documents; Improper burden-shifting—seeks all evidence supporting Defendant's positions. Subject to and without waiving the foregoing objections, Defendant states: Incorporates by reference responses to Requests No. 1-3. Responsive materials are identified in those responses. Additional documents will be produced through: Interrogatory responses, Deposition testimony, Fed. R. Civ. P. 26(a) expert disclosures, Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Defendant will withhold: Attorney work product, Attorney-client communications, Attorney's strategic assessment of evidence. |
| **Request for Production No. 5:** All documents and communications You have claimed to possess concerning Plaintiff's purported violence, sexual activity or misconduct, including but not limited to:<br><br>g) the recording of a "15-minute conversation" with a | **Request 5:** "Produce all documents, writings, electronic communications, videos, recordings, photographs, and other materials about, referencing, supporting, contradicting, or related to any allegation, claim, threat, warning, report, or investigation regarding statutory rape, sexual assault, child sexual abuse, sex trafficking, forced labor, |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
| --- | --- |
| "young lady who was Fat Joe's . . . girlfriend" who said that Plaintiff had acted "inapproproriate[ly]," using the word "minor," as described by Blackburn in his May 2, 2025 call in to the "Star Report" podcast;<br><br>h) the "recorded conversation" between Dixon, "Minor Doe 3 and her 15-year old cousin" describing how "awkward" it was for Plaintiff to purportedly be "fawning over children," as described in Paragraph 108 of Dixon's Draft Complaint and Paragraph 195 of Dixon's Complaint;<br><br>i) the two "recordings where two females discuss" Plaintiff's purported "disgusting pattern of grooming and sleeping with 16-year-old children," as described in Blackburn's April 29, 2025 Instagram post;<br><br>j) all recordings purportedly depicting Plaintiff forcing Dixon to "perform" when he "did not want to perform" or otherwise engage in "sex acts," as described by Blackburn in his April 23, 2025 phone call with Erica Moreira; | grooming, pedophilia, or any sexual misconduct allegations against Plaintiff."<br><br>**Answer:** Overly broad—"all audio and video materials" without subject matter limitation, likely thousands of recordings; Vague—no distinction between personal recordings, business recordings, public content; Not proportional—burden of locating and compiling all audio/video files substantially exceeds likely benefit; Seeks materials not relevant to defamation claims (personal voicemails, conversations, family videos); Seeks materials protected by attorney-client privilege (confidential discussions with counsel); Seeks materials protected by work product doctrine; Seeks materials protected by privacy rights (personal communications, family matters); Seeks materials outside Defendant's control (voicemails left by others, podcasts hosted by third parties); Assumes facts—seeks "recordings" without establishing that responsive recordings exist; Seeks authentication- problematic materials (deep fakes, manipulated audio possible). Subject to and without waiving the foregoing objections, Defendant will produce the following: 19-minute audio recording referenced in Defendant's public statements (regarding threats) - produced as follows: Podcast episodes featuring Defendant speaking about matters related to litigation (in original format or URL references). Plaintiff is in possession of the URLs. Public Instagram/social media videos posted by Defendant (2023-present) referencing Plaintiff or litigation. Plaintiff is in possession of the posts. Produced Subject To: Authentication reserved, Relevance/admissibility objections reserved, Production strictly for litigation purposes, Third-party voice identifications redacted (privacy, investigations). Defendant reserves the right to supplement as responsive materials are identified. |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| k) all recordings purportedly showing plaintiff "having sex with people," including but not limited videos taken at the "Rolex Hotel" and "Ghana, Nigeria," as described by Blackburn in his April 28, 2025 phone call with Erica Moreira;<br><br>l) all documents and communications corroborating Your story that Plaintiff "blocked" Dixon from receiving money to fund a music label in Dubai, as described by Blackburn in his April 28, 2025 phone call with Erica Moreira;<br><br>m) the "report" Blackburn stated he would receive from "forensics" regarding Dixon's laptop, as described by Blackburn in his April 28, 2025 phone call with Erica Moreira;<br><br>n) all documents and communications exchanged between You and "Accountant Doe" concerning or constituting the "recorded phone calls," "documented evidence" and "firsthand witness" corroboration of Plaintiff's purported "criminal and fraudulent conduct," described in Paragraph 18 of Dixon's Complaint; | |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
| --- | --- |
| o) the "sworn statement" authored by "Mateo" or "another manager" of Plaintiff and edited by Dixon, as described by Blackburn in his April 23, 2025 phone call with Erica Moreira;<br><br>p) all documents and communications constituting "documented losses" by Dixon, as described by Blackburn in his April 23, 2025 phone call with Erica Moreira;<br><br>q) all "recorded communications" purportedly documenting Richard "Rich Player" Jospitre's involvement in orchestrating threats and retaliatory actions targeting Dixon on Plaintiff's behalf, described in Paragraph 57 of Dixon's Complaint;<br><br>r) the "19-minute" recording purportedly depicting "Pistol Pete" threatening or trying to "set up" Dixon to be "pounded out . . . on behalf of Fat Joe," as described by Blackburn in his May 2, 2025 call in to the "Star Report" podcast, Paragraph 213 of Dixon's Complaint, and Blackburn's April 29, 2025 Instagram post; | |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
| --- | --- |
| s) the "recorded call" of "Rich Player" "reinforc[ing] a threat" against Dixon on Plaintiff's behalf, as described in Paragraph 214 of Dixon's Complaint;<br><br>t) all other "recorded phone calls made to . . . Percy," as described in Paragraphs 293 and 328 through 331 of Dixon's Complaint;<br><br>u) all documentation and communications corroborating Your story that Plaintiff told Dixon that he "had to take care of" a man involved with Plaintiff's "first baby mother," as described by Blackburn in his April 28, 2025 phone call with Erica Moreira;<br><br>v) all documents and communications sent between You and the "social media accounts" "Bitttgggg," "gyybftlobcdewsxz1," "bitggggggz1," "Doctor Zhivag," "westcoast_cleezy," "Pablo Escobar," "jhvfrgnncxs," or any purported "burner" account operated by Plaintiff, "Pistol Pete," or any other purported "associate" of Plaintiff, as described in Paragraphs 28, 218, and 227-255 of Dixon's Complaint; | |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
| --- | --- |
| w) all documents and communications corroborating your claim that "several YouTubers" received "direct threats from" Plaintiff or his "henchmen[,]" as described in Paragraph 234 of Dixon's Complaint;<br><br>x) all documents and communications constituting the purported "extensive evidence of coercive conduct" described in Paragraph 499 of Dixon's Complaint;<br><br>y) all "social media evidence—including Instagram posts from 'JB' and other store affiliates" displaying "subliminal threats directed at" Dixon, as described in Paragraph 691 of Dixon's Complaint; and<br><br>z) any other purported "facts," "evidence," "recordings," "social media posts," "photos" or "other things" purportedly supporting the Hit Job Claim, Sexual Misconduct Claim, and/or Royalties Claim, as described by Blackburn in his April 23, 2025 and April 28, 2025 phone calls with Erica Moreira and his May 2, 2025 call in to the "Star Report" podcast. | |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| **Request for Production No. 6:** All other documents and communications about, referencing, supporting, contradicting, or otherwise evidencing the truth or falsity of the allegations You made in Dixon's Complaint, Your correspondence described in Paragraphs 69 through 81 of the Complaint, and Dixon's Draft Complaint. | **Request No. 6:** "Produce all documents, writings, and electronic communications referencing, discussing, analyzing, or related to any draft complaint, draft pleading, draft motion, proposed legal theories, legal analysis, or settlement discussions with Plaintiff, Plaintiff's counsel, or any third party."<br><br>**Answer:** Seeks attorney work product—draft pleadings, legal analysis, litigation strategy (Fed. R. Civ. P. 26(b)(3)); Seeks attorney-client privilege—confidential communications with counsel; Seeks settlement communication privilege (Fed. R. Evid. 408)—settlement discussions protected; Overly broad—"any" draft or legal discussion spanning entire litigation; Not proportional—work product doctrine specifically protects drafts and litigation strategy; Unduly burdensome—requires production of all attorney work product; Compound request—conflates distinct categories (drafts, analysis, correspondence); Improper purpose—seeking to obtain attorney strategy and mental impressions. Subject to and without waiving the foregoing objections, Plaintiff is in possession of the requested documents. Defendant reserves the right to produce demand letters under Rule 408 protection but will not waive privilege as to the substance of settlement negotiations. |
| **Request for Production No. 7:** All documents and communications, including public statements, social-media posts, stories, reels, live streams, comments, "likes," reposts, or direct message, made by You about Plaintiff, his family, or his business partners. | **Request No. 7:** "Produce all posts, stories, comments, likes, shares, reposts, messages, communications, photographs, videos, and all other content from any social media platform including but not limited to Instagram, Facebook, Twitter/X, TikTok, YouTube, Threads, Snapchat, BeReal, Telegram, WhatsApp, or any other social media or messaging platform, created, sent, received, or maintained by you from January 1, 2023 to present."<br><br>**Answer:** Overly broad—seeks "all" social media content across all platforms for 3-year period; Includes private messages and communications not relevant to claims; Vague—"likes," "shares," "reposts" of third-party content not in Defendant's |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| | control; Seeks materials not reasonably calculated to lead to admissible evidence (personal posts unrelated to litigation); Seeks private communications with counsel (attorney-client privilege); Seeks materials protected by privacy rights; Unduly burdensome—millions of potential social media interactions; Not in Defendant's exclusive control (platforms maintain records; Defendant can access but not exclusively control); Not proportional—social media content already discoverable through platform subpoenas; Seeks materials outside Defendant's possession (reposts, likes, comments by others). Subject to and without waiving the foregoing objections, Plaintiff is in possession of the requested documents. |
| **Request for Production No. 8:** All documents and communications concerning any law enforcement, Homeland Security, or child-protection agency contact, report, tip, or inquiry concerning Plaintiff, the Hit Job Claim and/or the Sexual Misconduct Claim. | **Request No. 8:** "Produce all WhatsApp messages, text messages, SMS communications, Signal messages, Telegram messages, or any other encrypted or private messaging communications between you and any other person referencing, discussing, or related to Plaintiff, the allegations, any of the claims in this case, or any defense to the claims."<br><br>**Answer:** Seeks private communications not relevant to claims (personal texts); Seeks attorney-client privileged communications (confidential discussions with counsel); Seeks communications protected by settlement negotiation privilege; Vague—"referencing, discussing, or related to" captures tangentially related messages; Unduly burdensome—seeks all personal text communications for undefined period; Privacy violation—seeks intimate/personal communications beyond litigation scope; Authentication problems—text messages easily fabricated or altered; Not proportional—depositions more efficient for obtaining relevant communications; Assumes facts—assumes responsive messages exist; Seeks materials outside Defendant's control where recipient is third party. Subject to and without waiving the foregoing objections, Plaintiff is in possession of the requested documents. Defendant reserves the right to: Authenticate messages through deposition testimony |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| | rather than production of screenshots (which can be fabricated). Requests Plaintiff authenticate through parties' own cell phone records or carrier subpoenas. |
| **Request for Production No. 9:** All documents and communications between or among any Defendant and media outlets, podcasters, bloggers, social-media influencers, or publicists about Plaintiff, the allegations raised in this Action, the Royalties Claim, Hit Job Claim and/or the Sexual Misconduct Claim. | **Request No. 9:** "Produce all documents, written communications, reports, correspondence, notes, recordings, or other materials exchanged between you and any law enforcement agency, police department, FBI, Homeland Security, child protective services, or any other government agency from January 1, 2023 to present."<br><br>**Answer:** Subject to law enforcement investigative privilege—ongoing investigations by Homeland Security, local police; Not in Defendant's possession—law enforcement maintains primary files and records; Seeks materials subject to confidentiality under state and federal law; Seeks materials related to ongoing criminal proceedings (Fifth Amendment concerns); Seeks materials maintained by third parties (agencies, not Defendant); Vague—"all documents" spanning all agencies and communications; Not proportional—law enforcement files available through subpoenas to agencies; Seeks materials that may reveal investigative techniques, informants, ongoing investigations. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 10:** All documents and communications reflecting or concerning monetary, reputational, or other benefits You expected, requested, negotiated, or received in connection with Your allegations, social-media postings, interviews, or litigation against Plaintiff. | **Request No. 10:** "Produce all financial records, bank statements, royalty statements, payment records, invoices, receipts, contracts, agreements, or any other financial or business documents regarding money received or paid in connection with musical performances, recordings, songwriting, production, or any other music industry work from January 1, 2005 to present."<br><br>**Answer:** 20-year time period overly broad, unduly burdensome, not proportional; Seeks confidential financial/business information requiring protective order; Seeks materials not in Defendant's possession (record labels, distributors, publishers maintain |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| | primary records); Not proportional—Plaintiff has superior access to own financial records through business entities; Seeks information available through less burdensome means (Plaintiff's accountants, business managers, record label disclosures); Seeks attorney-client privilege (communications with accountants, counsel regarding financial analysis); Seeks attorney work product (financial analysis for damages); Vague—"any other music industry work" undefined; Not relevant to defamation claims (financial arrangements are separate from alleged statements); Unduly burdensome—20 years of financial records from multiple sources. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 11:** All documents and communications about money allegedly owed to and/or received by Dixon from Plaintiff or any entity affiliated with Plaintiff. | **Request No. 11:** "Produce all documents, registrations, certificates, or records regarding copyright ownership, authorship, songwriting credits, producer credits, or ownership interests in any musical compositions, recordings, or works in which you have or claim to have any interest."<br><br>**Answer:** Seeks documents not in Defendant's possession (U.S. Copyright Office maintains official records); Assumes facts "claim to have" is improper burden-shifting; Vague—"any interest" undefined (what constitutes "interest"?); Not proportional Copyright Office records publicly available. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 12:** All documents or communications concerning or evidencing any attempts to destroy, alter, delete, or "scrub" social-media content, recordings, texts, or other materials responsive to these Requests. | **Request No. 12:** "Produce all transcripts, audio files, video files, or recordings of any podcast, interview, appearance, or public statement where you discussed Plaintiff, the allegations, this litigation, or any related matter."<br><br>**Answer:** Seeks public materials easily obtainable from third parties (podcast platforms); Not in Defendant's exclusive possession (podcast hosts |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| | maintain primary files); Seeks materials available through less burdensome means (third-party subpoenas to podcast platforms); Vague—"any related matter" boundless. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 13:** All documents and communications relating to Dixon's statement that he would "take all of Joe's money," including communications with any family member or third party regarding the same. | **Request No. 13:** "Produce all photographs, images, pictures, screenshots, graphics, videos, or visual materials in your possession showing Plaintiff, or referencing, depicting, or related to Plaintiff."<br><br>**Answer:** Overly broad—seeks "all" photographs/images spanning indefinite time period; Vague—"related to Plaintiff" boundless (any photo Plaintiff may appear in?); Seeks personal materials not relevant to litigation (casual photos); Seeks materials not in Defendant's exclusive possession (some materials created by others); Unduly burdensome—requires review of thousands of personal photos; Not proportional—burden exceeds likely benefit. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 14:** All documents and communications regarding the process server incident on May 12, 2025, described in Paragraphs 104 through 105 of the Complaint, including dash-cam footage, cell-phone videos, photographs, police reports, and insurance or repair records. | **Request No. 14:** "Produce all documents, communications, or materials where you made, sent, forwarded, received, or discussed any threat, intimidation, harassment, disparagement, or negative statement toward, about, or regarding Plaintiff."<br><br>**Answer:** Premised on incorrect assumption—Defendant has NOT made threats or engaged in intimidation/harassment; Seeks to elicit admissions through discovery (improper); Compound request—conflates distinct conduct (threats ≠ disparagement ≠ negative statements);Seeks public statements protected by First Amendment; Vague—"negative statement" undefined (criticism protected speech); Seeks materials where Defendant reported threats RECEIVED (mischaracterizes as Defendant making threats). Defendant does not currently have any of the following requested documents, but if that changes, |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| | Defendant reserves the right to supplement these answers. |
| **Request for Production No. 15:** All documents and communications concerning Blackburn's arrest on June 25, 2025, including charging instruments, witness statements, body-cam footage, and appearances in criminal court. | **Request No. 15:** "Produce all documents, police reports, arrest records, mugshots, court filings, or materials related to any criminal charges, arrests, convictions, or legal proceedings involving you from January 1, 2023, to present."<br><br>**Answer:** Violates Fifth Amendment right against self-incrimination (pending criminal assault charges); Relates to ongoing criminal proceedings (not relevant to civil defamation claims); Not in Defendant's possession—criminal court maintains records (Plaintiff may obtain directly); Production would prejudice pending criminal defense. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 16:** All communications between You and potential witnesses identified in Dixon's Complaint. | **Request No. 16:** "Produce all cell phone records, text message logs, phone records, location data, GPS data, or cellular provider records in your possession showing calls, text messages, location, or communications from January 1, 2023, to present."<br><br>**Answer:** Seeks materials not in Defendant's possession (cellular provider maintains records); Seeks private location data (privacy violation); Seeks communications already covered by other requests (duplicative); Unduly burdensome—requires obtaining records from provider, extensive personal data; Not proportional—provider records available through direct subpoena. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 17:** All communications between You and Roc Nation, Market America, or any of Plaintiff's sponsors, business partners, or prospective partners relating to Plaintiff or the allegations at issue. | **Request No. 17:** "Produce all communications, documents, writings, or materials exchanged between you and Tyrone Blackburn, including but not limited to emails, text messages, phone calls, meetings, or any other form of communication." |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| | **Answer:** Seeks attorney-client privileged communications (Blackburn is Defendant's attorney); Seeks work product (communications regarding legal strategy, litigation); Overly broad—seeks "all communications" indefinite time period; Vague—"including but not limited to" boundless. Subject to and without waiving the foregoing objections: Defendant will NOT produce communications with counsel (Tyrone Blackburn, T.A. Blackburn Law, PLLC), which are attorney-client privileged. All communications with T.A. Blackburn Law, PLLC are privileged attorney-client communications. |
| **Request for Production No. 18:** All documents and communications related to or with any attorney disciplinary authority (state bar, grievance committee, etc.) or proceeding concerning Blackburn. | **Request No. 18:** "Produce all communications, statements, notes, or materials exchanged between you and any other person regarding the allegations, Plaintiff's conduct, the claims in this case, your defenses, or any witness."<br><br>**Answer:** Seeks attorney work product—witness communications at counsel's direction are privileged; Seeks attorney-client privilege—many communications made in context of legal representation; Overly broad—"any other person" and "any" matter related to case; Unduly burdensome—seeks all communications with potentially hundreds of third parties;Not proportional—depositions more efficient for obtaining witness information; Seeks materials subject to privacy rights; Assumes facts not in evidence. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 19:** All insurance policies that may provide coverage for the claims asserted in this Action and communications with carriers regarding potential coverage. | **Request No. 19:** "Produce all documents, evidence, materials, or other proof that you rely upon or intend to use to support any affirmative defense, including but not limited to any defense of truth, substantial truth, opinion, hyperbole, satire, protected speech, or any other defense to Plaintiff's claims."<br><br>**Answer:** Seeks attorney work product—Defendant's litigation strategy and mental impressions; Seeks |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| | attorney-client privilege—legal analysis of defenses; Seeks premature trial preparation—documents will be produced through Rule 26(a)(3) pretrial disclosures; Overly broad—seeks "all" supporting materials; Not proportional—burden substantially exceeds likely benefit at this discovery stage; Compound—conflates distinct defenses. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |
| **Request for Production No. 20:** All documents and communications You intend to use or may rely upon to support any defense or counterclaim in this Action. | **Request No. 20:** "Produce all insurance policies, insurance cards, insurance agreements, declarations pages, correspondence with insurers, coverage letters, or any other insurance-related documents in your possession."<br><br>**Answer:** Seeks confidential insurance information beyond Fed. R. Civ. P. 26(a)(1)(A)(iv) requirements; Seeks communications with carriers protected by settlement negotiation privilege; Seeks materials not relevant to liability (coverage determinations); Unduly burdensome—seeks policy documents not proportional to claims. Subject to and without waiving the foregoing objections, Defendant does not have insurance. |
| **Request for Production No. 21:** All documents and communications evidencing or concerning any attempt to intimidate, threaten, or harass Plaintiff, his counsel, witnesses, or their family members. | **Request No. 21:** "Produce all documents, analyses, calculations, reports, or materials concerning your damages, harm, injuries, emotional distress, or any other harm allegedly suffered."<br><br>**Answer:** Defendant is not claiming damages in counterclaim or separate action; Relevant only to equitable relief in affirmative defenses (not damages); Seeks attorney work product (damages analysis prepared for litigation); Seeks materials available through interrogatory responses and depositions; Not proportional—interrogatories are an appropriate vehicle for damages information. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |

| Plaintiff's Requests for Production | Defendant Dixon's Misquoted Requests (and Responses) |
|---|---|
| **Request for Production No. 22:** All documents and communications not otherwise requested that refer or relate to the allegations, defenses, or possible damages in this Action. | **Request No. 22:** "Produce all other documents, materials, writings, electronic data, communications, records, or evidence in your possession, custody, or control that are relevant to, related to, or have any connection to the allegations, claims, defenses, parties, witnesses, locations, events, or any other matter in this litigation that have not been produced in response to the preceding requests."<br><br>**Answer:** Ultimate "catch-all" request—overly broad, vague, unduly burdensome, unlimited scope; Seeks materials not reasonably calculated to lead to admissible evidence; Seeks attorney work product and mental impressions; Seeks attorney-client privileged materials; Seeks materials not in Defendant's possession; Not proportional under Fed. R. Civ. P. 26(b)(1)—burden substantially exceeds likely benefit; Seeks materials already discoverable through specific requests (duplicative); Violates spirit of Fed. R. Civ. P. 33-34 requiring specificity; Seeks materials beyond the reasonable scope of litigation discovery; Improper attempt to avoid the specificity requirement of discovery rules. Defendant does not currently have any of the following requested documents, but if that changes, Defendant reserves the right to supplement these answers. |