

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

December 22, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

   Re: *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

  Plaintiff Joseph Cartagena submits this letter pursuant to Rule 1(A) of this Court's Individual Rules of Practice in Civil Cases to inform the Court of the recent decision in *Gardner v. Combs*, , 2025 U.S. Dist. LEXIS 258523 (D.N.J. Dec. 15, 2025) ("the **Decision**"). As discussed below, the Decision supports Mr. Cartagena's requests to sanction Defendant Tyrone Blackburn for his persistent misconduct, despite repeated warnings from multiple courts. *See* ECF No. 53, 57-58.

  In the Decision, Judge Leo M. Gordon sanctioned Mr. Blackburn finding that he "admittedly . . . failed to make a diligent inquiry into the veracity of" a case citation "even after defense counsel specifically highlighted the questionable nature of that citation[.]" *Gardner*, 2025 U.S. Dist. LEXIS 258523, at *6. There, Mr. Blackburn "cited to a non-existent case . . . and fabricated legal propositions derived from generative artificial intelligence ("AI") in support of Plaintiff's opposition to Defendants' motions to dismiss," which he filed on February 11, 2025. *Id.* at *1. At oral argument on the motion to dismiss on November 17, 2025, the Court requested that Mr. Blackburn provide defense counsel with a copy of the case and an explanation for the erroneous citation. *Id.* at *7. When Mr. Blackburn failed to do so, the Court issued an order to show cause ("**OSC**") why he should not be sanctioned. *Id.* After receiving the OSC, Mr. Blackburn filed a letter "provid[ing] some general details about recent personal hardships and requested relief from the OSC hearing." *Id.* at *8. At the OSC hearing on December 3, 2025, however, Mr. Blackburn was not able to explain why he did not "identify or correct" the citation. *Id.* at *9. In light of Mr. Blackburn's failure to comply with the Court's order at the motion to dismiss hearing and his prior "admonitions from the Western District of Pennsylvania" regarding AI-related issues,[1] Judge Gordon found that Mr. Blackburn "violated Rule 11 due to his negligent reliance on unverified (AI-hallucinated) case law and subsequent failure to communicate with respect to the court's follow-up." *Id.* *9-10.

  Judge Gordon noted that "a sanction on the higher end of the range" was warranted "in light of the existence of pattern behavior on the part of Mr. Blackburn and his failure to provide any response to defense counsel or the court when this issue was specifically brought to his attention." *Id.* at *10. Accordingly, the court sanctioned Mr. Blackburn $6,000 and ordered him to (1) "seek assistance from the

---

[1] As addressed in Mr. Cartagena's October 7, 2025 Notice of Supplemental Authority, Mr. Blackburn was sanctioned for filing legal documents that he neither prepared nor reviewed to ensure their accuracy in *Jakes v. Youngblood*, No. 24-CV-1608 (W.D. Pa. Oct. 6, 2025). *See* ECF 68

Hon. Jennifer L. Rochon  
December 22, 2025  
Page 2



appropriate attorney licensing entities in the States of New Jersey and New York to address the underlying issues that led to the sanctionable conduct in this action;" (2) "self-report the OSC and [the Decision] to the appropriate attorney licensing entities of the States of New Jersey and New York for those entities to take whatever action they deem appropriate;" (3) "provide a written report to the court regarding his compliance with the above-ordered self-reporting and requests for assistance from the attorney licensing entities in the States of New Jersey and New York, including an acknowledgment by those entities;" and (4) serve and discuss with his client the Decision, each of the filings leading up to the Decision, the OSC hearing transcript, and the *Jakes* opinion. *Id.* at *11-13.

  The Decision strongly supports Mr. Cartagena's requests for sanctions against Mr. Blackburn for the same reasons as the Western District of Pennsylvania's sanctions decision in *Jakes*. *See* ECF 68. Blackburn's Memorandum of Law in Support of Defendants' Motion to Dismiss (ECF No. 46) (the "**Memorandum**") contained inaccurate or fabricated citations and quotes to caselaw. Similarly, Blackburn's excuses—that he "had no reason to doubt the accuracy of" the AI tools he used (ECF No. 58)—are unfounded, mirroring Mr. Blackburn's explanation in *Jakes* and *Gardner*. Before submitting the Memorandum on August 11, 2025, Mr. Blackburn claims to have taken several CLE courses related to ethical AI usage. ECF No. 58 at 3-4. In fact, by the time Mr. Blackburn submitted the Memorandum, Mr. Blackburn had already been on notice of the fact that his *Garnder* motion to dismiss opposition cited to a hallucinated case for *five months*.[2] Thus, as in *Jakes* and *Gardner*, despite awareness of the AI tools' flaws, Blackburn continued to "unquestioningly trust[] the[ir] accuracy . . . without fully verifying" their outputs. ECF No. 58 at 3.

  Accordingly, this Court, like Judges Stickman and Gordon, should sanction Mr. Blackburn. *See* ECF No. 53, 57-58. Doing so would send a strong message to Mr. Blackburn that his misconduct carries consequences, thereby ensuring that violations of his obligations to the Court are not committed with impunity.

  We thank the Court for its attention to this matter.

  Respectfully submitted,

  /s/ Jordan W. Siev

cc: All counsel by ECF

---

[2] Reply Memorandum of Law in Further Support of Defendant Sean Combs' Motion to Dismiss the First Amended Complaint at 11-12, n. 6, *Gardner v. Combs*, No. 2:24-cv-07729, ECF 69 (Mar. 13, 2025) ("Plaintiff also repeatedly cites "*United States v. Masha*, 990 F.3d 1005, 1014 (7th Cir. 2021)" . . . however, undersigned counsel has been unable to locate a case with this citation.").