

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

December 22, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

Re:    *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

Plaintiff Joseph Cartagena requests a pre-motion discovery conference, pursuant to Rule 2.E. of Your Honor's Individual Rules of Practice in Civil Cases and SDNY Local Civil Rule 37.2, due to Defendants Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn, PLLC's ("**Defendants**") continued refusal to engage in the discovery process, misrepresentations to Mr. Cartagena and the Court, and new representations that Mr. Blackburn is withdrawing from active practice.

Defendants' unwillingness to engage in discovery has already forced Mr. Cartagena to seek judicial relief twice. *First*, in October, after Defendants failed to respond to multiple written and telephonic requests to discuss discovery—including a proposed stipulated confidentiality agreement and protective order (the "**Stipulation**")—Mr. Cartagena was forced to request a discovery conference regarding Defendants' failure to serve responses to his first set of discovery requests. *See* ECF 78. It was only after Mr. Cartagena filed that request that Defendants responded. In its October 30, 2025 order, the Court found Defendants' delays and non-responses "unacceptable," and warned that it should "not happen [again] in the future." ECF 80 at 1-2. *Second*, following the Court's order, Mr. Cartagena attempted to contact Mr. Blackburn *five* separate times over the course of several weeks regarding the outstanding Stipulation. Mr. Blackburn ignored every single one of these communications, forcing Mr. Cartagena to again seek this Court's intervention on December 1. ECF 95. On the evening of December 4, 2025, hours ***after*** Defendants filed a frivolous motion for sanctions against Mr. Cartagena and his counsel, Mr. Blackburn finally responded to Mr. Cartagena's latest letter regarding the Stipulation claiming that he had "missed" it and consented to the Stipulation. **Exhibit A**.

The instant dispute is related and concerns Defendants' failure to serve discovery responses or produce documents in response to Mr. Cartagena's renewed requests for production (the "**Requests**") despite Defendants' statements to the Court and Mr. Cartagena promising otherwise. On October 29, 2025, Defendants filed a letter in response to Mr. Cartagena's first discovery conference request stating that "[o]nce Plaintiff correctly serves the discovery requests, Defendants will provide complete responses within the time periods prescribed by" the Federal Rules of Civil Procedure and that "Defendants are willing and eager to proceed with discovery in this case." ECF 79 at 3. That same evening, Mr. Cartagena mailed all of his discovery requests to Mr. Blackburn. The following morning, Mr. Blackburn confirmed that he had received the documents and reaffirmed that Defendants would "respond in accordance with the

---

**Stamped order (top of page):**

Request GRANTED. The parties are ORDERED to appear before the Court for a virtual conference on **January 6, 2026** at **2:30 p.m.** Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 166 590 535 #.

Date:  December 30, 2025
New York, New York

**SO ORDERED.**

*/s/ Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

---

Hon. Jennifer L. Rochon
December 22, 2025
Page 2

ReedSmith

deadlines set forth in the FRCP." **Exhibit B**. They did not. Instead, Defendants served incomplete and baseless responses and objections ten days after they were due. At the time of this letter, Defendants have not produced any documents other than three recordings that Defendants either sent to Mr. Cartagena at the beginning of this litigation or that are publicly available. Their refusal to produce additional documents is baseless.

***Defendants' Objections Are Untimely and Therefore Waived.*** Under the applicable rules, Defendants' responses to the Requests were due on December 1, 2025. *See* FRCP 5(b)(2)(c), 6(d), 33(b)(2), 34(b)(2)(A). Defendants failed to meet that deadline. On December 4, 2025, Mr. Cartagena sent Defendants a letter requesting an immediate meet-and-confer call to address their failure to discharge their discovery obligations. **Exhibit C**. Mr. Blackburn responded that evening only stating that "[t]he discovery was mailed the week of Thanksgiving. I will email them to you in a couple of hours when I get in." **Exhibit D**. Both statements turned out to be false. Blackburn never emailed Mr. Cartagena a copy of the discovery responses, and to date, Defendants Blackburn and Blackburn Law have yet to serve any responses to Mr. Cartagena's document requests or interrogatories. Mr. Blackburn instead only uploaded Defendant Dixon's responses and objections ("**R&O**") to Mr. Cartagena's document requests and interrogatories (as well as each Defendants' responses to Mr. Cartagena's requests for admission) to a file share website on December 10, 2025. Metadata on those R&Os reflects that they were created between December 4 and December 8—not on or before the deadline of December 1. Moreover, on December 12, 2025, Mr. Cartagena received a USPS package containing the same set of incomplete R&Os with postage dated *December 10, 2025*. **Exhibit E** at 2. Any objections Defendants have to the Requests are therefore waived.

***Dixon's Purported Objections Are Baseless and Respond not to the Requests Themselves, but Summaries Likely Generated by A.I.*** Compounding the issues with their untimely responses, Dixon's purported objections to Mr. Cartagena's requests for production are baseless for myriad reasons. *First*, Dixon objected to producing any "confidential," "sensitive," or "financial" information on the grounds that a protective order is required (*see id.* at 12, 14, 18)—even though the Court entered the Parties' stipulated Protective Order on December 8. ECF 105. *Second*, Dixon objected on the grounds that certain material sought by the Requests is "subject to ongoing law enforcement investigations" even though Dixon cites to no authority providing for such a privilege or describes what investigation, if any, is ongoing. *Id.* at 13, 14, 18. *Third*, Dixon objected on "proportion" grounds, claiming that Mr. Cartagena has superior access to his own alleged conduct/relationships—even though Defendants have repeatedly disputed Mr. Cartagena's allegations about *their* knowledge as part of their "actual malice" defense. *See, e.g.*, ECF 99 at 7-8. *Fourth*, Dixon lodged breadth and vagueness objections to the Requests, claiming they were either "overly broad," lacking "subject matter limitations," or otherwise incorporate undefined terms. A cursory review of the Requests reveals that this is simply untrue. Mr. Cartagena's Requests painstakingly identified every claim made by Defendants (of which Mr. Cartagena is aware) and requested that Defendants produce any documents and communications supporting, contradicting, or otherwise evidencing the truth of those specific claims. *See* **Exhibit F** at 8-14.

The reason for Dixon's baseless breadth and vagueness objections becomes apparent when viewing the "requests" Dixon purported to reproduce and quote in his R&Os: they are not Mr. Cartagena's Requests, but drastically shortened and wholly inaccurate summaries of the Requests. *See* **Exhibit G** (comparison of requests). These misquotations are consistent with Defendants' pattern of using artificial intelligence ("**A.I.**") in legal documents, which Mr. Blackburn appears to have used again to generate Dixon's discovery responses. In several instances, Dixon purports to object to quoted phrases that only

Hon. Jennifer L. Rochon
December 22, 2025
Page 3

appear in his summaries and not Mr. Cartagena's Requests. *See id.* at 11 ("shares"); 12 ("referencing, discussing, or related to"); 14 ("any other music industry work," "claim to have," "any interest"); 15 ("any related matter," "related to Plaintiff"). For most of the Requests, the subject matter of Dixon's misquoted versions is entirely different than the original versions. *See, e.g. id.* at 13-18 (misrepresenting the nature of Request for Production Nos. 9-21).

This apparent continued reliance on A.I. is particularly egregious given Mr. Blackburn's prior representations to this Court (and many others) that he had taken continuing legal education courses in July "to better understand the implications of artificial intelligence in legal drafting." At least three Courts have sanctioned Mr. Blackburn for similar conduct since then—two of them before Dixon prepared the instant responses. *See Gardner v. Combs*, No. 2:24-cv-07729, 2025 U.S. Dist. LEXIS 258523, at *11 (D.N.J. Dec. 15, 2025); Memorandum Order, *Jakes v. Youngblood*, No. 24-cv-1608 (W.D. Pa. Oct. 16, 2015), ECF 71; Decision + Order on Motion, *Facey v. Fisher*, No. 152088/2025 (N.Y. Sup. Ct. Sept. 15, 2025), NYSCEF No. 50. Mr. Blackburn's continued unchecked reliance on artificial intelligence despite purportedly taking remedial CLE courses and being sanctioned *three* times for his knowing failure to make diligent inquiries into the veracity of his A.I.-generated work product demonstrates that he will continue to abuse this technology and create additional work for Mr. Cartagena and the Court unless he is judicially estopped from doing so.

***Mr. Blackburn has Placed his Ability to Continue his Legal Representation into Question.*** Finally, because of Defendants' continued failure to provide discovery and the upcoming January 30, 2026 deadline for the close of fact discovery, Mr. Cartagena is compelled to inform the Court of Mr. Blackburn's recent representations to the Honorable Jamel K. Semper of the District Court of New Jersey that circumstances "necessitate [his] withdrawal from active practice" because his ability to "represent [his] clients has become untenable given [his] current mental and physical state." **Exhibit H** at 2-3. Given these representations—which are consistent with Mr. Blackburn's repeated inability to comply with deadlines and professional rules of conduct—Plaintiff intends to move for an order compelling Defendants to produce all documents responsive to their Requests by January 5, 2026.

\*   \*   \*

Mr. Cartagena respectfully requests a pre-motion discovery conference to address Defendants' pattern of non-compliance.

Respectfully submitted,

/s/ *Jordan W. Siev*

cc:   All counsel by ECF