# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

January 9, 2026

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re:** *Joseph Cartagena v. Terrance Dixon, et al.,*
Case No. 1:25-cv-03552 (JLR)

Dear Judge Rochon:

Defendant Tyrone A. Blackburn, Esq., respectfully submits this emergency application seeking immediate Court intervention based on the discovery that Plaintiff's Second Amended Complaint ("SAC") is materially based on secret and illegal recordings of confidential attorney-to-attorney settlement discussions, made in violation of Florida's criminal wiretapping statute, Fla. Stat. § 934.03, and subject to Florida's absolute exclusionary rule, Fla. Stat. § 934.06. A copy of the governing Florida statute is attached as **Exhibit A**.

Defendant respectfully requests that the Court issue an Order to Show Cause, stay discovery, and enter an interim order barring Plaintiff from using or relying on the illegal recordings or any derivative information pending resolution of the Court's inquiry.

On January 8, 2026, Defendant Blackburn learned through discovery which the court compelled plaintiffs to turn over in this litigation that Plaintiff's former counsel, Erica Juliana Moreira, Esq., secretly recorded two confidential attorney-to-attorney settlement calls with Defendant Blackburn on April 23, 2025, and April 28, 2025, without his knowledge or consent. Ms. Moreira was physically located in Florida at the time and used recording equipment located in Florida. Florida is a <u>strict two-party</u> consent jurisdiction, and secretly recording these calls constitutes a <u>felony</u> under Fla. Stat. § 934.03 (Ex. A). Defendant Blackburn has since filed criminal complaints with Florida authorities, and those complaints are currently under active investigation.

These were not casual conversations. They were confidential settlement negotiations between opposing counsel in contemplation of litigation. Settlement communications between attorneys receive heightened protection under both attorney work product doctrine and principles governing the integrity of the adversarial process. The secret recording of such communications violates not only Florida's criminal wiretapping statute but also fundamental principles protecting attorney work product and the integrity of settlement negotiations essential to the judicial system.

The problem before the Court is not merely that illegal recordings exist. The problem is that Plaintiff's Second Amended Complaint is visibly and materially constructed from them. The






SAC contains extended, multi-paragraph verbatim quotations attributed to Defendant Blackburn, detailed reproductions of speech patterns and filler words, and narrative reconstructions that simply cannot be produced from memory or ordinary note-taking. By way of example, paragraphs 80 and 84 reproduce lengthy blocks of dialogue from the April 23 and April 28, 2025, calls, and paragraphs 11 and 155 likewise rely on statements allegedly made during those same conversations. The presence of conversational tics, pauses, and extended verbatim phrasing makes clear that these passages could only have come from recordings or transcripts.

Critically, Plaintiff's conduct in pleading these allegations demonstrates that Plaintiff and its counsel <u>knew</u> the recordings were illegal. Across three successive pleadings—the Original Complaint, the Amended Complaint, and the SAC—Plaintiff never once identified Ms. Moreira as the person who recorded the conversations, never disclosed that the calls were recorded at all, never identified her as the person with whom Defendant Blackburn was speaking, and never explained how Plaintiff's counsel obtained verbatim reconstructions of private settlement discussions. Instead, the pleadings repeatedly refer only to "Cartagena's counsel," a deliberate and calculated vagueness that serves no purpose other than to conceal the unlawful source of the information. This sustained omission across three separate pleadings cannot plausibly be explained as oversight or imprecision. It reflects a <u>deliberate, unethical, and bad-faith</u> litigation tactic designed to conceal the unlawful origin of the recordings while exploiting their contents in a federal pleading.

The bad faith is further underscored by the fact that Plaintiff and its counsel did not limit their use of this illegal material to this litigation. They also filed a baseless attorney disciplinary complaint against this writer, relying on the same unlawfully recorded conversations and the same derivative material. In other words, Plaintiff has attempted to weaponize criminally obtained evidence not only to prosecute this civil action, but also to invoke the disciplinary process against opposing counsel. This confirms that the concealment of the recordings' origin was not accidental, but part of a broader, coordinated strategy to exploit illegal recordings while obscuring their source and illegality.

Florida law leaves no room for doubt about the consequences of this conduct. The statute provides that the contents of any illegally intercepted communication, and any evidence derived from it, **<u>may not</u>** be received in evidence in any trial, hearing, or other proceeding. Fla. Stat. § 934.06 (Ex. A). This is an absolute exclusionary rule. It bars not only the recordings themselves, but anything derived from them.

Florida's exclusionary rule is absolute and contains no good faith exception. *State v. Garcia*, 547 So. 2d 628 (Fla. 1989); *McDade v. State*, 154 So. 3d 292 (Fla. 2014). The Florida Supreme Court has repeatedly emphasized that this statutory exclusionary rule differs from the judicially-created Fourth Amendment exclusionary rule, and courts cannot create exceptions based on equitable considerations or the nature of the underlying claims. *Id*. The rule unequivocally bars not only the recordings themselves but all evidence derived from them, including pleadings constructed from such evidence. Here, the SAC itself is a derivative product. Without the illegal recordings, Plaintiff could not have pleaded these allegations in this form or with this level of purported specificity.

Plaintiff is now attempting to proceed with discovery and motion practice on a pleading that is <u>facially infected by criminal conduct</u>, while simultaneously demanding discovery



concerning the very conversations that were unlawfully recorded. Defendant has categorically refused to cooperate with these demands and has informed Plaintiff's counsel that the recordings are inadmissible under Florida law. This places Defendant in an untenable position and threatens to contaminate the entire proceeding. This is not a dispute about the merits of the parties' claims or defenses. It is a fundamental issue of judicial process integrity and the Court's supervisory authority over how litigation is conducted.

Florida courts have imposed severe sanctions for precisely this type of misconduct. In *Samra v. Bedoyan*, 299 So. 3d 1138 (Fla. Dist. Ct. App. 2020), the Florida District Court of Appeal reviewed a 51-page sanctions order against attorneys who used illegally intercepted privileged communications, describing the conduct as egregious misconduct involving suspect information acquired through suspect circumstances in bad faith. The author of the sanctions order, Judge Butchko, found that such conduct was designed to gain tactical advantage and damage opposing counsel's reputation and credibility. The deliberate concealment across three successive pleadings and using it in the filing of a NYS Bar Disciplinary complaint here is even more egregious than the conduct sanctioned in *Samra*.

For these reasons, Defendant respectfully requests that the Court issue an Order to Show Cause addressing whether the Second Amended Complaint must be stricken and whether sanctions are warranted, staying discovery in the interim, and prohibiting any use or reliance on the April 23 and April 28, 2025, recordings or any information derived from them. Defendant further respectfully requests that the Court require Plaintiff and Plaintiff's counsel to explain, under oath, when they first learned of the recordings, how they obtained them, whether they were used in drafting any version of the complaint, and why their existence and source were concealed from the Court.

This Court should not permit a federal action to proceed on a pleading constructed from **<u>criminally obtained evidence</u>**, particularly where the source of that evidence was deliberately hidden from the Court across multiple pleadings and simultaneously weaponized in a disciplinary proceeding. At minimum, the Court must pause the case and examine how this action has been built before anything further occurs.

Defendant Blackburn respectfully requests immediate intervention.

Respectfully,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ECF.

 347-342-7432     tblackburn@tablackburnlaw.com    TABlackburnlaw.com