

**Driving progress**
**through partnership**

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

January 12, 2026

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

> **Re:**  *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

Pursuant to Rule 2.E. of Your Honor's Individual Rules of Practice and Local Civil Rule 37.2, Plaintiff Joseph Cartagena requests a pre-motion discovery conference to address the refusal by Defendants Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn, PLLC ("**Defendants**") to appear for their depositions in person, on a weekday, before the January 30, 2026 fact discovery deadline.

As discussed during the conference on January 7, 2026 in response to a question from the Court, Mr. Cartagena's counsel stated that they planned to serve deposition notices following the outcome of that conference.  He in fact did so on January 8, 2026, with depositions noticed to take place at the offices of Mr. Cartagena's counsel on January 21-22, 2026. *See* **Exhibit A**. The following morning, the Parties attended a discovery conference where the Court confirmed it would not extend the fact discovery deadline of January 30, 2026. The Court requested that the Parties complete document productions by January 16, 2026, so depositions could be completed in the last two weeks of January. Mr. Blackburn agreed with this schedule on the record and did not indicate any issues with his availability.

Several hours after the discovery conference, however, Mr. Blackburn reversed course. Mr. Blackburn stated, for the first time, that he (1) would not be available for the noticed depositions on January 21-22, 2026 because he would be "dealing with a personal family matter," (2) would not be available any day in the last week of January because he had a "pre-planned medical procedure" during those days, and (3) would only be available on several dates beyond the close of fact discovery. ***See*** **Exhibit B** at 6. The parties thereafter held a meet and confer on January 12, 2026, during which Mr. Blackburn stated that his only availability before the close of fact discovery was on January 17 and 24— both Saturdays on which Mr. Cartagena's counsel is unavailable. He also stated that Defendants would only sit for virtual depositions, purportedly because Mr. Dixon had been threatened (though Mr. Blackburn did not state who had threatened Mr. Dixon, when or why).

Defendants' refusal to be deposed during business hours before the fact discovery deadline suggests bad faith. Defendants have been aware of the January 30, 2026 fact discovery cutoff *since* the Court issued its Case Management Order on November 13, 2025. Yet, Mr. Blackburn failed to raise any scheduling conflicts until after the January 9 conference, where he agreed to the Court's discovery schedule. This last-minute claim of unavailability is either the result of poor planning or intentional delay.

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT
HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Hon. Jennifer L. Rochon
January 12, 2026
Page 2



Mr. Blackburn violated his duty of candor by remaining silent about these purported conflicts at the January 9, 2026 conference.

Defendants' refusal to sit for in-person depositions is similarly meritless. "The general rule regarding the location of a deposition is that the party noticing the deposition usually has the right to choose the location." *Eletson Holdings Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331 (LJL), 2025 U.S. Dist. LEXIS 135820, at *2 (S.D.N.Y. July 16, 2025) (internal quotations omitted); *accord Kiss v. Kenny*, 2025 U.S. Dist. LEXIS 102534, at *2 (S.D.N.Y. May 29, 2025); *see also* Fed. R. Civ. P. 30(b)(1) (dictating that the notice "must state the time and place of the deposition"). And while the Court has discretion to designate the location of the deposition, requests for remote depositions are typically only granted where claims of "prejudice" and "hardship" outweigh the default preference for in-person depositions. *Kiss*, 2025 U.S. Dist. LEXIS 102534, at *2-3. Defendants have not demonstrated any prejudice or hardship in attending an in-person deposition in New York City, where both Mr. Dixon and Mr. Blackburn reside.

For the foregoing reasons, Mr. Cartagena respectfully requests a pre-motion conference to address Defendants' conduct and, if necessary, file an emergency motion to compel their deposition testimony.

Respectfully submitted,

/s/ *Jordan W. Siev*

cc:     All counsel by ECF