

**Driving progress**
**through partnership**

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

January 13, 2026

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

      **Re:**    ***Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR**

Dear Judge Rochon:

Plaintiff Joseph Cartagena submits this response to Defendant Tyrone A. Blackburn, Esq.'s[1] meritless January 9, 2026 "emergency" letter. Mr. Blackburn baselessly asks the Court to: (1) order Mr. Cartagena to show cause why the Second Amended Complaint should not be stricken and sanctions should not be imposed; and (2) in the interim, stay discovery and enjoin the use of recordings of two conversations between Mr. Blackburn and Mr. Cartagena's counsel, Erica Moreira (the "**Recordings**").

Mr. Blackburn's motion is built on a single, demonstrably false premise: his fictional assertion that Ms. Moreira made the Recordings in Florida in violation of Florida law. From this fabrication, he leaps to the baseless conclusion that the Second Amended Complaint is "visibly and materially constructed" from these "unlawful" Recordings and must be stricken. Mr. Blackburn's motion is constructed on a foundation of falsehoods.

As was represented to the Court during the conference on January 9, 20206, and as confirmed by the declaration of Ms. Moreira annexed hereto ("<u>Moreira Decl.</u>"), Ms. Moreira made the Recordings while she was in New York. Moreira Decl. ¶ 4. New York is a one-party consent state, where it is perfectly legal to record a conversation if one party to that conversation consents. N.Y. Penal Law § 250.00. Ms. Moreira was a party to the conversation, and she consented. The Recordings were therefore made lawfully. Mr. Blackburn's desperate invocation of Florida law is entirely irrelevant and provides no basis for his requested relief.  Worse yet, Mr. Blackburn made his inflammatory statement during the January 9 conference and in his January 9 letter without so much as having asked Ms. Moreira (or Mr. Cartagena's counsel) where Ms. Moreira was when she made the recordings. Moreira Decl. ¶ 5. Thus, he violated his duty under Fed. R. Civ. P. 11 to conduct a reasonable inquiry into the truthfulness of his factual contentions. This alone warrants denial of his application.

Further, Mr. Blackburn's request is procedurally defective. He improperly seeks what amounts to a temporary restraining order—"an interim order barring Plaintiff from using or relying on the illegal

---

[1] Notably, Mr. Blackburn's firm, Defendant T.A. Blackburn Law, PLLC, and Defendant Terrance Dixon, do not join Mr. Blackburn's letter.

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT
HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Hon. Jennifer L. Rochon
January 13, 2026
Page 2

ReedSmith

recordings or any derivative information pending resolution of the Court's inquiry"—without following this Court's rules for doing so. *See* Individual Rules of Practice in Civil Cases, Rules 1.A., 3.I.

More fundamentally, Mr. Blackburn does not even attempt to show that he meets the stringent requirements for injunctive relief. He offers no evidence of a likelihood of success on the merits, no showing of irreparable harm, no analysis of the balance of equities, and no reason why such an injunction would be in the public interest. This complete failure to address the controlling legal standard is dispositive.

Finally, Mr. Blackburn's feigned outrage over the "concealment" of Ms. Moreira's name in Mr. Cartagena's pleadings is absurd. The neutral identification of "Cartagena's counsel" is not only factually accurate, but is standard practice and certainly not indicative of bad faith when Mr. Blackburn knew perfectly well to whom he was speaking during the recorded calls. Indeed, Mr. Blackburn had previously sent demand letters to Ms. Moreira.

In short, Mr. Blackburn has failed to establish any basis, let alone an "emergency" one, for the extraordinary relief he seeks. His letter could have been avoided had he simply asked where the Recordings were made. Instead, he chose to rush to file this doomed motion and yet again waste party and judicial resources. The Court should therefore deny the motion in its entirety.

Respectfully submitted,

/s/ *Jordan W. Siev*

cc:     All counsel by ECF

**DECLARATION OF ERICA J. MOREIRA**

I, Erica J. Moreira, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.       I am an attorney at Moreira Law, PLLC. I make this declaration in response to Defendant Tyrone A. Blackburn, Esq.'s letter to The Hon. Jennifer L. Rochon, dated January 9, 2026, accusing me of unlawfully recording him while I was in Florida. I have personal knowledge of the matters set forth herein, and if called upon to testify, I could and would competently testify to the best of my knowledge to the matters set forth below.

2.       Mr. Blackburn represents to Judge Rochon that I "secretly recorded two confidential attorney-to-attorney settlement calls with Defendant Blackburn on April 23, 2025, and April 28, 2025 . . . [while I] was physically located in Florida . . . and used recording equipment located in Florida." Mr. Blackburn's statement is false.

3.       I spoke to Mr. Blackburn by telephone on April 23, 2025, and April 28, 2025.

4.       I was physically present in New York for the entirety of both calls, and used equipment in New York to record them.

5.       Mr. Blackburn never asked me — either during the calls or thereafter — where I was physically present during the April 23, 2025 and April 28, 2025 telephone calls. Had he done so, I would have told him that I was in New York.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 13, 2026

Erica J. Moreira