

**T. A. Blackburn Law**

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

January 19, 2026

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: *Joseph Cartagena v. Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn Law, PLLC*
Case No. 1:25-cv-03552 (JLR)

Dear Judge Rochon:

    We represent Defendants Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn Law, PLLC, in the above-captioned action. We write in response to the plaintiff's letter concerning the deposition of the defendants.  For starters, the Plaintiff noticed these depositions on January 8, 2026, one day after the parties' last court conference.  Plaintiffs had more than four months to schedule depositions, yet they waited until **22 days** before the end of discovery to do so.

1. **Defendants immediately made their availability clear to Plaintiff's counsel**

    Upon receiving the notice of depositions, this writer immediately responded and informed counsel for Plaintiff that I have conflicts on all of the selected dates. As outlined in **Attachment 1**, I have a family obligation out of state this week, which I am currently attending to.  The week of January 26, 2026, I will be in recovery from a pre-planned medical procedure, which is due to take place on January 23, 2026.  I will not be available to sit for a deposition until February 6, 2026, and February 9, 2026.  I will be out of the country from February 10th to the 20th.  I will be available for deposition from February 23rd to the 25th.  I am available on March 2nd, 3rd, 20th, and 23rd to 31st.  I will be on trial from March 9th to the 19th.

2. **Defendants Will Attend Deposition Remotely**

    As the court is aware from the companion case, <u>Dixon v. Cartagena, et al</u>. Mr. Dixon has received endless death threats and harassment from Mr. Cartagena and Mr. Cartagena's thugs and

 347-342-7432    tblackburn@tablackburnlaw.com   TABlackburnlaw.com



goons. Recently, one of these thugs sent Mr. Dixon an Instagram message of a photo of Mr. Dixon's elderly grandmother exiting her apartment alone. **Attachment 2**. A few examples of the many threats Mr. Dixon has received are:

> "U know better" "Not to be around" – jhvfrgnncxs
> "You Food & we gonna eat" – West Coast Cleezy
> "I'm giving a buck 50 that's my word" – Pablo Escobar[1]
> "Don't u think people gotta be made an example of?" "So others will understand not to cross" – Bitttgggg, aka Mr. Cartagena
> "DON'T need to lift a finger" "Biggest in the game" "Everyone will do it for" ""Me"— Bitttgggg, aka Mr. Cartagena.

These threats are very serious, and Mr. Dixon and I have taken many steps to ensure his safety. Just in case Plaintiff Cartagena denies sending the threats outlined above, he also sent the Instagram message, from the SAME Instagram account "Bitttgggg," bragging about having "connections in the White House." See **Attachment 3**. I highly doubt that any of the criminal thugs and goons that are part of Plaintiff's Terror Squad gang have connections in the White House. Finally, Mr. Dixon outlined in great detail a call where convicted felon Pistol Pete, one of Mr. Cartagena's thugs, is on an 18-minute call trying to set Mr. Dixon up to physically harm him. **Attachment 4**.

Remote depositions are appropriate when the deponent's safety is at risk in the Second Circuit. Federal Rule of Civil Procedure 30(b)(4) expressly authorizes courts to order depositions "by telephone or other remote means" either by party stipulation or on motion FRCP Rule 30. The Southern District of New York has recognized that remote depositions are "presumptively valid under the Federal Rules" and do not require a showing of good cause. In re Terrorist Attacks on September 11, 2001, 337 F.R.D. 575 (2020). Courts apply a balancing test weighing claims of prejudice against hardship, with safety concerns, including health risks and medical conditions, regularly justifying remote proceedings. Floodbreak LLC v. T. Moriarty & Son, Inc., 754 F.Supp.3d 330 (2024), Rouviere v. DePuy Orthopaedics, Inc., 471 F.Supp.3d 571 (2020), Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385 (2011). Additionally, Rule 26(c)

---

[1] Attached is a photo of an individual, who is my client, who was a victim of a "buck 50" while riding on the subway in Manhattan.

provides protective order authority to shield deponents from "annoyance, embarrassment, oppression, or undue burden or expense" FRCP Rule 26.

Due to the threats detailed above and the Second Circuit precedent for allowing remote depositions in this District, Defendants will safely attend depositions remotely. Plaintiffs can accomplish whatever goals they intend to accomplish with this baseless lawsuit and deposition via remote deposition.

Regards,

*/s/Tyrone A. Blackburn*
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com

Cc:
All Counsel of Record via ECF.

