# Ex 1



# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

August 21, 2025

Erica Moreira, Esq.
Moreira Law, PLLC
169 E Flagler St
Miami, FL 33131-1210

**Re**: Subpoena for Documents and Communications
Joseph Cartagena v. Terrance Dixon, et al.
Civil Action No. 25-cv-03552 (JLR)
U.S. District Court, Southern District of New York

Dear Ms. Moreira:

Please be advised that you will be served with a subpoena duces tecum according to Rule 45 of the Federal Rules of Civil Procedure in connection with the above-referenced litigation. As a courtesy, this letter provides an overview of the categories of documents that will be requested. It simultaneously serves as a formal litigation hold notice requiring you to preserve relevant materials.

You have been identified as an individual with discoverable information related to multiple factual and legal issues in this matter. Accordingly, you are instructed to preserve and prepare to produce the following categories of information:

1. All communications—whether written, electronic, or recorded—between you and any office, board, or agency of the Florida State Bar, the Florida Board of Bar Examiners, or any disciplinary authority in the state of Florida, from August 2019 to the present, concerning or referencing your authorization to practice law, licensure status, or any investigations into the unauthorized practice of law.

2. All communications, including emails, text messages, direct messages, voice notes, or recorded phone calls, between you and any of the Defendants in this matter (Terrance Dixon, Tyrone Blackburn, and/or T.A. Blackburn Law, PLLC) from 2022 to present.

 347-342-7432    tblackburn@tablackburnlaw.com   TABlackburnlaw.com



## T. A. BLACKBURN LAW

3. All recordings in your possession, custody, or control of any phone or in-person conversations between you and Tyrone Blackburn, including any portions shared with third parties or posted on social media platforms.

4. All travel documents for the year 2025, including flight itineraries, boarding passes, hotel reservations, car rental receipts, and travel confirmations reflecting out-of-state or international movement, particularly if such travel is business- or litigation-related.

5. All metadata associated with the above documents and communications, including timestamps, audit trails, and IP logs.

6. Any responsive documents stored on personal devices, cloud services, USB drives, third-party platforms, or external backup systems.

You are under an affirmative legal obligation to immediately preserve the above categories of information. You must not delete, destroy, overwrite, modify, or discard any of these materials, and your duty to preserve continues throughout this litigation.

All requested documents must be produced on or before September 10, 2025, unless otherwise agreed upon by counsel. If you intend to withhold any documents based on a claim of privilege, please produce a privilege log in accordance with Rule 45(d)(2)(A) of the Federal Rules of Civil Procedure.

Failure to comply with this subpoena or preservation notice may result in the imposition of sanctions, including adverse inference rulings, evidentiary preclusion, and monetary penalties, as outlined in Rule 37.

Please confirm in writing, within ten (10) days of the date of this letter, that you have received this notice, understand your obligations, and have implemented a litigation hold consistent with the scope outlined above.

If you have any questions regarding the scope of this notice or wish to discuss the timing or method of compliance, please do not hesitate to contact my office directly.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

|  |  |  |
|---|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. _____ |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | *Tyrone Blackburn, Esq.* <br> _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

Document Rider and Litigation Hold Notice
Directed to: Erica Moreira, Esq.
Civil Action No. 25-cv-03552 (JLR)
United States District Court – Southern District of New York
Joseph Cartagena v. Terrance Dixon, et al.

This document serves as both a formal litigation hold notice and an attachment to a subpoena duces tecum pursuant to Rule 45 of the Federal Rules of Civil Procedure. You have been identified as an individual possessing discoverable information and evidentiary materials relevant to multiple factual and legal issues in this matter.

Accordingly, you are hereby instructed to immediately preserve and prepare to produce the following categories of documents, data, communications, and metadata, covering the period from August 1, 2019, through the present, unless otherwise indicated.

## I.  Communications with Florida Licensing and Disciplinary Authorities

1. All written, electronic, or recorded communications between you and any of the following entities:

- Florida State Bar
- Florida Board of Bar Examiners
- Florida Supreme Court Office of Lawyer Regulation
- Any state or local disciplinary committee or board operating in Florida

The scope includes, but is not limited to:
- Emails, letters, applications, responses, and filings concerning your admission to the Florida Bar.
- Any communications relating to inquiries, audits, investigations, or complaints concerning the unauthorized practice of law.
- Notices of deficiency, denials, disciplinary warnings, or remedial requirements.
- Materials prepared in response to formal or informal investigations regarding your legal licensure or activities.

## II.  Communications with Named Defendants

2. All communications—including but not limited to:
- Emails, text messages (SMS, MMS, iMessage),
- Encrypted or disappearing message platforms (e.g., WhatsApp, Signal, Telegram, Wickr),
- Social media direct messages (Facebook, Instagram, X/Twitter, LinkedIn),
- Voice memos, voicemails, and recorded calls—

Exchanged between you and any of the following parties:
- Terrance Dixon a/k/a "T.A."
- Tyrone A. Blackburn, Esq.

- T.A. Blackburn Law, PLLC

This includes:
- Any discussions relating to legal representation, compensation, confidentiality, recordings, or litigation strategy.
- Any attempts to coordinate messaging, suppress information, or interfere with witness testimony.
- All conversations regarding events, allegations, or facts related to this litigation or the conduct of the parties involved.

## III. Recordings of Conversations with Tyrone A. Blackburn

3. Produce all audio and video recordings—regardless of whether they were intentionally or surreptitiously made—of any telephone, in-person, or remote meetings involving:

- You and Tyrone Blackburn, in whole or in part.
- Any such recordings shared, distributed, or published in whole or in part (including on social media, to third parties, or to opposing counsel).
- Any related transcripts, summaries, notes, or analyses prepared by you or at your direction.

## IV. Travel Records (Calendar Year 2025)

4. Produce all travel-related documentation evidencing interstate or international travel during calendar year 2025, including but not limited to:

- Flight itineraries, e-tickets, and boarding passes.
- Hotel confirmations, folios, check-in/check-out records.
- Rental car bookings, Uber/Lyft ride history, train tickets, or charter travel.
- Travel arranged for business, litigation, or meetings with parties or witnesses involved in this action.

## V. Metadata, Audit Trails, and Electronic File Properties

5. Produce and preserve all metadata associated with the above categories, including but not limited to:

- Timestamps, document creation/modification logs.
- IP addresses, device IDs, and user audit trails.
- Access logs from cloud or shared drive platforms (e.g., Dropbox, Google Drive, OneDrive).
- Metadata embedded in image, audio, and video files (e.g., EXIF data, GPS tags, file hash values).

## VI. Storage Devices, Cloud Accounts, and External Platforms

6. Identify and preserve any and all responsive content stored in or originating from the following sources:

- Personal and professional laptops, desktops, smartphones, and tablets.
- Cloud storage services (e.g., iCloud, Google Drive, OneDrive, Box, Dropbox).
- Email and communication accounts, including Gmail, Outlook, Yahoo, ProtonMail, or firm-based accounts.

- USB flash drives, external hard drives, or SD cards.
- Voice recording apps, messaging apps, or call-logging software.
- Third-party service providers (e.g., transcription companies, remote data processors).

## VII. Preservation Obligation and Compliance

You are hereby placed under an affirmative and continuing obligation to:

- Cease all deletion, overwriting, modification, or disposal of documents or ESI responsive to this request.
- Suspend any automatic deletion settings in relevant accounts, messaging apps, or cloud systems.
- Implement a litigation hold to preserve new documents and communications generated during the pendency of this matter.

Failure to comply may result in sanctions under Rule 37 of the Federal Rules of Civil

Procedure, including but not limited to:

- Monetary sanctions.
- Evidentiary preclusion.
- Adverse inference rulings.
- Referral for professional disciplinary review.

For any questions, clarifications, or document transfer logistics, contact:

**Tyrone A. Blackburn, Esq.**
T.A. Blackburn Law, PLLC
Email: tblackburn@tablackburnlaw.com
Phone: (347) 342-7432

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOSEPH CARTAGENA,
                              *Plaintiff,*
v.
TERRANCE DIXON,
TYRONE BLACKBURN, and
T.A. BLACKBURN LAW, PLLC,
                              *Defendants*.

Civil Action No. 25-cv-03552


**CERTIFICATION OF**
**RECORDS CUSTODIAN**

1. **Authority**. I am a duly authorized officer and/or custodian of the records for Erica Moreira, Esq., with the authority to certify the authenticity and accuracy of the records produced with this Certification.
2. **Records.** The records produced herewith by Erica Moreira, Esq. are original recordings or are true copies of records or regularly conducted activities that:
   a. were made at or near the time of the occurrence of the matters set forth by a person with knowledge of those matters;
   b. were made and kept in the course of the regularly conducted activity by Erica Moreira, Esq. or by persons acting under her control;
   c. and were made and kept by Erica Moreira, Esq. or by persons acting under her control as a regular practice, at or about the time of the act, condition or event recorded.
3. **Production.** (*Check One*)

_____    The records produced herewith constitute a complete production of records responsive to the subject request, order, or subpoena (or a complete production under the terms of the subject request, order, or subpoena as subsequently limited by the issuer).

**OR**

_____    A thorough search has been conducted and no records could be located that are responsive to the subject request, order, or subpoena.

COMMENTS:

_____

_____

_____

_____

_____

_____

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

DATED: _____    SIGNATURE:_____

PRINT NAME:_____

EMPLOYER:_____

ADDRESS:  _____

_____

2