

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

February 5, 2026

**By ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

On January 20, 2026, Your Honor ordered Defendants Tyrone Blackburn, T.A. Blackburn Law, PLLC and Terrance Dixon to appear for depositions on February 6, 2026 and February 9, 2026. ECF No. 133 (the "**Order**"). Plaintiff Joseph Cartagena writes because Defendants have recently refused to comply with the Order, thereby preventing Plaintiff from completing necessary discovery before the February 13, 2026 discovery cutoff. As set forth below, Mr. Cartagena respectfully requests that the Court issue an order either (*a*) compelling Defendants to appear for their depositions on the dates previously ordered; or (*b*) requiring Mr. Blackburn to submit an affidavit under oath that documents the reasons for Defendants' non-compliance with the Order, which includes independent medical support, and proposes alternative deposition dates.

1. **The Court Ordered Depositions After Defendants' Initial Refusal to Comply With Mr. Cartagena's Notices**

Defendants, through Mr. Blackburn, have impeded Mr. Cartagena's ability to depose them. On January 8, 2026, Mr. Cartagena served notices of deposition on Defendants for January 21-22, 2026. ECF No. 120-1. The following morning, the Parties attended a discovery conference where the Court requested that the parties complete document productions by January 16, 2026, to allow for depositions to be completed by the end of January. Mr. Blackburn agreed to this schedule on the record and did not indicate any issues with his availability.

Several hours later, Mr. Blackburn informed Mr. Cartagena that he would not be available for the noticed depositions on January 21-22, 2026, citing a "personal family matter," and also stated he would be unavailable for the remainder of January due to a "pre-planned medical procedure." ECF No. 120-2 at 6. Mr. Blackburn subsequently represented to the Court that he was unavailable for depositions on January 21-22, 2026, due to "a family obligation out of state," that he had a "pre-planned medical procedure" on January 23, 2026, from which he would be recovering the week of January 26, 2026, and that he would be out of the country from February 10-20, 2026. ECF No. 131 at 1. Nevertheless, Mr. Blackburn affirmed his availability for depositions on February 6, 2026, and February 9, 2026. *Id.*



Based on Mr. Blackburn's representations, the Court subsequently entered the Order requiring Defendants to appear for depositions on February 6, 2026 and February 9, 2026. ECF No. 133. Pursuant to the Order, Mr. Cartagena served notices of deposition on Defendants on January 23, 2026 for depositions to be held on February 6, 2026 and February 9, 2026. *See* **Exhibit 1**.

**2. Defendants Refuse to Comply With the Order Days Before Their Depositions**

On January 28, 2026, Mr. Cartagena asked Mr. Blackburn to provide the names of all individuals who would be attending the deposition so that they could be added to his counsel's building's security access list. *See* **Exhibit 2**. Mr. Blackburn did not respond. Mr. Cartagena sent Mr. Blackburn another email a few days later confirming that Defendants' depositions would begin at 10:00 AM as noticed and again requesting a list of attendees to be placed on counsel's building's security access list. *Id*.

On February 3, 2026, just days before the Court-ordered depositions, Mr. Blackburn informed Mr. Cartagena that Defendants would not be complying with the Order and would not sit for their depositions on February 6, 2026 and February 9, 2026. *Id*. Mr. Blackburn vaguely claimed he was unable to comply because his recovery from a medical procedure had "been difficult" and he was having a "follow up procedure" on February 3, 2026, but offered no further detail or documentation. *Id*. Mr. Blackburn stated that he would inform the Court of his non-compliance that evening. *Id*.

**3. Defendants' Refusal to Comply With the Order Has Prejudiced Mr. Cartagena**

Defendants' refusal to comply with the Order has greatly prejudiced Mr. Cartagena's prosecution of his case. Under the Order, the deadline to complete discovery is February 13, 2026. February 6 and February 9, 2026, are now the only days his counsel is available to complete depositions before the February 13, 2026 deadline. Thus, by refusing to comply with the Order, Defendants have obstructed Mr. Cartagena's ability to timely complete discovery.

Moreover, although Mr. Blackburn stated on February 3, 2026, that he would inform the Court about Defendants' non-compliance, he has yet to do so. Consequently, Plaintiff is left uncertain regarding Defendants' intentions to comply with the Order, impacting Mr. Cartagena's ability to prepare for the depositions.

As Your Honor knows, Mr. Blackburn previously informed the Honorable Jamel K. Semper of the District Court of New Jersey that circumstances "necessitate [his] withdrawal from active practice" because his ability to "represent [his] clients has become untenable given [his] current mental and physical state." ECF No. 108-8. His decision to selectively engage in this case, coupled with his consistent failure to meet deadlines and adhere to professional rules of conduct, only underscores Mr. Blackburn's representation that his ability to practice has become "untenable." It also has severely obstructed Mr. Cartagena's ability to obtain redress for Defendants' conduct, regardless of the veracity of his latest claim.

Accordingly, Mr. Cartagena respectfully requests that the Court issue either an order (a) compelling Defendants to appear for their depositions on the dates previously ordered; or (b) requiring Mr. Blackburn to submit an affidavit under oath that documents the reasons for Defendants' non-compliance with the Order, which includes independent medical support, and proposes alternative deposition dates.

February 5, 2026
Page 3



Respectfully submitted,

/s/ Jordan W. Siev

cc: All counsel of record (by ECF)