# Tacopina Seigel Trial Lawyers

TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

February 13, 2026

**VIA ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

Pursuant to the Court's February 10, 2026 Order (ECF 145), Plaintiff Joseph Cartagena moves for sanctions and contempt against Defendants Tyrone Blackburn, T.A. Blackburn Law, PLLC, and Terrance Dixon ("**Defendants**") for willfully violating this Court's January 20, 2026 Order (ECF 133) (the "**Order**") and Mr. Cartagena's January 23, 2026 deposition notices ("**Notices**"; **Exhibits 1-3**). The Court should: (*a*) order Defendants to reimburse Mr. Cartagena's costs and attorneys' fees he incurred due to their non-compliance with the Order and Notices in an amount to be submitted once briefing and any argument on this motion is completed;[1] (*b*) refer Mr. Blackburn to the Committee on Grievances of the Southern District of New York; (*c*) order Mr. Blackburn to serve Defendant Dixon with copies of any contempt or sanctions order entered in this case and his December 3, 2025 letter to the Honorable Jamel K. Semper of the United States District Court for the District of New Jersey disclosing his intent to withdraw from active practice ("**Withdrawal Letter**"), discuss any such order and the Withdrawal Letter with Defendant Dixon, and certify with the Court that he has complied with these requirements within one month of any such order.

1.    **Defendants' Disregard of the Order and Notices Warrants Sanctions and a Finding of Contempt**

The Court may hold a party in contempt for violating an order requiring deposition attendance. Fed. R. Civ. P. 37(b). It may also impose sanctions for failing to appear at a properly noticed deposition. *Id.* at R. 37(d)(1)(A)(i). Defendants flagrantly violated the Order and Notices, which required them to appear for depositions on February 6 and 9, 2026. ECF No. 133. They did not. *See* **Exhibits 4-5**. Sanctions and contempt are warranted. Fed. R. Civ. P. 37(d)(3); *Glasstech, Inc. v. Freund*, No. 23-CV-6004 (PGG) (HJR), 2025 U.S. Dist. LEXIS 128651, at *9 (S.D.N.Y. July 8, 2025) (imposing sanctions for failure to

---

[1] During the February 10, 2026 conference, the Court indicated that it anticipated that this motion would include the "particular monetary costs that were incurred based on the rescheduling of the depositions, which would include the court reporter and a videographer, as well as the case authority for a sanction that includes costs as well as a fine." **Exhibit 6** at 16: 13-17. As of the date of this motion, however, Mr. Cartagena has not yet received all invoices for such expenses. Mr. Cartagena will include them in his submission of fees once briefing and any argument on this motion is completed.

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ RIYADH ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

TACOPINA SEIGEL & DEOREO

Hon. Jennifer L. Rochon
February 13, 2026
Page 2

appear at deposition and noting that Rule 37(d)(3) "requires the award of expenses" unless the failure "was substantially justified or other circumstances make an award of expenses unjust") (quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)).

### 2.    Defendants' Violation of the Order and Notices Was Unjustified

Defendants bear the burden of showing their "failure is justified or that special circumstances make an award of expenses unjust." *See Novak*, 536 F.3d at 178. Conduct cannot be substantially justified absent a "genuine dispute" or an issue as to which "reasonable people could differ as to the appropriateness of the contested action." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (granting motion for sanctions for expenses incurred as a result of party cancelling a deposition one day before it was scheduled to occur).

Defendants claim they could not comply because Mr. Blackburn was "prescribed multiple medications" after unspecified medical procedures on January 23 and February 3, 2026. ECF 137. These excuses fail.

***First***, Mr. Blackburn's claim of incapacity lacks credibility. On February 5, 2026, he told the Court he would be on medications for "approximately six to eight weeks." ECF 137. Yet at the February 10 hearing, he admitted he was leaving for a ten-day cruise two days after his scheduled deposition. **Exhibit 6** at 12:13-19. He also confirmed that he had scheduled other depositions and court conferences during his supposed recovery period. *Id.* at 13:12-19, 14:14-20, 15:8-9. If Mr. Blackburn could vacation, he could sit for and defend a deposition.

***Second***, Mr. Blackburn's conduct reveals a deliberate pattern of dishonesty regarding these purported procedures. Although he disclosed his January 23 procedure and anticipated recovery over the following week, he affirmatively represented he would be available on February 6 and 9. ECF 131-1 at 6; **Exhibit 7** at 5:6-23. Only on February 3—two weeks after the Order—did he reveal that he had another procedure that day. Had he disclosed this earlier, the Court could have ordered alternative dates. Instead, he chose concealment, stonewalling and wasting the Court's and Mr. Cartagena's resources.

***Third***, Mr. Blackburn notified Mr. Cartagena of Defendants' refusal only three days before Mr. Dixon's deposition and only after Mr. Cartagena twice requested confirmation FROM Defendants regarding who would appear for the simple purpose of adding them to the building security list. ECF 136-2. Though Mr. Blackburn promised to seek relief by day's end on February 3, *id.*, he did not do so even by day's end on February 4, leaving Mr. Cartagena uncertain whether Defendants would comply and forcing him to prepare for and attend the depositions. Mr. Blackburn filed for a two-month extension only after Mr. Cartagena moved to compel. ECF 137.

***Finally***, Defendants' violations fit a broader pattern. They have serially missed deadlines, refused cooperation on routine matters, and filed inaccurate or knowingly false documents:

- Defendants have missed at least ***ten*** deadlines in the consolidated cases, including deadlines to: (1) respond to Mr. Cartagena's complaint (*see* ECF 21-22); (2) serve Mr. Dixon's Complaint

**TACOPINA SEIGEL & DEOREO**

Hon. Jennifer L. Rochon
February 13, 2026
Page 3

(*Dixon*, ECF 30, 32, 37); (3) file pretrial conference materials (ECF 35); (4)-(5) serve initial disclosures and requests for production; (6)-(7) serve responses to Mr. Cartagena's initial requests for production or interrogatories (ECF 78); (8) serve responses to Mr. Cartagena's re-served requests for production and interrogatories (ECF 95, 108); (9) file a reply brief in support of Defendants' Second Motion to Dismiss (ECF 56); and (10) oppose the *Dixon* Defendants' now-unopposed motions to dismiss (ECF 138).

- Defendants' filings and discovery responses have been replete with errors. Their August 11, 2025 Motion to Dismiss (ECF 46) contained at least ten fabrications and misrepresentations that Mr. Blackburn later admitted resulted from his unchecked reliance on AI. ECF 53 at 16-17; ECF 54. This was not new: on June 26, 2025, another federal judge ordered Mr. Blackburn to show cause for using "wholly fabricated quotations from caselaw." *Jakes v. Youngblood*, No. 24-CV-1608 (W.D. Pa.), ECF 53 at 1, 7-8. In response, Mr. Blackburn claimed he completed "more than eleven hours of CLE courses focused on artificial intelligence, ethics, data protection, and small firm compliance" between July 18 and August 8, 2025—three days before filing the Motion to Dismiss in this case—in "an effort to ensure" that the errors "never happen[] again." *Youngblood*, ECF 63 at 3-4, 8. Defendants' discovery responses were equally deficient: they purported to respond to inaccurate "summaries" of Mr. Cartagena's requests rather than the requests themselves. ECF 108 at 2; **Exhibit 8** at 8:22-23.

- Defendants have consistently refused cooperation on routine matters, forcing unnecessary judicial intervention. Mr. Blackburn ignored Mr. Cartagena's attempts to coordinate pretrial filings, requiring unilateral submissions. ECF 35; Dixon, ECF 17. He refused to approve a stipulated briefing extension despite representing he would not object. ECF 50. He ignored discovery-related communications for nearly two months until Mr. Cartagena filed a conference request, prompting the Court to admonish Defendants for "delay[ing] discovery and wast[ing] the parties' and the Court's resources." ECF 80. He likewise ignored requests for a protective order for almost a month, again necessitating motion practice. ECF 95.

Mr. Cartagena has filed eight letters[2] regarding Defendants' misconduct, resulting in four discovery conferences in just over the last month.[3] Defendants' obstruction has already postponed fact discovery by three months. Compare ECF 52 to ECF 145. The financial toll on Mr. Cartagena has been immense, and every passing day leaves his reputation tarnished by Defendants' false allegations of pedophilia, statutory rape, sexual assault, and murder for hire.

In short, Defendants' violations were unjustified and sanctions and contempt are warranted.

---

[2] ECF Nos. 57, 73, 78, 95, 108, 120, 136, 143.
[3] The Court held discovery conferences on January 7, January 9, January 20, and February 10, 2026.

TACOPINA SEIGEL & DEOREO

Hon. Jennifer L. Rochon
February 13, 2026
Page 4

3.    **The Court Should Order Defendants To Reimburse Mr. Cartagena For The Costs He Incurred As A Result of Defendants' Violations Pursuant to FRCP 37(d)(3)**

The Court may award various sanctions for a party's failure to appear at a deposition but, at minimum, "*must*" require the party or attorney "to pay the reasonable expenses, including attorney's fees, caused by the failure. . . ." FRCP 37(d)(3) (emphasis added). Defendants should reimburse Mr. Cartagena for the fees he incurred because of Defendants' violations of the Order and Notices, including fees Mr. Cartagena incurred to secure a court reporter and videographer. *See Cerco Bridge Loans 6 LLC v. Schenker*, 768 F. Supp. 3d 559, 591 (S.D.N.Y. 2025) (approving award for costs in connection with court reporter and videographer cancellation fees); *Steele v. CVS Pharmacy, Inc.*, No. 15-CV-4261 (JGK) (KNF), 2016 U.S. Dist. LEXIS 74935, at *4 and *14 (S.D.N.Y. May 18, 2016) (approving "reasonable expenses incurred" for cancelled deposition, including court reporter fees and videographer fees).

The Court should also order Defendants to reimburse Mr. Cartagena for the attorneys' fees he incurred:

- appearing at the depositions that Defendants failed to attend. *See Steele*, 2016 U.S. Dist. LEXIS 74935, at *4 (approving "reasonable expenses incurred" for cancelled deposition, including "attorneys' fees" incurred in appearing for the deposition where the witness did not appear).

- preparing for Defendants' depositions. *See Sang Lan v. Time Warner, Inc.*, 2015 U.S. Dist. LEXIS 58460, at *3 (S.D.N.Y. May 4, 2015) (rewarding partial recovery of attorneys' fees incurred to prepare for a cancelled deposition because "cancellation of the deposition means that defendants' counsel will have to repeat some of their preparation in advance of a rescheduled deposition."); *accord Flores v. Entergy Nuclear Operations, Inc.*, 313 F. Supp. 3d 511, 522 (S.D.N.Y. 2018); *see also Cerco Bridge Loans 6 LLC*, 768 F. Supp. 3d at 589 (holding that it is reasonable for a party to recover for 25% of the time spent preparing for a rescheduled deposition that proceeded days later).

- preparing, filing, and attending any Court conferences regarding Mr. Cartagena's motion to compel Defendants' compliance with the Order and Notices and this motion. *Cf. Cerco Bridge Loans 6 LLC*, 768 F. Supp. 3d at 588-92 (awarding fees for time spent opposing a baseless motion to quash deposition); *Burks v. Stickney*, 837 F. App'x 829, 832-33 (2d Cir. 2020) ("Reasonable fees may include attorney's fees and costs in connection with filing a motion for sanctions.") (citing *John Wiley & Sons, Inc.*, 298 F.R.D. at 151); *Glasstech, Inc.*, 2025 U.S. Dist. LEXIS 128651, at *21 (awarding fees and costs for the time spent "preparing the instant [sanctions] motion, the amount of which will be determined by separate motion for attorney's fees and costs.").

4.    **The Court Should Impose Additional Sanctions on Mr. Blackburn Pursuant to its Inherent Powers to Discourage Further Professional and Ethical Violations**

Failure to appear at a deposition also "justif[ies] the imposition of sanctions pursuant to the court's inherent power to impose sanctions against parties and their counsel who abuse the litigation process."

TACOPINA SEIGEL & DEOREO

Hon. Jennifer L. Rochon
February 13, 2026
Page 5

*Blauinsel Stiftung v. Sumitomo Corp.*, 99 Civ. 1108 (BSJ), 2001 U.S. Dist. LEXIS 20746, at *23 (S.D.N.Y. Dec. 12, 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991)). Sanctions "may be imposed . . . to sanction a party's misconduct during the course of litigation . . . where a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at *23 (quoting *Chambers*, 501 U.S. at 45-46).

Beyond monetary sanctions, the Court should also refer Mr. Blackburn to the Committee on Grievances of the Southern District of New York and/or the Attorney Grievance Committee. Mr. Blackburn has a documented pattern of violating court rules and orders in multiple state and federal courts.[4] A referral would be consistent with orders of other Courts that have noted Mr. Blackburn's "pattern behavior . . . across multiple jurisdictions," of failing "to provide any response to [opposing] counsel or the court when . . . issue[s were] specifically brought to his attention." *Gardner v. Combs*, No. 2:24-cv-07729, 2025 U.S. Dist. LEXIS 258523, at *10 (D.N.J. Dec. 15, 2025) (imposing sanctions on Mr. Blackburn, including requirements for him to self-report sanctions opinion, order, and order to show cause "to the appropriate attorney licensing entities in the States of New Jersey and New York"); *see also Zunzurovski v. Fisher*, No. 23-cv-10881(DLC), 2024 U.S. Dist. LEXIS 62568, at *15 (S.D.N.Y. Apr. 3, 2024) (referring Mr. Blackburn to the Committee on Grievances of the Southern District of New York for repeated failures to meet Rule 11 obligations).

The Court should also protect the public and the integrity of the judicial process. Mr. Blackburn has admitted that his "current mental and physical state" renders his ability to represent clients "untenable," necessitating his "withdrawal from active practice." ECF No. 108-8 at 2-3. Yet he persists in representing clients—with catastrophic results.

Just four months ago, one of Mr. Blackburn's former clients—a defendant in *Babygrande Global, Inc. v. Rodriguez ("Babygrande")*, No. 24-cv-6785 (S.D.N.Y.)—filed a letter stating he had "exhausted all efforts to communicate with Mr. Blackburn to no avail" and that Mr. Blackburn had "abandoned" his case. *Babygrande*, ECF 119. This followed Mr. Blackburn's wholesale failure to participate in the case, which prompted an order to show cause. *Babygrande*, ECF 117-118, 120. Mr. Blackburn never responded to that order to show cause—he instead only filed a motion to withdraw after his client terminated him. *Babygrande*, ECF 121.

---

[4] *See, e.g.*, ECF 57 (discussing the sanctions imposed against Mr. Blackburn in *Facey v. Fisher*, Index No. 152088/2025 (N.Y. Sup. Ct.) for violating his duty of candor to the Court and filing a malicious complaint that was "aimed at embarrassing and harassing Defendants"); ECF 68 (discussing the sanctions imposed against Mr. Blackburn in *Jakes v. Youngblood* for "knowingly misrepresent[ing] case law in support of the arguments he attempted to present to the Court."); ECF 109 (discussing the sanctions imposed against Mr. Blackburn in *Garnder v. Combs*, 2025 U.S. Dist. LEXIS 258523 (D.N.J. Dec. 15, 2025) for, among other things, "admittedly . . . fail[ing] to make a diligent inquiry into the veracity of" a case citation "even after defense counsel specifically highlighted the questionable nature of that citation[.]").

**T A C O P I N A   S E I G E L   &   D E O R E O**

Hon. Jennifer L. Rochon
February 13, 2026
Page 6


      Accordingly, the Court should require Mr. Blackburn to: (i) serve Defendant Dixon with copies of any contempt or sanctions order entered in this case and the Withdrawal Letter; (ii) discuss any such order and the Withdrawal Letter with Defendant Dixon; and (iii) certify with the Court that he has complied with these requirements within one month of any such order.

      We thank the Court for its attention to this matter.

                         Respectfully submitted,

                         Joseph Tacopina

cc: All counsel of record (by ECF)