# EXHIBIT 6

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JOSEPH CARTAGENA,

              Plaintiff,

         v.                            25 CV 3552 (JLR)

TERRANCE DIXON,
                                       Remote Conference

              Defendant.

------------------------------x
                                       New York, N.Y.
                                       February 10, 2026
                                       1:00 p.m.
Before:

                  HON. JENNIFER L. ROCHON,

                                       District Judge

                      APPEARANCES

REED SMITH LLP
     Attorneys for Plaintiff
BY:  IAN M. TURETSKY

     -and-

TACOPINA SEIGEL & DeOREO
BY:  JOSEPH TACOPINA
     MATTHEW G. DeOREO
     CHAD D. SEIGEL


T.A. BLACKBURN LAW PLLC
     Attorney for Defendant Dixon and Blackburn Defendants
BY:  TYRONE A. BLACKBURN
```

```
 1                  (The Court and parties present via video)
 2                  THE COURT:  Good afternoon, everyone.
 3                  Thank you for your consideration in shifting the time
 4      up this conference.  I appreciate that.
 5                  We are conducting the conference through
 6      videoconference on Microsoft Teams.  All court conferences are
 7      public proceedings, and, therefore, a listen-only line was
 8      noticed on the docket for anyone who wishes to join.
 9                  For informational purposes, I have on the call my
10      deputy.  I also have my law clerk.  And I have a court
11      reporter, who is transcribing these proceedings.
12                  As a reminder, no one other than court personnel may
13      record, rebroadcast, or disseminate any court proceeding.
14                  Let me take appearances.  Who is here on behalf of the
15      plaintiff, please?
16                  MR. TACOPINA:  I am, your Honor.  Joseph Tacopina,
17      along with my partners, Chad Seigel and Matthew DeOreo, on
18      behalf of Mr. Cartagena.
19                  THE COURT:  Thank you.
20                  And who is here on behalf of the defendants?
21                  MR. BLACKBURN:  Tyrone Blackburn.
22                  THE COURT:  Thank you, Mr. Blackburn.
23                  I understand that we are here because I have an order,
24      dated January 20, 2026 — it's Docket No. 133 — that orders that
25      the depositions of Mr. Dixon and Mr. Blackburn shall take place
```

1    on February 6th and the 9th, and I understand from plaintiff's
2    counsel that those did not take place and that defendants did
3    not appear for those depositions.
4         I have submissions from the parties. I've read over
5    those submissions. So I'll hear first from plaintiffs about
6    their proposed next steps, and then I'll hear from
7    Mr. Blackburn.
8         MR. TACOPINA: Your Honor, thank you.
9         We're here because the defendants failed to appear at
10   three court-ordered depositions last Friday and this Monday,
11   February 6th and 9th. And by way of background, Mr. Blackburn
12   agreed to have the defendants sit for depositions on both those
13   dates.
14        After those depositions were court-ordered to take
15   place those specific dates, Mr. Blackburn, at the eleventh
16   hour, attempted to unilaterally cancel them. He did so citing
17   some claimed medical procedure, but Mr. Blackburn never
18   previously disclosed that procedure to either the Court or
19   counsel in scheduling these court-ordered depositions.
20        THE COURT: Well, Mr. Tacopina, I think that at the
21   last conference, Mr. Blackburn did indicate that he had a
22   medical procedure, and, therefore, we scheduled the depositions
23   purposefully, actually, I believe two weeks after the medical
24   procedure to give him sufficient time to recover.
25        MR. TACOPINA: Correct, your Honor. But that's not on

1    February the 3rd.  That was two weeks before to give him
2    sufficient time to recover.
3             So now that we heard about the medical procedure on
4    February 3rd, that was never disclosed before, and there were
5    multiple written communications, letters to the Court, and a
6    conference with your Honor concerning those deposition dates.
7    Mr. Blackburn's conduct in this regard only further establishes
8    he does not take his professional responsibilities seriously.
9             In fact, his misconduct in other cases, your Honor,
10   has resulted in Judge Cote, for example, referring him to the
11   Southern District of New York's grievance committee.  The
12   conduct is par in this case.  What's happening now is par for
13   the course with Mr. Blackburn, and it's relevant to what's
14   happening here.  The reason why I'm even bringing up these
15   other matters, because it is relevant to what's happening here.
16            Judge Cote ruled that Mr. Blackburn failed to meet his
17   Rule 11 obligations, and it appears that this was part of a
18   pattern.  Significant resources have been spent by judges and
19   the Court.  Defendants named in actions that he's filed
20   addresses glaring deficiencies in his filings.
21            Judge Oetken similarly held Mr. Blackburn's filings
22   are replete with inaccurate statements of law, conclusory
23   accusations, and inappropriate ad hominem attacks on opposing
24   counsel.
25            THE COURT:  Mr. Tacopina, let me pause you right

1   there.  You've highlighted those opinions to me in the past.
2              MR. TACOPINA:  Yes.
3              THE COURT:  I'm aware of them.  So I want to
4   understand what your proposed next step is here, please.
5              MR. TACOPINA:  Sure.
6              I want to go through the procedural history because it
7   will affect my request.  So I understand you understand those
8   previous issues that Mr. Blackburn had in the Southern
9   District.
10             With regard to procedural history in this case, in our
11  case, your Honor, discovery was cut off on January 30, 2026,
12  which was agreed to by both parties, including Mr. Blackburn.
13  With that in mind, we noticed depositions for the defendants on
14  January 21st and the 22nd.  After those notices were served,
15  Mr. Blackburn informed us that he was not available on those
16  dates, stating he would be out of state dealing with a personal
17  family matter.
18             Nonetheless, he did specifically inform us that he is
19  available on February 6th and February 9th.  And that's on a
20  January 9th email.  So we filed a letter with your Honor
21  seeking a conference in this scheduled matter.  Mr. Blackburn
22  also wrote the Court confirming in writing that he would be
23  available on February 6th and 9th for these depositions.
24             On January 20th, as your Honor pointed out, the
25  parties appeared before your Honor, and during the conference,

1   Mr. Blackburn, once again on January 20th, confirmed and
2   affirmed that he would be available for the depositions on
3   those specific dates, the 6th and 9th of February.  In fact,
4   during the January 20th conference, Mr. Blackburn stated that
5   he would be traveling out of state back to New York on
6   February 3rd, not that he was having a medical procedure on
7   February 3rd.
8         After that conference concluded, your Honor, later
9   that day, issued an order directing defendants to sit for those
10  depositions on the 6th and the 9th.  And as a result, your
11  Honor, on January 23rd, we served amended notice of deposition
12  for those dates, February 6th for Mr. Dixon and February 9th
13  for Mr. Blackburn and his law firm.  Mr. Blackburn never
14  objected to those deposition notices, nor did he state he had a
15  medical procedure on February 3rd.
16        So we prepared, accordingly, extensively for these
17  depositions at great cost.  And in preparation for the
18  depositions, on January 28th, we emailed Mr. Blackburn, asking
19  him to provide the names of all persons who would be attending
20  so that they could be granted entry to the office where the
21  depositions would be occurring.  He never responded to that
22  email on the 28th.  We sent a follow-up email to Mr. Blackburn
23  a few days later, on the morning of February 3rd, to confirm
24  defendants' depositions as noticed and, again, request a list
25  of his attendees.

1           Only then, later that afternoon, three days before the
2   court-ordered depositions, did Mr. Blackburn finally inform us
3   by email, in violation of the court order, that he would not be
4   sitting for the February 6th and 9th depositions, nor would the
5   defendants be sitting for those dates.  And despite
6   telegraphing his intent to violate the Court's order in a
7   February 3rd email, Mr. Blackburn claimed only in the most
8   vague terms that he was unable to comply because, one, his
9   recovery from a medical procedure had been difficult, and, two,
10  he was having a follow-up procedure later that day,
11  February 3rd.
12          Of course, Mr. Blackburn never provided detail or
13  documentation to corroborate any of that.  He did state he
14  would inform the Court on February 3rd of his noncompliance.
15  He never did that.  He never did that.
16          On February 5th, after realizing Mr. Blackburn still
17  hadn't notified the Court, and him telling us he was not
18  showing up on February 6th, we — we — filed a letter obviously
19  that day with the Court requesting the Court issue an order
20  either compelling defendants to appear for their depositions on
21  those dates previously stated and agreed to and ordered, or
22  require Mr. Blackburn to submit an affidavit and medical
23  records under oath that documents and reasons for the
24  defendants' noncompliance with that order.
25          In response, Mr. Blackburn filed a very, very short

1   letter that was nonresponsive.  No details provided regarding
2   the medical procedure or the dates or any records, stated that
3   he had some procedure on February 3rd that requires him to be
4   on medication for six to eight weeks, and, therefore, he needs
5   a two-month extension of the discovery cutoff deadline in this
6   case.
7              Despite his claimed inability to sit for a deposition
8   on February 3rd and February 6th due to medical issues, just
9   yesterday, your Honor, we discovered that on that very same
10  day, February 6th, the day that Mr. Blackburn was not able to
11  sit at the deposition because of his medical procedures, the
12  date he blew off that first deposition, Mr. Blackburn managed
13  to file and finalize a sprawling 254-paragraph complaint for an
14  unrelated matter in New Jersey state court.
15             So, on that day, where he was incapacitated, and
16  violated a court order, he filed a 254-paragraph complaint in
17  New Jersey state court on February 6th.
18             As things stand, defendants violated the Court's order
19  directing to sit for depositions on February 6th and
20  February 9th.  And, notably, your Honor issued an order on
21  February 6th that set today's conference, but the order did not
22  adjourn the discovery deadline, and it did not relieve
23  defendants of the obligation to appear for the court-ordered
24  depositions on February 6th and 9th.  So, in the absence of any
25  order contradicting that or calling off the depositions,

1   plaintiff's counsel was there, the court reporter was there
2   that we paid for, the videographer was there; defendants
3   weren't there.  So despite being able to file a complaint on
4   February 6th in New Jersey, when plaintiff's counsel called
5   Mr. Blackburn that day to ask if defendants were appearing,
6   Mr. Blackburn didn't even respond to that call.
7            Before commencing litigation, Mr. Blackburn sent a
8   torrent of emails to me personally saying, I'm the wrong person
9   to play this game with, and this will be fun.
10           Your Honor, what Mr. Blackburn apparently fails to
11  grasp is that this judicial process is not a game.  This is the
12  Southern District of New York, a place that when I was a
13  prosecutor, I held in the highest regard, and I still do.
14  Other judges have already cautioned Mr. Blackburn for what they
15  have described as antics before the Court.  And I have those
16  citings, I'm not going to repeat them again.  I know what
17  Judge Cote said.  And none of this even touches on all the
18  abuse of artificial intelligence carried out in this case by
19  Mr. Blackburn, both here and in other courts, resulting in him
20  receiving an actual sanction in the Western District of
21  Pennsylvania.
22           And now we are being, again, thwarted by
23  Mr. Blackburn's untoward gamesmanship in our efforts to
24  prosecute this case.  It has to stop, and we need your Honor's
25  help.

1              Here's what we're asking, here's what we're seeking:
2    At present, we've seen zero medical proof that Mr. Blackburn
3    can't sit for a deposition for up to six to eight weeks.  And
4    given his history, we can't just take his word for it.  We're
5    not in a position to contest -- consent, rather, to his
6    requested six- to eight-week adjournment.  That's two more
7    months.  And that's way past the discovery cutoff.
8              In short, we ask your Honor, respectfully, to hold the
9    defendants in contempt and order them to sit for depositions
10   promptly.  That's our request.
11             Finally, it should be noted that on the January 9th
12   email, Mr. Blackburn stated, through counsel, that from
13   February 10th to February 20th, he will be out of the country
14   on a preplanned trip.  That's tomorrow.  So if Mr. Blackburn's
15   traveling out of the country on a preplanned trip, as he wrote
16   in this January 9th email, we have another issue.  And
17   Mr. Blackburn confirmed that trip, by the way, in his
18   January 19th letter to the Court, to you, your Honor.
19             So, it's a lot of vacation for someone who can't even
20   sit for a deposition.  So we ask the Court to inquire whether
21   Mr. Blackburn is still taking any part of that 11-day trip,
22   when he is purportedly medically unfit to even sit for a
23   deposition.
24             THE COURT:  Thank you, Mr. Tacopina.
25             MR. TACOPINA:  Yes, your Honor.

1      THE COURT:  Mr. Blackburn, can I hear from you?  I
2 have some questions, but I'll allow you to start.
3      MR. BLACKBURN:  Thank you, your Honor.
4      So as I explained to the Court, I did have a medical
5 procedure on the 23rd of January.  I had two procedures that
6 evening.  And then I had a follow-up procedure that the doctor
7 wanted to do on February 3rd.  I'm on these medications here,
8 all of the narcotics that I'm taking.  So I just have to say
9 that I'm not making this up.
10     If the Court wants, I'm more than happy to provide
11 your Honor only with a note and detailed information from my
12 provider as to what my conditions is and as to what I said to
13 the Court in my letter.
14     THE COURT:  Okay.
15     MR. BLACKBURN:  Hold on.  I have to respond to one
16 thing.
17     THE COURT:  Mr. Blackburn, just a minute.  Just a
18 minute, Mr. Blackburn.
19     I will let you respond, but I just want to make clear
20 that when I speak, if you would, wait until I'm done.  Now you
21 may tell me what else you want to say to me.
22     MR. BLACKBURN:  So, there's a reference made to a
23 filing in state court in New Jersey on 2/6.  That complaint was
24 written months -- almost seven months ago.  It's a state court
25 complaint.  It's from a federal action where there was no

1  longer federal jurisdiction — and if the Court wants, I can
2  provide court transcripts — where we were waiting for the judge
3  to dismiss without prejudice so we can refile in state court.
4  It was a decision made before the magistrate judge and counsels
5  for defendants and myself, the complaint was already written,
6  and we're just waiting for Judge Semper to dismiss without
7  prejudice, which is what he did.  I think he did it on the 4th
8  of February.  And it took me about five minutes to upload.  I
9  had already drafted the complaint to state court.
10             THE COURT:  Okay.
11             Mr. Blackburn, are you traveling out of the country
12  from February 10th to the 20th?
13             MR. BLACKBURN:  I am.  I'll be on a cruise.  I'm not
14  flying anywhere.  I'm on a cruise starting tomorrow, I return
15  on the 10th and -- the 20th, I should say, heading back to
16  New York on the 21st.
17             MR. TACOPINA:  I can't really hear him, your Honor.
18             MR. BLACKBURN:  I'll be heading back to New York on
19  the 21st of February.
20             THE COURT:  All right.  So you're well enough to go on
21  a cruise, Mr. Blackburn?
22             MR. TACOPINA:  But can't sit for a deposition.
23             THE COURT:  Mr. Tacopina, please don't speak.
24             MR. TACOPINA:  I'm sorry, your Honor.  I was speaking
25  to myself.  I forgot I wasn't on mute.

|    |    |
|----|----|
| 1  | THE COURT:  That's okay. |
| 2  | Mr. Blackburn? |
| 3  | MR. BLACKBURN:  My plan was to return on the 3rd.  I |
| 4  | did not return to New York until the 8th.  I have all my travel |
| 5  | documents, and I can provide them to your Honor, if you want. |
| 6  | And I am able to sit on a ship, lay down, as I'm laying down |
| 7  | now.  I'm not standing up and walking around.  I cannot get a |
| 8  | refund for this trip.  So it's just a cruise.  It's not like |
| 9  | I'm going to be walking around or anything like that.  I'm |
| 10 | sitting -- I'm laying in my cabin. |
| 11 | THE COURT:  Okay.  Understood, Mr. Blackburn. |
| 12 | So you return on the 20th.  So you could sit for a |
| 13 | deposition on the 23rd, Monday, and your client on the 26th? |
| 14 | MR. BLACKBURN:  There's a -- I have a deposition |
| 15 | that's already preplanned in another matter that was already |
| 16 | scheduled for the 26th. |
| 17 | THE COURT:  How about the 25th? |
| 18 | MR. BLACKBURN:  I have a hearing in state court on the |
| 19 | 25th in another matter. |
| 20 | THE COURT:  How about the 24th? |
| 21 | MR. BLACKBURN:  The 24th is clear, yes. |
| 22 | THE COURT:  The 23rd and the 24th -- |
| 23 | MR. TACOPINA:  Your Honor. |
| 24 | THE COURT:  Just a minute, Mr. Tacopina. |
| 25 | MR. TACOPINA:  I'm sorry. |

1                THE COURT:  The 23rd and the 24th, you can sit for a
2    deposition, you and your client, you'll be back from the
3    cruise, and so let me tell you what my rulings are going to be.
4                Mr. Tacopina, you had something to add?
5                MR. TACOPINA:  Yes, two things, your Honor.
6                On the date, number one, on the 23rd, I'm not
7    available.  Any other date, I'm available — the 24th, 25th,
8    26th — the following week, but the 23rd, I'm not available,
9    your Honor.  I do have to take this deposition.  That's one.
10               Two, the second thing, I just want to point out that
11   in the letter, Mr. Blackburn said that he was on medication for
12   six to eight weeks and he can't sit.  So, if that's accurate --
13               THE COURT:  Well, it appears not to be.
14               So, Mr. Blackburn, the 27th, could you do the 24th and
15   the 27th?
16               MR. BLACKBURN:  The 27th, there's another deposition
17   that's already preplanned in another matter.  But I am on
18   medication for -- I can give you everything.  I mean, I'm on
19   narcotics.  If you think I'm joking, you'll see.  I'll send all
20   the pills now, if you want.
21               THE COURT:  Okay.  Thank you.
22               What about March 2nd?
23               MR. BLACKBURN:  March 2nd --
24               MR. TACOPINA:  No, your Honor.
25               THE COURT:  So, Mr. Tacopina, what's about March 2nd?

1            MR. TACOPINA:  I'm speaking at a conference out of
2    state on the 1st, 2nd, and 3rd.  I come back on the 3rd, your
3    Honor.  So I can't --
4            THE COURT:  How about March 4th?
5            MR. TACOPINA:  March 5th, your Honor, please?
6            THE COURT:  March 5th.
7            So, Mr. Blackburn, March 5th and February 24th?
8            MR. BLACKBURN:  I have a -- Judge Goetz has a
9    preliminary conference at 9:30 a.m. in State Supreme.
10           THE COURT:  What about the 6th?
11           MR. BLACKBURN:  The 6th is fine.
12           THE COURT:  Can you do the 6th, Mr. Tacopina?
13           MR. TACOPINA:  Yes, your Honor.
14           THE COURT:  All right.  So February 24th and March 6th
15   will be the new deposition deadlines.
16           Let me say a few things for this.  I'll put out an
17   order that orders that those depositions take place on those
18   days.
19           Number one, I am extending fact discovery only for
20   those two depositions to take place.  It otherwise ends on the
21   13th.  So those two depositions can be taken outside of that
22   window.
23           Number two, I am finding that those depositions dates
24   are appropriate for a few reasons.  One, they're agreed upon by
25   both parties.  Two, Mr. Blackburn is going on a cruise for the

1    next week and a half, showing that he is not incapacitated.
2    And, three, we just went through several other court
3    conferences that Mr. Blackburn is anticipating participating in
4    between now and those deposition dates, so obviously is able to
5    participate in court proceedings.  So I'm ordering that those
6    depositions take place on those two dates.
7            Now, with respect to the other dates that have passed,
8    it seems to me that sanctions of a fine and the payment of the
9    fees and costs that were associated with scheduling those early
10   depositions is appropriate under Federal Rule of Civil
11   Procedure 37(b) and (d); however, I must have some notice and
12   opportunity to be heard before I impose those sanctions.  So I
13   would suggest that the plaintiff file a letter with the
14   particular monetary costs that were incurred based on the
15   rescheduling of the depositions, which would include the court
16   reporter and a videographer, as well as the case authority for
17   a sanction that includes costs as well as a fine.  If you could
18   do that by February 13th, and then I'll get Mr. Blackburn's
19   response on February 24th.  And then I will make a ruling as to
20   sanctions.
21           The only request I have for sanctions is in a very
22   brief, uncited letter that is sent in by the plaintiffs at
23   Docket No. 143, and it doesn't really provide enough
24   information both on the authority, as well as the particular
25   remedy that's sought.  So if you could, Mr. Tacopina — and it

1  can be by letter motion, I don't want a lot of costs incurred
2  for this — if you could give me a letter motion that is a
3  formal request for sanctions, I would entertain that.  And in
4  that, you should include the costs and expenses you incurred,
5  if that is a sanction that you're seeking, which I presume it
6  may be.  And then Mr. Blackburn will have an opportunity to
7  respond, and I will decide that promptly.
8       Any questions on that, Mr. Tacopina?
9       MR. TACOPINA:  No, your Honor.  Thank you.
10      THE COURT:  Okay.
11      Mr. Blackburn, any questions on that?
12      MR. BLACKBURN:  No.
13      THE COURT:  Okay.
14      I'm going to put out an order to that effect, but let
15 me just say on the record here:  I'm not going to go through
16 the procedural history because Mr. Tacopina did it, but there
17 have been, suffice it to say, several extensions to get these
18 depositions done, including now court-ordered deadlines that
19 were not abided by, nor did the defendant contact the Court to
20 request relief from the Court's order.  That does not sit well
21 with the Court.  I don't take that lightly.  But, in any event,
22 we're going to get these depositions done on these dates that
23 were ordered, and if they don't take place on these dates that
24 are ordered, then the appropriate sanctions will likely
25 escalate.  Again, I'm not going to impose any sanctions now,

1  until I have the full motion and opportunity to be heard by the
2  defendant, and I will receive that on the dates I just
3  articulated, and I will put out an order.
4            Anything further, Mr. Tacopina?
5            MR. TACOPINA:  No, your Honor.  Thank you.
6            THE COURT:  Anything further, Mr. Blackburn?
7            MR. BLACKBURN:  Not now.
8            THE COURT:  Okay.
9            Thank you very much.  And court is adjourned.
10           MR. BLACKBURN:  Thank you.
11           (Adjourned)