# Tacopina Seigel Trial Lawyers

TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

February 27, 2026

**VIA ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

We write in furtherance of Plaintiff Joseph Cartagena's letter motion ("**Motion**," ECF 146), dated February 13, 2026, seeking sanctions against Defendants Tyrone Blackburn, T.A. Blackburn Law, PLLC, and Terrance Dixon ("**Defendants**") for violating the Court's January 20, 2026 order ("**First Order**"; ECF 133).

The First Order required Defendants to appear for depositions on February 6, 2026 and February 9, 2026. ECF 133. Mr. Cartagena timely noticed Defendants' depositions for those dates. Yet Defendants failed to appear. The Court thus ordered Defendants to be deposed on February 24, 2026 and March 6, 2026 ("**Second Order**"; ECF 145). The Court also invited Mr. Cartagena to file a letter motion seeking sanctions for Defendants' violation of the First Order by February 13, 2026, to which Defendants were required to oppose by February 24, 2026. *Id.*

Mr. Cartagena timely filed the Motion. (ECF 146). Defendants, however, failed to oppose the Motion by February 24, 2026 as required by the Second Order. Nor have Defendants sought an extension to do so. The Court should therefore grant Mr. Cartagena's unopposed Motion, which Defendants have conceded is meritorious by their silence.

But Mr. Blackburn's misconduct runs far deeper. Mr. Blackburn justified Defendants' failure to comply with the First Order by claiming he would be on "multiple medications" that purportedly prevented him from "prepar[ing] for or attend[ing] the depositions[.]" ECF 137. Yet when Mr. Cartagena confronted Mr. Blackburn with his prior admission that he would be on vacation from February 10, 2026 through February 20, 2026, Mr. Blackburn offered a remarkable explanation: that he could go on vacation, but not appear at depositions, because he would merely be sitting on a cruise, not flying on a plane. He represented:

> I'll be on a cruise. ***I'm not flying anywhere.*** I'm on a cruise starting tomorrow, I return on the 10th and – the 20th, I should say, heading back to New York on the 21st. . . . I am able to sit on a ship, lay down, as I'm laying down now. I'm not standing up and walking around.

**TACOPINA SEIGEL & DEOREO**

Hon. Jennifer L. Rochon
February 27, 2026
Page 2

I cannot get a refund for this trip. ***So it's just a cruise. It's not like I'm going to be walking around or anything like that.*** I'm sitting – I'm laying in my cabin.

ECF 146-6 at 13:13-14:10 (emphasis added).

Mr. Blackburn's representations were false. His itinerary—which he publicly filed as an attachment to a letter in another case—shows that his cruise embarked from and returned to Puerto Rico. *See* **Exhibit A** at 1 & 9 ("Exhibit Proof of being on the cruise" [quote from docket] filed in *Cain v. United Mortgage Corp.*, No. 21-cv-3325 (E.D.N.Y. Feb. 25, 2026), Dkt. No. 65 & 65-3). Mr. Blackburn also admits—in a letter filed in another case—that he took a "flight back" from Puerto Rico. *See* **Exhibit B** (Letter filed in *Muhammad v. Alto Pharmacy LLC*, 23-cv-11315 (S.D.N.Y. Feb. 19, 2026), Dkt. No. 306). So much for not flying. Mr. Blackburn's ongoing deception underscores the urgent need for sanctions. *See generally* ECF 146.

Mr. Blackburn's disregard for the truth extends beyond this case. Just yesterday, Mr. Blackburn blamed his cruise for his failure to comply with ***three*** court orders. *See* **Exhibit A** at 1. In explaining his "delayed compliance," Mr. Blackburn represented to Magistrate Judge Joseph A. Marutollo of the Eastern District of New York that he lacked "reliable internet connectivity sufficient to access CM/ECF" on February 13, 2026. *Id.* That too was false: on February 13, 2026, Mr. Blackburn made three filings via ECF in three separate federal cases. *See* **Exhibit C** (Letter Motion, *Hildebrandt v. Siparadigm LLC*, No 23-cv-21835 (D.N.J. Feb. 13, 2026), Dkt Nos. 64-65; Notice of Motion, *Kertesz v. Colony Tire*, No. 24-cv-08419 (D.N.J. Feb. 13, 2026), Dkt Nos. 24 & 24-4); Request for Order, *Nantongo v. Nationwide Mortgage Bankers, Inc.*, No. 22-cv-04974 (E.D.N.Y. Feb. 13, 2026), Dkt No. 57). Mr. Blackburn's pattern of misrepresentation to federal courts is brazen and deliberate.

In sum, Mr. Blackburn has demonstrated contempt for court orders and a disregard for his duty of candor to the court. The Court should grant the Motion and impose sanctions sufficient to deter this conduct and compensate Mr. Cartagena for the fees and costs incurred as a result of Defendants' repeated violations.

We thank the Court for its attention to this matter.

Respectfully submitted,

Joseph Tacopina

cc: All counsel of record (by ECF)