UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CARTAGENA,<br>                      Plaintiff,<br>~against~<br><br>TERRANCE DIXON, TYRONE BLACKBURN, and<br>T.A. BLACKBURN LAW, PLLC,<br>                      Defendants. | Case No. 25-cv-3552 (JLR)<br><br>Affidavit of<br>Tyrone A. Blackburn, Esq. |

I, Tyrone A. Blackburn, Esq., pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

I. <u>Identity and Capacity</u>

1. I am the undersigned counsel of record for Defendants Terrance Dixon and T.A. Blackburn Law, PLLC, and I am also a named Defendant in this action.

2. I submit this declaration in opposition to Plaintiff's February 27, 2026, supplemental letter and in support of Defendants' opposition to Plaintiff's motion for sanctions and contempt. I have personal knowledge of all facts stated herein.

II. <u>The Medical Letter from Dr. Jason Emer</u>

3. Attached hereto as Exhibit 1 is a true and correct copy of a letter dated February 27, 2026, from Dr. Jason Emer, M.D., a Board-Certified Dermatologist located at 9201 W. Sunset Blvd., Suite 510, West Hollywood, California 90069. Dr. Emer's letter confirms that I underwent medical procedures on January 23, 2026 and February 3, 2026 under his care, that during those procedures I was placed under local anesthesia and received multiple prescribed medications including antibiotics, narcotic pain relievers, and antiemetics, and that he advised me to refrain from work for two weeks following the procedures for recovery and pain management purposes.

4. That two-week recovery window encompassed the February 6 and 9, 2026 deposition dates set by the Court's January 20, 2026, order, and the facts set forth in Dr. Emer's letter are confirmed herein under oath.

III. <u>The February 24, 2026, Opposition Deadline</u>

5. Plaintiff's counsel asserts in their February 27 letter that Defendants failed to oppose the sanctions motion by February 24, 2026, as required by the Court's Second Order, and that

   the motion should therefore be deemed unopposed and conceded. That characterization is incorrect and misleading for the following reasons.

6. February 24, 2026, was also the date on which the Court ordered Mr. Dixon's deposition to proceed. Undersigned's entire focus on that date was ensuring that Defendant Terrance Dixon appeared and was deposed pursuant to the Court's order, which he did.

7. Simultaneously managing a full-day deposition and preparing and filing a written legal brief on the same calendar day was not feasible.

8. Moreover, undersigned was diligently working to obtain Dr. Emer's written medical confirmation, which was necessary to properly support this opposition and was received on February 27, 2026.

9. The opposition has now been filed and is supported by Dr. Emer's letter. The brief delay in filing does not constitute a concession of the motion's merits, and Plaintiff's suggestion that silence equals concession is not consistent with the governing rules or case law.

IV.   The Cruise Itinerary and the Flight Allegation

10. Plaintiff's counsel characterizes my statement at the February 10, 2026 conference — that "I'm not flying anywhere" and that I would be "sitting on a cruise" — as a deliberate misrepresentation because the cruise itinerary shows the ship departed from and returned to Puerto Rico, and because a letter I filed in another case on February 19, 2026 referenced a "flight back" to New York.

11. The cruise did indeed depart from and return to Puerto Rico. When I stated at the February 10 conference that I was "not flying anywhere," I was referring specifically to the nature of the cruise itself — that the primary mode of transportation was a ship, not an airplane — in contrast to the physical demands of sitting upright for extended hours in an airplane cabin. I was not representing that no air travel of any kind would be associated with the trip. The reference to a "flight back" in my February 19, 2026, letter in the *Muhammad v. Alto Pharmacy LLC* matter (S.D.N.Y. No. 23-cv-11315) referred to my return flight from Puerto Rico to New York after the cruise disembarked, which is entirely consistent with the cruise itinerary already in the record and which Plaintiff's own Exhibit A confirms.

12. This distinction is not a technicality. The medical justification for my inability to sit for two full-day depositions on February 6 and 9 was not about whether air travel was involved. It was about the physical and cognitive demands of sitting upright for seven hours under oath,

2

on multiple narcotic medications, in an adversarial deposition setting. A return flight from Puerto Rico to New York, which involves sitting reclined in an airplane seat for approximately three hours, is materially different from defending a full-day, in-person deposition while under the effects of narcotic pain medication, local anesthesia, and sedating drugs.

V. <u>The February 13, 2026, ECF Filings</u>

13. Plaintiff's counsel further argues that I made three ECF filings in three separate federal cases on February 13, 2026 — the same date on which I represented to the Eastern District of New York in the *Cain v. United Mortgage Corp.* matter (E.D.N.Y. No. 21-cv-3325) that I lacked "reliable internet connectivity sufficient to access CM/ECF" — and that this constitutes a misrepresentation.

14. The February 13, 2026, ECF filings referenced by Plaintiff's counsel were made from my phone while I was on the ship using intermittent cellular or ship Wi-Fi connectivity. The nature of those filings was ministerial and brief — short letter motions and notices that did not require access to my full case files, my office systems, or the ability to download, review, and prepare substantive litigation documents. By contrast, the pretrial submissions required in the *Cain* matter by the Court's February 13, 2026 order involved preparing a complete trial brief, proposed voir dire questions, proposed jury instructions, exhibit lists, and witness lists — documents that require access to my full office file, discovery materials, and litigation systems, which I did not have while at sea. The ability to file a brief ministerial letter from a mobile device is categorically different from the ability to prepare and file comprehensive pretrial submissions. My representation to Magistrate Judge Marutollo regarding my lack of reliable connectivity to prepare the *Cain* pretrial submissions was accurate and made in good faith.

VI. <u>The Medical Justification Stands</u>

15. Regardless of the details of the cruise itinerary and the return travel arrangements, the core medical facts set forth in Dr. Emer's letter are undisputed and confirmed under oath: I underwent procedures on January 23 and February 3, 2026; I was placed under local anesthesia and received prescribed narcotic medications; and my treating physician advised me to refrain from work for two weeks. Those facts provide the substantial justification for the non-appearances on February 6 and 9, 2026 that is required under Rule 37(d)(3). The details of my travel itinerary do not negate or undermine those medical facts.

3

## VII. No Pattern of Misrepresentation

16. Plaintiff's counsel urges this Court to find a "pattern of misrepresentation" based on the foregoing. Each of the alleged misrepresentations, upon examination, has an accurate and good-faith explanation as set forth above.

17. The characterization of routine, context-specific statements as deliberate misrepresentations is itself a mischaracterization and is consistent with the broader campaign, described in Defendants' memorandum of law, to discredit and neutralize undersigned through litigation pressure rather than on the merits.

18. I respectfully submit that the Court should view Plaintiff's supplemental letter in that context.

19. The Court now has before its Defendants' full opposition memorandum of law, this declaration, and Dr. Emer's medical letter as Exhibit 1. The record is complete and fully supports denial of Plaintiff's motion for sanctions and contempt, or, at most, an award limited to reasonable, documented vendor costs.

20. I respectfully submit that the Court should deny Plaintiff's motion in its entirety.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 2, 2026, in Brooklyn, New York.

Respectfully submitted,

*/s/ Tyrone A. Blackburn*
Tyrone A. Blackburn
T.A. BLACKBURN LAW, PLLC
Attorney for Defendants
1242 East 80th Street
Brooklyn, New York 11236
(718) 704-5239
tyrone@tablackburnlaw.com

**Exhibit 1:** Letter of Dr. Jason Emer, M.D., dated February 27, 2026

.