

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

March 2, 2026

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: *Joseph Cartagena v. Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn Law, PLLC*
Case No. 1:25-cv-03552 (JLR)

Dear Judge Rochon:

Defendants respectfully submit this letter in response to Plaintiff's February 27, 2026, supplemental letter (ECF 147), which was filed after Defendants' memorandum of law in opposition to Plaintiff's motion for sanctions and contempt. Earlier today, Defendants filed their memorandum of law, an affidavit from undersigned counsel, and supporting medical documentation from Dr. Jason Emer, M.D. This letter addresses the specific factual allegations raised in ECF 147 and directs the Court to the evidentiary record now before it.

**I.     The Motion Has Not Been Conceded**

Plaintiff's counsel asserts that Defendants' failure to file opposition by February 24, 2026, constitutes a concession of the motion's merits. That assertion is incorrect as a matter of law and fact. A brief delay in filing an opposition does not automatically render a motion conceded under the Federal Rules of Civil Procedure. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000) (holding that a party's failure to respond to a motion does not, standing alone, warrant granting the motion; the court must examine the merits of the movant's submission); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (vacating grant of summary judgment entered solely for failure to file opposing papers, holding that the court may not grant the motion without first examining the moving party's submission to determine if it has met its burden).

 347-342-7432    tblackburn@tablackburnlaw.com     TABlackburnlaw.com

**T. A. Blackburn Law**

February 24, 2026, was also the date on which Defendant Terrance Dixon's deposition proceeded as ordered by the Court, and undersigned's full attention on that date was devoted to ensuring Mr. Dixon's appearance and the completion of that deposition. Moreover, undersigned was simultaneously working to obtain written medical confirmation from Dr. Jason Emer, M.D., which was received on February 27, 2026, and is now submitted to the Court as Exhibit 1 to undersigned's affidavit. The brief delay was not willful, caused no prejudice to Plaintiff, and does not constitute a concession. Defendants have now fully opposed the motion on the merits, and the Court has a complete record before it.

II.     **The Factual Allegations in ECF 147 Are Addressed Under Oath**

Plaintiff's February 27 letter raises three principal factual allegations: (1) that undersigned made a false statement to the Court when he stated at the February 10, 2026 conference that he was "not flying anywhere" and would be "sitting on a cruise," (2) that undersigned made a false statement to Magistrate Judge Marutollo in the Eastern District of New York on February 13, 2026 regarding his inability to access CM/ECF for purposes of preparing comprehensive pretrial submissions in the *Cain v. United Mortgage Corp.* matter, and (3) that these statements, taken together, constitute a "pattern of misrepresentation to federal courts."

Each of these allegations is directly addressed and rebutted in undersigned's affidavit filed earlier today. The Court's attention is respectfully directed to the following paragraphs of that affidavit:

- Paragraphs 10–12 address the "flight" allegation and explain that undersigned's February 10 statement referred to the mode of transportation during the cruise itself — a ship, not an airplane — in contrast to the physical demands of sitting upright for extended hours in an airplane cabin, and that the reference to a "flight back" in undersigned's February 19, 2026 letter in the *Muhammad v. Alto Pharmacy LLC* matter referred to the return flight from Puerto Rico to New York after the cruise disembarked, a fact entirely consistent with the cruise itinerary already in the record and confirmed by Plaintiff's own Exhibit A to ECF 147.
- Paragraphs 13–14 address the February 13, 2026 ECF filings and explain that those filings were brief, ministerial letter motions made from undersigned's mobile device using intermittent ship connectivity, categorically different from the comprehensive pretrial submissions required in the *Cain* matter, which required access to full office files, discovery materials, and litigation systems that undersigned did not have while at sea.
- Paragraphs 16–20 address the "pattern of misrepresentation" argument and establish that each alleged misrepresentation has an accurate and good-faith explanation, that the record



is now complete with sworn testimony and medical documentation, and that the characterization of routine, context-specific statements as deliberate misrepresentations is itself a mischaracterization.

**III.** **The Core Medical Facts Are Confirmed Under Oath and by Medical Documentation**

The core medical facts remain unchanged and are now confirmed under oath and by contemporaneous medical documentation: undersigned underwent procedures on January 23, 2026, and February 3, 2026; he was placed under local anesthesia and received prescribed narcotic medications; and his treating physician, Dr. Jason Emer, M.D., advised him to refrain from work for two weeks following those procedures. Dr. Emer's letter, dated February 27, 2026, is attached as Exhibit 1 to undersigned's affidavit. Those facts provide the substantial justification for the non-appearances on February 6 and 9, 2026 that is required under Rule 37(d)(3), and the details of undersigned's travel itinerary do not negate or undermine them.

For the reasons set forth in Defendants' memorandum of law and affidavit, Defendants respectfully request that the Court deny Plaintiff's motion for sanctions and contempt in its entirety or, at most, limit any award to reasonable, documented vendor costs directly caused by the February 6 and 9 non-appearances.

Regards,

*/s/Tyrone A. Blackburn*
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com

Cc:
All Counsel of Record via ECF.


