

# T. A. BLACKBURN LAW

### TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

March 2, 2026

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: *Joseph Cartagena v. Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn Law, PLLC*
Case No. 1:25-cv-03552 (JLR)

Dear Judge Rochon:

Defendants respectfully request, pursuant to Federal Rules of Civil Procedure 26(b), 34, and 37(a), that the Court enter an Order: (1) directing Plaintiff to produce unredacted and legible copies of all documents produced in this matter that have been improperly redacted or are illegible in their current form; (2) directing Plaintiff to provide the names and contact information of all individuals whose identities were redacted from documents produced in discovery; and (3) granting Defendants a limited reopening of the fact discovery period for the sole purpose of reviewing the unredacted documents, serving subpoenas, and deposing any individuals whose identities were improperly withheld through over-redaction. This application is made on an expedited basis, as the March 6, 2026, Blackburn deposition is days away and Defendants' ability to prepare is materially impaired by Plaintiff's deficient production.

I.    **Background**

On February 13, 2026 — the last day of fact discovery — Plaintiff produced a substantial volume of documents at approximately 7:30 PM. These documents include sworn declarations, financial contracts, business agreements, text message screenshots, and other materials bearing Bates numbers in the CARTAGENA series. A significant number of these documents suffer from two related but distinct deficiencies: (a) improper over-redaction of material, non-privileged

 



# T. A. BLACKBURN LAW

information, including the names and identities of fact witnesses, signatories, and contact persons; and (b) illegibility, rendering the documents functionally unusable.

## II.    The Over-Redaction Is Improper Under the Protective Order and Rule 34

The parties' Stipulated Confidentiality Agreement and Protective Order provide a detailed two-tier framework — "Confidential" and "Highly Confidential Attorney's Eyes Only" — for the protection of sensitive information produced in discovery. Critically, Paragraph 13 of the Protective Order permits a Producing Party to designate material as "Confidential" or "Highly Confidential Attorney's Eyes Only" by "stamping or otherwise clearly marking as 'Confidential' the protected portion in a manner that will not interfere with legibility or audibility." The Protective Order contemplates that confidential material will be produced to the Receiving Party's counsel with the appropriate designation — not that the material will be redacted entirely and withheld from counsel.

In other words, the Protective Order already provides the mechanism by which sensitive information is protected: through *designation*, not *redaction*. The "Highly Confidential Attorney's Eyes Only" tier under Paragraph 16 specifically limits disclosure to the parties' counsel, while still permitting counsel to review the material. Plaintiff's unilateral decision to redact names, addresses, phone numbers, and contact information of individuals — rather than produce them under the existing confidentiality designations — circumvents the Protective Order and deprives Defendants of discoverable, non-privileged information to which they are entitled. *See attached*, **Exhibit 1**.

The specific over-redactions identified by Defendants include, by way of example and not limitation:

1. <u>Text Message Exchange Between Mr. Cartagena and "Mayor" (First Document in Production)</u>

The very first document in Plaintiff's production consists of a screenshot of a text message exchange between Plaintiff Joseph Cartagena and an individual identified in the phone's contact list only as "Mayor." The content of the text messages, the full identity of "Mayor," and the phone number associated with the contact are all either redacted or not provided. This is a critical deficiency. The identity of "Mayor" — whether a public official, political figure, business associate, or other individual — is directly relevant to Defendants' ability to understand Plaintiff's

 



# T. A. BLACKBURN LAW

relationships, communications, and the context in which these messages were sent. Defendants are entitled to:

>   (a) an unredacted, legible copy of the complete text message exchange.
>   (b) the full legal name of the individual identified as "Mayor" in Plaintiff's phone; and
>   (c) the phone number associated with that contact, so that Defendants may subpoena and depose this individual.

If "Mayor" is a public official, their communications with Plaintiff may be independently significant to Plaintiff's damages theory, as they could speak to Plaintiff's reputation, relationships, and the alleged harm caused by Defendants' conduct. Plaintiff cannot selectively produce text messages while concealing the identity and contact information of the other participant.

2. <u>Sworn Affidavit (CARTAGENA_0000618)</u>

A sworn affidavit from an unnamed declarant — a family member of Terrance Dixon — discussing Mr. Dixon's threatening behavior, Instagram impersonation, physical threats, and extortionate statements directed at Plaintiff. The declarant's name is illegible or redacted, and the notary block is incomplete — no date and no notary name are visible. Defendants cannot evaluate this affidavit's credibility, identify the declarant for deposition, or challenge the statements contained therein without knowing who made them.

3. <u>Declaration of James Hunt, PI (CARTAGENA_0000619)</u>

A declaration from a licensed private investigator who spoke with witness Nicole Varcasia on April 21, 2025. The specific location where the investigator met with Ms. Varcasia is fully redacted, despite its relevance to the circumstances and credibility of the encounter.

4. <u>Blank Confidential Pages (CARTAGENA_0000762–0000763)</u>

Two pages stamped "Confidential" that are either entirely blank or entirely redacted, containing no usable content whatsoever. These pages are functionally equivalent to non-production and fail to satisfy Plaintiff's obligations under Rule 34.

5. <u>Performance Agreement Signature Page (CARTAGENA_0000771)</u>

A performance agreement between SI Ticketing Entertainment, LLC and Sneaker Addict Touring LLC f/s/o Joseph Cartagena for an $80,000 performance at Sports Illustrated Stadium on October 11, 2025. The "Authorized Signatory" for Sneaker Addict Touring, LLC — a key individual involved in Plaintiff's financial affairs — is fully redacted on the signature page. The Production Contact and Marketing Contact names are also redacted.

///

6.  <u>Podcast Hosting Agreement (CARTAGENA_0000772 et seq.)</u>
A $200,000/year podcast hosting agreement between All Time Sports, LLC, Azzy's Way, LLC (Plaintiff's entity), and Roc Nation for the "Fat Joe & Jadakiss Podcast." The Co-Host Lender entity name is redacted in the WHEREAS clause, and the notice addresses for both the Lender and the Company are fully redacted, preventing Defendants from contacting or subpoenaing the contracting parties.

7.  <u>Sponsorship Communication (CARTAGENA_0000788)</u>
An internal communication reflecting that a sponsor was "taking a step back" due to "the news coming out recently" — directly relevant to Plaintiff's damages theory — with the sponsor's identity and the sender's full identity partially obscured.

8.  <u>Fox Square Productions / "Sweater Weather Studios" Agreement
(CARTAGENA_0000789–0000792)</u>
A television deal between Fox Square Productions, Inc. and Moreira Law PLLC (Plaintiff's counsel's firm) in which the Lender entity name is listed as "[INSERT LENDER NAME]" on the signature page, indicating this is an unexecuted draft — not a final agreement — yet it was produced without that distinction being made. Multiple track changes and attorney comments are visible, further confirming its draft status.

## III.    The Illegible Documents Are Not a Valid Production Under Rule 34

In addition to the over-redacted documents, Plaintiff has produced a substantial number of pages that are simply not legible — whether due to poor scanning, image degradation, or other causes. A production of illegible documents does not satisfy a party's obligation under Rule 34(b)(2)(E) to produce documents "as they are kept in the usual course of business" or in a "reasonably usable form." Documents that cannot be read are functionally equivalent to documents that were never produced. Defendants are entitled to legible copies. *See attached*, **Exhibit 2**.

## IV.    The Last-Day Production Compounds the Prejudice

The timing of Plaintiff's production magnifies the harm. These documents were produced at approximately 7:30 PM on February 13, 2026 — the final day of fact discovery. Even if the documents had been produced in unredacted and legible form, Defendants would have had no meaningful opportunity to review them, identify relevant third-party witnesses, serve subpoenas, or conduct follow-up depositions before the close of discovery. The combination of last-day

 



# T. A. Blackburn Law

timing, over-redaction, and illegibility is grossly prejudicial to Defendants' ability to prepare their defense.

## V.    Rule 37(c)(1) Preclusion

Defendants respectfully put Plaintiff on notice that if the over-redacted names and identities are not produced, Defendants will seek preclusion under Rule 37(c)(1) of any testimony, evidence, or argument at trial from or concerning any individual whose identity was improperly withheld through redaction. A party that conceals the identity of witnesses during discovery cannot later rely on those same witnesses or their involvement at trial. Defendants reserve all rights under Rule 37.

## VI.    Requested Relief

Defendants respectfully request that the Court enter an Order:

1. Directing Plaintiff to produce, within seven (7) days, unredacted copies of all documents produced in this matter that contain redactions, including but not limited to the names, identities, and contact information of all individuals referenced in, or signatories to, the produced documents — subject to the existing Protective Order designations.

2. Directing Plaintiff to produce, within seven (7) days, legible copies of all documents that were produced in illegible or unusable form.

3. Directing Plaintiff to provide, within seven (7) days, the names and last known contact information (including addresses, telephone numbers, and email addresses) of all individuals whose identities were redacted from the production, to the extent known to Plaintiff or Plaintiff's counsel — including, without limitation, the full legal name and phone number of the individual identified as "Mayor" in the text message exchange produced as the first document in Plaintiff's production;

4. Granting Defendants a limited reopening of fact discovery, not to exceed thirty (30) days from receipt of the unredacted and legible documents, solely for the purpose of: (a) reviewing the unredacted documents; (b) serving third-party subpoenas on individuals whose identities were previously concealed; (c) conducting depositions of such individuals concerning the information contained in the documents in which they were improperly redacted; and (d) deposing Plaintiff Joseph Cartagena concerning the contents of the over-redacted and previously illegible documents, including but not limited to the text message exchange with the individual identified as "Mayor," the circumstances surrounding the sworn affidavit at CARTAGENA_0000618, the performance and podcast agreements, the sponsorship communication, and all other documents for which unredacted copies are ordered to be produced;

5. Permitting Defendants to depose Plaintiff Joseph Cartagena for a period not to exceed four (4) hours, limited in scope to the contents of the documents that were over-redacted or illegible as produced, the identities and roles of the individuals whose names were redacted, and the circumstances and subject matter of the communications and agreements contained therein; and

# T. A. Blackburn Law

6. Granting such other and further relief as the Court deems just and proper.

The need to depose Plaintiff is particularly acute here. These are Plaintiff's own documents — his text messages, his contracts, his business agreements — and the redactions were made by Plaintiff's counsel. Only Plaintiff can explain who "Mayor" is, why these individuals' names were concealed, and the context of the communications and transactions reflected in these documents. Defendants cannot adequately prepare their defense without the opportunity to examine Plaintiff under oath on these materials, which were effectively withheld until the last day of discovery and even then, produced in deficient form.

Defendants further request that the Court schedule a conference to address these issues at the Court's earliest convenience, given the proximity of the March 6, 2026, Blackburn deposition and the prejudice that will continue to accrue if these deficiencies are not addressed promptly.

Regards,

*/s/Tyrone A. Blackburn*
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com

Cc:
All Counsel of Record via ECF.

