

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

March 2, 2026

**By ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

      Plaintiff Joseph Cartagena respectfully submits this Emergency Letter Motion Pursuant to Rule 1.A. of Your Honor's Individual Rules of Practice in Civil Cases. Mr. Cartagena requests that the Court immediately strike Defendants' untimely and improper motion to compel (the "**Belated Motion**," ECF 152), dated March 2, 2026, which shamelessly violates the Court's December 8, 2025 Stipulated Confidentiality Agreement and Protective Order (the "**Protective Order**," ECF 105).

      Before bringing this motion, Mr. Cartagena extended professional courtesy by requesting that Mr. Blackburn voluntarily withdraw his Belated Motion. *See* **Exhibit A**. Mr. Blackburn ignored this request entirely.

      **1.  Defendants' Belated Motion Violates the Protective Order and Should be Stricken**

      Under the Protective Order, parties may designate documents as "Confidential" or "Highly Confidential Attorney's Eyes Only." ECF 105 ¶¶ 13-14. Before publicly filing such designated material, parties must follow specific procedures that afford the designating party notice and an opportunity to seek protection before disclosure. *First*, the filing party must notify the designating party of its intent to file during a meet-and-confer. *See* ECF 105 ¶ 21(a). *Second*, the party seeking to maintain the designation "must file, within three days, a letter explaining the need to seal or redact the document." The party may only then file the designated document under seal. *Id.* ¶ 21(b)-(d).

      During fact discovery, Mr. Cartagena produced to Defendants numerous documents containing "Confidential" or "Highly Confidential Attorney's Eyes Only" material, including, *inter alia*:

      (1) Business contracts, draft term agreements, and correspondence with business partners reflecting Mr. Cartagena's financial damages;

      (2) Witness declarations containing the personal identifying information of vulnerable individuals, including several women whom Defendants purport to be statutory rape victims and the process server who Mr. Blackburn mowed down with his car; and

    (3) Mr. Cartagena's private text messages, many of which include personal conversations with family members and close friends.

Mr. Cartagena designated these documents as Confidential or Highly Confidential Attorney's Eyes Only under the Protective Order because they contain "previously non-disclosed financial information," "previously non-disclosed material relating to ownership or control of any non-public company," "previously non-disclosed business plans, product-development information, or marketing plans," "information of a personal or intimate nature regarding any individual or company," "information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients," and "other Confidential Information that, if disclosed without authorization, would result in competitive, commercial or financial harm to the Producing Party or its personnel, clients, or customers[.]" ECF 105 ¶ 1(a)-(e), 4(a). Mr. Cartagena also redacted portions of these documents containing personal identifying information and business names because, as alleged in his Complaint, Mr. Dixon explicitly threatened to ruin Mr. Cartagena's business relationships. ECF 33 ¶¶ 49, 149.

Before filing these materials publicly, Defendants were required to (1) notify Mr. Cartagena of their intent to file, and (2) provide him an opportunity to request that the documents be filed under seal. Defendants did neither. They bulldozed past these mandatory safeguards, providing no notice whatsoever of their intent to publicly expose these contracts, agreements, declarations, and text messages, and made no effort to file such documents under seal.

Defendants' flagrant disregard for the Protective Order demands immediate action. The Court should strike the Belated Motion and compel strict compliance with the Protective Order.

### 2. The Belated Motion Is A Ploy to Publicly Release Confidential Information

Defendants' Belated Motion is nothing more than a bad-faith litigation tactic. Apart from Mr. Blackburn's deposition scheduled for March 6, 2026, fact discovery has been closed since February 13, 2026, and the parties further agreed to finish their document productions by January 16, 2026. Yet Defendants sat on their hands until March 2, 2026 to file the Belated Motion. This transparent gamesmanship reveals Defendants' true motivation: using this Court as a vehicle to publicly disseminate Mr. Cartagena's confidential information in flagrant violation of the Protective Order.

Defendants attempt to justify their Belated Motion by falsely claiming that Mr. Cartagena produced a "substantial volume" of his documents on February 13, 2026. ECF 152. This is flatly untrue. Mr. Cartagena produced all but two documents[1] on or before January 16, 2026, which was the court-imposed deadline to complete document discovery. ECF 119 (court order); see **Exhibit C**. Defendants downloaded Mr. Cartagena's production four days later. See **Exhibit D**. Defendants therefore knew of their purported "issues" by January 16, 2026, yet deliberately waited over a month to file their Motion to Compel—well after fact discovery closed. Defendants' belated complaints of prejudice from a "last-day" production are not only baseless, but are an outright misrepresentation to this Court.

Defendants' complaint about "illegible documents" borders on the absurd. On January 20, 2026, Mr. Blackburn sent an email identifying the two documents attached as Exhibit 2 (ECF 152-2) to the Belated Motion as "not legible." See **Exhibit B**. Mr. Cartagena reformatted and re-produced those same

---

[1] Mr. Cartagena produced two new documents on February 13, 2026 (totaling just nine new pages). See **Exhibit B**.

ReedSmith

documents on February 4, 2026. *See* **Exhibit E**. Defendants have had fully legible versions in their possession for almost a full month. Their continued complaints are nothing but a manufactured excuse.

Finally, Defendants' request to reopen fact discovery "for the sole purpose of reviewing the unredacted documents, serving subpoenas, and deposing any individuals whose identities were improperly withheld through over-redaction" should be rejected for the same reasons. Defendants sat on Mr. Cartagena's productions for over a month and refused to engage in the discovery process until fact discovery had already closed.

In sum, the Belated Motion is a cynical and calculated ploy to abuse this Court's processes and publicly leak Mr. Cartagena's confidential information. Mr. Blackburn's bad-faith tactics should not be countenanced, and the Court should put a stop to them now.

\*    \*    \*

For these reasons, the Court should strike the Belated Motion immediately. Mr. Cartagena remains willing to meet with Defendants to address any legitimate concerns about redactions, though Defendants' conduct to date suggests their concerns are anything but legitimate.

We thank the Court for its consideration.

Respectfully submitted,


/s/ Jordan W. Siev


cc: All counsel of record (by ECF)