ReedSmith

**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

March 16, 2026

**By ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

       Re: *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

       Plaintiff Joseph Cartagena respectfully submits this letter pursuant to the Court's March 4, 2026 order ("**Order**"; ECF 158) directing the parties to: (*a*) meet and confer regarding the redactions in Mr. Cartagena's document production; (*b*) meet and confer regarding documents Defendants publicly filed and described (the "**Improperly Filed Documents**") in connection with their March 2, 2026 motion to compel ("**Belated Motion**"); and (*c*) file a joint letter motion identifying which Improperly Filed Documents, or portions thereof, should remain under seal. Despite Mr. Cartagena's four separate good-faith attempts to schedule a meet and confer, Defendants have failed to respond. Mr. Cartagena therefore submits this letter to apprise the Court of Defendants' non-compliance with the Order and request that the Court seal the Improperly Filed Documents and require Defendants to file a partially redacted version of the Belated Motion consistent with the proposed redactions designated in **Exhibit A**.

    1.     **Defendants Violated The Order**

       On March 2, 2026, Defendants filed the Belated Motion seeking to compel Mr. Cartagena to reproduce certain redacted documents and reopen discovery for depositions. ECF 152. The Belated Motion was procedurally improper for two reasons: *first*, fact discovery had closed on February 13, 2026 (apart from Mr. Blackburn's deposition scheduled for March 6, 2026); and *second*, the Belated Motion described and annexed the Improperly Filed Documents without following the procedures set forth in the Protective Order (ECF 105).

       Mr. Cartagena moved to strike the Belated Motion and Improperly Filed Documents, explaining that Defendants used the motion as a vehicle to publicly disseminate Mr. Cartagena's confidential information in flagrant violation of the Protective Order. ECF 153. The Court then temporarily sealed the Belated Motion and Improperly Filed Documents. ECF 154.

       In the Order, the Court denied the Belated Motion as untimely and directed the parties to "meet and confer to resolve any issues regarding the redactions in Plaintiff's production."[1] ECF 158. Although the Court also denied Mr. Cartagena's motion to strike, it ordered the parties to meet and confer by

---

[1] The Court held that Defendants failed to comply with the Protective Order and advised Defendants "that future non-compliance will not be tolerated." ECF 158.

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ RIYADH ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

March 16, 2026
Page 2



March 16, 2026 regarding the Belated Motion and Improperly Filed Documents and to file a joint letter identifying "the documents, or portions thereof, that either party wishes to remain under seal, providing justification for such sealing." *Id*.

As Mr. Cartagena suspected, Defendants' Belated Motion was filed for an improper purpose. Mr. Cartagena emailed Mr. Blackburn on March 7, 10, 11, and 12 requesting availability to meet and confer about Mr. Cartagena's document production and the sealing of the Belated Motion and Improperly Filed Documents. *See* **Exhibit B**. Defendants neither responded nor independently reached out.[2] Defendants have thus violated the Order and waived any objections to Mr. Cartagena's document production and the sealing of the Belated Motion and Improperly Filed Documents.[3]

### 2. The Court Should Seal the Improperly Filed Documents and Redact the Portions of the Motion Describing Them

The Court should seal the Improperly Filed Documents and require Defendants to refile the Belated Motion redacting the descriptions of the Improperly Filed Documents consistent with **Exhibit A**. Specifically, when determining whether documents are subject to a presumption of right to public access, Second Circuit courts undertake a three-step analysis.

*First*, the Court must determine whether the documents at issue are "judicial documents" subject to the presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "If the document is not a judicial document, no right attaches, and the document should remain under seal." *Otto Archive LLC v. Decorilla Inc.*, No. 1:23-cv-10618 (GHW) (SDA), 2024 U.S. Dist. LEXIS 168507, at *2 (S.D.N.Y. Sep. 17, 2024). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). To constitute a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. Thus, "Documents that are simply passed between the parties in discovery are not ordinarily considered judicial documents." *Guild v. Openai Inc.*, No. 23-cv-8292 (SHS) (OTW), 2025 U.S. Dist. LEXIS 5365, at *16 (S.D.N.Y. Jan. 10, 2025) (internal quotations omitted). This does not change when a Court assesses them as part of a discovery motion. *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 19-CV-4223 (LAP) (KHP), 2021 U.S. Dist. LEXIS 87030, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021). Moreover, when documents are filed "pursuant to a confidentiality agreement," the Second Circuit has held it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems LLC v. U.S. Tennis Ass'n Inc.*, 17-CV-147 (KAM) (CLP), 2020 U.S. Dist. LEXIS 251138, 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

*Second*, if the court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must then determine the presumption's weight. *Lugosch*, 435 F.3d at 119.

---

[2] Blackburn has similarly failed to respond to Mr. Cartagena's attempts to reschedule his deposition as ordered by the Court, forcing Mr. Cartagena to unilaterally notice his deposition.

[3] Mr. Cartagena has provided Defendants with a privilege log identifying the basis for his redactions.

March 16, 2026
Page 3



*Finally*, the court balances competing considerations against the presumption of access. *Lugosch*, 435 F.3d at 120 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

The Court may seal the Improperly Filed Documents and redact the Motion for two reasons: the Improperly Filed Documents are not judicial documents, and the Motion was a frivolous attempt to harass Mr. Cartagena that was denied on procedural grounds and therefore affords little weight to the presumption in light of the highly confidential material it contains.

***The Improperly Filed Documents***.    The Improperly Filed Documents are not "judicial documents." Rather, they are documents that were "simply passed between the parties in discovery" and appropriately designated as confidential and/or highly confidential under the Protective Order. *Guild*, 2025 U.S. Dist. LEXIS 5365, at *16. These documents may thus be filed under seal, as there is "no countervailing public access right." *Uni-Systems, LLC*, 2020 WL 8266015, at *8 ("Even when the Court analyzes such documents in the context of a discovery motion, discovery documents remain non-judicial."); *Guild*, 2025 U.S. Dist. LEXIS 5365, at *16 (holding that such document exhibits to a discovery motion may be filed under seal); *King v. Habib Bank Ltd.*, No. 20-CV-4322 (LGS) (OTW), 2025 U.S. Dist. LEXIS 9731, at *12-13 (S.D.N.Y. Jan. 16, 2025) (same).

Even though the Improperly Filed Documents are properly sealed on the basis that they are not judicial documents alone, an examination of each document reflects that they were properly designated as "Confidential" or "Highly Confidential Attorney's Eyes Only" under the Protective Order.

- **Mr. Cartagena's Communications with Business Partners (ECF 152-1 at 4-8, 19-22, 72-74, 100).** These documents consist of private communications either between Mr. Cartagena's attorneys or business partners relevant to the impact Defendants' actions have caused to their and Mr. Cartagena's business. Mr. Cartagena properly designated that material as "Confidential" under the Protective Order's definition of that term, which includes "previously non-disclosed" "financial information[,]" "business plans, product-development information, or marketing plans," all of which, if disclosed could be "detrimental to the conduct of [Mr. Cartagena's] business or the business of any of [Mr. Cartagena's] customers or clients." Protective Order at 1-2. Courts also frequently permit the sealing of information to protect "commercially sensitive information" such as these documents. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910, 2024 U.S. Dist. LEXIS 16116, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024).

- **Mr. Cartagena's and his Business Partner's Operating Agreements and Business Contracts (ECF 152-1 at 6-70, 79-99, 101-104).** These documents consist of previously non-disclosed business agreements between Mr. Cartagena and his business partners, or between his business partners and third parties. Mr. Cartagena properly designated that material as "Confidential" under the Protective Order's definition of that term for the same reasons as noted above.

- **Mr. Cartagena's and his Business Manager's Private Text Messages (ECF 152-1 at 2-3, 23-66); Witness Affidavits of Third Parties (ECF 152-1 at 75-76)**. These documents consist of private text messages between Mr. Cartagena (or, in the case of ECF 152-1 at 62-66), his business manager) and various third parties, the attachments that were exchanged in those texts, and witness affidavits from third parties to this case. Mr.

ReedSmith

Cartagena properly designated these documents as "Confidential" under the Protective Order's definition of that term, which includes "any information of a personal or intimate nature regarding any individual or company." Protective Order at 1-2. Courts also frequently permit the sealing of information to protect "[t]he privacy interests of innocent third parties[.]" *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990).

***Portions of the Belated Motion***. The portions of the Belated Motion describing the Improperly Filed Documents should be refiled with redactions for similar reasons. For starters, a "low presumption of public access attaches" to "portions of . . . letter motions that reference information passed between the parties in discovery where the documents [referenced] have been designated as confidential under a protective order[.]" *Id.* (internal quotations omitted). That presumption is even lower where, as here, the letter motion is denied not on the merits, but because the moving party failed to comply with procedural rules. *See Koonce v. Sazerac Co.*, No. 23-CV-4323 (KMK), 2026 U.S. Dist. LEXIS 23715, at *6-7 (S.D.N.Y. Feb. 4, 2026) (ruling that "[t]he weight of the presumption [to public access] is substantially lower as to the materials filed supporting [a motion that the Court denied] for failure to adhere to the Court's Individual Rules of Practice . . . [before] reach[ing] any of the legal issues presented in the parties' briefs.").

Moreover, the redactions are narrowly tailored to only include those portions of the Belated Motion describing material designated as confidential or highly confidential by Mr. Cartagena. Specifically, Mr. Cartagena only seeks to redact (1) financial terms that, if disclosed (as Defendants have already done), could be prejudicial to Mr. Cartagena's future ability to negotiate contract terms, and (2) the names and identities of Mr. Cartagena's business partners and other innocent third parties. Courts in this district "routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information." *IBM Corp.*, 2024 U.S. Dist. LEXIS 16116, at *1 (S.D.N.Y. Jan. 30, 2024). Similarly, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Gardner*, 895 F.2d at 79-80; *see McKoy v. The Trump Corp.*, No. 18 Civ. 9936, 2024 U.S. Dist. LEXIS 118103, 2024 WL 3290160, at *1 (S.D.N.Y. July 2, 2024) (granting motion to seal based on redactions that were narrowly tailored to preserve the privacy of innocent third parties and noting that the privacy of innocent third parties can overcome the presumption of public access) (internal quotations omitted).

Finally, and perhaps most importantly, Defendants published the material Mr. Cartagena seeks to redact for no purpose other than to harass Mr. Cartagena. This is abundantly clear from the fact that Defendants filed the Belated Motion before attempting to meet and confer Mr. Cartagena, both violating this Court's individual rules of practice and the Protective Order. Mr. Cartagena could have resolved Defendants' purported concerns with his redactions without the need for judicial intervention (or publicizing confidential material). It is also clear from the fact that Defendants could not be bothered to comply with the Order—a recurring issue for Defendants—which gave Defendants the opportunity to explain why (if any) the Belated Motion should not be redacted. Simply put, there is no reason why this information should have been filed in the first place.

Accordingly, the proposed redactions reflected in Exhibit A are proper.

\*      \*      \*

March 16, 2026
Page 5



 

For the foregoing reasons, Mr. Cartagena respectfully requests that the Court seal the Improperly Filed Documents (ECF 152-1 and 152-2) and redact those portions of the Belated Motion (ECF 152) as reflected in Exhibit A. We thank the Court for its attention to this matter.

Respectfully submitted,


/s/ Jordan W. Siev


cc: All counsel of record (by ECF)