# ReedSmith

**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

March 24, 2026

**By ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

>          Re: *Cartagena v. Dixon et al.*, No. 25-cv-03552-JLR

Dear Judge Rochon:

Plaintiff Joseph Cartagena respectfully submits this letter motion pursuant to Rule 4.B.iii.c. of Your Honor's Individual Rules of Practice in Civil Cases to request approval to file Exhibit 3 to the Declaration of Jordan Siev in support of Plaintiff's Motion for Sanctions ("**Exhibit 3**") in redacted form. The unredacted copy of Exhibit 3 with proposed redactions highlighted is attached as Exhibit A to this letter motion, which Mr. Cartagena is filing under seal; the fully redacted copy of Exhibit 3 is attached as Exhibit B to this letter motion. Exhibit 3 consists of excerpts from the transcript of the February 24, 2026 deposition of Defendant Terrance Dixon. Several pages of these excerpts contain information of a highly "personal or intimate nature regarding" both Mr. Cartagena and Dixon—specifically, the names of alleged minor victims of sexual abuse and Dixon's testimony about his heinous allegations against Mr. Cartagena (the "**Confidential Material**"). The Parties agreed that such intimate information constitutes "Confidential" information under their so-ordered stipulated confidentiality agreement (the "**Protective Order**"), ECF 105, and Mr. Cartagena properly designated those portions of the deposition as confidential. As discussed below, permitting Mr. Cartagena to redact the Confidential Material is appropriate because (1) Mr. Cartagena's proposed redactions are narrowly tailored to protect only the Confidential Material from public disclosure; (2) the weight of the presumption of public access to the Confidential Material is low because such material will not bear on Mr. Cartagena's sanctions motion; and (3) Mr. Cartagena's countervailing interest in protecting the Confidential Material is high, particularly in this widely publicized case in which Dixon's has falsely accused Mr. Cartagena of heinous crimes.

## 1.      Legal Standard

When determining whether documents are appropriately redacted or sealed, Second Circuit courts undertake a three-step analysis.

*First*, the Court must determine whether the documents at issue are "judicial documents" subject to the presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "If the document is not a judicial document, no right attaches, and the document should remain under seal." *Otto Archive LLC v. Decorilla Inc.*, No. 1:23-cv-10618 (GHW) (SDA), 2024 U.S. Dist. LEXIS 168507, at *2 (S.D.N.Y. Sep. 17, 2024). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch*, 435

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH PRINCETON ♦ RICHMOND ♦ RIYADH ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

March 24, 2026
Page 2



F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). To constitute a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. Thus, "Documents that are simply passed between the parties in discovery are not ordinarily considered judicial documents." *Guild v. Openai Inc.*, No. 23-cv-8292 (SHS) (OTW), 2025 U.S. Dist. LEXIS 5365, at *16 (S.D.N.Y. Jan. 10, 2025) (internal quotations omitted). This does not change when a Court assesses them as part of a discovery motion. *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 19-CV-4223 (LAP) (KHP), 2021 U.S. Dist. LEXIS 87030, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021).

*Second*, if the court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must then determine the presumption's weight. *Lugosch*, 435 F.3d at 119.

*Finally*, the court balances competing considerations against the presumption of access. *Lugosch*, 435 F.3d at 120 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). When documents are filed "pursuant to a confidentiality agreement," the Second Circuit has held it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems LLC v. U.S. Tennis Ass'n Inc.*, 17-CV-147 (KAM) (CLP), 2020 U.S. Dist. LEXIS 251138, at *8 (E.D.N.Y. July 6, 2020) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

Although documents related to a motion for sanctions are generally considered judicial documents, the presumption of public access is low here, which Mr. Cartagena and Dixon's privacy interests outweigh.

### 2.    The Presumption of Public Access to the Confidential Material in Exhibit 3 is Low

The presumption of public access to the Confidential Material in Exhibit 3 is minimal because Mr. Cartagena only seeks to use Exhibit 3 for a non-dispositive motion. *See Giuffre v. Maxwell*, 146 F.4th 165, 2025 WL 2055148, at *8 (2d Cir. 2025) ("For non-dispositive motions . . . 'the reasons [for sealing] usually need not be as compelling as those required to seal summary judgment filings,' trial evidence, or pleadings.") (quoting *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *MetaX, LLC v. Meta Platforms, Inc.*, No. 1:22-cv-06125-LLS, 2025 U.S. Dist. LEXIS 118000, at *5-6 (S.D.N.Y. June 18, 2025) (holding that presumption of public access is low as to documents that "are deposition transcripts submitted to aid the Court in its analysis of a discovery dispute," as opposed to a "substantive motion.").

Mr. Cartagena's motion for sanctions does not seek case determinative sanctions and therefore is a non-dispositive motion to which a lower presumption of public access applies. *See Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-cv-9363 (ALC) (DF), 2018 U.S. Dist. LEXIS 46578, at *23 (S.D.N.Y. Mar. 12, 2018) ("Discovery motions, including those seeking sanctions . . ., are ordinarily considered non-dispositive."). While the Confidential Material may eventually play a role in the Court's exercise of its Article III judicial power, it will not play such a role on Mr. Cartagena's motion for non-dispositive sanctions. The proposed redactions—which apply to Mr. Dixon's *substantive testimony*—are not relevant to Mr. Cartagena's motion, which seeks sanctions for Dixon's *non-substantive testimony* and the related misconduct of his attorney, Defendant Blackburn.

Accordingly, there is a low presumption of public access to the Confidential Material in Exhibit 3.

March 24, 2026
Page 3



### 3.    Competing Interests Outweigh this Low Presumption of Public Access

In contrast, the countervailing interests in favor of protecting the Confidential Material is high.

*First*, courts in this District permit the sealing of documents that contain "information of a personal or intimate nature regarding an individual[.]" *Lively v. Wayfarer Studios LLC*, No. 24-cv-10049 (LJL), 2025 U.S. Dist. LEXIS 156987, at *6 (S.D.N.Y. Aug. 13, 2025); *see also Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) (permitting the redaction of "names of alleged minor victims of sexual abuse from deposition testimony . . . as well as deposition responses concerning intimate matters where the questions were likely only permitted — and the responses only compelled — because of a strong expectation of continued confidentiality.") (citing Fed. R. Civ. P. 5.2). That is precisely the type of information Mr. Cartagena seeks to protect here and the type of information that, if disclosed, could and likely would impair the "[t]he privacy interests of innocent third parties" and parties. *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990).

*Second*, the parties agreed, and the Court ordered that "any information of a personal or intimate nature regarding any individual or company" disclosed during discovery qualified as "confidential information" subject to limited disclosure permissions. ECF 105 at 2. Mr. Cartagena properly designated this material as confidential under the Protective Order, and the parties have an interest in keeping confidential material that the Parties properly designated pursuant to the Protective Order. *See METAx LLC*, 2025 U.S. Dist. LEXIS 195375, at *10 (permitting sealing of material properly designated under governing protective order); *Uni-Sys., LLC v. United States Tennis Ass'n Inc.*, 2019 U.S. Dist. LEXIS 133717, at *5 (E.D.N.Y. Aug. 8, 2019) (considering the party's designation of a contract as "Highly Confidential" in determining whether to seal said contract); *see also Robinson v. De Niro*, 2022 U.S. Dist. LEXIS 14384, at *4 (S.D.N.Y. Jan. 26, 2022) ("It is also well established that the public has no right to access information obtained through discovery and that is subject to a protective order . . . .").

Accordingly, the interests in permitting the proposed redactions outweigh the presumption of public access to such material, and the proposed redactions reflected in Exhibit 3 are therefore proper.

\*    \*    \*

For the foregoing reasons, Mr. Cartagena respectfully requests that the Court allow him to file Exhibit 3 with the proposed redactions. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Jordan W. Siev

cc: All counsel of record (by ECF)