**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **JOSEPH CARTAGENA**, <br><br> *Plaintiff,* <br><br> v. <br><br> **TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,** <br><br> *Defendants*. | Civil Action No. 25-cv-03552 <br><br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF JOSEPH CARTAGENA'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT TYRONE A. BLACKBURN AND T.A. BLACKBURN LAW, PLLC'S MOTION FOR RECONSIDERATION**

Joseph Tacopina
Chad Seigel
**Tacopina Seigel & DeOreo**
275 Madison Avenue, 35th Floor
New York, New York 10016
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
212-227-8877

**Of Counsel:**

Jordan W. Siev
Ian M. Turetsky
**Reed Smith LLP**
599 Lexington, 22nd Floor
New York, New York 10022
jsiev@reedsmith.com
212-205-6085

*Attorneys for Plaintiff Joseph Cartagena*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .......................................................................................... 1

LEGAL STANDARD..................................................................................................... 2

ARGUMENT ................................................................................................................. 3

    I.      Blackburn's Motion for Reconsideration Improperly Raises New
           Arguments ........................................................................................................... 3

    II.    Blackburn's Arguments for Reconsideration Fail on the Merits ........................... 6

         A.    Blackburn's Statements Are Actionable ....................................................... 6

         B.    Falsely Claiming to Have "Proof" Does Not Convert Fact Into
              Opinion ...................................................................................................... 8

         C.    Blackburn's Statements Are Not Privileged ............................................... 9

    III.   There Is No Basis For an Interlocutory Appeal ...................................................... 10

CONCLUSION.............................................................................................................. 11

WORD CERTIFICATION ................................................................................................I

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert v. Loksen*,
239 F.3d 256 (2d Cir. 2001)..................................................................................................10

*Allianz Glob. Inv'rs GmbH v. Bank of Am. Corp.*,
2020 U.S. Dist. LEXIS 88343 (S.D.N.Y. May 19, 2020).....................................................3, 5

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
684 F.3d 36 (2d Cir. 2012)......................................................................................................3

*Davidson v. Scully*,
172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) .............................................................................3

*Drapkin v. Mafco Consol. Grp., Inc.*,
818 F. Supp. 2d 678 (S.D.N.Y. 2011)......................................................................................3

*Front, Inc. v. Khalil*,
24 N.Y.3d 713 (2015) ..........................................................................................................5, 10

*Garber v. Office of the Comm'r of Baseball*,
120 F. Supp. 3d 334 (S.D.N.Y. 2014)......................................................................................3

*Graham v. UMG Recordings, Inc.*,
806 F. Supp. 3d 454 (S.D.N.Y. 2025)......................................................................................6

*Gross v. New York Times Co.*,
82 N.Y.2d 146 (1993) ....................................................................................................1, 6, 8

*Guenther v. Ridgway Co.*,
187 A.D. 593 (1st Dep't 1919) ................................................................................................8

*Immuno AG. v. Moor-Jankowski*,
77 N.Y.2d 235 (1991) ..............................................................................................................4

*Jewell v. NYP Holdings, Inc.*,
23 F. Supp. 2d 348 (S.D.N.Y. 1998)........................................................................................8

*Jianqiao Lu v. Hermans*,
2025 U.S. Dist. LEXIS 233090 (S.D.N.Y. Nov. 25, 2025).....................................................2

*Karimian v. Time Equities, Inc.*,
2013 U.S. Dist. LEXIS 74736 (S.D.N.Y. May 22, 2013)........................................................4

*Lawson v. Rubin*,
   2018 U.S. Dist. LEXIS 228214 (E.D.N.Y. June 11, 2018) ....................................................5, 6

*Liberman v. Gelstein*,
   605 N.E.2d 344 (N.Y. 1992)........................................................................................................10

*Mann v. Abel*,
   10 N.Y.3d 271 (2008) ....................................................................................................................4

*McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*,
   293 F. Supp. 3d 394 (S.D.N.Y. 2018)........................................................................................10

*N.Y. Times Co. v. Sullivan*,
   376 U.S. 254 (1964)......................................................................................................................10

*Nakshin v. Holder*,
   360 F. App'x 192 (2d Cir. 2010) ..................................................................................................2

*Nastasi & Assocs. v. Bloomberg*,
   2020 U.S. Dist. LEXIS 90120 (S.D.N.Y. May 20, 2020)...........................................................4

*Novagold Res., Inc. v. J Capital Rsch. USA LLC*,
   2023 U.S. Dist. LEXIS 52028 (E.D.N.Y. Mar. 27, 2023) ..........................................................5

*Picard v. Estate of Madoff*,
   464 B.R. 578 (S.D.N.Y. 2011).....................................................................................................11

*Pla v. Renaissance Equity Holdings LLC*,
   2013 U.S. Dist. LEXIS 88424 (S.D.N.Y. June 24, 2013)............................................................4

*Ret. Sys. v. WorldCom, Inc.*,
   368 F.3d 86 (2d Cir. 2004)...........................................................................................................11

*Segedie v. Hain Celestial Grp., Inc.*,
   2015 U.S. Dist. LEXIS 137613 (S.D.N.Y. Oct. 7, 2015) ...........................................................3

*Shenkman v. O'Malley*,
   2 A.D.2d 567 (1st Dep't 1956) ...................................................................................1, 5, 7, 10

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995)............................................................................................................2

*Steinhilber v. Alphonse*,
   68 N.Y.2d 283 (1986)............................................................................................................1, 8, 9

*Tolbert v. Queens Coll.*,
   242 F.3d 58 (2d Cir. 2001)............................................................................................................5

iii

*Youngers v. Virtus Inv. Partners Inc.*,
    228 F. Supp. 3d 295 (S.D.N.Y. 2017)......................................................................................11

**Statutes**

28 U.S.C. § 1292(b) ..............................................................................................................2, 3, 11

## PRELIMINARY STATEMENT

Defendant Terrance Dixon, Joseph Cartagena's former "hype-man," waged a defamatory campaign to coerce a massive settlement. Dixon spread fabricated stories on social media: sexual misconduct with minors, statutory rape, and assault. When that failed, Dixon enlisted Defendants Tyrone Blackburn and T.A. Blackburn Law, PLLC (collectively "**Blackburn**"),[1] who escalated by threatening RICO and sex trafficking suits, demanding $20 million, and publicly proclaiming that Cartagena "ordered a hit job" on Dixon. On March 10, 2026, this Court held that Cartagena adequately pled defamation claims against Defendants. ECF 161 ("**Decision**").

Dissatisfied with the Court's ruling, Blackburn—but, curiously, not his client Dixon—now moves for reconsideration. He identifies no intervening change in the law, no new evidence, and no manifest injustice. Instead, he faults the Court for three supposed errors: (*a*) overlooking statements made to the press by Cartagena's counsel, Joseph Tacopina; (*b*) ignoring the "disclosure-of-basis" doctrine under *Steinhilber v. Alphonse*, 68 N.Y.2d 283 (1986); and (*c*) disregarding qualified privileges for attorney advocacy and the "right of reply" under *Shenkman v. O'Malley*, 2 A.D.2d 567 (1st Dep't 1956). Blackburn, not the Court, is mistaken.

Blackburn's motion fails at the threshold because it raises arguments he never made, and therefore waived. The Court could not have overlooked Tacopina's statements because Blackburn never presented them. The Court could not have ignored *Steinhilber* because Blackburn never meaningfully invoked it, instead listing it in his Table of Authorities without citation. And the Court could not have disregarded the "right of reply" because Blackburn never raised it.

Even on the merits, Blackburn's arguments collapse. The Court conducted an exhaustive fact-versus-opinion analysis under *Gross v. New York Times Co.*, 82 N.Y.2d 146 (1993), correctly

---

[1] Unless otherwise defined, all capitalized terms have the meaning ascribed to them in Cartagena's opposition to Defendants' motion to dismiss. ECF 53.

concluding that Blackburn's statements were actionable assertions of fact, not protected opinion. His claim that a "bilateral public controversy" with Tacopina somehow transforms his accusations into opinion is meritless: a dispute with one person (Tacopina) does not license defaming another (Cartagena). His invocation of the "disclosure-of-basis" doctrine fares no better because that doctrine applies only to opinions, and Blackburn never actually disclosed the recordings he claims support his accusations. Finally, his qualified privilege arguments fail because this Court held that Cartagena adequately alleged actual malice, which defeats any qualified privilege, and *Shenkman's* "right of reply" does not apply because Cartagena never defamed Blackburn.

Finally, the Court should deny Blackburn's request for interlocutory appeal under 28 U.S.C. § 1292(b). Blackburn makes no meaningful attempt to demonstrate that certification is warranted: the questions he seeks to certify are fact-bound inquiries into the sufficiency of the pleadings, not pure questions of law; he raises no dispute concerning the applicable law; and interlocutory appeals are presumptively disfavored where, as here, Blackburn failed to make the arguments he now seeks to appeal.

## **LEGAL STANDARD**

A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Jianqiao Lu v. Hermans*, 2025 U.S. Dist. LEXIS 233090, at *1 (S.D.N.Y. Nov. 25, 2025) (internal citations and quotations omitted). The standard for granting a motion for reconsideration is exacting. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice." *Jianqiao Lu*, 2025 U.S. Dist. LEXIS 233090, at *1-2 (quoting *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 696 (S.D.N.Y. 2011)).

Thus, it is black letter law that a "motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court[.]" *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001); *see also Allianz Glob. Inv'rs GmbH v. Bank of Am. Corp.*, 2020 U.S. Dist. LEXIS 88343, at \*67 (S.D.N.Y. May 19, 2020); *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012).

An interlocutory appeal may be certified only if the movant shows that the proposed appeal (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Segedie v. Hain Celestial Grp., Inc.*, 2015 U.S. Dist. LEXIS 137613, at \*3 (S.D.N.Y. Oct. 7, 2015). But "even when the elements of section 1292(b) are satisfied, the district court retains unfettered discretion to deny certification." *Garber v. Office of the Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014) (internal quotations omitted).

## **ARGUMENT**

### I.    **Blackburn's Motion for Reconsideration Improperly Raises New Arguments**

Rather than identify an intervening change in law, new evidence, or manifest injustice, Blackburn faults the Court for purportedly failing to consider: (*a*) Tacopina's statements to the press; (*b*) the so-called "disclosure-of-basis" doctrine; and (*c*) the qualified privileges for attorney advocacy and the right of reply. But Blackburn never meaningfully raised—if he raised them at all—any of these arguments. They are waived.

***Tacopina's Statements***. Blackburn argues that the Court overlooked the "context" of his April 29, 2025 Instagram post: that Tacopina had publicly accused Blackburn of misconduct earlier that day. Mot. at 5-10. According to Blackburn, this context transformed his statements from "literal factual assertion[s]" into "adversarial commentary directed at opposing counsel."

3

Mot. at 7. This argument was waived because Blackburn never raised it in his original motion. ECF 46 ("**MTD**"). The Court cannot have "overlooked" evidence that was never presented. *See Nastasi & Assocs. v. Bloomberg*, 2020 U.S. Dist. LEXIS 90120, at *4-5 (S.D.N.Y. May 20, 2020) ("[A] party may not seek relief based on evidence that was not previously submitted to the Court if the party reasonably could have presented the evidence, but chose not to."); *Karimian v. Time Equities, Inc*., 2013 U.S. Dist. LEXIS 74736, at *7 (S.D.N.Y. May 22, 2013) ("A motion for reconsideration is not an opportunity to advance new facts, issues or arguments not previously presented to the Court."); *Pla v. Renaissance Equity Holdings LLC,* 2013 U.S. Dist. LEXIS 88424, at *6 (S.D.N.Y. June 24, 2013).

*Disclosure-of-Basis.* Blackburn next argues that the Court overlooked the "disclosure-of-basis" doctrine in analyzing whether his podcast statements were fact or opinion. Blackburn claims this doctrine provides that "where a speaker discloses the factual basis underlying a conclusion, the conclusion itself is typically protected as non-actionable opinion." Mot. at 13. Blackburn never meaningfully invoked this doctrine in his motion to dismiss.

To be sure, Blackburn cited *Immuno AG. v. Moor-Jankowski*, 77 N.Y.2d 235, 254 (1991) and *Mann v. Abel*, 10 N.Y.3d 271, 276 (2008) for the proposition that statements "accompanied by a recitation of facts on which they are based" or "that do not imply the existence of undisclosed facts" are constitutionally protected. But that language does not actually appear in either case. MTD at 21. Nor did Blackburn articulate, let alone apply, the analytical framework he now advances. Instead, he offered only the conclusory assertion that "[s]everal of the challenged statements—such as social media responses or interview commentary—fall squarely within this zone of protection." MTD at 21. Because Blackburn "failed to make any real argument on this point" in his opening or reply brief, the issue is waived, and "reconsideration is not warranted."

4

*Lawson v. Rubin*, 2018 U.S. Dist. LEXIS 228214, at *6-8 (E.D.N.Y. June 11, 2018); *see Novagold Res., Inc. v. J Capital Rsch. USA LLC*, 2023 U.S. Dist. LEXIS 52028, at *5 n.2 (E.D.N.Y. Mar. 27, 2023) (denying reconsideration where defendant's arguments, *inter alia*, defendant attempted to argue points from his motion to dismiss that were "perfunctory," "lacked development," and were therefore "waived"); *Tolbert v. Queens Coll.*, 242 F.3d 58, 72 (2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citations omitted).

**Right of Reply.** Blackburn argues that the Court overlooked his "right of reply," which he asserts entitles a defendant who is the subject of a "defamatory public attack" to "respond in kind." Mot. at 12 (citing *Shenkman*, 2 A.D.2d at 574). But Blackburn never raised this argument either. His motion to dismiss does not mention the words "reply" or "self-defense," does not cite *Shenkman* or any similar authority, and does not describe any privilege resembling the right of reply. The argument cannot be raised for the first time on reconsideration. *See Novagold Res., Inc.*, 2023 U.S. Dist. LEXIS 52028, at *5 n.2; *Lawson*, 2018 U.S. Dist. LEXIS 228214, at *6-8; *Allianz*, 2020 U.S. Dist. LEXIS 88343, at *67.

**Attorney Advocacy**. Finally, Blackburn argues that the Court ignored his argument that, under *Front, Inc. v. Khalil*, 24 N.Y.3d 713 (2015), the "qualified privilege for attorney advocacy" protected his Instagram post because he posted it "in direct response to a lawsuit filed against him personally." Mot. at 11. Blackburn never argued that *Front* protected his public Instagram post. He only argued that *Front's* qualified privilege applied to his private "demand letters, emails, response deadlines, and legal notifications"—none of which form the basis of Cartagena's defamation claims. MTD at 14-16. That argument, too, is waived. *See Lawson*, 2018 U.S. Dist. LEXIS 228214, at *6-8.

Accordingly, the Court should deny Blackburn's motion for reconsideration because it is predicated on facts he did not reference and arguments he did not make in his original motion.

## II.     Blackburn's Arguments for Reconsideration Fail on the Merits

Even if the Court were to consider Blackburn's waived arguments, they would fail on the merits. His fact-versus-opinion challenge misconstrues the governing legal standard, mischaracterizes his own Instagram post, and disregards the Court's thorough analysis. Each contention collapses under scrutiny.

### A.     Blackburn's Statements Are Actionable

Blackburn's central contention is that the Court failed to properly weigh the "context" of his statements. He is wrong. Applying the three-factor *Gross* test, the Court correctly held that Blackburn's statements were actionable assertions of fact, not protected opinion. Decision at 17-20.

Blackburn now claims the Court failed to consider the context of his Instagram statements: on the same day he accused Cartagena of criminal conduct, Tacopina accused Blackburn of misconduct. According to Blackburn, this "bilateral public controversy" should have led the Court to find his statements were opinions under *Graham v. UMG Recordings, Inc.*, 806 F. Supp. 3d 454 (S.D.N.Y. 2025).[2] This argument fails for several reasons.

*First*, the Court expressly analyzed the circumstances surrounding Blackburn's Instagram post and found they reinforced the factual nature of his accusations. The Court determined that Blackburn's statements were "based on claims that he had corroborating evidence that Cartagena ordered a hit job on Dixon and that Cartagena engaged in sex with a minor," quintessential "verifiable statements." Decision at 19; *see also id.* at 7. The interview context confirmed this: "a

---

[2] Blackburn's argument on this point only concerns his statements in his April 29, 2025 Instagram post, not his subsequent statements in the podcast interview. *See* Mot. at 5.

reasonable listener would understand Blackburn to be stating facts rather than an opinion." *Id*. Blackburn's categorical language—declaring the information was "a hundred percent all Tyrone Blackburn" and that he would "indemnify" the interviewer "100 million bajillion percent"—left no room for interpretation. *Id.* These are emphatic assertions of fact, not hedged speculation. Tacopina's separate statements do nothing to alter this analysis.

*Second*, Blackburn's argument rests on a mischaracterization of his Instagram post. He claims that "the post was explicitly addressed to opposing counsel by name, responded point-by-point to the accusations in the complaint and the simultaneous press statements, and was plainly defensive in character." Mot. at 9. This description bears little resemblance to the actual post. While Blackburn tagged Tacopina, he also tagged Cartagena, the target of his defamatory accusations. And far from "respond[ing] point-by-point" to Tacopina, Blackburn leveled new accusations entirely unrelated to anything Tacopina said about Blackburn's motive: that Cartagena "order[ed] a hit[] against my client" and "should also [be] prepare[d] to answer questions surrounding two additional recordings where two females discuss your client's disgusting pattern of grooming and sleeping with 16-year-old children." Decision at 7. These are affirmative attacks, not defensive responses.

*Third*, even accepting Blackburn's premise, his argument is irrelevant. The "bilateral public controversy" between Blackburn and Tacopina has nothing to do with Blackburn's defamatory statements about Cartagena. A dispute with one person does not license defaming another or transform factual accusations into protected opinion. Blackburn cites no authority for such a proposition. *Cf. Shenkman*, 2 A.D.2d at 574 ("Where the defense [of reply] has been allowed, the defamatory nature of the reply bore a pertinency to the content, and was reasonably

7

proportionate to the magnitude of the defamation, in the first attack."); *see also Guenther v. Ridgway Co.*, 187 A.D. 593, 595-96 (1st Dep't 1919).

**Fourth**, Blackburn's fixation on "context" ignores that it is only one of three *Gross* factors: (1) whether the language has a precise, readily understood meaning; (2) whether the statements are capable of being proven true or false; and (3) whether the full context signals opinion rather than fact. Decision at 17. No single factor is dispositive. *See Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 376 (S.D.N.Y. 1998). Here, the first two factors overwhelmingly favor Cartagena- and Blackburn does not dispute this. His statements have "a precise meaning which is readily understood": he accused Cartagena of ordering a murder and engaging in sex with minors. And they are plainly "capable of being proven true or false." *Gross*, 82 N.Y.2d at 153; Decision at 19. Even if context provided some support for Blackburn (and it does not), factors one and two are dispositive. Accusing someone of murder and child sex abuse is the paradigmatic example of a verifiable factual assertion. No amount of contextual hand-waving can transform such accusations into opinion.

Accordingly, the Court correctly determined that Blackburn's statements during the podcast interview were actionable statements of fact.

### B.      Falsely Claiming to Have "Proof" Does Not Convert Fact Into Opinion

Blackburn next invokes what he calls the "disclosure-of-basis" doctrine from *Steinhilber*, 68 N.Y.2d 283, arguing that because he disclosed the existence of recordings, his characterizations of what those recordings showed are protected "interpretive conclusions" rather than actionable statements of fact. This argument fails at every turn.

As a threshold matter, *Steinhilber* is inapplicable. *Steinhilber* addressed when statements of "pure opinion" are protected from defamation liability. There, the Court identified two categories of opinion: (*1*) opinions "accompanied by a recitation of the facts upon which [they are]

based"; and (*2*) opinions that, while not accompanied by such recitation, do not "imply that [they are] based upon undisclosed facts." *Id*. at 289. This framework only applies where the challenged statements are opinions in the first place. Here, the Court already (correctly) determined that Blackburn's statements were actionable statements of fact. Decision at 19. *Steinhilber* has no application to factual assertions. Blackburn cannot bootstrap himself into opinion protection by simply claiming his factual accusations were just "interpretive conclusions."

Even if *Steinhilber* applied, Blackburn's argument would still fail. Blackburn concedes that *Steinhilber*'s rationale is that when a speaker reveals the underlying facts, the audience can evaluate the evidence and draw its own conclusions. Mot at 13. But the recordings were not public. He did not allow anyone to listen or evaluate them. Instead, he simply accused Cartagena of heinous crimes and announced that damning recordings exist. That is the opposite of disclosure. *C.f. Steinhiber*, 68 N.Y.2d at 289 ("When, however, the statement of opinion implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, it is a 'mixed opinion' and is actionable").

Accordingly, the Court correctly held that Blackburn's statements were actionable statements of fact.

### C.    Blackburn's Statements Are Not Privileged

Blackburn's charge that the Court never analyzed the qualified litigation privilege is wrong. Mot. at 10-13. The Court squarely held that even under a qualified privilege for pre-litigation communications, Cartagena adequately alleged that Defendants' statements were made in bad faith to extort money, which would defeat any qualified privilege. Decision at 21. Blackburn's motion for reconsideration presents nothing requiring the Court to reverse course.

Blackburn's invocation of a "qualified privilege for attorney advocacy" is baseless. The cases he cites have nothing to do with such a privilege. *See Albert v. Loksen*, 239 F.3d 256, 272

9

(2d Cir. 2001) (employee performance evaluations); *Liberman v. Gelstein*, 605 N.E.2d 344, 349 (N.Y. 1992) (communications between tenants in common). And the qualified privilege described in *Front* only applies to *pre-litigation* statements, not statements about a filed lawsuit. Finally, any qualified privilege is defeated by actual malice, see *id.*, which the Court already found that Cartagena adequately pled. [3] Decision at 14-16.

Blackburn also argues that under *Shenkman*, 2 A.D.2d 567, he had a "right to reply," which he describes as "a recognized legal right to publicly defend his reputation against these severe accusations, and both the Instagram post and the interview statements were unmistakably germane to repelling that attack." Mot. at 12. *Shenkman* grants him no such right. To the contrary, the court in *Shenkman* held that "a nondefamatory attack should not excuse false diatribe in reply." *Shenkman*, 2 A.D.2d at 574. Blackburn does not, because he cannot, allege that Cartagena defamed him. *Shenkman* is therefore inapplicable.

Accordingly the Court correctly determined that Blackburn's statements are not privileged.

**III.    There Is No Basis For an Interlocutory Appeal**

Finally, the Court should deny Blackburn's requests that the Court certify the Decision for interlocutory appeal if it denies his motion for reconsideration. Mot. at 15. As a threshold matter, Blackburn makes no attempt to show why certification is warranted. *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 400 (S.D.N.Y. 2018). Blackburn's request fails under the Section 1292(b) framework.

---

[3] Blackburn claims that "constitutional or actual malice" in this context "is a more specific and demanding showing than the general actual malice standard applicable to public figures," but cites no authority. Mot. at 10-11. To the contrary, *Albert* and *Liberman* derive their definitions of "actual malice" in the qualified privilege context from *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964), which defined "actual malice" for public-figure defamation claims.

10

*First*, interlocutory appeals under Section 1292(b) "may only be used to challenge legal determinations." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 96 (2d Cir. 2004). Blackburn seeks certification on the Court's application of the "qualified privilege framework," "the right of reply doctrine," and the "[disclosure-of-basis doctrine] to the bilateral public record of April 29, 2025." Mot. at 14-15. But resolving these questions would require the Court of Appeals to assess the factual record, not purely legal issues. A question that "turns on the . . . assessment of the pleadings" "is not a 'pure question of law' suited for interlocutory appeal." *Picard v. Estate of Madoff*, 464 B.R. 578, 584 (S.D.N.Y. 2011).

*Second*, there is no "substantial ground for difference of opinion" on these issues. 28 U.S.C. § 1292(b). Blackburn does not contest the Court's finding that Cartagena "adequately allege[d] that Defendants' statements were made in bad faith in order to extort a monetary payment from Cartagena, precisely the behavior that would defeat any qualified privilege protection, if true." Decision at 21. Nor does Blackburn dispute that the three-pronged *Gross* analysi*s* is the proper test for distinguishing fact from opinion. Mot. at 9. As for the "disclosure-of-basis" doctrine, Blackburn has failed to explain how it applies to his statements or what difference of opinion exists on this issue.

*Third*, interlocutory appeals are "presumptively disfavored," and only "exceptional circumstances" justify departure from the general rule. *Youngers v. Virtus Inv. Partners Inc*., 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017). No such circumstances exist here. Blackburn had every opportunity to raise these arguments in his motion to dismiss but chose not to do so. The Court should exercise its inherent authority to deny certification.

Accordingly, the Court should not certify the Decision for interlocutory appeal.

## **CONCLUSION**

For these reasons, the Court should deny Blackburn's Motion for Reconsideration.

11

Dated:    March 26, 2026
          New York, New York                    */s/ Jordan W. Siev*
          _____
                                                Jordan W. Siev
                                                Ian M. Turetsky
                                                **REED SMITH LLP**
                                                599 Lexington, 22nd Floor
                                                New York, New York 10022
                                                jsiev@reedsmith.com
                                                ituretsky@reedsmith.com
                                                212-205-6085


                                                Joseph Tacopina
                                                Chad Seigel
                                                Matthew DeOreo
                                                **TACOPINA SEIGEL & DEOREO**
                                                275 Madison Avenue, 35th Floor
                                                New York, New York 10016
                                                jtacopina@tacopinalaw.com
                                                cseigel@tacopinalaw.com
                                                mdeoreo@tacopinalaw.com
                                                212-227-8877

                                                *Attorneys for Plaintiff Joseph
                                                Cartagena*

12

## **WORD CERTIFICATION**

I hereby certify that the word count of this Memorandum of Law complies with the word limit of Local Rule 7.1(c). According to the word-processing system used to prepare this Memorandum of Law, the total word count for all printed text, exclusive of the material omitted under Local Rule 7.1(c), is 3,359 words.

Dated: New York, New York
      March 26, 2026

 

                    */s/ Jordan W. Siev*
                    Jordan W. Siev