UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH CARTAGENA,

<table>
<tr><td>Plaintiff,</td><td><u>ORDER</u></td></tr>
<tr><td>-against-</td><td><b>25-CV-3552 (JLR) (JW)</b></td></tr>
</table>

TERRANCE DIXON, et al.,

Defendant.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before this Court is Plaintiff's motion to seal Defendants' letter motion to compel and the associated documents. Dkt. No. 166.  Plaintiff also requests this Court order Defendants to re-file their motion at Dkt. No. 152 with Plaintiff's proposed redactions attached to the instant motion as Exhibit A.  For the reasons stated below, Plaintiff's motion is **GRANTED**.

On March 2, 2026, Defendants filed a letter motion to compel Plaintiff to produce unredacted copies of documents that were previously produced with redactions. Dkt. No. 152.  The same day Plaintiff filed an emergency letter motion to strike Defendants' request because the motion included material designed as "confidential" and "highly confidential attorney's eyes only" pursuant to the existing protective order.  Dkt. No. 153.

On March 4, 2026, Judge Rochon addressed Defendants' letter motion and Plaintiff's emergency motion to strike at a conference. Dkt. No. 158.  Judge Rochon denied Defendants' motion to compel and to reopen discovery and denied Plaintiff's motion to strike. Id.  The Court ordered the Parties to meet and confer regarding

redaction of Defendants' motion to compel and to file a joint letter by March 16, 2026 identifying which portion of the documents either party requests remain under seal and providing a justification for sealing. Id.

On March 16, 2026, Plaintiff filed the instant motion to seal and request that the Court order Defendants to file a partially redacted version of their prior motion consistent with redactions proposed by Plaintiff. Dkt. No. 166. Attached to Plaintiff's letter motion are proposed redactions (Exhibit A) and a copy of an email chain where Plaintiff on four occasions asks Defendants to meet and confer and receives no response (Exhibit B). Defendants did not file a letter on March 16th regarding redactions, nor have they filed a response to Plaintiff's March 16th motion.

The Court considers Plaintiff's motion to seal and request to order Defendants to file a redacted copy of their previous motion unopposed. Defendants violated Judge Rochon's Order first by not participating in a meet and confer as ordered at the March 4th conference. Defendants then violated Judge Rochon's order a second time by failing to file a joint letter by March 16th. Per Judge Rochon's individual rules, when a party files a letter regarding a discovery dispute, the opposing party must inform the Court within one business day that a responsive letter is forthcoming and must file that letter within three business days. Judge Rochon's Individual Rules of Practice in Civil Cases, at 4[1]. Here, Defendants did neither after Plaintiff filed the

---

[1] As of March 25, 2026, GPT is referred to this Court, Dkt. No. 173, and all future discovery related filings should follow this Court's individual rules.

instant letter motion on March 16, 2026. Therefore, Defendants have waived the ability to respond, and Plaintiff's motion is considered unopposed.

The documents at issue here are not "judicial documents" subject to the presumption of public access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). The documents in question were produced in discovery for the Parties' review and are not "relevant to the performance of the judicial function and useful in the judicial process." Yu v. X Vision Technology Limited, No. 23 Civ. 987 (VSB), 2023 WL 6785822, at *2 (S.D.N.Y. Oct. 13, 2023) (quoting Lugosch, 435 F.3d at 119). Furthermore, the documents were designated as either "confidential" or "highly confidential attorneys' eyes only" per the operative Protective Order signed by the Parties. Because there is a "strict standard for modification of a protection order" and it would be "presumptively unfair" for this Court to modify a Protective Order that the Parties relied on for the entirety of the discovery process, sealing is appropriate. Stewart v. Hudson Hall LLC, No. 20 Civ. 885 (PGG) (SLC), 2020 WL 7239676, at *2 (S.D.N.Y. Dec. 9, 2020) (internal citations omitted). Accordingly, Plaintiff's motion to seal Dkt. No. 152 is **GRANTED**. Defendants are to re-file their motion with the redactions proposed by Plaintiff attached as Exhibit A to the instant Motion to Seal by **April 6, 2026**.

**The Clerk of Court is respectfully requested to close Dkt. No. 166.**

SO ORDERED.

DATED:    New York, New York
          March 30, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge