UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,
                                    *Plaintiff*,

v.

TERRANCE DIXON,
TYRONE BLACKBURN, and
T.A. BLACKBURN LAW, PLLC,
                                    *Defendants*.

Civil Action No. 25-cv-03552

DECLARATION OF TYRONE A. BLACKBURN, ESQ. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SANCTIONS

I, Tyrone A. Blackburn, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney duly licensed to practice law in the State of New York and am appearing pro se and on behalf of Defendant Terrance Dixon, and T.A. Blackburn Law, PLLC in the above-captioned action. I submit this Declaration in opposition to Plaintiff's Motion for Sanctions and in support of Defendants' Cross-Motion for Sanctions against Plaintiff and his counsel. I have personal knowledge of all facts set forth herein.

2. I underwent a medical procedure on January 23, 2026. I underwent a second procedure on February 3, 2026. Both procedures were performed under local anesthesia by Dr. Jason Emer. Following these procedures, I was prescribed a course of treatment that included narcotic pain medication, antibiotics, and antiemetics. My treating physician advised that I would remain on narcotic medication for approximately six to eight weeks and recommended that I refrain from work for two weeks immediately following the procedures.

3. On February 5, 2026, I submitted a letter to this Court disclosing my medical condition, and my post-surgery narcotic medication regimen. I requested an adjournment of the deposition schedule because of my documented medical condition. (**Exhibit 1 a copy of that letter**).

4. At the February 10, 2026, conference, this Court rescheduled my deposition to the week of March 6, 2026. My request for an extension of the discovery schedule was denied at Plaintiff's insistence. (**Exhibit 2. Order Denying Request for Brief Extension**).

5. On March 6, 2026, I appeared for my deposition pursuant to this Court's order. At 10:05 a.m., before a single substantive question was asked, I advised examining counsel on the record that I was on medication and that it might affect my ability to testify. I did not seek to terminate the deposition. I did not invoke the attorney-client privilege across the board. I appeared, disclosed my condition, and answered questions for over an hour, continuing until examining counsel himself terminated the examination.

6. During the examination, I explained directly to Judge Rochon: "I'm trying to answer the questions to the best of my ability . . . I'm doing my best to recall whatever it is that he's asking." Dep. Tr. at 89:21-90:8. I also stated: "I have taken narcotics today and I do think that it's kind of interfering a little bit with my ability to remember." Dep. Tr. at 92:17-23. At no point during the deposition did Plaintiff's counsel meaningfully move to terminate or suspend the examination under Fed. R. Civ. P. 30(d)(3), nor did they seek relief from the Court in real time.

Instead, he spent close th an hour question me on my medical health, the medical procedure i had with Dr. Emer, searching Dr. Emer's professional page, and insulting me.

7. At the February 24, 2026, deposition of Terrance Dixon, I made remarks that were inappropriate. I do not defend those remarks. At my March 27, 2026, deposition, I apologized for those remarks on the record, stating: "I apologize to Mr. Seigel for saying that . . . because it was not my intention to offend him in any way — it was the effects of the medication at that time." March 27, 2026, Dep. Tr. at 280:19-281:1.  See, (**Exhibit 3 the Blackburn Deposition from 3/27/2026**).

8. At the March 27, 2026, deposition, Plaintiff's lead counsel Joseph Tacopina called me a "clown" on the record. *See* March 27, 2026, Dep. Tr. at 187:6-10 ("You're a clown. Does that -- . . . I did. I called you a clown. Because you are."). Mr. Tacopina acknowledged on the record that he was yelling, stating expressly: "Yeah. I am yelling." Id. at 185:23-24. Mr. Tacopina told me my legal career was effectively over: "I know you're not going to be around much longer in this business, so you might as well try and go out with some dignity." Id. at 188:4-8. Mr. Tacopina also accused me on the record of being a criminal when he said: "You're under indicted for running over our process server." Id. at 188:15-16. That accusation is false. (See, **Exhibit 3**.)

9. On March 24, 2026 — the same day Plaintiff filed the instant Motion for Sanctions — confidential deposition transcripts and video recordings designated CONFIDENTIAL under this Court's Protective Order (ECF No. 105) were published in Complex magazine and the Video Deposition was distributed and broadcasted on YouTube, X, and Facebook to tens of thousands of viewers. (See **Exhibit 4 a copy of the Protective Order**).

10. As of the date of this Declaration, Plaintiff's counsel has never provided me with a courtesy copy of the deposition transcripts or video recordings that they have distributed to the public, to Complex magazine, and to YouTube broadcasters. I have been required to oppose a motion for sanctions built on deposition materials that Plaintiff's counsel simultaneously shared with national media while withholding them from me in certified form.

11. For the reasons set forth in the accompanying Memorandum of Law, I respectfully request that this Court deny Plaintiff's Motion for Sanctions in its entirety and grant Defendants' Cross-Motion for Sanctions against Plaintiff and his counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2026
Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Telephone: (347) 342-7432
Email: tblackburn@tablackburnlaw.com