UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JOSEPH CARTAGENA,<br>　　　　　　　*Plaintiff*,<br>v.<br>TERRANCE DIXON,<br>TYRONE BLACKBURN, and<br>T.A. BLACKBURN LAW, PLLC,<br>　　　　　　　*Defendants*. | Civil Action No. 25-cv-03552<br><br><br>REPLY MEMORANDUM OF LAW |

DEFENDANTS TYRONE BLACKBURN AND T.A. BLACKBURN LAW, PLLC'S REPLY
MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR CROSS-MOTION FOR
SANCTIONS

**By**:
Tyrone A. Blackburn, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT

ARGUMENT

I.     Plaintiff Does Not Dispute the Core Factual Predicate of the Cross-Motion

II.    Plaintiff Mischaracterizes the Case Law Supporting His Opposition

    A. Plaintiff's Parenthetical Description of *Calloway v. Marvel Entertainment Group* Is Fabricated

    B. Plaintiff's Parenthetical Description of *EEOC v. Local 580* Overstates the Holding

    C. Plaintiff Imports Requirements from the Prisoner Litigation Reform Act That Have No Application Here

III.   The Video Record Does Not Exonerate Mr. Tacopina

IV.    Mr. Tacopina's Remarks Were Not Justified by Mr. Blackburn's Prior Conduct at a Different Proceeding

V.     Mr. Tacopina's Indictment Statement Constitutes Independent Sanctionable Conduct

VI.    Mr. Blackburn's Apology Was Genuine, Timely, and Legally Significant

VII.   Plaintiff Cannot Escape the Prejudice Inquiry Under Rule 30(d)

VIII.  Plaintiff's Protective Order Violation Cannot Be Dismissed with a Footnote

IX.    The Cross-Motion Is Not Frivolous and Is Not Sanctionable

CONCLUSION

**TABLE OF AUTHORITIES**

Cases

- Chawla v. Metropolitan Oral Surgery Associates, P.C., No. 11-CV-6248, 2014 WL 4678023 (E.D.N.Y. Sept. 19, 2014)
- Coker v. Goldberg & Associates P.C., No. 21-cv-01803, 2024 WL 869412 (S.D.N.Y. Feb. 29, 2024)
- Curry Management Corp. v. JPMorgan Chase Bank, N.A., 643 F. Supp. 3d 421 (S.D.N.Y. 2022)
- Dondi Properties Corp. v. Commerce Savings & Loan Ass'n, 121 F.R.D. 284 (N.D. Tex. 1988)
- E.E.O.C. v. Local 580, International Ass'n of Bridge, Structural and Ornamental Ironworkers, 669 F. Supp. 606 (S.D.N.Y. 1987)
- Huber v. Marine Midland Bank, 51 F.3d 5 (2d Cir. 1995)
- Hyers v. Martuscello, No. 9:24-cv-00962, 2025 WL 406732 (N.D.N.Y. Feb. 5, 2025)
- In re Peters, 642 F.3d 381 (2d Cir. 2011)
- In re Sobolevsky, 430 F. App'x 9 (2d Cir. 2011)
- Morales v. Zondo, Inc., 204 F.R.D. 50 (S.D.N.Y. 2001)
- Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323 (2d Cir. 1999)
- Sicurelli v. Jeneric/Pentron, Inc., No. 03-CV-4934, 2005 WL 3591701 (E.D.N.Y. Dec. 30, 2005)
- Townsquare Media, Inc. v. Regency Furniture, Inc., No. 21-CV-4695, 2022 WL 4538954 (S.D.N.Y. Sept. 28, 2022)
- Webb v. Goord, 340 F.3d 105 (2d Cir. 2003)

Rules

- Fed. R. Civ. P. 30(d)
- Fed. R. Civ. P. 53

Statutes

- 18 U.S.C. § 3626(a)(1)(A)

## PRELIMINARY STATEMENT

Plaintiff's opposition to Defendants' cross-motion for sanctions does not disprove the cross-motion's central premise. It sidesteps it. Defendants moved for sanctions because Joseph Tacopina, as examining counsel, called Mr. Blackburn a "clown" on the record multiple times, threatened that Mr. Blackburn would "not be around much longer in this business," falsely accused Mr. Blackburn of criminal conduct without any factual predicate established on the record, and engaged in a pattern of demeaning commentary designed to destabilize the examination rather than conduct it. Plaintiff responds primarily by pointing to Mr. Blackburn's prior conduct at a different deposition — the February 24, 2026, Dixon deposition — and arguing that a person who previously "misbehaved" cannot complain about the misconduct of opposing counsel. That is not the law, and it is not a defense.

Plaintiff also argues that the video of the March 27, 2026, deposition contradicts Mr. Blackburn's account of the proceedings. Plaintiff has submitted a brief two-minute clip. The full deposition transcript, however, speaks for itself, and confirms a sustained pattern of contemptuous, demeaning, and threatening language directed at Mr. Blackburn throughout that proceeding. Mr. Tacopina's own admission on the record — "I am yelling. Yeah." — cannot be reconstructed as sarcasm after the fact.

Plaintiff's reply further mischaracterizes case law, invents procedural postures from cited decisions, imports inapplicable statutory standards, and offers a dismissive treatment of the Protective Order violation that his own brief previously identified as "the most serious discovery violation" in this case. Each of those failures is addressed below. The cross-motion should be granted.

## ARGUMENT

### I.    Plaintiff Does Not Dispute the Core Factual Predicate of the Cross-Motion

Plaintiff's opposition does not deny that Mr. Tacopina called Mr. Blackburn a "clown" on the record, told Mr. Blackburn he would "not be around much longer in this business," referenced Mr. Blackburn's pending criminal indictment not as a question but as a rhetorical weapon, and stated on the record: "I am yelling. Yeah, I am yelling." Plaintiff confirms all of this. These are admissions of every key fact underlying the cross-motion.

The sole question remaining is whether these acts constitute conduct that Rule 30(d) is designed to deter. The answer is yes. Rule 30(d)(2) empowers courts to impose sanctions on "a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P.

4

30(d)(2). The rule's text is not limited to conduct that physically prevents testimony. Courts in this Circuit have consistently held that conduct rendering a deposition abusive, harassing, or coercive falls squarely within its reach. *See* Sicurelli v. Jeneric/Pentron, Inc., No. 03-CV-4934, 2005 WL 3591701, at 8 (E.D.N.Y. Dec. 30, 2005) ("The decision to impose sanctions against an attorney for improper conduct during a deposition is within the discretion of the court."); Chawla v. Metro. Oral Surgery Assocs., P.C., No. 11-CV-6248, 2014 WL 4678023, at 7 (E.D.N.Y. Sept. 19, 2014) (sanctioning attorney whose conduct impeded, delayed, and frustrated the deposition).

Plaintiff's failure to contest these core facts operates as a concession that each event occurred. *See* Coker v. Goldberg & Associates P.C., No. 21-cv-01803, 2024 WL 869412, at 7 (S.D.N.Y. Feb. 29, 2024) ("Defendants are deemed to have conceded these arguments by failing to address them in their opposition brief") (citing Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A., 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022)). Notably, Plaintiff's own brief cites Coker for this exact proposition, then fails to apply it to the very concessions Plaintiff himself made by not contesting the factual predicate of the cross-motion.

II. <u>Plaintiff Mischaracterizes the Case Law Supporting His Opposition</u>
    A.  Plaintiff's Parenthetical Description of *Calloway v. Marvel Entertainment Group* Is Fabricated

Plaintiff cites Calloway v. Marvel Entm't Grp., No. 82 Civ. 8697 (RWS), 1985 U.S. Dist. LEXIS 16588 (S.D.N.Y. Aug. 22, 1985), with a parenthetical asserting that the court appointed a special master "where ... counsel for the deponent obstructed the initial deposition." That is not what the case says. The decision reflects that a special master was requested and appointed against a backdrop of a "long series of discovery disputes" — but contains no finding, holding, or statement that counsel obstructed the initial deposition. Plaintiff invented that parenthetical. The Court should disregard the citation to the extent it rests on a procedural posture that does not exist in the cited text.

    B.  Plaintiff's Parenthetical Description of *EEOC v. Local 580* Overstates the Holding

Plaintiff cites EEOC v. Local 580, Int'l Ass'n of Bridge, etc., 669 F. Supp. 606, 624 (S.D.N.Y. 1987), for the proposition that a special master was appointed where defendants had a history of failing to comply with court orders and the court found "defendants' claim of impecuniousness unconvincing." The quote does appear in the case — but in a specific and narrow context. The court rejected defendants' cost objection because they had spent nine years blatantly ignoring a Consent Judgment before raising ability-to-pay as a concern. That fact-specific rejection

5

of a cost objection in a decade-long contempt proceeding does not stand for the general proposition that impecuniousness claims are inherently unconvincing in all cases, and Plaintiff's parenthetical implies precisely that broader principle. Plaintiff's paraphrase inflates the authority beyond its actual scope.

      C.  Plaintiff Imports Requirements from the Prisoner Litigation Reform Act That Have No Application Here

Plaintiff argues that a special master must be "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary" That standard is drawn from 18 U.S.C. § 3626(a)(1)(A) — the Prisoner Litigation Reform Act ("PLRA") — which governs remedies exclusively in prison conditions litigation. *See* Hyers v. Martuscello, No. 9:24-cv-00962, 2025 U.S. Dist. LEXIS 20358 (N.D.N.Y. Feb. 5, 2025). The PLRA's "least intrusive means" requirement was enacted specifically for prisoner cases. *See* Webb v. Goord, 340 F.3d 105 (2d Cir. 2003). No court has applied that standard to Fed. R. Civ. P. 53 in a non-prisoner case, and Plaintiff has not cited one. The Court should reject this attempt to graft an inapplicable statutory restriction onto Rule 53.

    III.     The Video Record Does Not Exonerate Mr. Tacopina

Plaintiff submitted a two-minute clip from the March 27, 2026, deposition covering approximately 1:06 PM to 1:08 PM of a full-day proceeding. That excerpt does not capture the "clown" remark. It does not capture the career threat. It does not capture the indictment reference. It does not capture the self-admitted yelling. Every one of those events is documented in the full written transcript, which Plaintiff submitted in its entirety and cites throughout his brief.

The written transcript is the complete and authoritative record of the March 27 deposition. It shows, without ambiguity, that Mr. Tacopina stated: "You're a clown. Does that —" and, when asked whether he had just called Mr. Blackburn a clown, responded: "I did. I called you a clown. Because you are." It shows Mr. Tacopina stating: "I know you're not going to be around much longer in this business." It shows Mr. Tacopina saying "I am yelling. Yeah." A two-minute clip from one moment in a full-day proceeding does not erase, contextualize, or neutralize these statements.

Mr. Blackburn has personal, firsthand knowledge of how Mr. Tacopina spoke to him throughout the entirety of the March 27 deposition. The submitted clip — whether by reason of selective editing, compression, or otherwise — does not accurately reflect the tenor, volume, and

way Mr. Tacopina conducted himself throughout that proceeding. Accordingly, Defendants respectfully request that the Court direct Plaintiff to produce the complete, unedited, native-format video recording of the March 27, 2026, deposition, with all metadata intact, in sufficient time for the Court's review prior to the May 18, 2026, oral argument. The Court should evaluate this cross-motion on the full record, not a curated excerpt.

IV.    <u>Mr. Tacopina's Remarks Were Not Justified by Mr. Blackburn's Prior Conduct at a Different Proceeding</u>

Plaintiff's primary defense is that Mr. Tacopina's conduct was a proportionate response to Mr. Blackburn's prior misconduct at the February 24 and March 6, 2026, depositions. That argument fails for three independent reasons.

Prior misconduct by one party's counsel does not license opposing counsel to respond with threats, slurs, or personal attacks at a later proceeding. The law does not permit tit-for-tat abuse. Whatever Mr. Blackburn may have said or done at a prior deposition, that history does not entitle Mr. Tacopina to call him a "clown," threaten his career, or announce to the record that he is yelling. Counsel's conduct at each proceeding is measured against an objective standard of professional behavior, not against the conduct of opposing counsel at a separate event. *See* <u>Schlaifer Nance & Co. v. Estate of Warhol,</u> 194 F.3d 323, 337 (2d Cir. 1999). *See also* <u>Ramos v. Sears/Kmart</u>, No. 08 CV 5247 (S.D.N.Y. 2010) (imposing sanctions for attorney's repeated yelling at opposing counsel during deposition notwithstanding the opposing party's own conduct).

Moreover, Plaintiff's own argument concedes that the conduct at issue occurred at the March 27 deposition — not the earlier proceedings. At the March 27 deposition, Mr. Blackburn appeared without any medication issue, was fully compliant with the examination, apologized sincerely to Mr. Seigel for his earlier conduct, and attempted in good faith to answer questions. It was in this context — a cooperative deponent at a rescheduled proceeding — that Mr. Tacopina chose to escalate rather than de-escalate. That escalation is not justified by events at prior proceedings at which Mr. Tacopina was not even examining counsel.

If Plaintiff's counsel wished to raise Mr. Blackburn's prior conduct, the appropriate vehicle was a motion or letter to the Court — not a personal attack on the record during a deposition. Using a deposition as a forum to litigate perceived grievances about an opposing attorney's professional history, while calling that attorney names and threatening his career, is precisely what Rule 30(d)

prohibits. *See* Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n, 121 F.R.D. 284, 286 (N.D. Tex. 1988).

### V.    Mr. Tacopina's Indictment Statement Constitutes Independent Sanctionable Conduct

Plaintiff responds to the cross-motion's objection to Mr. Tacopina's statement — "you're under indicted for running over our process server" — by noting that Mr. Blackburn is, in fact, under indictment. The accuracy of the underlying fact does not resolve the question raised by the cross-motion.

Mr. Tacopina did not ask Mr. Blackburn about the indictment. He did not seek testimony about it. He announced it — in the same breath as calling Mr. Blackburn a "clown" and threatening his professional career — as a means of belittling the witness during sworn examination. Truth is a defense to defamation; it is not a license to weaponize a deponent's pending criminal matter mid-examination for purposes of intimidation. *See* Leon v. Anderson's Tree Service, Inc., Slip Copy (E.D.N.Y. 2025) (evaluating sanctions against counsel for raising personal matters about opposing counsel during deposition for purposes of harassment rather than legitimate examination). The cross-motion does not allege the statement was false. It alleges that the manner and purpose of its use constituted harassment. Plaintiff has not addressed that argument, and his silence constitutes a concession. *See* Coker, 2024 WL 869412, at 7.

### VI.    Mr. Blackburn's Apology Was Genuine, Timely, and Legally Significant

Plaintiff contends that Mr. Blackburn's apology at the March 27, 2026, deposition was "too little too late" and constitutes mere "damage control." Plaintiff relies principally on in re Sobolevsky, 430 F. App'x 9 (2d Cir. 2011). That reliance is misplaced.

In Sobolevsky, the sanctioned attorney exhibited a years-long pattern of neglect across multiple client matters, submitted inadequate briefs in case after case, failed to appear before the disciplinary committee, and offered his "thousand apologies" only at the close of a disciplinary proceeding documenting sustained, systemic misconduct across many clients over many years. 430 F. App'x at 18. The Second Circuit found that his apologies gave the Committee 'little confidence that he appreciates the significance of his conduct' because of Sobolevsky's overall response to the proceedings and his reluctance to even appear before the disciplinary Committee. Id. That is not this case. At the March 27 deposition — the first full deposition proceeding following the February 24 events — Mr. Blackburn appeared, answered questions cooperatively,

8

and apologized directly to Mr. Seigel on the record. No show-cause order compelled that apology. No court directive required it. It was voluntary, offered before any examination resumed, as a matter of professional acknowledgment.

Plaintiff also argues that the apology was deficient because Mr. Blackburn "falsely blamed his medication." Whether medication played a role in Mr. Blackburn's demeanor on March 6, 2026, is a disputed factual question that cannot be resolved by Plaintiff's conclusory characterization. Mr. Blackburn is prepared to produce at an evidentiary hearing: the prescribed medication and pharmacy records confirming the name, dosage, and duration of his treatment regimen; the written prescription from his treating provider; booking and payment confirmation establishing that the Caribbean cruise was reserved and fully paid for in the first quarter of 2025 — nearly one year before the events at issue — as a pre-existing commitment that could not be cancelled without forfeiture; and a declaration or certification from a qualified medical expert confirming the documented pharmacological effects of narcotic medications on individuals who do not consume alcohol, narcotics, or other mind-altering substances, including the episodic and context-dependent nature of cognitive impairment in opioid-naïve patients. Mr. Blackburn has nothing to conceal. He invites the Court to evaluate his conduct against a complete and verified factual record rather than against Plaintiff's selective and misleading characterization of it.

VII.   Plaintiff Cannot Escape the Prejudice Inquiry Under Rule 30(d)

Plaintiff argues that the cross-motion must fail because Mr. Blackburn has not demonstrated prejudice resulting from Mr. Tacopina's conduct. But prejudice was demonstrated in the cross-motion itself, and the full transcript confirms it.

Mr. Tacopina's sustained pattern of demeaning commentary — calling Mr. Blackburn a "clown," threatening his career, invoking his criminal indictment as a taunt, and self-admittedly yelling — disrupted the flow of examination, required Mr. Blackburn to repeatedly request that questioning be conducted professionally, and created a coercive atmosphere that no rule of civil procedure sanctions. Courts in this Circuit have found prejudice under Rule 30(d) where counsel's pervasive interruptions and personal attacks disrupted examination and corrupted the voluntariness of the record. *See* Morales v. Zondo, Inc., 204 F.R.D. 50, 54 (S.D.N.Y. 2001); Fashion Exchange LLC v. Hybrid Promotions, LLC, No. 14-cv-1254 (S.D.N.Y. 2024) (imposing sanctions where obstructive deposition conduct disrupted opposing party's ability to obtain testimony).

9

Plaintiff's reliance on Townsquare Media, Inc. v. Regency Furniture, Inc., No. 21-CV-4695, 2022 WL 4538954 (S.D.N.Y. Sept. 28, 2022), is misplaced. In that case, the court found no prejudice because the challenged testimony did not hinder defendants in any material way. Here, the examination was repeatedly interrupted by exchanges about whether Mr. Tacopina was yelling and whether his conduct warranted calling the court — disruptions caused not by Mr. Blackburn but by Mr. Tacopina's own escalating conduct. The prejudice to the orderly administration of the deposition is apparent from the transcript itself.

VIII.    Plaintiff's Protective Order Violation Cannot Be Dismissed with a Footnote

Plaintiff's own opposition brief described the publication of confidential deposition transcripts and videos as "the most serious discovery violation" in this case. ECF 183 at 5. His reply now attempts to reduce that violation to a single paragraph, characterizing it as a proper "de-designation" because a close-of-business Friday email was sent to Mr. Blackburn requesting objections by end of day — to which Mr. Blackburn did not respond within that compressed window.

That argument fails for three reasons. The Protective Order entered by this Court on December 8, 2025, does not authorize unilateral de-designation by close-of-business letter. It requires a process. A party seeking to de-designate confidential material bears the burden of demonstrating the appropriateness of removal — not of demanding that the opposing party object within hours or forfeit protection entirely. See In re Peters, 642 F.3d 381 (2d Cir. 2011) (proper notice and opportunity to respond are essential elements when considering alleged violations of confidentiality orders).

The media reports Plaintiff relies upon explicitly state that journalists relied on "legal documents reviewed by Complex" — language suggesting prior access to the materials rather than same-day discovery of freshly de-designated public filings. Plaintiff has offered no evidence that the media obtained the content only after the March 24, 2026, public filing, as opposed to before it. That evidentiary gap undermines the entire chronological foundation of his de-designation defense.

This Court's March 30, 2026, order further confirms that the discovery materials at issue were not presumptively public judicial documents, as they were produced for party review rather than for use in the judicial function. If that is so, the Protective Order's force remained intact regardless of the de-designation letter, and Plaintiff's publications to the media could not have been

authorized by a procedure that failed to comply with the Order's requirements. Defendants have filed a separate motion requesting an evidentiary hearing at which Plaintiff's counsel will be required to produce all communications with media representatives concerning these disclosures and to testify under oath about the sequence and circumstances of the publications.

IX.    The Cross-Motion Is Not Frivolous and Is Not Sanctionable

Plaintiff's reply suggests, without developing the argument, that the cross-motion was filed in bad faith. That contention is meritless. The cross-motion is grounded in direct quotations from a certified deposition transcript that Plaintiff himself submitted and cites throughout his own papers. The underlying facts — the "clown" remark, the career threat, the indictment reference, the self-admitted yelling — are not in dispute. A motion grounded in undisputed, on-the-record conduct cannot be characterized as frivolous. *See* Doe v. Martucci, No. 23-cv-10514 (S.D.N.Y. 2024) (rejecting sanctions where challenged statements were supported by evidence in the record). Plaintiff's bad-faith argument, offered without legal authority and without engaging the record, is itself the kind of conclusory assertion that fails to carry any burden. *See* Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995) ("Conclusory statements are inadequate to carry this burden.").

**CONCLUSION**

For the foregoing reasons, Defendants Tyrone Blackburn and T.A. Blackburn Law, PLLC respectfully request that the Court: (1) grant their cross-motion for sanctions and issue findings that Mr. Tacopina's conduct at the March 27, 2026 deposition violated Fed. R. Civ. P. 30(d); (2) impose such monetary or non-monetary sanctions as the Court deems appropriate, including an award of attorneys' fees and costs incurred in connection with the March 27, 2026 deposition and this cross-motion; (3) direct Plaintiff to produce the complete, unedited, native-format video recording of the March 27, 2026 deposition with all metadata intact prior to the May 18, 2026 oral argument; (4) deny Plaintiff's motion for sanctions for the reasons set forth in Defendants' opposition brief; and (5) grant such other and further relief as the Court deems just and proper.

Dated: April 22, 2026
Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC

11