

**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

April 24, 2026

**VIA ECF**

The Honorable Jennifer E. Willis
U.S. Magistrate Judge for the S.D.N.Y.
40 Foley Square, Courtroom 228
New York, NY 10007

> **Re:**    ***Cartagena v. Dixon*, 25-cv-03552 (S.D.N.Y.)**

Dear Judge Willis:

We submit this letter to promptly draw the Court's attention to false and malicious statements in Defendants Tyrone Blackburn and T.A. Blackburn Law PLLC's (collectively, "**Blackburn**") Reply filed last night in further support of his Motion for Sanctions, ECF 188 (the "**Reply**"). We are mindful of Your Honor's order limiting further briefing to Blackburn's Reply (ECF 187). This letter does not address legal arguments, distinguish precedent, or argue substantive issues. Its sole purpose is to address the false and malicious accusations of professional misconduct leveled against Plaintiff's counsel in Blackburn's Reply, which was filed two days after the Court-imposed deadline (ECF 187).

For the reasons discussed below, Mr. Cartagena respectfully requests that the Court strike Blackburn's Reply and order Blackburn to refile it omitting his demonstrably false accusations against Mr. Cartagena's counsel.

In his Reply, Blackburn accuses Mr. Cartagena's counsel of "[f]abricat[ing]" and "invent[ing]" case parentheticals. Reply at 1, 2. Blackburn states that Mr. Cartagena's counsel cited *Calloway v. Marvel Entertainment Group*, No. 82-cv-8697, 1985 U.S. Dist. LEXIS 16588 (S.D.N.Y. Aug. 22, 1985) (**Exhibit 1**), with "a parenthetical asserting that the court appointed a special master 'where . . . counsel for the deponent obstructed the initial deposition.'" Reply at 5. Blackburn argues that the decision "contains no finding, holding, or statement that counsel obstructed the initial deposition" and that Plaintiff's counsel "invented that parenthetical." *Id.*

Blackburn's accusations are false.

***First***, Mr. Cartagena's description of *Calloway* is accurate. In *Calloway*, Judge Robert Sweet states: "The incident giving rise to the order to show took place at a deposition on August 14, 1985 in the course of which Arnoff [an attorney for a third-party defendant] picked up an ashtray and threw it at Ray LeFlore, counsel for Calloway." 1985 U.S. Dist. LEXIS 16588, at *1. An attorney throwing an ashtray at opposing counsel during a deposition is, by any reasonable measure, obstruction of the deposition.  Thus, the parenthetical statement that "(…counsel for the deponent obstructed the deposition)" is accurate.

***Second***, the direct quotation Blackburn ascribes to Mr. Cartagena does not appear in Mr. Cartagena's brief. As the comparison below demonstrates, Blackburn inserted an ellipsis and quotation marks around the phrase "counsel for the deponent obstructed the initial deposition" to falsely suggest that Plaintiff's counsel presented this language as a direct quote from *Calloway*:

| **Blackburn's Reply Brief (ECF 188 at 5)** | **The Actual Text of Mr. Cartagena's Combined Opposition and Reply Brief (ECF 186 at 27)** |
|---|---|
| Plaintiff cites *Calloway v. Marvel Entm't Grp.*, No. 82 Civ. 8697 (RWS), 1985 U.S. Dist. LEXIS 16588 (S.D.N.Y. Aug. 22, 1985), with a parenthetical asserting that the court appointed a special master "where ... counsel for the deponent obstructed the initial deposition." That is not what the case says. (emphasis added). | *Calloway v. Marvel Entm't Grp.*, No. 82 Civ. 8697 (RWS), 1985 U.S. Dist. LEXIS 16588, at *2 (S.D.N.Y. Aug. 22, 1985) (appointing special master to supervise a continued deposition where a "long series of discovery disputes" had "arisen during the litigation," and counsel for the deponent obstructed the initial deposition). |

In fact, Mr. Cartagena's parenthetical properly distinguished between quoted language ("long series of discovery disputes" and "arisen during the litigation") and a descriptive parenthetical: (…counsel for the deponent obstructed the initial deposition).

Therefore, as demonstrated, Mr. Cartagena's parenthetical was neither "fabricated" nor "invented" nor inaccurate in any way. Blackburn is attempting to impugn Plaintiff's counsel's integrity by mischaracterizing not only Mr. Cartagena's brief, but also a publicly accessible court decision. Accusations that counsel "fabricated" or "invented" information submitted to the Court carry significant weight, and such accusations should therefore not be made lightly — nor, certainly, falsely and maliciously — which is exactly what Blackburn did here.

Accordingly, Mr. Cartagena respectfully requests that the Court strike Blackburn's Reply and order Blackburn to refile it omitting his demonstrably false accusations against Mr. Cartagena's counsel.

We thank the Court for its attention to this matter.

Respectfully submitted,


/s/ Jordan W. Siev


cc: All counsel of record (by ECF)