UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,

                        Plaintiff,

            -against-

TERRANCE DIXON, TYRONE
BLACKBURN, and T.A. BLACKBURN
LAW, PLLC,

                   Defendants.

Case No. 1:25-cv-03552 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On January 20, 2026, after a conference with the parties, the Court ordered that the depositions of Defendants take place on February 6, 2026, and February 9, 2026, based on Defendants' counsel's representations as to his availability.  Dkt. 133; *see also* Dkt. 134; Dkt. 131 at 1 ("I will not be available to sit for a deposition until February 6, 2026, and February 9, 2026.").

Notwithstanding this order, Defense counsel emailed Plaintiff on February 3, 2026, that he would not be attending the depositions on February 6 or 9, 2026, and that he would seek relief from the Court that day.  Dkt. 136-2.  Contrary to this communication, Defendants did not contact the Court on February 3, 2026 to seek relief from the January 20, 2026 order or otherwise inform the Court that Defendants could not attend the depositions.  Only after Plaintiff moved to compel compliance with the Court-ordered deposition dates on February 5, 2026, *see* Dkt. 136, did Defendants inform the Court that they would not attend the ordered deposition dates, *see* Dkt. 137.  Without receiving relief from the Court, Defendants did not appear for the Court-ordered depositions on February 6 or 9, 2026.  The court reporter and videographers were present for both scheduled deposition dates, and Plaintiff's counsel placed on the record that

Defendants had not appeared.  Dkt. 146-4 at 4:8-10; 146-5 at 4:2-3.  The Court ultimately held a hearing on the matter on February 10, 2026, rescheduled the deposition dates, and ordered that the parties more fully brief the Plaintiff's request at Dkt. 143 for sanctions in order to provide Defendants an opportunity to respond.  Dkt. 145.  Any motion for sanctions was to be filed by February 13, 2026, and Defendants were ordered to respond by February 24, 2026.  *Id.*

Plaintiff timely filed his letter motion for contempt and sanctions on February 13, 2026, seeking (i) costs and fees associated with Defendants' noncompliance with the January 20, 2026 Order, (ii) a referral of defense counsel, Tyrone Blackburn, to the Committee on Grievances of the Southern District of New York, and (iii) an order that Blackburn serve any sanctions determination (and another letter he filed in another matter), on his client Terrance Dixon.  Dkt. 146 at 1.  Defendants did not respond by the Court-ordered deadline of February 24, 2026.  On February 27, 2026, Plaintiff filed a letter in further support of his motion for contempt and sanctions, noting that his motion was unopposed.  Dkt. 147.  Only later, on March 2, 2026, did Defendants respond to Plaintiff's motion.  Dkts. 150, 151.

Under Federal Rule of Civil Procedure 37(b), failure to appear for a court-ordered deposition may be treated as contempt of court.  Fed. R. Civ. P. 37(b)(1).  A variety of sanctions may be ordered, and the Court must order the disobedient party or attorney to pay reasonable expenses caused by the failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  The "court has broad discretion to determine the type of sanction to impose upon a party, based on all the facts of the case."  *Scantibodies Lab'y, Inc. v. Church & Dwight Co.*, 14-cv-02275 (JGK) (DF), 2016 WL 11271874, at *18 (S.D.N.Y. Nov. 4, 2016) (citation omitted), *report and recommendation adopted*, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017).  When determining whether to impose sanctions, a district court considers the following non-exhaustive and non-

exclusive factors: "(1) the willfulness of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). "Prejudice to the moving party is also a relevant factor." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 120 (S.D.N.Y. 2018)

After considering the parties' submissions, the Court will hold Defendants in contempt for failing to appear at the Court-ordered depositions on February 6 and 9, 2026. However, after weighing the facts and circumstances here, including the factors set forth above, the Court will not impose the sanctions requested by the Plaintiff because of the medical issues cited by Plaintiff, and will not award the attorneys' fees requested by Plaintiff given that time spent preparing for the depositions will be directed toward the rescheduled depositions.

However, Plaintiff incurred the costs of a videographer and court reporter for the depositions because Defendants did not timely obtain relief from the Court-ordered deposition dates. Therefore, Defendants are ORDERED to pay Plaintiff the reasonable costs incurred to pay the videographer and court reporter for the February 6 and 9, 2026 deposition dates. Plaintiff shall promptly produce to Defendants proof of costs incurred for the videographer and court reporter, and Defendants are ORDERED to reimburse Plaintiff for those costs within 10 days of receipt of the invoices.

The Clerk of the Court is respectfully requested to terminate the motion at Dkt. 146.

Dated: April 24, 2026
    New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

3