

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

May 20, 2026

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    Re: *Joseph Cartagena v. Terrance Dixon, Tyrone Blackburn, and T.A. Blackburn Law, PLLC*
Case No. 1:25-cv-03552 (JLR)

Dear Judge Rochon:

    Defendants Tyrone Blackburn and T.A. Blackburn Law, PLLC respectfully submit this response to the Court's Order to Show Cause dated May 14, 2026 (ECF 193), directing Defendants to show cause why they should not be sanctioned for failing to comply with the Court's April 24, 2026, Order (ECF 191). For the reasons set forth below, Defendants respectfully submit that (1) they did not receive invoices billed to Defendants or payable through Defendants' Veritext account, and acted in good faith to assume responsibility for payment once the invoices and amounts were confirmed; (2) they have made a partial payment today and commit to paying all amounts the Court determines to be owed; and (3) to the extent the Court reaches the amount to be reimbursed, the Court should clarify or reduce the reimbursable amount to exclude avoidable vendor costs Plaintiff failed to mitigate.

I.    <u>The Invoices Were Not Billed to Defendants and Could Not Be Paid Directly Through Defendants' Veritext Account</u>

    The Court's April 24, 2026, Order directed Plaintiff to "promptly produce to Defendants proof of costs incurred for the videographer and court reporter," with Defendants ordered to reimburse those costs within 10 days of receipt. ECF 191 at 3. The invoices Plaintiff transmitted were not billed to Defendants, T.A. Blackburn Law, PLLC, or any Veritext account controlled by Defendants. They were billed to Plaintiff's counsel's account, which created a practical payment

 



## T. A. BLACKBURN LAW

impediment requiring Veritext to transfer or reissue the invoices before Defendants could pay them directly. Defendants first confirmed the specific invoices, amounts, and billing configuration through Plaintiff's May 13, 2026, filing at ECF 192. Under these circumstances, any delay was administrative rather than willful, defiant, or contumacious.

II.     Defendants Have Acted in Good Faith to Comply

Upon confirming the invoices, amounts, and billing configuration through ECF 192, Defendants promptly took steps to effectuate payment. The invoices, however, were originally billed to the account of Reed Smith LLP — Plaintiff's counsel — not to Defendants' account. Defendants were therefore unable to pay directly on those invoices as originally billed. Beginning on May 14, 2026 — the same day this Court issued the Order to Show Cause — Defendants contacted Veritext's client services to request transfer of the invoices to Defendants' own account. *See* **Exhibit A** (email correspondence with Veritext, May 14–19, 2026). Despite multiple follow-up communications on May 14, 15, and 18, 2026, the transfer was not completed until May 19, 2026. On May 20, 2026, Defendants immediately made a payment of $368.00 toward Invoice No. 9014867 (videographer, February 9, 2026). *See* **Exhibit B** (Transaction Receipt, Reference No. 701813435). This record demonstrates that Defendants' delayed compliance was not willful, but rather the product of a logistical impediment in Veritext's billing process entirely outside Defendants' control.

III.    Alternatively, the Court Should Clarify or Reduce the Reimbursable Amount Based on Plaintiff's Failure to Mitigate Avoidable Vendor Costs

Defendants do not raise the mitigation issue to disregard or avoid compliance with the Court's April 24, 2026, Order. Defendants raise it only as an alternative ground for clarification or reduction of the amount Plaintiff seeks to enforce. Rule 37 permits recovery only of reasonable expenses caused by a discovery failure, and expenses that could reasonably have been avoided are not properly shifted.

A. The Governing Legal Standard

Under Fed. R. Civ. P. 37, a court must order payment of "reasonable expenses" caused by a discovery failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust." This reasonableness limitation is independently reinforced by the well-established duty to mitigate in this Circuit. "A party claiming expenses under Rule 37(d) has a





# T. A. BLACKBURN LAW

responsibility to try to limit expenses resulting from the other party's discovery violation," and "where an expense could reasonably have been avoided, that expense is not recoverable." John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 150 (S.D.N.Y. 2014). A party that "proceeded fully aware that [the deponent] would not be present" cannot recover "costs [it] needlessly incurred." Jackson-Lipscomb v. City of New York, 2019 WL 6138629, at *7 (S.D.N.Y. Oct. 7, 2019).

Furthermore, the "two key considerations guiding this determination are how far in advance notice was given and whether a party acted in bad faith." In re Terrorist Attacks on Sept. 11, 2001, 2022 WL 2705457, at *1 (S.D.N.Y. July 12, 2022); accord Gursslin v. City of Rochester, 2023 WL 11916331, at *1 (W.D.N.Y. May 11, 2023). Courts have "generally declined to award attorney's fees and costs where notice was given at least 48 hours in advance" absent a showing of bad faith. Id.; see also Donini Int'l, S.P.A. v. Satec (U.S.A.), LLC, 2006 WL 695546, at *7 (S.D.N.Y. Mar. 16, 2006) (declining to award costs where oral notice of cancellation was provided at least two days in advance).

B. The February 6, 2026, Deposition — Invoices 8998277 ($903.50) and 9011897 ($588.00)
   With respect to the February 6, 2026, deposition, Plaintiff had more than 48 hours' advance notice that Defendants would not appear. On February 3, 2026, Defendants' counsel notified Plaintiff's counsel by email that he had undergone a medical procedure that same day and was unable to attend the scheduled depositions. On February 5, 2026 — the day before the February 6 deposition — Defendants filed ECF 137 with this Court, formally advising that counsel had undergone medical procedures on January 23 and February 3, 2026, was prescribed narcotics and antibiotics, and was medically unable to prepare for or attend the depositions. See **Exhibit C** (ECF 137). ECF 137 explicitly requested that the Court extend the discovery deadline by two months and permit the parties to confer and propose new deposition dates.

Plaintiff thus had advance notice from February 3, 2026, and documented court-filed notice on February 5, 2026, that Defendants maintained they could not medically proceed. Veritext's cancellation policy permitted no-cost cancellation of the February 6, 2026, deposition by 4:00 p.m. on February 5, 2026 — a deadline that arrived after ECF 137 had already been filed. Plaintiff had the ability to cancel at no cost, had full and formal notice of non-attendance on the public docket,

 



## T. A. BLACKBURN LAW

had substantial notice that Defendants maintained they could not medically proceed, and that Court intervention had been requested, and yet made no effort to cancel. The resulting costs of $1,491.50 for the February 6 date were therefore "needlessly incurred" within the meaning of Jackson-Lipscomb and are not "reasonable costs" recoverable under Rule 37(b)(2)(C).

The notice given for the February 6 deposition — filed on the Court's docket the day before, citing documented medical procedures and prescribed narcotics — is plainly not the kind of last-minute gamesmanship that justified proceeding without cancellation in John Wiley & Sons, 298 F.R.D. at 148–49. Unlike cases involving uncertainty or strategic gamesmanship, Defendants had placed their medical inability to proceed squarely before Plaintiff and the Court before the vendor costs became unavoidable.

C. The February 9, 2026, Deposition — Invoices 8999339 ($725.95) and 9014867 ($368.00, already paid)

The case for clarification or reduction is even more compelling as to the February 9, 2026, costs. In addition to all of the foregoing notice, by the morning of February 6, 2026 — three full days before the February 9 deposition — this Court had issued an Order (ECF 139) scheduling a virtual conference for February 10, 2026 to address the requests raised in ECF 136 and ECF 137, expressly including Defendants' request to adjourn both depositions and extend discovery. *See* **Exhibit D** (ECF 139).

As of February 6, 2026, Plaintiff had substantial reason to mitigate avoidable vendor costs for the February 9 deposition: (1) Defendants' counsel had provided documented medical notice on February 3, 2026 — more than 144 hours before the February 9 deposition; (2) Defendants had filed a formal court letter on February 5, 2026 requesting adjournment of both depositions; and (3) this Court had just ordered a conference for February 10 to address that very request. Veritext's cancellation policy permitted no-cost cancellation of the February 9, 2026, deposition by 4:00 p.m. on February 8, 2026 — nearly 48 hours after the Court's February 6 Order was docketed. Plaintiff had two full days to cancel the February 9 services at no cost. It did not do so.

Under these circumstances, Defendants respectfully submit that Plaintiff's decision to allow additional vendor costs to accrue for the February 9 deposition was not reasonable because Plaintiff had substantial advance notice that Defendants could not medically proceed and that Court intervention had been requested. There was no meaningful uncertainty that Defendants had

 



## T. A. BLACKBURN LAW

withdrawn their availability and placed their medical inability to proceed before the Court, and no apparent reason to allow avoidable vendor costs to accrue once the Court scheduled a February 10 conference to address the disputed deposition schedule. Cf. Cerco Bridge Loans 6 LLC v. Schenker, 768 F.Supp.3d 559 (S.D.N.Y. 2025) (proceeding without canceling was reasonable only where a pending motion to quash created genuine uncertainty as to whether the deposition would proceed). No such uncertainty existed here. Plaintiff's failure to cancel the February 9 services was an avoidable decision that resulted in needlessly incurred costs not recoverable under Rule 37(b)(2)(C).

IV.    Commitment to Pay Any Amounts the Court Determines Remain Owed

To the extent the Court declines to clarify or reduce the April 24, 2026, Order in whole or in part, Defendants are committed to satisfying any amounts the Court determines to remain owed. Defendants have already paid $368.00 today toward Invoice No. 9014867. Due to current financial constraints, Defendants respectfully request that the Court permit payment of any remaining balance determined to be owed through a short installment schedule. Defendants respectfully propose to pay the remaining balance, if any, in three installments: $588.00 by June 5, 2026; $725.95 by June 19, 2026; and $903.50 by June 30, 2026. Defendants make this request in good faith and not for purposes of delay. Defendants will remit additional partial payments as funds become available. Defendants will continue to make every effort to comply and sincerely regret the delay.

V.    Reservation of Rights

Defendants respectfully reserve their right to appeal the April 24, 2026, Order and all related rulings at the conclusion of this litigation.

VI.    Conclusion

For the foregoing reasons, Defendants respectfully request that the Court discharge the May 14, 2026, Order to Show Cause and decline to impose further sanctions. Defendants respectfully submit that the record demonstrates good-faith efforts to comply, an administrative billing impediment outside Defendants' control, and partial payment as soon as Veritext made payment available. To the extent the Court determines that any balance remains payable notwithstanding Defendants' mitigation arguments, Defendants respectfully request leave to remit the remaining balance on or before June 30, 2026, without additional sanctions. Defendants further



# T. A. BLACKBURN LAW

request that the Court clarify or reduce the reimbursable amount to exclude costs that Plaintiff could reasonably have avoided after receiving advance notice that Defendants could not proceed with the February 6 and February 9 depositions.

Regards,

*/s/Tyrone A. Blackburn*
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com

Cc:
All Counsel of Record via ECF.

 347-342-7432     tblackburn@tablackburnlaw.com    TABlackburnlaw.com