**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JOSEPH CARTAGENA,

<table>
<tr><td>Plaintiff,</td><td><u>ORDER</u></td></tr>
<tr><td>-against-</td><td><strong>25-CV-3552 (JLR) (JW)</strong></td></tr>
<tr><td>TERRANCE DIXON, et al.,</td><td></td></tr>
<tr><td>Defendant.</td><td></td></tr>
</table>

-------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before this Court is Plaintiff Joseph Cartagena's ("Plaintiff") Motion for Sanctions against Defendants Tyrone Blackburn ("Blackburn"), T.A. Blackburn Law PLLC, and Terrance Dixon ("Dixon") (collectively, "Defendants") based on Dixon and Blackburn's behavior at the February 24th deposition and Blackburn's behavior at the March 6th deposition. Dkt. No. 168. Defendants' filed a Cross Motion for Sanctions against Plaintiff alleging counsel for Plaintiff leaked the deposition videos and transcripts to the media and based on counsel for Plaintiff's behavior at the depositions. Dkt. No. 182. Also before this Court is Plaintiff's motion to file a redacted copy of the transcript of Defendant Dixon's ("Dixon") deposition. Dkt. No. 171. For the reasons stated below, Plaintiff's Motion for Sanctions is **GRANTED in part, DENIED in part**, Defendants' Cross Motion for Sanctions is **DENIED**, and Plaintiff's motion to file a redacted copy of the transcript of Defendant Dixon's deposition is **GRANTED**.

## BACKGROUND

### A. Scheduling of the Depositions

On January 20, 2026, following a conference with the Parties, Judge Rochon ordered the depositions of Dixon and Blackburn to take place on February 6, 2026, and February 9, 2026. Dkt. No. 133-34. On February 3, 2026, Blackburn emailed Plaintiff that he would not attend either deposition and would seek relief from the Court. Dkt. No. 136-1. However, Blackburn failed to contact the Court and only informed the Court after Plaintiff filed a motion to compel compliance with the deposition on February 5, 2026. Dkt. Nos. 136, 137. Without Court approval, Defendants unilaterally cancelled the depositions. Dkt. No. 191 at 1.

On February 10, 2026, Judge Rochon held a conference to address the depositions. Dkt. No. 148 (Transcript of February 10th hearing). At the conference Blackburn represented that he had a medical procedure on January 23rd and follow up procedure on February 3rd. Id. at 11:4-7. Blackburn indicated he was still on medication and that he would be more than happy to provide the Court with detailed information from his provider regarding his medical situation. Id. at 11:7-13.

When discussing his availability Blackburn further represented that he was travelling out of the country from February 10th to 20th and would be back in New York on the 21st of February, and that he would be unavailable February 25th and 26th because he was participating in another deposition and had a hearing on another matter. Id. at 12:11-16, 13:12-19. After consulting both Parties' schedules, Judge Rochon ordered the depositions to take place on February 24th and March 6th:

2

I am finding that those deposition dates are appropriate for two reasons. One, they're agreed upon by both parties. Two, Mr. Blackburn is going on a cruise for the next week and a half, showing that he is not incapacitated. And, three, we just went through several other court conferences that Mr. Blackburn is anticipating participating in between now and those deposition dates, so obviously [he] is able to participate in court proceedings.

Id. at 15:23-25-16:1-5.

## B. The February 24th Deposition

On February 24, 2026, Blackburn appeared with Dixon to defend Dixon's deposition. At the deposition, Blackburn made several ad hominem attacks against counsel for Plaintiff. Dkt. No. 172-2. Among other things, Blackburn referred to counsel as a "piece of shit," said "I'm not your husband," "what date is your transition surgery?" and "your mother is an alleged criminal…she should have spit you out instead of swallowing." Id. at 601:20-21, 357:9-10, 367:16-21, 418:10-14.

At one point during the deposition Dixon and Blackburn boasted about how they could take counsel for Plaintiff down:

[DIXON]: I could take you down --

Q: Okay.

MR. BLACKBURN: Everybody could take you down --

[DIXON]: I could take you down with my left hand --

MR. BLACKBURN: -- very easily.

[DIXON]: -- in a one-on-one. Yeah, of course.

Id. at 360:3-12.

In addition to the ad hominem attacks, Blackburn repeatedly instructed Dixon, his client, to refuse to answer questions. Early in the deposition, Plaintiff called Judge Rochon because there was a dispute as to whether Blackburn could instruct Dixon not to answer questions. Id. at 23-24. The Court stated:

> I am finding that in applying [FRCP 30(c)(2)], the deponent must answer the questions that have been raised by plaintiff and I'm overruling any objection raised by Mr. Blackburn. There are not issues of privilege at play. The information is relevant or could lead to admissible evidence.

Id. at 24:24-25-25:1-8.

Despite the Court's order, Blackburn continued to instruct Dixon not to answer questions throughout the entire deposition. See e.g. id. at 221:22-25; 274:10-11, 490:13-14, 555:23-24. In addition to instructing Dixon not to answer questions, Blackburn interjected to argue with Plaintiff's counsel over the questions being asked:

> Q: All right. You're aware that Off The Books produces a video; right?

> Mr. BLACKBURN: Objection. How could he know what off the books produces?

Id. at 228:3-7.

Throughout the deposition, Dixon frequently responded "I don't recall" to questions. The questions Dixon could not recall the answer to include the name of his Instagram, the name of any members of his team, and whether the person on a video he was shown by Plaintiff's counsel appeared to be him. 32:16-18, 42:22-23, 224:25-225:1-3. Dixon stated "I don't recall" at least forty-six times during the deposition.

4

## C. The March 6th Deposition

On March 6, 2026, Blackburn appeared for his own deposition.  During the deposition Blackburn stated he believed he represented Dixon but could not say for certain because he has a lot of cases. Dkt. No. 169-1 at 19:2-22-20:10-12.  When asked again if he was representing Dixon as Plaintiff in the case, Blackburn promptly corrected counsel stating that this case is Cartagena v. Dixon.  Id. at 20:3-25. Blackburn stated he did not recall being at Dixon's deposition on February 24th.  Id. at 22:1-7.

Blackburn stated he was on medication during the deposition and did not know how it would impact him:

> Well, as I've shared with the court: I am on medication, I have been on medication, will be on medication for the next, probably, four weeks at this point; four to five weeks, after I had a procedure earlier this year.

Id. at 8:14-20.

Counsel for Plaintiff called the Court during Blackburn's deposition to request an adjournment.  Id. at 82.  Judge Rochon asked Blackburn whether he represents Dixon, to which Blackburn stated "yes, of course." Id. at 93:8-10.  After counsel read back portions of the record to the Court, the Court adjourned the deposition to the end of March. Id. at 104:4-6.

## D. Sanctions for Failing to Appear at the Earlier Depositions

This is not the first time during the pendency of this case that sanctions have been ordered.  After Defendants failed to appear at the February 6th and 9th depositions, Plaintiff moved for sanctions.  As part of Defendants' opposition to

Plaintiff's motion for sanctions, Blackburn included a letter from his medical provider, dated February 27, 2026, that indicated Blackburn had a medical procedure on January 23rd and February 3rd and was under local anesthesia and prescribed medication that included narcotics.  Dkt. No. 150-2.  The medical provider also indicated that Blackburn was advised to refrain from work for two weeks. Id.

On April 24, 2026, Judge Rochon held Defendants in contempt for failing to appear at court-ordered depositions on February 6 and 9, 2026.  Dkt. No. 191.  As a result, the Court sanctioned Defendants and ordered them to pay Plaintiff the reasonable costs incurred to pay the videographer and court reporter on the depositions dates.  Id.  However, the Court declined to impose the full extent of sanctions requested because of the medical issues cited by Defendant Blackburn. Id. at 3.

### E.  Sanctions Requests

On March 24, 2026, Plaintiff filed the instant Motion for Sanctions.  Dkt. No. 168.  Plaintiff attached to its motion a declaration in support of sanctions, Blackburn's March 6th deposition transcript, excerpts from Dixon's transcript, and several video excerpts from both depositions.  Dkt. No. 169.  Plaintiff also filed a motion for leave to redact portions of the Dixon deposition transcript.  Dkt. No. 171.

Plaintiff's Motion for Sanctions against Defendants is based on the obstruction of Defendant Dixon's deposition on February 24, 2026, and obstruction of Blackburn's deposition on March 6, 2026.  Dkt. No. 168.  Plaintiff requests the following sanctions: (1) reimbursement of reasonable costs and fees associated with Dixon's February 24,

2026 deposition and Blackburn's March 6, 2026 deposition; (2) an additional deposition of Dixon to last two hours and be limited to certain topics; (3) a referral to the Grievance Committee; and (4) the appointment of a Special Master to oversee the remainder of the Dixon deposition.

Defendants filed a cross motion for sanctions against Plaintiff.  Dkt. No. 183. Defendants alleged that Plaintiff leaked the deposition transcripts and recordings to the press and argued Plaintiff should be sanctioned for counsel's inflammatory remarks during the depositions.

On May 18, 2026, this Court held oral argument on Plaintiff's Motion for Sanctions and Defendants' Cross Motion for Sanctions.

**LEGAL STANDARD**

**A.  Deposition Sanctions**

The Court may impose an appropriate sanction, including reasonable expenses and attorney's fees, on any person who "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).  Appropriate sanctions include allowing additional time to depose a witness "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Id. at (d)(1).

One method of impeding and frustrating the fair examination of a deponent is through impermissible objections.  Under Rule 30(c)(2), an attorney must object in a nonargumentative and nonsuggestive manner and may only instruct a deponent not to answer a question when "necessary to preserve a privilege, to enforce a limitation

ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). "In order to avoid the use of speaking objections, courts have instructed counsel to object to a deposition question not calling for privileged information using the single word, 'objection,' or at most a short phrase." Antolini v. McCloskey, No. 19 Civ. 9038 (GBD) (SDA), 2021 WL 5411176, at *7 (S.D.N.Y. Nov. 19, 2021) (collecting cases); see also Auscape Intern v. Nat'l Geographic Soc'y, No. 92 Civ. 6441 (LAK), 2002 WL 31250727, at *1 (S.D.N.Y. Oct. 8, 2002) (The Parties are "entitled to oral testimony of the witnesses, not lawyers' answers.").

"The Court also possesses inherent power to impose decorum and 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" Parchem Trading Ltd. v. DePersia, No. 17 Civ. 1618 (KMK) (PED), 2018 WL 11468670, at *5 (S.D.N.Y. Dec. 27, 2018) (internal citation omitted). Behavior that includes the use of vulgar, ad hominem attacks on counsel, behaving in a quarrelsome and disagreeable manner, and displaying contempt for the proceedings all constitute abuse of the judicial process. Id.

### B. Motion to Seal/Redact

When considering a motion to seal, courts in this District first determine whether or not the document requested to be sealed is a "judicial document." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). If found to be a "judicial document," the next step is to balance the common law right of public access—which attaches to judicial documents—against any countervailing factors. Id. Finally, courts must ensure that sealing requests are narrowly tailored in relation

8

to the countervailing factors. Id. at 120. (quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

Deposition transcripts are judicial documents. Lugosch, 435 F.3d at 121. However, courts are inclined to redact portions of transcripts that "play only a negligible role in the performance of Article III duties [and] are accorded only a low presumption that amounts to little more than a prediction of public access absent a countervailing reason." Brown v. Maxwell, 929 F.3d 41, 49-50 (2d. Cir. 2019). Further, it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." S.E.C. v. TheStreet.Com, 273 F.3d 222, 230 (2d Cir. 2001).  For that reason, the Second Circuit has permitted redaction of "deposition responses concerning intimate matters." Brown, 929 F.3d at 48 n. 22.

## DISCUSSION

### A. Plaintiff's Motion for Sanctions

Defendants' performance at the February 24th and March 6th depositions is entirely warranting of sanctions.

### 1. Ad Hominem Attacks on February 24th

The ad hominem attacks aimed at counsel for Plaintiff, including homophobic, transphobic, and sexualized comments about his mother shock the conscience.  The Court has never seen the sort of behavior from an attorney that Blackburn engaged in at the deposition on February 24th.

9

The medical record does not support Blackburn's assertion that his unconscionable behavior at the February 24th deposition was due to medication he was taking. The only evidence in the record provided by Blackburn is a doctor's note dated February 27, 2026. Dkt. No. 150-2. The note confirms that Blackburn underwent surgery on January 23, 2026, and February 3, 2026, and that he was prescribed medication including narcotic pain relievers. While the note states Blackburn was advised to refrain from work for two weeks for recovery and pain management, the note says nothing to indicate Blackburn would still be on medication by February 24th, three weeks after the second procedure. Furthermore, based on Blackburn's representations to the Court on February 10th, the Court scheduled the two depositions based on the finding that Blackburn would not be incapacitated by February 24th and because Blackburn had several unrelated hearings and depositions for the same week. Dkt. No. 148 at 15-16. Blackburn never attempted to adjourn or reschedule the February 24th deposition due to medical impairment. Finally, the notion that Blackburn's behavior was due to medication is further belied by Blackburn's statements at the oral argument on the sanctions motions, wherein Blackburn attempted to contextualize his comments by arguing that he was provoked by opposing counsel. Dkt. No. 200 at 32, 51-52.

Notably, Blackburn previously was warned before by a court in this District that his behavior is unacceptable. Jones v. Combs, No. 24 Civ. 1457 (JPO), 2025 WL 896829, at *4 (S.D.N.Y. Mar. 24, 2025) ("Blackburn has a professional obligation, both to the Court and to his client, to state the law accurately, to collaborate in a

respectful and constructive manner with fellow lawyers, and to allow this litigation to proceed efficiently.").

### 2. Improper Objections on February 24th

In addition to the ad hominem attacks that interfered with the judicial process, Blackburn impeded and frustrated Dixon's deposition on February 24th by repeatedly raising improper objections and instructing his client not to answer questions in violation of Rule 30. Blackburn's conduct continued for hours after a clear order by Judge Rochon early in the deposition that the deponent must answer questions unless the answer would reveal privileged information. Dkt. No. 172-2 at 24-25.

Because the repeated speaking objections, instructions not to answer, and inappropriate interjections were constant throughout the deposition, this Court finds Dixon's deposition was impeded and frustrated to the point that a second deposition is warranted. See e.g. Morales v. Zondo, Inc., No. 00 Civ. 3494 (AGS), 204 F.R.D. 50, 54-58 (S.D.N.Y. 2001) (granting sanctions including a second deposition for detailed objections, instructions not to answer, interruptions, and ad hominem attacks at a deposition). Plaintiff's motion for a second two-hour deposition of Dixon limited to the topics of Dixon's Instagram account, commissions or royalties to which he believes he is entitled, communications between Dixon and a manager, statements made on the Off Da Wall podcast, and the sex acts he alleged he was compelled to participate in is **GRANTED.**

Plaintiff also moved the court to appoint a special master to preside over the second deposition of Dixon. That request is **DENIED**. Cronin v. Browner, 90

F.Supp.2d 364, 377 (S.D.N.Y. Mar. 27, 2000) ("Appointing a special master is rare…") (internal citation omitted). However, Blackburn is ordered to not (1) make speaking objections, (2) instruct Dixon not to answer any questions unless the basis is privilege, and (3) interject when questions are being asked. Dixon is ordered to answer opposing counsel's questions at the deposition. If Defendants do not comply with this Court's Order, additional sanctions **will** follow.

### 3. Inability to Proceed on March 6th

To impose sanctions under Rule 30(b)(2), the Court need not find a party acted in bad faith. Antolini, 2021 WL 5411176, at *7 (cleaned up). "Rather, the only requirement for sanctions is that the fair examination of the deponent was frustrated, impeded, or delayed." Id. (internal citation omitted).

At the March 6th deposition Blackburn was initially unable to confirm whether he represented Dixon. He was unable to confirm whether he was present for the Dixon deposition just two weeks prior. He was unable to answer basic questions asked of him. After Plaintiff called the Court, Blackburn was suddenly able to affirm that he represented Dixon but was unable to recall that he could not definitively state that Dixon was his client minutes earlier.

As discussed *supra,* the record is devoid of corroborating evidence that Blackburn was still on medication on March 6th. Assuming *arguendo,* he was on medication, there is no evidence in the record that the medication would have caused the selective amnesia that was on display at the March 6th deposition. In any event, if Blackburn's medication was interfering with his ability to be deposed, the proper

12

course of action would have been to file a letter with the court explaining the situation and requesting an adjournment in advance of the deposition.

## B. Attorney's Costs and Fees

Plaintiff moves the Court to order attorney's costs and fees incurred to secure a court reporter and videographer for the March 6th Deposition, attorneys' fees incurred preparing the March 6th deposition, attorneys' fees incurred in preparing, filing, and attending any conferences associated with the sanctions motion, and attorneys' costs and fees that will be incurred as a result of conducting a second deposition of Dixon.  Dkt. No. 170 at 25-27.

Blackburn requested that the Court substantially reduce any sanction because he is a "solo practitioner representing himself pro se with no institutional resources." Dkt. No. 183 at 17.  However, Courts in this District decline to reduce fee awards on the basis of inability to pay when a party fails to provide a financial declaration or other documentation to support the purported inability to pay.  Midamines SPRL Ltd. v. KBC Bank NV, No. 12 Civ. 8089 (RJS), 2016 WL 11359166, at *2 (S.D.N.Y. Mar. 31, 2016).  Because Blackburn failed to provide supporting documentation, this Court will not reduce any award based on an inability to pay.

Plaintiff's requests for (1) costs and fees for the court reporter and videographer for the March 6th deposition, (2) costs and fees associated with a second deposition of Dixon, and (3) attorneys' fees incurred in preparing, filing, and attending conferences associated with the sanctions motion are **GRANTED**. Plaintiff's request for costs and fees associated with preparation of the March 6th

13

deposition is **DENIED** because the time spent preparing to depose Blackburn was directed towards the March 27th deposition of Blackburn.

### C. Motion to Redact Dixon Deposition Transcript

The deposition transcript attached to Defendants' Motion for Summary Judgment is a judicial document. Lugosch, 435 F.3d at 121. Given the confidential nature of the proposed redactions, the protective order, and the fact that the redacted information is not relevant to the motion for sanctions, the countervailing privacy concerns outweigh the public's need for access. Brown, 929 F.3d at 48-50. Additionally, Plaintiff's request is narrowly tailored to only those portions of the transcript that reference confidential information.

For those reasons, Plaintiff's motion to file the redacted transcript of Dixon's deposition is **GRANTED**.

### D. Defendants' Cross Motion for Sanctions

Defendants' Cross Motion for Sanctions alleges that Plaintiff violated a court order by leaking the deposition videos and transcripts and Plaintiff's conduct during the depositions violated Rule 30.

### 1. The Purported Violation of the Protective Order

Defendants' allegation that Plaintiff orchestrated a "coordinated media leak," is entirely without merit. Without evidence, Defendants assert that Plaintiff "caused confidential deposition transcripts and video recordings to be published in Complex magazine, broadcast on YouTube to tens of thousands of viewers, and distributed across social media platforms." Dkt. No. 183 at 5.

14

It is apparent to this Court that Plaintiff abided by the Court's protective order. The protective order entered by Judge Rochon on December 8, 2025, indicates that from the date of a deposition until thirty days after receipt of a final transcript, the transcript shall be deemed Highly Confidential. Dkt. No. 105. According to the Protective Order, a producing party can designate portions of deposition transcripts as Confidential Material by notifying counsel of record in writing of the specific pages that are to be designated as such. Id. at 8-9.

On March 20, 2026, Plaintiff emailed Blackburn to remove all confidentiality designations in connection with the Dixon and Blackburn deposition, except for portions of the Dixon deposition that were highlighted by Plaintiff. Dkt. No. 186 at 6-7. Blackburn did not reply to the email. Four days later, on March 24, 2026, Plaintiff filed his Motion for Sanctions and attached de-designated transcript pages.

Blackburn's characterization of the media reports about the depositions as a "leak" is baseless. The media reported on the Dixon and Blackburn depositions the same day they were filed on the public docket after Plaintiff followed the proper procedure ordered by the Court. Judge Oetkin previously characterized Blackburn's filings in the Jones v. Combs case as "replete with inaccurate statements of law, conclusory accusations, and inappropriate ad hominem attacks on opposing counsel." 2025 WL 896829, at *4. The Cross Motion for Sanctions filed by Blackburn in this case encompasses those same attributes. Not only is the allegation of a leak completely unfounded, but a cursory review of the Court's Protective Order, signed by Blackburn and Ordered by the Court makes clear that Plaintiff followed proper

procedure and did not orchestrate a "deliberate, coordinated, premeditated violation of a federal court protective order for media purposes," as Defendants so brazenly claim.  Dkt. No. 183 at 11.

### 2.  Plaintiff's Conduct at the Depositions

Defendants urge this Court to sanction Plaintiff's counsel for calling Blackburn a clown, yelling, pounding the table, and making "baseless criminal allegations" against Blackburn during the deposition.  Id. at 22.  This Court has reviewed both the deposition transcripts and relevant portions of the deposition videos.  On two occasions during the depositions counsel for Plaintiff refers to Blackburn as a clown. On one occasion counsel for Plaintiff raises his voice but does not at any point pound on the table as Blackburn alleges.  Additionally, while counsel for Plaintiff does not "levy[] a baseless criminal accusation," against Blackburn, he does mention the fact that Blackburn has been charged with a crime in an unprofessional and inappropriate manner.

The Court does not condone the behavior by counsel for Plaintiff during the Dixon deposition that was inappropriate and unprofessional.  However, this behavior was a small fraction of counsel's conduct. Further Plaintiff's counsel does not have a pattern of ad hominem attacks, inaccurate statements of law, and a record of other courts warning and sanctioning him.  The improper behavior does not rise to a level that warrants sanctions.  Additionally, the Court admonished counsel for Plaintiff at the hearing on May 18, 2026.  Accordingly, Defendants' Cross Motion for Sanctions is **DENIED.**

16

### E. Referral to the Grievance Committee

Finally, this Court refers Tyrone Blackburn to the Grievance Committee of this District based on his behavior at the February 24th and March 6th depositions and the subsequent Cross Motion for Sanctions. Blackburn's ad hominem attacks on opposition counsel at the February 24th deposition were outrageously unprofessional and unacceptable. Blackburn's repeated use of improper objections and interjections at the deposition were a clear violation of Rule 30(c)(2). Blackburn's decision to proceed with the March 6th deposition, while allegedly so impaired by narcotics that he was unable to confirm whether he represented Dixon, demonstrated poor judgment and disregard for the judicial process.

Blackburn's Cross Motion for Sanctions is replete with inaccuracies and serious, unfounded accusations against opposing counsel. The meritless motion is based on conjecture by Blackburn, which was evident by his inability to defend his assertions both in his reply briefing and at the oral argument. His frivolous filing not only wasted this Court's time but wasted the time and resources of opposing counsel as well.

The repeated admonishment by the Court both in this case and other cases have been insufficient thus far to deter Blackburn's behavior. On April 23, 2024, Judge Cote referred Blackburn to the Grievance Committee because he filed a complaint after admitting he could not establish jurisdiction, which the Court found to be part of a pattern of filing frivolous cases "to garner media attention, embarrass defendants with salacious allegations, and pressure defendants to settle quickly."

17

Zunzurovski v. Fisher, No. 23 Civ. 10881 (DLC), 2024 WL 1434076, at \*5 (S.D.N.Y. Apr. 3, 2024).  In the Order referring Blackburn to the Grievance Committee, Judge Cote noted that Blackburn's "submissions to this Court have been rife with disturbing allegations against the defendants and defense counsel." Id.  On March 24, 2025, Judge Oetkin characterized filings by Blackburn as "replete with inaccurate statements of law, conclusory accusations, and inappropriate ad hominem attacks on opposing counsel." Jones v. Combs, 2025 WL 896829, at \*4.  On December 15, 2025, in the District of New Jersey, the court sanctioned Blackburn for citing to nonexistent cases created by AI hallucinations and failing to comply with court orders to provide information about the citation to the court.  Gardner v. Combs, 2025 WL 3632704, at \*3 (D.N.J Dec. 15, 2025).  Because of the pattern of inappropriate and unprofessional behavior, Blackburn is referred to the Grievance Committee of this District to take such action as it deems appropriate.

## CONCLUSION

For the foregoing reasons Plaintiff's motion for sanctions is **GRANTED in part**, **DENIED in part**.  Defendants' Cross Motion for Sanctions is **DENIED**.  As such the Court Orders the following:

- Per this Court's Individual Practices for Civil Cases, Plaintiff is to email the Court an excel sheet detailing the attorney's costs and fees, with opposing counsel cc'd and file a letter on the docket providing the date and time the excel sheet was emailed by **July 7, 2026.**

- The second deposition of Dixon is to occur by **July 31, 2026**. The Parties are to meet and confer and file a letter with the Court confirming the date of follow-up deposition of Dixon by **July 7, 2026**.

18

- Blackburn is to provide a copy of this order to Dixon and Dixon is ordered to read the Order in its entirety prior to the second deposition.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 168 and 171.**

    SO ORDERED.

DATED:    New York, New York
        June 23, 2026

                                     JENNIFER E. WILLIS
                                     United States Magistrate Judge