UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Cartagena,<br><br>                              Plaintiff,<br><br>v.<br><br>Terrance Dixon,<br>Tyrone Blackburn, and<br>T.A. Blackburn Law, PLLC,<br>                              Defendants. | Case No. 1-25-cv-03552-JLR-JW<br><br>-and-<br><br>Case No. 1:25-cv-05144-JLR-JW |
| Terrance Dixon, A/K/A "TA,"<br>                              Plaintiff,<br><br>v.<br><br>Joseph Antonio Cartagena P/K/A "Fat Joe,"<br>Peter "Pistol Pete" Torres,<br>Richard "Rich Player" Jospitre,<br>Erica Juliana Moreira,<br>Sneaker Addict Touring LLC,<br>Slate, Inc.,<br>Roc Nation, LLC,<br>John Does 1–10,<br>Jane Does 1–10, and<br>ABC Corporations 1–10,<br><br>                              Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT TERRANCE DIXON AND TO STAY PROCEEDINGS

By: Tyrone A. Blackburn, Esq.

TABLE OF CONTENTS

PRELIMINARY STATEMENT
ARGUMENT
I.      GOVERNING LEGAL STANDARDS
        A.  Standards for Withdrawal Under Local Civil Rule 1.4
        B.  The Advocate-Witness Rule: Rule 3.7
II.     APPLICATION: WITHDRAWAL IS MANDATORY AND THE RECORD COMPELS
        IT
        A.  A Nonwaivable Personal-Interest Conflict Exists Under Rule 1.7
        B.  Withdrawing Counsel Is a Material Witness: Rule 3.7 Independently Compels
            Withdrawal
        C.  Irretrievable Hostility Constitutes Good Cause Under Rule 1.16(c)(7)
III.    THE POSTURE OF THE CASE SUPPORTS GRANTING THE REQUESTED STAY
CONCLUSION

<u>TABLE OF AUTHORITIES</u>

**Cases**

- <u>Allen v. Krucial Staffing, LLC</u>, 2022 U.S. Dist. LEXIS 103807 (S.D.N.Y. 2022)
- <u>Jimenez v. Garvies Point Bagel Corp</u>., No. 24-CV-04449 (SJB) (JMW), 2025 LX 439263 (E.D.N.Y. Oct. 7, 2025)
- <u>Murray v. Metro. Life Ins. Co</u>., 583 F.3d 173 (2d Cir. 2009)
- <u>Persh v. Petersen</u>, 2015 U.S. Dist. LEXIS 135186 (S.D.N.Y. Oct. 2, 2015)
- <u>United States v. Oberoi</u>, 331 F.3d 44 (2d Cir. 2003)
- <u>Whiting v. Lacara</u>, 187 F.3d 317 (2d Cir. 1999)

**Statutes and Rules**

- Fed. R. Civ. P. 11
- Local Civil Rule 1.4 (S.D.N.Y.)
- N.Y. C.P.L.R. § 321
- N.Y. Crim. Proc. Law § 210.35
- N.Y. Rules of Professional Conduct, Rule 1.7(a)(2)
- N.Y. Rules of Professional Conduct, Rule 1.7(b)(1)
- N.Y. Rules of Professional Conduct, Rule 1.16(b)(1)
- N.Y. Rules of Professional Conduct, Rule 1.16(c)(7)
- N.Y. Rules of Professional Conduct, Rule 3.7(a)
- 28 U.S.C. § 1927

PRELIMINARY STATEMENT

Tyrone A. Blackburn, Esq. and T.A. Blackburn Law, PLLC (collectively, "withdrawing counsel") move under Local Civil Rule 1.4 and Rules 1.7, 1.16, and 3.7 of the New York Rules of Professional Conduct for leave to withdraw as counsel for Defendant Terrance Dixon and for a sixty-day stay of proceedings as to Mr. Dixon.

Three independent grounds each compel withdrawal. First, withdrawing counsel is an adverse plaintiff-litigant in three pending state-court actions — all naming Plaintiff's own counsel of record and their retained agents as defendants — creating a nonwaivable conflict under Rule 1.7. Second, withdrawing counsel is a material witness on contested facts at the core of this litigation, barring continued advocacy under Rule 3.7(a). Third, the circumstances giving rise to that conflict have produced genuine and irreconcilable hostility, constituting independent good cause under Rule 1.16(c)(7). The full factual record is set forth in the accompanying Declaration of Tyrone A. Blackburn, Esq. ("Blackburn Decl.").

No party will be prejudiced by the requested relief. No trial date has been set, no dispositive deadlines are pending, and discovery has not closed. A sixty-day stay is the minimum time Mr. Dixon needs to retain qualified substitute counsel. See Allen v. Krucial Staffing, LLC, No. 20-cv-2859 (JGK), 2022 U.S. Dist. LEXIS 103807 (S.D.N.Y. June 9, 2022); and Jimenez v. Garvies Point Bagel Corp., No. 24-CV-04449 (SJB) (JMW), 2025 LX 439263 (E.D.N.Y. Oct. 7, 2025).

ARGUMENT

I.    **GOVERNING LEGAL STANDARDS**
      A.   Standards for Withdrawal Under Local Civil Rule 1.4

An attorney may be relieved only by order of the Court upon a showing of satisfactory reasons and consideration of the posture of the case. Local Civil Rule 1.4(b). Courts balance the client's right to chosen counsel against the need to preserve professional integrity, resolving doubts in favor of withdrawal. Whiting v. Lacara, 187 F.3d 317 (2d Cir. 1999).  Once a genuine conflict

has arisen, compelling [counsel] to continue when withdrawal is warranted would risk ethical violations, and the attorney's duty to the profession overrides the court's calendar interest. Id. Rule 1.16(b)(1) mandates withdrawal when representation would violate the Rules of Professional Conduct; Rule 1.16(c)(7) permits it for 'other good cause.

B.  The Advocate-Witness Rule: Rule 3.7

Rule 3.7(a) of the New York Rules of Professional Conduct provides that, absent narrow exceptions, 'a lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact.' The rule exists to prevent taint: a factfinder cannot reliably assess the credibility of an attorney who appears both as an advocate and as a potential witness on contested facts. See Murray v. Metro. Life Ins. Co., 583 F.3d 173 (2d Cir. 2009) (a law firm may be disqualified by imputation under Rule 3.7(b) only if the moving party proves by clear and convincing evidence that the witness-attorney will provide testimony prejudicial to the client, and the integrity of the judicial system will suffer as a result); Persh v. Petersen, 2015 U.S. Dist. LEXIS 135186 (S.D.N.Y. Oct. 2, 2015).

Here, that standard is easily met: withdrawing counsel has already testified before a Kings County grand jury about the core operative facts at issue in this case, has commenced three civil actions arising from the same events, and is a named adverse party to Plaintiff's counsel in all three suits. His withdrawal under Rule 3.7 is not a close question.

II.    **APPLICATION: WITHDRAWAL IS MANDATORY AND THE RECORD COMPELS IT**

A.  A Nonwaivable Personal-Interest Conflict Exists Under Rule 1.7

Withdrawing counsel is currently an adverse plaintiff-litigant in three pending state-court actions: (i) Tyrone A. Blackburn Esq. v. Joseph Tacopina Esq. et al., Index No. 523539/2026 — defamation and tortious interference against Plaintiff's lead trial counsel and his firm; (ii) Tyrone A. Blackburn Esq. v. EHM Productions, Inc. (d/b/a TMZ) et al., Index No. 523929/2026 — arising

from defamatory statements broadcast at Plaintiff's counsel's direction the morning of withdrawing counsel's arrest; and (iii) <u>Tyrone A. Blackburn Esq. v. Reed Smith LLP et al.</u>, Index No. 524424/2026 — asserting claims against Reed Smith LLP, Ian M. Turetsky, Esq., The Hunt Group LLC, James Hunt, and Nicholas J. Palmeri arising from the May 12, 2025 incident and an October 14, 2025 ex parte transmission to the Kings County District Attorney's Office. See Blackburn Decl. ¶¶ 10–22.

Rule 1.7(a)(2) bars representation where there is a significant risk that the lawyer's personal interests will adversely affect professional judgment. That risk is not theoretical here — every adverse party in those three actions is Plaintiff's own counsel of record or their retained agents in this case. Rule 1.7(b) permits waiver only upon a credible certification under Rule 1.7(b)(1) that competent and diligent representation will be provided notwithstanding the adversity. No such certification is tenable. Withdrawal is mandatory under Rule 1.16(b)(1).

B. <u>Withdrawing Counsel Is a Material Witness: Rule 3.7 Independently Compels Withdrawal</u>

The May 12, 2025, incident — the service attempt at withdrawing counsel's home and the ensuing vehicular-assault narrative — is a central factual dispute in this litigation. Plaintiff's amended complaint devotes significant allegations to accusing withdrawing counsel of assaulting the process server. Withdrawing counsel has already given sworn testimony before a Kings County grand jury on those same facts; that grand jury proceeding, and the ex parte transmission that preceded it, are detailed in the Blackburn Declaration. See Blackburn Decl. ¶¶ 14–32.

Counsel cannot simultaneously serve as Mr. Dixon's advocate and as a material fact witness on the same contested events. Rule 3.7(a) does not permit it. The narrow exceptions do not apply: the events are fiercely contested, the anticipated testimony is unrelated to the nature or value of

legal services, and any hardship to Mr. Dixon is addressed by the stay. <u>Whiting v. Lacara</u>, 187 F.3d 317 (2d Cir. 1999); <u>United States v. Oberoi</u>, 331 F.3d 44 (2d Cir. 2003).

    C.  <u>Irretrievable Hostility Constitutes Independent Good Cause Under Rule 1.16(c)(7)</u>

Independent of the foregoing, the circumstances described in the Blackburn Declaration have produced genuine and irreconcilable personal animosity. Withdrawing counsel was arrested at 5:00 a.m. on a felony charge predicated on a narrative that Plaintiff's counsel broadcast nationally — a narrative Plaintiff's own process server contradicted in his sworn ECF No. 20 affidavit. The resulting indictment was dismissed by Justice Fong-Frederick under N.Y. Crim. Proc. Law § 210.35; a second grand jury returned a No-True-Bill. That proceeding is closed. The animosity it produced is not, and requiring withdrawal counsel to continue litigating against the same parties responsible for those events would guarantee a degraded representation for Mr. Dixon. That constitutes 'good cause' under Rule 1.16(c)(7) and <u>Whiting v. Lacara</u>, 187 F.3d at 321.

**III.    THE POSTURE OF THE CASE SUPPORTS GRANTING THE REQUESTED STAY**

This action is in its early stages: no trial date has been set, the Rule 11 motion has been resolved, dispositive motions have not been filed, and discovery has not closed. There are no imminent deadlines that a sixty-day stay would disrupt, other than the conference presently scheduled, which withdrawing counsel respectfully requests be adjourned to permit an orderly transition. N.Y. C.P.L.R. § 321 itself contemplates a stay upon substitution of counsel. Sixty days is the minimum Mr. Dixon needs to retain substitute counsel, review the record with new counsel, and file a notice of appearance.

Plaintiff suffers no prejudice: no dispositive briefing is pending, and no trial date will be displaced. Plaintiff's own counsel has an interest in this motion being granted — continued representation by an ethically compromised attorney would expose every order and judgment in this action to challenge on conflict grounds. Withdrawing counsel is not asserting a retaining or

charging lien; Mr. Dixon's complete file will be delivered promptly and withdrawing counsel will cooperate with successor counsel. See Blackburn Decl. ¶¶ 43–44. Withdrawing counsel will continue to litigate as a pro se defendant throughout the stay period and will file a motion for summary judgment on behalf of himself and T.A. Blackburn Law, PLLC in the coming weeks.

## CONCLUSION

For the foregoing reasons, withdrawing counsel respectfully requests that the Court: (1) grant leave to withdraw as counsel for Defendant Terrance Dixon; (2) stay all proceedings, deadlines, and obligations as to Mr. Dixon for sixty (60) days to allow him to retain substitute counsel, apply for pro bono appointment, or elect to proceed pro se; and (3) adjourn all future scheduled appearances and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Tyrone A. Blackburn
Tyrone A. Blackburn, Esq.
T.A. BLACKBURN LAW, PLLC