quinn emanuel | trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7050**

WRITER'S EMAIL ADDRESS
**joannamenillo@quinnemanuel.com**

July 8, 2026

**VIA ECF**

Hon. Jennifer E. Willis
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re**:    _**Dixon v. Cartagena**_**, 1:25-cv-5144-JLR,**
     **consolidated with** _**Cartagena v. Dixon**_**, 1:25-cv-03552-JLR**

Dear Judge Willis:

We write on behalf of Defendant Roc Nation, LLC concerning Plaintiff Terrance Dixon's July 7, 2026 letter addressing his use of fabricated quotations in his opposition to Roc Nation's Rule 11 motion.  (Dkt. No. 101 (the "Letter" or "Ltr.").)  In the Letter, Plaintiff levies accusations about the accuracy and propriety of the citations contained in Roc Nation's June 1, 2026 Rule 11 motion (Dkt. No. 204) and May 15, 2026 motion to dismiss (Dkt. No. 94).  These accusations are nothing more than a bad-faith effort to divert attention from Plaintiff's own reliance on fabricated authority. Roc Nation didn't use AI—not in identifying authority for its own motions nor in reviewing the authority cited in Plaintiff's opposition.  Attorneys researched, drafted, and cite-checked Roc Nation's submissions to this Court.  As explained further below, Roc Nation thus stands behind every citation, quotation, and other authority in the filings it has submitted to this Court.

Independent, human verification quickly shows that Plaintiff's accusations are either simply wrong or obvious misrepresentations of Roc Nation's briefing.  It also appears that some of Plaintiff's accusations are based on hallucinations from the very "assisted citation-verification tool" Plaintiff claims to have used.  (Ltr. at 4.)  For example, Plaintiff claims that Roc Nation's Rule 11 motion:

> Misattributed [a] quotation to a Supreme Court authority. Roc Nation attaches substantive bad-faith language—that a party "filed a frivolous lawsuit, in bad faith, for the purpose of extorting a settlement from the defendants"—to _Bridge v. Phoenix Bond & Indemnity Co._, 553 U.S. 639 (2008). The verification tool returned "No matching quote found in _Bridge v. Phoenix Bond & Indem. Co._,

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

553 U.S. 639 (2008)." Bridge is a RICO-standing decision; it does not contain the quoted language Roc Nation attributes to it. That is precisely the species of citation error—quoted language that does not appear in the cited authority—that Roc Nation labels "AI hallucination" when it appears in Plaintiff's brief.

(Ltr. at 5.)  But had Plaintiff actually read Roc Nation's motion, he would have seen that Roc Nation did not attribute that quotation—or any other—to *Bridge*.  Roc Nation cited *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001) and appropriately added, as a description of subsequent history, that the decision was abrogated on other grounds by *Bridge*.  (*See* Dkt. No. 204 at 13-14.)

Plaintiff also erroneously suggests that Roc Nation relied on nonexistent authority, claiming that his "verification tool" reported "Cited document not found" for "quoted passages attributed to *Saltz v. City of New York*, 129 F. Supp. 2d 642 (S.D.N.Y. 2001); to 28 U.S.C. § 1927; [and] to Federal Rule of Civil Procedure 12(f)." (Ltr. at 5.)  Again, had Plaintiff actually read Roc Nation's brief or searched for these authorities, he would have seen that *Saltz* is a real source, the quotation Roc Nation cites from it appears verbatim in the opinion, and Roc Nation did not quote any language from Section 1927 or Rule 12(f).

It appears that some of Plaintiff's accusations are hallucinations of their own.  For example, with respect to Roc Nation's reliance on *Fried v. LVI Servs., Inc.*, 2011 WL 2119748 (S.D.N.Y. May 23, 2011) in the motion to dismiss, Plaintiff states:  "Roc Nation quotes source language about entities that 'have control over an employee's employment.' The audit flagged the quoted passage against the cited source as rendered." (Ltr. at 7.)  But Roc Nation never quoted that language in *Fried*.  (*See* Dkt. No. 94 at 14 ("*See Fried v. LVI Servs., Inc.*, 2011 WL 2119748, *6-7 (S.D.N.Y. May 23, 2011) (mere involvement in termination decision insufficient to establish joint employment even where defendant's officers sat on employer's board and advocated for plaintiff's termination).").  It appears that Plaintiff's "tool" simply made up a quotation that does not appear in Roc Nation's filing.

Plaintiff otherwise asserts that Roc Nation relied on a "substantial number of quotations that either do not appear in the cited authority … or that materially diverge from the source language Roc Nation places inside quotation marks." (Ltr. at 5.)  Not so.  Every citation Plaintiff identifies contains either verbatim quotations from the authorities or quotations that are altered through the use of brackets and ellipses.  Roc Nation will not further complicate these proceedings or burden the Court by cataloguing every citation with a comparison to the original source material in this response, but to the extent the Court would find that analysis useful, Roc Nation would be happy to do so.

Plaintiff's *tu quoque* defense thus is a bad-faith distraction from his own misconduct that sadly just demonstrates further his own improper reliance on AI and other automated tools.  Notably, he does not dispute that his Rule 11 opposition repeatedly attributes language to authorities that do not appear in the text of those opinions. (Ltr. at 4.)  Instead, he contends that these illusory quotations are "paraphrase[s] or compression[s] that faithfully state[] the court's holding." (*Id.*)  But Mr. Blackburn knows better.  As he previously acknowledged, "paraphrases—particularly those closely tracking the language from cases—must never be enclosed in quotation marks unless

they accurately reflect the precise language of the cited source." Memo. of Law of Tyrone A. Blackburn, Esq. in Response to the Court's Order to Show Cause at 8, *Jakes v. Youngblood*, No. 24-cv-01608 (W.D. Pa. July 19, 2025), ECF No. 57 (attached hereto as **Exhibit A**).

Mr. Blackburn's conduct in *Jakes v. Youngblood* bears a disturbing resemblance to his conduct here. In *Jakes*, Mr. Blackburn's motion to dismiss briefing came under scrutiny when, among other things, the plaintiff identified fabricated quotations from the caselaw Mr. Blackburn had cited. Memo. Order to Show Cause at 1, *Jakes v. Youngblood*, No. 24-cv-01608 (W.D. Pa. June 26, 2025), ECF No. 53 (attached hereto as **Exhibit B**). Just like in this case, Mr. Blackburn responded by "brazenly attempt[ing] to mount a *tu quoque* defense, asserting that 'a LexisNexis Document Analysis of Plaintiff's own opposition brief reveals a pattern of misquotation, superficial citation, and invocation of authorities that are either inapposite or do not support the propositions for which they are cited.'" *Id.* at 1-2. And just like in this case, Mr. Blackburn's claims were false and it was only Mr. Blackburn who had "submitted a brief replete with non-existent quotations and repeated misrepresentations of actual case law.'" *Id.* at 2. The Court ultimately concluded that Mr. Blackburn's conduct was not only "very troubling" but amounted to "a clear ethical violation of the highest order," *id.* at 2, and entered an order directing Mr. Blackburn to show cause as to why he should not be sanctioned, *id.* at 7-8. This Court should reach the same conclusion.

\*   \*   \*

Roc Nation appropriately raised concerns about Plaintiff's apparent reliance on quotations that could not be located in the authorities cited in the opposition. (Dkt. No. 99.) Plaintiff cannot deflect from this misconduct by manufacturing allegations about Roc Nation's briefs. Roc Nation stands by the authorities it cited and the quotations it attributed to them.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Joanna E. Menillo*

Joanna Menillo

3