**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
TERRANCE DIXON,

                         Plaintiff,

                 -against-

JOSEPH CARTAGENA et al.,

                         Defendant.
------------------------------------------------------------------X
JOSEPH CARTAGENA,

                         Plaintiff,

                 -against-

TERRANCE DIXON, et al.,

                         Defendant.
------------------------------------------------------------------X

**ORDER**

**25-CV-5144 (JLR) (JW)**

**25-CV-3552 (JLR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of attorney Blackburn's motion to withdraw as counsel for Terrance Dixon and the attached exhibits.  No. 25 Civ. 5144, Dkt. No. 105; No. 25 Civ. 3552, Dkt. No. 212.  Without providing notice to counsel for Cartagena or following the Court's Protective Order, Blackburn attached a deposition transcript from an *ex parte* deposition as Exhibit J.  The Court is also in receipt of counsel for Cartagena's emergency motion to strike the filing of improper material and the accompanying emergency letter motion to seal.  No. 25 Civ. 5144, Dkt. Nos. 106-107. No. 25 Civ. 3552, Dkt. Nos. 213-214.  After a preliminary review of the motion to withdraw and accompanying exhibits, the entire docket entry has been sealed.  Once a more thorough review has been conducted, the Court will indicate by separate

Order which portions should be publicly filed and Blackburn will be directed to refile those portions.

The Protective Order entered by Judge Rochon on December 8, 2025, indicates that from the date of a deposition until thirty days after receipt of a final transcript, the transcript shall be deemed Highly Confidential.  No. 25 Civ. 3552, Dkt. No. 105. According to the Protective Order, a producing party can designate portions of deposition transcripts as Confidential Material by notifying counsel of record in writing of the specific pages that are to be designated as such.  Id. at 8-9.

Counsel for Cartagena was unaware of the deposition and only learned of it at the time of the filing on July 8, 2026.  As a result, according to the Protective Order the deposition remains highly confidential for 30 days as of today's date.

Additionally, Blackburn recently filed a motion for sanctions that was denied by this Court based on an unfounded allegation that counsel for Cartagena leaked a deposition transcript in violation of the very same Protective Order.  See No. 25 Civ. 3552, Dkt. Nos. 182, 206. Blackburn has now filed a deposition transcript without notice to counsel for Cartagena, depriving counsel of the opportunity to weigh in on the confidentiality designation.

Therefore, it is ORDERED that Plaintiff shall SHOW CAUSE in writing, no later than, **July 15, 2026**, why this Court should not hold Blackburn in contempt of Court for failing to comply with the Protective Order.

2

SO ORDERED.

DATED:    New York, New York
          July 8, 2026

*Jennifer E. Willis*

JENNIFER E. WILLIS
United States Magistrate Judge