

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT, & THIRD CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

July 9, 2026

Via ECF
The Honorable Jennifer E. Willis, USMJ
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Response to Order to Show Cause — Cartagena v. Dixon et al., No. 25-cv-3552
       (JLR)(JW); Dixon v. Cartagena et al., No. 25-cv-5144 (JLR)(JW)

Dear Magistrate Judge Willis:

Undersigned counsel respectfully submits this letter in response to the Court's July 8, 2026, Order to Show Cause why he should not be held in contempt for attaching Exhibit J — a deposition transcript — to the motion to withdraw as counsel. As set forth below, the deposition at issue falls entirely outside the scope of the Stipulated Confidentiality Agreement and Protective Order ("Protective Order," Dkt. No. 105), and no violation occurred. Undersigned counsel further objects to the sealing of Exhibit J and to the sealing of the motion to withdraw in its entirety.

## I. <u>The Protective Order Does Not Govern the Exhibit J Deposition.</u>

The Protective Order, by its express terms, governs only 'Discovery Material,' which is defined in Paragraph 3 as 'all documents, items, tangible things, or information, whether produced or disclosed in the course of discovery in this action.' Paragraph 11 reaffirms that the Order 'governs all Discovery Material produced by any Party or Non-Party in this action.' The deposition attached as Exhibit J was not produced or disclosed in the course of discovery. It was not taken pursuant to a notice of deposition, a subpoena, or any discovery demand from either side. It was the voluntary sworn statement of a woman — not previously identified on any party's disclosures or witness list — who came forward of her own accord and chose to provide testimony under oath. She was not compelled. She was not subpoenaed. She was not a responding party to a Rule 34

 



## T. A. BLACKBURN LAW

request. She is not a 'Producing Party' within the meaning of Paragraph 8 of the Protective Order, which defines that term as 'the Party or Non-Party that produces Discovery Material in this Action.' She produced nothing in this action. She volunteered testimony to undersigned counsel. The Protective Order simply does not reach this material.

II.     **The Thirty-Day Auto-Designation Provision Has No Applicability Here.**

The Court's Order cites Paragraph 20 of the Protective Order, which deems deposition transcripts Highly Confidential for thirty days after receipt of the final transcript. But Paragraph 20 operates within the framework of the Protective Order as a whole — it is a procedural mechanism for a 'Producing Party or its counsel' to designate deposition materials as confidential. It presupposes that there is a Producing Party with a designation right. Here, there is none. Plaintiff did not notice this deposition. Plaintiff did not subpoena this witness. Plaintiff had no role in producing or eliciting this testimony. Plaintiff cannot retroactively claim a designation right over a deposition taken outside the discovery process, in which Plaintiff had no participation and no prior notice was required. To construe Paragraph 20 as automatically covering any sworn statement taken by any party's counsel — regardless of whether it arose from discovery — would impermissibly expand the Protective Order well beyond its negotiated scope and its governing definition of 'Discovery Material.'

Furthermore, if this Court were to take such an expansive approach, then the third-party witness interviews conducted by Plaintiff's counsel — the very materials that have been over-redacted and withheld from Defendants — would likewise fall within the scope of the Protective Order, placing Plaintiff's counsel in violation of the same provision they now seek to enforce against undersigned counsel.

III.    **No Notice to Plaintiff's Counsel Was Required.**

The Court's Order notes that 'Counsel for Cartagena was unaware of the deposition and only learned of it at the time of the filing on July 8, 2026.' That is true — because counsel for Cartagena had no entitlement to notice. Fed. R. Civ. P. 30 requires notice to other parties before taking a deposition of a party or a third-party witness pursuant to the discovery rules. But undersigned counsel did not notice or subpoena this witness. She contacted counsel voluntarily. She was not compelled to appear. There is no rule — in the Federal Rules or in the Protective Order — that requires a party's counsel to notify opposing counsel before obtaining a voluntary



## T. A. BLACKBURN LAW

sworn statement from a witness who has chosen to come forward. Opposing counsel's lack of advance notice is not evidence of a violation; it is simply the unremarkable result of a witness exercising her own choice to speak.

### IV.     The Nature of This Witness Warrants Careful Consideration.

The Court should be aware of who this witness is and why she came forward when she did. She is an adult woman who was thirteen years old when she was sexually abused by Joseph Cartagena. Like the overwhelming majority of survivors of sexual abuse, she did not come forward at the time. She came forward now — specifically after seeing widespread online media commentary declaring that Plaintiff had been 'vindicated' when Defendant Dixon withdrew his RICO claim in the First Amended Complaint. That coverage triggered her. She contacted undersigned counsel and volunteered to provide sworn testimony. Undersigned counsel had a professional obligation — to his client and to the integrity of the record — to preserve that testimony properly, under oath, before a certified court reporter. He did so.

Jane Doe is not alone. She is the second survivor of Plaintiff's documented pattern of predatory conduct to voluntarily come forward after witnessing media coverage declaring Plaintiff 'vindicated.' A first survivor — a highly educated professional — also came forward and provided a detailed statement describing being drugged and sexually assaulted by Plaintiff when she was a teenager, following a concert in the early 2000s. She intends to file suit against Plaintiff in a court of competent jurisdiction in the very near future, at which time her account will be presented on the full public record. The Court should be cognizant of this broader pattern when assessing Plaintiff's motion to bury Exhibit J under seal.

The suggestion that preserving Jane Doe's testimony properly, under oath, before a certified court reporter constitutes a contemptible violation of the Protective Order rests on an overbroad reading of that Order that its text does not support.

### V.     Plaintiff's Invocation of The Protective Order Is Selective and Inequitable.

The Court should also be aware that Plaintiff's counsel has produced over one hundred documents in a state of deliberate, bad-faith over-redaction — withholding information to which Defendants are plainly entitled, without any legitimate confidentiality justification. Undersigned counsel has repeatedly raised this failure; it remains unaddressed. Plaintiff's counsel cannot credibly invoke the sanctity of a Protective Order they have systematically abused to shield their





## T. A. BLACKBURN LAW

own client's conduct from disclosure. Undersigned counsel respectfully notes this context — not as a justification, but as relevant background for the Court's assessment of the parties' relative compliance with their discovery obligations.

VI.    **Objection To Sealing of Exhibit J and The Motion to Withdraw.**

Undersigned counsel respectfully but forcefully objects to the sealing of Exhibit J and to the sealing of the motion to withdraw as counsel in its entirety. Plaintiff's emergency motion to seal is precisely the type of broad, conclusory sealing request that Second Circuit law prohibits. The burden of demonstrating that a document should be sealed rests entirely on the party seeking secrecy. Oliver Wyman, Inc. v. Eielson, 282 F. Supp. 3d 684, 686 (S.D.N.Y. 2017). Plaintiff cannot meet that burden here.

The Second Circuit has established a three-part framework governing sealing request. United States v. Avenatti, 550 F. Supp. 3d 36 (S.D.N.Y. 2021). The Court must: (1) determine whether the document is a 'judicial document'; (2) if so, assess the weight of the common law presumption of access; and (3) balance the presumption against countervailing interests. Under that framework, sealing is plainly unwarranted here.

First, Exhibit J is unquestionably a judicial document. It was filed with this Court as an exhibit to a pending motion — the motion to withdraw as counsel. Under Second Circuit precedent, a judicial document is any item 'relevant to the performance of the judicial function and useful in the judicial process,' and relevance is established if the document has 'a reasonable tendency to influence a district court's ruling on a motion.' Oliver Wyman, 282 F. Supp. 3d at 686; Avenatti, 550 F. Supp. 3d at 43. Exhibit J was attached to support the grounds for withdrawal — it is directly relevant to the judicial function and triggers the presumption of public access. Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016).

Second, the weight of the presumption is substantial. Exhibit J is a sworn deposition transcript filed in connection with a contested motion. Filings submitted in support of motions carry a stronger presumption of access than materials submitted in connection with discovery disputes or purely ancillary matters. Avenatti, 550 F. Supp. 3d at 44; Wells Fargo Bank, N.A. v. Wales LLC, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014). The presumption is at its strongest for





## T. A. BLACKBURN LAW

materials that bear directly on the exercise of Article III judicial power. United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995).

Third, no countervailing interest sufficient to overcome the presumption exists here. To file documents under seal in this Circuit, a court must make specific, rigorous, on-the-record findings — not broad, general findings or conclusory assertions. Bernstein, 814 F.3d at 141. Plaintiff has offered nothing beyond the bare invocation of the Protective Order — which, as set forth above, does not even cover this material. A litigant's desire to suppress sworn testimony that is damaging to his interests is not a recognized basis for sealing. The parties' consent or the existence of a confidentiality agreement is not, standing alone, a valid basis to overcome the presumption in favor of public access. *See* Judge Rochon's Individual Rules of Practice, § 4(B)(ii):

"To be approved, redactions must be narrowly tailored to serve whatever purpose justifies them and otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, Delta Air Lines, Inc. v. Bombardier, Inc., 462 F. Supp. 3d 354, 359 (S.D.N.Y. 2020); In re Gen. Motors LLC Ignition Switch Litig., Nos. 14-md-02543 (JMF), 14-mc-02543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015)"

The public interest in this instance is particularly compelling. Exhibit J is the sworn statement — given under penalty of perjury — of a survivor of sexual abuse. Sealing it entirely, on the motion of the accused, would send a devastating message to every other survivor who is currently contemplating whether to come forward: that a federal court will bury their sworn testimony at the request of the person they have accused. That outcome would chill precisely the kind of voluntary witness cooperation that the truth-finding function of the federal courts depends upon, and it would serve no interest other than Plaintiff's desire to continue to conceal his conduct from public scrutiny. See Brown v. Maxwell, 929 F.3d 41, 48 (2d Cir. 2019) (the Second Circuit **vacated** the district court's sealing decisions and clarified the legal standards governing the presumption of public access to judicial documents. The court did not establish a distinct, standalone doctrine carved out specifically for sexual misconduct allegations; rather, it addressed

 



## T. A. BLACKBURN LAW

how the highly sensitive nature of such underlying allegations interacts with the established common law and First Amendment presumptions of access. The Second Circuit held that the **<u>district court committed legal error and abused its discretion</u>** by permitting the sensitive and potentially embarrassing nature of sexual misconduct allegations to bypass the rigorous, individualized balancing test required to justify sealing judicial records. The public's right of access to this document vastly outweighs Plaintiff's preference for secrecy.)

To the extent the Court determines that any portion of Exhibit J warrants protection — such as the witness's name, date of birth, or other personally identifying information — undersigned counsel has already redacted that sensitive information. The remedy for legitimate privacy concerns is surgical redaction, not wholesale sealing. <u>In re N.Y.C. Policing During Summer 2020 Demonstrations</u>, 635 F. Supp. 3d 247 (2022). (Courts must actively consider whether redactions rather than wholesale sealing will satisfy this balancing.) Undersigned counsel respectfully requests that the Court direct the public filing of Exhibit J and the motion to withdraw, with only such narrowly tailored redactions as are necessary to protect the witness's identifying information.

VII.    **Conclusion.**

For the foregoing reasons, undersigned counsel respectfully submits that: (1) no violation of the Protective Order occurred, and the Order to Show Cause should be discharged; and (2) Plaintiff's motion to seal Exhibit J and the motion to withdraw should be denied, subject only to the Court directing narrowly tailored redaction of the witness's personal identifying information. Undersigned counsel will promptly comply with any such direction and will refile consistent with this Court's order.

Respectfully submitted,

*<u>Tyrone A. Blackburn, Esq.</u>*
Tyrone A. Blackburn, Esq.

Cc:
All Counsel of Record via ECF

