# Tacopina Seigel Trial Lawyers

TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

July 14, 2026

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:    *Cartagena v. Dixon, et al.*, No. 1:25-cv-3552 (JLR)
       *Dixon v. Cartagena, et al.*, No. 25-cv-5144 (JLR)

Your Honor:

Joseph Cartagena, Sneaker Addict Touring LLC, and Slate, Inc. (collectively "Mr. Cartagena") respectfully submit this response, pursuant to the Court's July 9, 2026 Scheduling Order (Docket No. 219 in Case No. 25-3552; Docket No. 114 in Case No. 25-5144), to the Motion of Attorney Tyrone A. Blackburn and T.A. Blackburn Law, PLLC, to withdraw as counsel of record for Terrance Dixon in *Cartagena v. Dixon*, No. 1:25-cv-3552 (JLR), and *Dixon v. Cartagena*, No. 1:25-cv-5144 (JLR). Although Mr. Cartagena does not oppose Mr. Blackburn's withdrawal as counsel for Mr. Dixon, he respectfully submits this response to clarify the limited basis for his non-opposition, to dispute certain unnecessary factual assertions contained in Mr. Blackburn's declaration, and to make clear that Mr. Blackburn's withdrawal has no effect on this Court's continuing jurisdiction over him personally with respect to any pending motions for sanctions and contempt (Docket Nos. 203, 214, and 222 in Case No. 25-3552; Docket Nos. 107 and 117 in Case No. 25-5144) or any future motions seeking such relief.

It should be noted that counsel for Mr. Cartagena has conferred with counsel for defendants Peter Torres, Richard Jospritre, and Erica J. Moreira in *Dixon v. Cartagena*, and they join in this response.

Mr. Blackburn asserts two grounds in support of his motion to withdraw. First, he contends that he is simultaneously a witness and an attorney in these proceedings, such that his credibility will necessarily be at issue before the jury, and that, with regard to him, "a fact finder cannot reliably assess the credibility of an attorney who appears both as an advocate and as a potential witness on contested facts." (Docket No. 212 in Case No. 25-3552 at 5; Docket No. 105 in Case No. 25-5144 at 5).

TACOPINA SEEGER LLP & O REO
Hon. Jennifer E. Rochon
July 14, 2026
Page 2

Second, he asserts that he harbors such "genuine and irreconcilable personal animosity" toward Mr. Cartagena and his counsel that his continued representation "would guarantee a degraded representation for Mr. Dixon." (Docket No. 212 in Case No. 25-3552 at 7; Docket No. 105 in Case No. 25-5144 at 7).

Although the truth or falsity of the allegations involving the service of process on Mr. Blackburn does not form the basis of the defamation claims at issue in this case, they are relevant to Mr. Blackburn's credibility. Moreover, Mr. Cartagena has no basis to dispute Mr. Blackburn's assertion that he harbors genuine personal animosity toward Mr. Cartagena and his counsel. Accordingly, Mr. Cartagena does not oppose Mr. Blackburn's withdrawal as counsel for Mr. Dixon.

That said, Mr. Cartagena vigorously disputes the overwhelming majority of the factual assertions contained in Mr. Blackburn's declaration submitted with his motion. Those allegations are largely extraneous to the legal issues presented by the motion and, notably, are not cited in Mr. Blackburn's memorandum of law. But because the two grounds identified in Mr. Blackburn's memorandum are independently sufficient to support withdrawal, there is no need for the Court to resolve, or even consider, the declaration's remaining factual allegations in deciding this motion.

With respect to the first ground, Mr. Blackburn references his grand jury testimony and notes that the grand jury returned a no true bill concerning the allegation that he committed a vehicular assault while service of process was being effectuated.[1] Critically, however, Mr. Blackburn's credibility will be a central issue before the jury for reasons extending well beyond his grand jury testimony. Mr. Blackburn also testified as a defendant under oath at a deposition in these proceedings (Docket No. 184-3 in Case No. 25-3552), and Mr. Cartagena intends to demonstrate at trial that portions of that testimony were false, misleading, evasive, or otherwise lacked credibility. Among other things, Mr. Blackburn claimed that he could not recall representing his own client, Terrance Dixon, at a deposition conducted only shortly beforehand, repeatedly professed not to remember material events, attributed his inability to recall to the effects of medication, and answered, "I don't recall," to numerous significant questions.[2]

These credibility issues formed part of the basis for the Court's Order sanctioning Mr. Blackburn and will plainly be fertile grounds for cross-examination before the jury. *See* June 23, 2026 Order (Docket No. 206 in Case No. 25-3552 at 12) ("At the March 6th deposition Blackburn was initially unable to confirm whether he represented Dixon. He was unable to confirm whether

---

[1] That fact does not alter Mr. Cartagena's position, as he maintains that the vehicular assault occurred. Moreover, the grand jury's decision has no bearing on the issues presented here because Mr. Cartagena was not a party to that proceeding. Consequently, neither *res judicata* nor *collateral estoppel* applies.

[2] *See* June 23, 2026 Order (Docket No. 206 in Case No. 25-3552 at 4) ("Dixon stated 'I don't recall' at least forty-six times during the deposition.").

TACOPINA SEIGER & DEOREO

Hon. Jennifer E. Rochon
July 14, 2026
Page 3

he was present for the Dixon deposition just two weeks prior. He was unable to answer basic questions asked of him. After Plaintiff called the Court, Blackburn was suddenly able to affirm that he represented Dixon but was unable to recall that he could not definitively state that Dixon was his client minutes earlier. As discussed *supra*, the record is devoid of corroborating evidence that Blackburn was still on medication on March 6th. Assuming *arguendo*, he was on medication, there is no evidence in the record that the medication would have caused the selective amnesia that was on display at the March 6th deposition.").

Notably, Mr. Blackburn's credibility will be directly at issue because Mr. Cartagena alleges that Mr. Blackburn himself actively participated in the extortionate scheme giving rise to this litigation. *See, e.g.*, Mr. Cartagena's Second Amended Complaint (Docket No. 33 in Case No. 25-3552 at 16, ¶ 63) ("Frustrated by his inability to overcome Cartagena's resolve, Dixon upped the ante by hiring Blackburn and Blackburn Law to shake Cartagena down. But Blackburn is no ordinary lawyer. He is an extortionist masquerading as a lawyer in a cynical ruse to use the court system as both a sword and a shield for his unethical conduct.").

These allegations place Mr. Blackburn's own conduct squarely before the jury and make him not merely a peripheral witness but a principal factual participant whose testimony, motives, and credibility will necessarily be scrutinized. Under these circumstances, Mr. Cartagena does not dispute that Mr. Blackburn should not realistically serve as both trial advocate and witness.

The same is true of Mr. Blackburn's second asserted ground. Mr. Blackburn represents that he harbors such "genuine and irreconcilable personal animosity" that continued representation "would guarantee a degraded representation for Mr. Dixon." Mr. Cartagena has no basis to dispute Mr. Blackburn's professed state of mind. Indeed, because Mr. Blackburn's own conduct will itself be the subject of testimony and vigorous cross-examination at trial, and because his credibility will be directly challenged before the jury, his acknowledged personal animosity only reinforces the propriety of his withdrawal. It likewise bears on the jury's assessment of his credibility and motives as a witness.

Finally, Mr. Cartagena's decision not to oppose Mr. Blackburn's withdrawal should not be construed as an acknowledgment that Mr. Blackburn may thereby avoid this Court's authority with respect to his own conduct. To the contrary, the Court retains jurisdiction over Mr. Blackburn to adjudicate the pending motions for sanctions and contempt arising from his conduct in these proceedings. *See Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-CV-9612 (LJL), 2024 WL 3824394, at *13, n. 7 (S.D.N.Y. Aug. 14, 2024) ("The Court has jurisdiction to sanction [counsel] for his conduct before this Court because it is a 'collateral issue' that the Court can consider even after an action is terminated.... It follows that the Court can consider such a collateral issue even after the attorney has withdrawn as counsel."); *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-CV-604 (CSH) (DFE), 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008) ("As for defendants' contemplated claim against [plaintiff's counsel] for Rule 11 sanctions, his withdrawal from the case does not insulate him from such a claim for pre-withdrawal litigation conduct. This Court will

retain jurisdiction over a Rule 11 sanctions claim if defendants decide to assert it." (internal citations omitted)); *Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 02-CV-2561 (KMW) (GWG), 2003 WL 22227956, at *7 (S.D.N.Y. Sept. 26, 2003) ("[A]n attorney's withdrawal from a case does not prevent the imposition of Rule 11 sanctions for papers filed prior to the withdrawal."); *Gold v. The Last Experience*, No. 97-CV-1459 (JGK), 1999 WL 156005, at *4 (S.D.N.Y. March 22, 1999) (same); *Heaston v. City of New York*, No. 19-CV-5569 (PKC) (VMS), 2022 WL 2106267, at *8 (E.D.N.Y. June 10, 2022) (the Court sanctioned attorney where "[w]ithdrawing from the case did not absolve [the attorney] of his Rule 11 obligations.").

Indeed, Mr. Blackburn himself acknowledges that his participation in this litigation will continue notwithstanding his withdrawal as counsel for Mr. Dixon. Specifically, he represents that he "will continue to litigate as a pro se defendant" and further states that he intends to file a motion for summary judgment on behalf of himself and T.A. Blackburn Law, PLLC. (Docket No. 212 in Case No. 25-3552 at 8; Docket No. 105 in Case No. 25-5144 at 8). Having expressly acknowledged that he will remain an active litigant in his individual capacity, Mr. Blackburn cannot plausibly contend that his withdrawal as counsel divests this Court of jurisdiction to resolve the pending motions directed to his own conduct. His withdrawal affects only his representation of Mr. Dixon; it has no effect whatsoever on this Court's continuing authority to adjudicate motions for sanctions and contempt against him personally.

Accordingly, Mr. Cartagena respectfully requests that the Court grant Mr. Blackburn's motion to withdraw as counsel for Mr. Dixon while making clear that such withdrawal neither affects nor delays the Court's adjudication of pending or future motions for sanctions or contempt directed to Mr. Blackburn's personal conduct.

Your Honor's consideration in this matter is greatly appreciated.

Respectfully submitted,

Joseph Tacopina

cc:    All counsel by ECF