**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
TERRANCE DIXON,

       Plaintiff,        **ORDER**

   -against-         **25-CV-5144 (JLR) (JW)**


JOSEPH CARTAGENA et al.,

       Defendant.
-----------------------------------------------------------------X
JOSEPH CARTAGENA,

       Plaintiff,

              **25-CV-3552 (JLR) (JW)**

   -against-


TERRANCE DIXON, et al.,

       Defendant.
-----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On July 8, 2026, Tyrone A. Blackburn ("Blackburn") filed a motion to withdraw as counsel for Terrance Dixon ("Dixon"). No. 25 Civ. 5144, Dkt. No. 105, No. 25 Civ. 3552, Dkt. No. 210. The motion to withdraw as counsel included an Affidavit by Blackburn and fifteen exhibits. Id. On the same date, counsel for Joseph Cartagena ("Cartagena") filed an emergency letter motion to seal exhibit J, a transcript of an *ex parte* deposition taken by Blackburn that had never been provided to Cartagena. No. 25 Civ. 5144, Dkt. No. 107, No. 25 Civ. 3552, Dkt. No. 213. To give the Court time to review the Affidavit and accompanying exhibits, the Court sealed the complete filing.

For the reasons stated below, Cartagena's motion to seal exhibit J is **GRANTED**. Blackburn is to refile the Affidavit without reference to the deposition of Jane Doe and the exhibits, except for exhibit J, which will remain sealed in the original filing.

When considering a motion to seal, courts in this District first determine whether the document requested to be sealed is a "judicial document." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). If found to be a judicial document, the next step is to balance the common law right of public access—which attaches to judicial documents—against any countervailing factors. Id. Finally, courts must ensure that sealing requests are narrowly tailored in relation to the countervailing factors. Id. at 120 (quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

The operative question for the Court in determining if something is a judicial document is whether the material is "relevant to the performance of the judicial function." U.S. v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amadeo I"). "[A] document satisfies that standard if it has 'the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers,' regardless of whether the court ultimately relies on it." Authors Guild v. National Endowment for the Humanities, No. 25 Civ. 3923 (CM), 2026 WL 810422, at *4 (S.D.N.Y. Mar. 23, 2026) (citing Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original)). "[T]he mere filing of paper or document with the court is insufficient to render that paper a judicial document." Amodeo I, 44 F.3d at 145.

The motion before the Court requires a decision as to whether good cause exists to grant Blackburn's motion to withdraw as counsel for Dixon.  Blackburn's Affidavit cites two bases for his motion to withdraw.  First, he asserts there is a non-waivable conflict of interest due to his personal involvement in several new lawsuits against counsel for Cartagena.  Based on the new lawsuits he filed, Blackburn concluded that "there is a significant risk that [his] professional judgment on behalf of Mr. Dixon in this action would be adversely affected…" and he cannot reasonably conclude that he "would be able to provide competent and diligent representation to Mr. Dixon under these circumstances."  Blackburn Affidavit at ¶¶ 32-33.  Second, Blackburn asserts that developments in the criminal case that was filed against him generated such personal hostility between him and counsel for Cartagena that he believes "the personal-hostility and safety considerations" constitute good cause for withdrawal.  Id. at ¶38(c).

Here, the transcript of the *ex parte* deposition of Jane Doe is not relevant to the Court's consideration of Blackburn's motion to withdraw.  The motion is based on events that have occurred in a criminal case against Blackburn and the three new lawsuits he filed based on those events.  Blackburn included one sentence that references the deposition in his twelve-page Affidavit.  He asserts Plaintiff is motivated to "bury the underlying allegations" against Plaintiff and was motivated to do so in part because of Jane Doe's testimony in the deposition, that Plaintiff's counsel had no knowledge of.  However, referencing an *ex parte* deposition that is not part of the case, does not mean the document "would

reasonably have the tendency to influence" the Court's decision. Maxwell, 929 F.3d at 49.

The deposition transcript plays no role in the performance of the judicial function and is not useful to the judicial process. See Authors Guild, 2026 WL 810422, at *6. (Deposition videos that played no role in the judicial process were not judicial documents). It therefore is not a judicial document that carries a presumption of public access. Additionally, because deposition transcripts are subject to the protective order in this case, it would be "presumptively unfair" for this Court to modify the protective order and permit the transcript to be filed publicly. See S.E.C. v. TheStreet.Com, 273 F.3d 222, 230 (2d Cir. 2001).

It is clear to this Court that Blackburn is attempting to use the Court as a vehicle to communicate with the media regarding his ongoing series of litigation against opposing counsel in this case. Such behavior will not be indulged. There is very little material in any of the exhibits attached by Blackburn that this Court needs to rely on in deciding the motion to withdraw. However, because there may be some minimal value to the exhibits, other than exhibit J, and the countervailing privacy concerns are not at issue with respect to those exhibits, the Court will allow them to be refiled.

The Court will address Blackburn's motion to withdraw as counsel for Dixon on **September 30, 2026, at 10:30 AM**. Blackburn is to refile his motion to withdraw by **August 17, 2026**. He must redact any reference to the Jane Doe deposition and may refile his exhibits, except for exhibit J, which is not to be

4

refiled.  Blackburn is to serve Dixon with a copy of his motion to withdraw, Affidavit, and accompanying exhibits.  Blackburn is to also serve a copy of this Order on Dixon, who is required to appear at the hearing on the motion to withdraw.

SO ORDERED.

DATED:   New York, New York
August 3, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge

5