UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CARTAGENA,<br><br>Plaintiff,<br><br>v.<br><br>TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,<br><br>Defendants. | No. 25-CV-03552-JLR-JW |
| TERRANCE DIXON, a/k/a "TA,"<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH ANTONIO CARTAGENA p/k/a "FAT JOE," PETER "PISTOL PETE" TORRES, RICHARD "RICH PLAYER" JOSPITRE, ERICA JULIANA MOREIRA, SNEAKER ADDICT TOURING LLC, SLATE, INC., ROC NATION, LLC, JOHN DOES 1-10, JANE DOES 1-10, AND ABC CORPORATIONS 1-10,<br><br>Defendants. | No. 25-CV-05144-JLR-JW<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANT ROC NATION, LLC'S
<u>MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...........................................................................................................1

ARGUMENT.....................................................................................................................................2

I.      PLAINTIFF FAILS TO PLEAD A TVPRA CLAIM ..........................................................2

     A.      Plaintiff fails to allege knowledge of a TVPRA venture. ........................................2

     B.      Plaintiff fails to allege participation in a TVPRA venture.......................................2

     C.      Plaintiff fails to allege benefit from a TVPRA venture. ..........................................3

II.     PLAINTIFF'S NYLL CLAIMS WARRANT DISMISSAL..................................................4

     A.      Plaintiff concedes Count X should be dismissed.....................................................4

     B.      Plaintiff's admission that he was an independent contractor is fatal to his
             NYLL claims (Counts I, II & V). ............................................................................5

          *1.      Plaintiff cannot disavow his admission that he was an
               independent contractor.* ...............................................................................5

          *2.      Roc Nation was not Plaintiff's joint employer.* ...........................................6

     C.      Plaintiff's NYLL claims are time-barred...................................................................8

     D.      Plaintiff's NYLL claims exceed the scope of his leave to amend. ..........................9

     E.      The FAC fails to plead NYLL violations by Roc Nation. .....................................10

          *1.      Count I (unlawful deductions) & Count II (wage notice) fail.* ...............10

          *2.      Count V (Retaliation) fails.*........................................................................10

III.    THE FAC FAILS TO PLEAD THAT ROC NATION AIDED AND ABETTED
       WAGE THEFT ...................................................................................................................11

CONCLUSION................................................................................................................................12

## TABLE OF AUTHORITIES

**Page**

### Cases

*Boehm v. SportsMem, LLC*,
2019 WL 3239242 (S.D.N.Y. July 18, 2019) ...........................................................................8

*Bravo v. Established Burger One, LLC*,
2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) .............................................................................9

*Cartagena v. Dixon*,
No. 25-cv-03552 (S.D.N.Y. Aug. 14, 2026)............................................................................1

*Chao v. Xanadu Boutique, Inc.*,
380 F. Supp. 2d 134 (E.D.N.Y. 2005) .....................................................................................8

*Chen v. Cai*,
2022 WL 917575 (S.D.N.Y. Mar. 28, 2022) ...........................................................................2

*Cho v. Chu*,
2022 WL 4463823 (S.D.N.Y. Sept. 26, 2022)..........................................................................2

*Cox v. German Kitchen Ctr. LLC*,
2023 WL 8648839 (S.D.N.Y. Dec. 14, 2023) .........................................................................5

*D'Amico v. Christie*,
71 N.Y.2d 76 (1987) ..............................................................................................................11

*Francisco v. Abengoa, S.A.*,
559 F. Supp. 3d 286 (S.D.N.Y. 2021)......................................................................................6

*Geiss v. Weinstein Co. Holdings LLC*,
383 F. Supp. 3d 156 (S.D.N.Y. 2019)..............................................................................2, 3, 4

*Goldberg v. Jacquet*,
667 F. App'x 313 (2d Cir. 2016) ...........................................................................................10

*Gonzalez v. City of New York*,
2015 WL 9450599 (E.D.N.Y. Dec. 22, 2015) .........................................................................7

*Griffs Glob. Corp. v. Comm'r of Labor*,
179 N.Y.S.3d 793 (3d Dep't 2022).........................................................................................6

*Guo v. IBM 401(k) Plus Plan*,
95 F. Supp. 3d 512 (S.D.N.Y. 2015).......................................................................................8

*Gustafson v. Bell Atl. Corp.*,
171 F. Supp. 2d 311 (S.D.N.Y. 2001)................................................................8

*Guthrie v. Rainbow Fencing Inc.*,
113 F.4th 300 (2d Cir. 2024) ...........................................................................10

*Idle Media, Inc. v. Create Music Grp.*,
2024 WL 5009713 (S.D.N.Y. Dec. 6, 2024) .....................................................5

*Kelly v. New York State Off. of Mental Health*,
200 F. Supp. 3d 378 (E.D.N.Y. 2016) .............................................................11

*Lee v. Banks*,
2024 WL 1657908 (S.D.N.Y. Apr. 17, 2024).....................................................6

*Levin v. Sarah Lawrence Coll.*,
747 F. Supp. 3d 645 (S.D.N.Y. 2024)................................................................3

*Mazzaro de Abreu v. Bank of Am. Corp.*,
525 F. Supp. 2d 381 (S.D.N.Y. 2007)..............................................................12

*McCray v. Patrolman N.A. Caparco*,
761 F. App'x 27 (2d Cir. 2019) .........................................................................9

*Morse/Diesel, Inc. v. Fidelity & Deposit Co.*,
122 F.R.D. 447 (S.D.N.Y. 1988) .......................................................................5

*Mueller v. Deutsche Bank Aktiengesellschaft*,
777 F. Supp. 3d 329 (S.D.N.Y. 2025)................................................................2

*Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
175 F. Supp. 2d 489 (S.D.N.Y. 2000)................................................................5

*Noble v. Weinstein*,
335 F. Supp. 3d 504 (S.D.N.Y. 2018)................................................................3

*Palm Beach Strategic Income, LP v. Salzman*,
457 F. App'x 40 (2d Cir. 2012) .........................................................................9

*Pinero v. Long Island State Veterans Home*,
375 F. Supp. 2d 162 (E.D.N.Y. 2005) .............................................................11

*S.J. v. Choice Hotels Int'l, Inc.*,
473 F. Supp. 3d 147 (E.D.N.Y. 2020) ...............................................................2

*SUEZ Water New York Inc. v. E.I. du Pont de Nemours & Co.*,
578 F. Supp. 3d 511 (S.D.N.Y. 2022)..............................................................11

*Zhang v. Centene Mgmt. Co.*,
  2023 WL 2969309 (E.D.N.Y. Feb. 2, 2023)...................................................................10

*Zheng v. Liberty Apparel Co.*,
  355 F.3d 61 (2d Cir. 2003)...........................................................................................7

## Statutes

NYLL § 2(4) ....................................................................................................................6

NYLL § 193 .................................................................................................................6, 10

NYLL § 195 .................................................................................................................6, 10

NYLL § 198 ....................................................................................................................6

NYLL § 215 .................................................................................................................6, 10

NYLL§ 511(1)(b)(1-a).....................................................................................................6

NYLL§ 651 .....................................................................................................................5

TVPRA § 1595 .............................................................................................................1, 2

## Other Authorities

Executive Order 202.8 ......................................................................................................8

Federal Rule of Civil Procedure 8 ..................................................................................6

Federal Rule of Civil Procedure 8(d)...........................................................................5, 6

Federal Rule of Civil Procedure 15(a)(2) .......................................................................9

Federal Rule of Evidence Rule 408 ...............................................................................5

<u>**PRELIMINARY STATEMENT**</u>[1]

Like the FAC, Plaintiff's opposition substitutes volume for substance. Same allegations, same paragraph cites, repeated at great length—as if repetition alone could convert legal conclusions into well-pleaded factual allegations. It cannot.

***First***, Plaintiff's second bite at the TVPRA apple does not resolve its deficiencies. He never explains how undated, vague complaints of "underpayment" and "extortion" cross the line from abstract awareness to the knowledge § 1595(a) requires. And his *ipse dixit* assertions—that the FAC alleges "more" than ordinary-course management services and a direct causal chain linking the TVPRA venture to Roc Nation's alleged benefit—do not withstand scrutiny.

***Second***, the NYLL claims collapse on Plaintiff's own concessions. He agrees Count X is not a standalone claim. He does not dispute that his NYLL claims exceed the leave to amend. He abandons the single-integrated-enterprise theory, leaving formal and functional control as his only paths to joint-employer liability—and he adequately pleads neither. He cannot overcome his prelitigation admission that he is an independent contractor. He has no response to Roc Nation's argument that the continuing violation doctrine is irrelevant here, resorting instead to a new tolling theory—an equally irrelevant COVID-era Executive Order never pleaded in the FAC. On the merits, he does not dispute that Roc Nation engaged in no NYLL-violating conduct: his sole basis is joint-employer liability, which fails for the reasons above.

***Finally***, the aiding-and-abetting claim fares no better. Approving budgets and schedules does not sufficiently suggest that Roc Nation knew of or substantially assisted a wage-theft scheme.

---

[1] Roc Nation joins the arguments raised by the remaining Defendants in Sections I.D. and II of their Omnibus reply brief. *See Cartagena v. Dixon*, No. 25-cv-03552 (S.D.N.Y. Aug. 14, 2026), Dkt. No. 231 at 5-7.

## ARGUMENT

### I.    PLAINTIFF FAILS TO PLEAD A TVPRA CLAIM

Despite seeking leave to "bolster" his TVPRA claim, it still fails. Plaintiff has not pleaded that Roc Nation "knowingly benefited or received anything of value from participation in a venture [that it] knew or should have known" violated the TVPRA. *See Cho v. Chu*, 2022 WL 4463823, *3 (S.D.N.Y. Sept. 26, 2022) (cleaned up); *Chen v. Cai*, 2022 WL 917575, *4 (S.D.N.Y. Mar. 28, 2022). His Opposition changes nothing. The claim should be dismissed with prejudice.

#### A.    Plaintiff fails to allege knowledge of a TVPRA venture.

Plaintiff merely regurgitates the FAC's allegations of generalized, undated complaints to Mr. Castillo and asserts they suffice. (*See* Opp. 41 (complaints about "underpayment, mistreatment, exploitative conditions" and "fear of retaliation" "supply knowledge, participation, and benefit"); *id.* 44–45 (same).) They do not. He does not explain how those complaints show Roc Nation "should have known" rather than "might have been able to guess." *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020). And he does not confront authority holding that, at most, these allegations show "abstract awareness," not the knowledge § 1595(a) requires. *See, e.g.*, *Mueller v. Deutsche Bank Aktiengesellschaft*, 777 F. Supp. 3d 329, 339–40 (S.D.N.Y. 2025) (dismissing TVPRA claim absent allegations beneficiary "kn[e]w its client is engaged in trafficking, not just in any illegal activity").

#### B.    Plaintiff fails to allege participation in a TVPRA venture.

Plaintiff claims his allegations meet *Geiss'* requirement for a "causal relationship between affirmative conduct furthering the…venture and receipt of a benefit, with…constructive knowledge of that causal relationship." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019) (cited at Opp. 42). Not so. Though he insists the FAC alleges more than ordinary-course management services, he cannot identify a single supporting fact. Instead,

2

he points to allegations that the "coercive touring operation generated performance revenue, management commissions, entity proceeds, and retained royalties" and that Roc Nation "approved specific tour dates." (Opp. 42.) Those are exactly the services courts consider insufficient. (Mot. 9.) *Ipse dixit* does not carry the day. Nor does he explain how providing such services translates into participation in forced labor or sex trafficking. TVPRA venture liability "cannot be established by association alone." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018).

### C.    Plaintiff fails to allege benefit from a TVPRA venture.

Venture liability does not reach everyone who might have profited from a wrongdoer's business; it requires a causal relationship between the benefit received and conduct furthering the venture. *See Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 679 (S.D.N.Y. 2024) (no allegations that payments "bore any relationship to the alleged…trafficking venture" warrants dismissal). Benefit must be tethered to the venture's unlawful conduct—not a defendant's ordinary-course business operations.

*Geiss* is on all fours and bars Plaintiff's claim. There, though the defendant company "undoubtedly benefited from [Harvey] Weinstein's continued employment" as his "movies and influence generated revenue, and some of that revenue flowed to" the company, nothing suggested that the company received those benefits "*because of* [its] facilitation of" the alleged misconduct. 383 F. Supp. 3d at 169. Revenue generated from a business that happened to involve misconduct is not a benefit from participation in the venture. *Id.*

Plaintiff's claim suffers from the same fatal defect: no linkage between the alleged benefit and the TVPRA venture. He contends "Roc Nation approved tours, Dixon performed on those tours under allegedly coerced conditions, the tours generated revenues, and Roc Nation received commissions from those revenues." (Opp. 45.) But Roc Nation would have received those commissions whether or not Plaintiff was on those tours. His fallback—that "Roc Nation's benefit

3

was derived from the same touring enterprise in which Dixon's coerced labor was used" (Opp. 45) changes nothing. "Derived from" is not the standard. Nowhere does Plaintiff allege Roc Nation received those commissions *because of* its participation in a TVPRA venture. *See Geiss*, 383 F. Supp. 3d at 169.

Plaintiff's contention that he could "add further facts concerning…Roc Nation's benefits, and additional complaints to Castillo or other management personnel" (Opp. 64) misses the point. The FAC already alleges benefits that Roc Nation received from Mr. Cartagena's tour revenue. What's missing from the FAC—and what Plaintiff has no reason to believe he could allege—is that Roc Nation benefitted from a trafficking conspiracy. Plaintiff has not remotely suggested that he can cure the deficiencies in the FAC: the Court should deny leave to replead. (Dkt. No. 83 at 9 (warning amendment "will likely not be permitted to address deficiencies that have already been highlighted").)

## II.    PLAINTIFF'S NYLL CLAIMS WARRANT DISMISSAL

### A.    <u>Plaintiff concedes Count X should be dismissed.</u>

Plaintiff concedes that "joint-employer liability is a theory of liability rather than an independent substantive cause of action" and "does not oppose dismissal of Count X as a standalone count." (Opp. 27.) The Court should dismiss it with prejudice and reject Plaintiff's request to reframe the paragraphs underlying it (¶¶ 218-33) as "incorporated into and support[ing] Counts I, II, V, and IX," (Opp. 27) as they add nothing not already alleged in paragraphs 76–85 and 89–101.

**B.    Plaintiff's admission that he was an independent contractor is fatal to his NYLL claims (Counts I, II & V).**

### 1.    *Plaintiff cannot disavow his admission that he was an independent contractor.*

Plaintiff's March 2025 prelitigation demand letter admits he was an independent contractor, foreclosing his NYLL claims. *Cox v. German Kitchen Ctr. LLC*, 2023 WL 8648839, *4 (S.D.N.Y. Dec. 14, 2023) (NYLL protects "employee[s]," not independent contractors); N.Y. Lab. Law § 651. The Opposition's efforts to overcome that admission fall flat.

*First*, Plaintiff characterizes the demand letter as a "settlement communication" and "litigation strategy," not an admission. (Opp. 12, 26.) But *Idle Media* did not concern judicial admissions; it held that where a "document relied on in the complaint contradicts allegations in the complaint, the document…control[s]." *Idle Media, Inc. v. Create Music Grp.*, 2024 WL 5009713, *10 (S.D.N.Y. Dec. 6, 2024) (Rochon, J.) (citation omitted). Plaintiff incorporated that letter into the FAC by alleging it "assert[ed] rights under the NYLL." (FAC ¶ 63.) He cannot use it as a sword to plead retaliation protected activity and a shield to disclaim its contents. In any event, Rule 408 of the Federal Rules of Evidence "only applies to the admissibility of [settlement communications] at trial"; it does not restrict what the Court may consider on a motion to dismiss. *Morse/Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

*Second*, Plaintiff invokes Rule 8(d). (Opp. 12, 26.) But Rule 8(d) permits pleading inconsistent legal theories when the underlying facts are genuinely unsettled, not pleading contradictory facts (employee v. independent contractor). This is especially true as the FAC's other allegations confirm Plaintiff was a freelancer: he was paid a "per-show rate" (FAC ¶¶ 35, 38), not a salary, and describes himself as a "hype man," "on-stage performer," and "creative contributor" (FAC ¶ 8). *See Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 175 F. Supp. 2d 489, 492 (S.D.N.Y. 2000) ("no authority" permits pleading "two assertions that

5

directly contradict each other" in same claim).  In any event, Rule 8 requires something Plaintiff did not do: *actually plead in the alternative*.  Fed. R. Civ. P. 8(d) (party can "set out 2 or more statements of a claim or defense alternatively…either in a single count or…in separate ones").  He alleges no claims under the Freelance Isn't Free Act and does not even use the terms "freelance" or "independent contractor" anywhere in the FAC.

**Third**, Plaintiff claims a presumption of employee status under NYLL §§ 2(4) and 511(1)(b)(1-a) (Opp. 13-14), which were "designed to extend the availability of unemployment insurance and workers' compensation benefits to those in the performing arts."  *Griffs Glob. Corp. v. Comm'r of Labor*, 179 N.Y.S.3d 793, 794 (3d Dep't 2022).  But Plaintiff's concession that those provisions "originate in the Workers' Compensation Law and Unemployment Insurance Law rather than in Article 6 of the Labor Law itself" dooms this argument.  (Opp. 14.)  The provisions at issue here arise under Articles 6 (NYLL §§ 193, 195, 198) and 7 (NYLL § 215).  And he cites no authority extending the presumption to Article 6 or 7 claims and never pleaded that he is entitled to it here.

### 2.    *Roc Nation was not Plaintiff's joint employer.*

Putting aside Plaintiff's fatal independent-contractor concession, the Opposition abandons Plaintiff's single-enterprise theory and otherwise fails to plead the formal or functional control.

**Single-Integrated-Enterprise:**  The Opposition never engages Roc Nation's argument that the FAC's single-integrated-enterprise theory rests on one conclusory, information-and-belief paragraph, addressing none of the theory's four elements.  (*See* Mot. 16–17 (citing FAC ¶¶ 85, 230(e)); Opp. 8–12 (discussing control but omitting "integrated enterprise" or "centralized control of labor relations").)  The theory should be deemed abandoned.  *See, e.g.*, *Lee v. Banks*, 2024 WL 1657908, *5 (S.D.N.Y. Apr. 17, 2024) (Rochon, J.) (claims abandoned where plaintiff did not respond in opposition); *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 318 n.10 (S.D.N.Y.

2021) ("failure to address an issue in [an opposition]…amounts to a concession or waiver of the argument").  That leaves formal and functional control as Plaintiff's only paths, neither of which he pleads.

**Formal Control:**  The Opposition points to the same information-and-belief paragraphs Roc Nation already showed are "bare recitations of the [formal control] doctrine's legal elements." (Mot. 13 (citing FAC ¶¶ 82, 218–233).)  It never identifies a single factual allegation—as opposed to a conclusion recast as one—showing that any Roc Nation employee set Plaintiff's pay rate, controlled his schedule, or could fire him.  His conclusory allegations do not save him.  *Gonzalez v. City of New York*, 2015 WL 9450599, *3 (E.D.N.Y. Dec. 22, 2015) (conclusions "consist[ing] only of a recitation of the legal standard" insufficient).

**Functional Control:**  The Opposition's application of the six *Zheng* factors (Opp. 10–11) confirms the deficiency.  It ignores the FAC's failure to allege three of the factors—specifically, use of Roc Nation's premises or equipment, transferability of Plaintiff's responsibilities between subcontractors, and exclusivity of his work for Roc Nation.  And it argues two of the three remaining factors are met because Roc Nation's "management personnel used tour logistics, schedules, budgets, and settlement frameworks" and Plaintiff's role "was integral…to Roc Nation's commissioned revenue" (Opp. 11)—but those allegations describe Roc Nation's financial interest in Mr. Cartagena's revenue, not Plaintiff's role in Roc Nation's own production process, which is what *Zheng* concerns.  *See Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72–73 (2d Cir. 2003) (factor examines worker's role in joint employer's production process, not joint employer's financial interest in the direct employer's revenues).  And the last factor—that "Castillo directly supervised tour activities and served as Dixon's supervisory contact" (Opp. 11)—is contradicted

7

by the FAC's assertion that Mr. Cartagena exercised "exclusive" and "sole" control over Plaintiff's employment conditions. (Mot. 14 (citing FAC ¶¶ 12, 15).)

Nor does information-and-belief pleading (Opp. 11) save the claim. Even if certain payroll facts are "peculiarly within Defendants' possession" (Opp. 15), that principle excuses imprecision about a defendant's internal records, not Plaintiff's failure to plead what he himself experienced— what any Roc Nation employee actually said or did to him, and when. Plaintiff lived his working conditions firsthand for fifteen years; he needs no discovery to say what he told Mr. Castillo or when. *See Boehm v. SportsMem, LLC*, 2019 WL 3239242, *2 n.1 (S.D.N.Y. July 18, 2019) (information-and-belief allegations must be "accompanied by a statement of the facts upon which the belief is founded" (citation omitted)).

### C.    <u>Plaintiff's NYLL claims are time-barred.</u>

Plaintiff has abandoned his tolling theory under the continuing-violation doctrine, agreeing that "each paycheck or wage payment is a discrete event with its own limitations period." (Opp. 14); *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 322 (S.D.N.Y. 2001). His remaining arguments present neither a timely nor tolled wage event against Roc Nation.

*First*, Plaintiff argues 2019–20 events, principally the June 21, 2019 Paychex statement, remain timely. (Opp. 14.) That may be, but it has nothing to do with Roc Nation: *Sneaker Addict,* through Ms. Moreira, issued that statement. (FAC ¶¶ 33–34, 98–99.) Plaintiff identifies no comparable Roc Nation-specific paycheck or shortfall attributable to *Roc Nation*.

*Second*, Plaintiff invokes Executive Order 202.8 to toll the period by 228 days, reaching back to "approximately November 4, 2018." (Opp. 15–16.) But tolling allegations "cannot be raised for the first time in Plaintiff's opposition." *Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 527 (S.D.N.Y. 2015); *see also Chao v. Xanadu Boutique, Inc.*, 380 F. Supp. 2d 134, 136 (E.D.N.Y. 2005) (though equitable tolling "may apply," granting dismissal because "plaintiff

fail[ed] to plead…circumstances that justify equitable tolling, despite" raising it "for the first time in its memorandum of law"). Even if the tolling applied, it would not save Plaintiff's NYLL claims. Plaintiff first pleaded those claims on March 26, 2026. Even with the extra 228 days, that reaches back only to August 2019, after the tours Plaintiff cites. (Opp. 16.) Either way, no wage event in that window is tied to Roc Nation.

**Third**, Plaintiff's fraudulent concealment theory attributes the concealment of "payroll systems, publishing registrations, royalty reporting, tour settlement documents, and contractual records" to other Defendants, not Roc Nation. (Opp. 20.)

**Finally**, Plaintiff concedes he "was aware that he was being underpaid" "[p]rior to 2023" and had complained about it since 2017. (FAC ¶¶ 80, 88(f), 209.) The Court should dismiss Counts I, II, and V.

### D.       Plaintiff's NYLL claims exceed the scope of his leave to amend.

Plaintiff does not dispute that he never sought leave to plead NYLL claims or that they exceed the leave granted. (Opp. 27–28; *see also* Mot. 20.) Instead, he asks the Court to "grant leave nunc pro tunc" under Rule 15(a)(2), on the theory that his new claims are "factually intertwined" with the wage facts already at issue. (Opp. 28.) It is squarely within the Court's discretion to dismiss new claims that exceed the scope of leave to amend. *See, e.g.*, *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (affirming dismissal of claims because "courts…routinely dismiss[] claims…where…the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 30 (2d Cir. 2019) (new claims "beyond the scope of the permitted amendment…properly dismissed"); *see also Bravo v. Established Burger One, LLC*, 2013 WL 5549495, *5 (S.D.N.Y. Oct. 8, 2013) (dismissing "totally different claims" because they "exceed[ed]…leave"). The Court should dismiss Counts I, II, V, IX, and X.

E.    **The FAC fails to plead NYLL violations by Roc Nation.**

Plaintiff does not dispute that Counts I, II, and V are "premised upon his allegation that…Roc Nation was his joint employer." (Mot. 11.)  If that theory fails, so do these counts. Each also fails independently.

### 1.    *Count I (unlawful deductions) & Count II (wage notice) fail.*

NYLL § 193 requires a "specific deduction from wages," not "merely a failure to pay." *Goldberg v. Jacquet*, 667 F. App'x 313, 314 (2d Cir. 2016).  And Section 195 requires an employer to furnish wage notices and statements.  *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 303 (2d Cir. 2024).  Whatever the merits of Plaintiff's Sections 193 & 195 theories against Sneaker Addict—which center on a June 2019 Paychex statement he attributes to Ms. Moreira, not Roc Nation (Opp. 18–19; FAC ¶¶ 33–34, 99)—the FAC does not allege Roc Nation made any deduction, issued any paycheck, or controlled the payroll system at all.  The Opposition points to no single Roc Nation-specific deduction allegation or any allegation that Roc Nation ever issued, prepared, or was obligated to issue any wage notice.  Instead, it falls back on derivative joint-employer liability (Opp. 19, 22), which returns to the joint-employer analysis *supra*.

### 2.    *Count V (Retaliation) fails.*

Retaliation under NYLL § 215 requires protected activity, an adverse action, and causation, each as to the defendant charged.  *Zhang v. Centene Mgmt. Co.*, 2023 WL 2969309, *11 (E.D.N.Y. Feb. 2, 2023).  The FAC alleges no adverse action by Roc Nation; the alleged threats and litigation are attributed to Mr. Cartagena, Mr. Torres, Sneaker Addict, and Slate.  (FAC ¶¶ 158, 160.)

Plaintiff's theory rests instead on an omission—that, "despite Plaintiff's complaints," Roc Nation "took no steps to protect him from retaliation" by others (FAC ¶ 160; Opp. 25–26)—which requires a predicate duty to act that exists *only if* Roc Nation was Plaintiff's employer.  Because the joint-employer theory fails, Roc Nation had no duty to protect Plaintiff from a third party's

10

alleged retaliation.  *SUEZ Water New York Inc. v. E.I. du Pont de Nemours & Co.*, 578 F. Supp. 3d 511, 552 (S.D.N.Y. 2022) ("'defendant generally has no duty to control…third persons['' conduct]…even where as a practical matter defendant can exercise such control'" (quoting *D'Amico v. Christie*, 71 N.Y.2d 76, 88 (1987)).  And even if Roc Nation was Plaintiff's employer (it was not), its "purported failure to investigate plaintiff's complaints does not constitute an adverse employment action" as a matter of law.  *Kelly v. New York State Off. of Mental Health*, 200 F. Supp. 3d 378, 396 (E.D.N.Y. 2016).

The causation theory fares no better.  The Opposition claims the threats "escalated" after Plaintiff's March 2025 demand letter (Opp. 24), but the FAC alleges "renewed" threats (FAC ¶ 64), confirming that the conduct (by other Defendants—not Roc Nation) predated the protected activity.  *Pinero v. Long Island State Veterans Home*, 375 F. Supp. 2d 162, 168 (E.D.N.Y. 2005).  That defect belongs to the other Defendants, but it independently confirms no retaliation claim reaches Roc Nation.

## III.    THE FAC FAILS TO PLEAD THAT ROC NATION AIDED AND ABETTED WAGE THEFT

Apparently recognizing that the NYLL contains no aiding-and-abetting liability (Mot. 23–25), the Opposition recasts Count IX as a "common-law" claim.  (Opp. 58–59.)  That relabeling cures nothing:  Plaintiff has not pleaded that Roc Nation had actual knowledge of, or substantially assisted, a primary NYLL violation.  (Mot. § III.B.)

Plaintiff premises "actual knowledge" on the same allegations underlying his TVPRA claim—"complaints to Castillo" and Roc Nation's alleged access to "tour settlement sheets, budgets, and contracts."  (*Compare* Opp. 59, *with id.* 14.)  But Plaintiff's self-professed complaints, insufficient to plead *constructive* knowledge of a TVPRA venture, fall further short of *actual* knowledge of the specific wage-theft scheme Roc Nation is now accused of aiding.

11

*Mazzaro de Abreu v. Bank of Am. Corp.*, 525 F. Supp. 2d 381, 387–88 (S.D.N.Y. 2007).  And

Plaintiff does not identify any act by Roc Nation that affirmatively advanced the alleged scheme.

"[A]pprov[ing] tour budgets and performance schedules" (FAC ¶ 208) in the ordinary course of a

management relationship is not substantial assistance, particularly absent allegations Roc Nation

knew of the underlying fraud.

The Court should dismiss Count IX as to Roc Nation and deny leave to amend.

## CONCLUSION

For the reasons set forth above and in the opening brief, Roc Nation respectfully requests

that the Court grant its Motion and dismiss each claim against it with prejudice.

DATED:  August 14, 2026          Respectfully submitted,
        New York, New York

                                 **QUINN EMANUEL URQUHART &**
                                 **SULLIVAN, LLP**


                        By:      /s/ *Alex Spiro*
                                 _____
                                 Alex Spiro
                                 Joanna Menillo
                                 295 5th Avenue, 9th Floor
                                 New York, New York 10016
                                 Phone:  (212) 849-7000
                                 alexspiro@quinnemanuel.com
                                 joannamenillo@quinnemanuel.com


                                 *Attorneys for Defendant Roc Nation, LLC*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Alex Spiro, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1 and Rule III(C) of Hon. Jennifer L. Rochon Individual Practices in Civil Cases (the "Individual Rules"), that the annexed Memorandum of Law was prepared using Microsoft Word and the document contains 3,483 words as calculated by the application's word-counting function, excluding the parts of the Memorandum exempted by Local Civil Rule 7.1(c) and Rule III(C) of Judge Rochon's Individual Rules.

I certify under the penalty of perjury the forgoing statements are true and correct.  Executed on this 14th day of August, 2026 in New York, New York.

*/s/ Alex Spiro*
Alex Spiro

13