**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

TERRANCE DIXON,

Plaintiff,

-against-

JOSEPH CARTAGENA et al.,

Defendant.

--------------------------------------------------------------X

**ORDER**

**25-CV-5144 (JLR) (JW)**

JOSEPH CARTAGENA,

Plaintiff,

-against-

TERRANCE DIXON, et al.,

Defendant.

--------------------------------------------------------------X

**25-CV-3552 (JLR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On June 23, 2026, the Court granted Plaintiff's motion for sanctions in part. 25-CV-3552 at Dkt. No. 206.[1] The order specified,

> "Plaintiff's requests for (1) costs and fees for the court reporter and videographer for the March 6th deposition, (2) costs and fees associated with a second deposition of Dixon, and (3) attorneys' fees incurred in preparing, filing, and attending conferences associated with the sanctions motion are GRANTED." Id. at 13.

To assist the Court in deciding reasonable attorneys' fees and costs, the Court ordered that Plaintiff submit via email an Excel spreadsheet detailing the attorney's costs and fees. Id. at 18. Plaintiff did so on July 7, 2026. Dkt. No. 211.

---

[1] Unless otherwise specified, all Docket citations in this order refer to the docket in Case No. 25-CV-3552.

The Court has reviewed Plaintiff's submission and finds it insufficient to determine reasonable attorney's fees. The spreadsheet submitted by Plaintiff is extremely high-level, only detailing an overall calculation of hours spent and costs billed on a firm-level for briefs and motions. (E.g., "Sanctions – Moving Paper (Reed Smith)" and "5.18 Oral Argument (Tacopina Seigel & DeOreo)"). Moreover, the Court notes that there are two entries for the "Court Reporter and Videographer" on March 6, for different amounts. The Court cannot glean from such entries the following relevant information: who performed what tasks and for how long, their position at the firm, the hourly rate(s) charged to the client, or the nature of the work performed.

More detail is necessary for the Court to determine the award amount to which Plaintiff is reasonably entitled. Courts in this circuit often even seek contemporaneous time records for each attorney to determine reasonable fees. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. Requested fees must be supported with contemporaneous time records **establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done**." Oakley v. MSG, No. 17 Civ. 06903 (RJS) (RFT), Dkt. No. 461, 2025 WL 3041936, at *4 (S.D.N.Y. Oct. 31, 2025) (collecting cases) (emphasis added). See also Cardwell v. Davis Polk & Wardwell LLP, No. 19 Civ. 10256 (GHW), Dkt. No. 190, 2021 WL 2650371 at *6 (S.D.N.Y. Jun. 28, 2021) ("in order to determine what a reasonable

award is in this case, the Court must first calculate the lodestar. To do so, the Court would like to review the relevant time records to evaluate the reasonableness of the time billed and to ensure that the charged time reflects "the movant's reasonable expenses incurred in making the motion . . . ." Fed. R. Civ. P. 37(a)(5).")

By **September 17, 2026,** Plaintiff is directed to supplement their spreadsheet to include more detail, including the information outlined above. To be clear, this need not include contemporaneous time records of the work performed, but it must be substantially more informative than Plaintiff's first submission so that the Court may assess what fees are reasonable given the nature of the work performed.

Again, per this Court's Individual Practices for Civil Cases, Plaintiff is to email the Court the spreadsheet detailing the attorney's costs and fees, with opposing counsel cc'd. Plaintiff must also file a letter on the docket with the date and time the spreadsheet was emailed.

SO ORDERED.

DATED: New York, New York
September 10, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge