UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,

Plaintiff,

-against-

TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,

Defendants.

Case No. 1:25-cv-03552 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On March 10, 2026, the Court granted in part and denied in part the motion to dismiss Plaintiff Joseph Cartegena's ("Plaintiff") Second Amended Complaint ("SAC") filed by Defendants Terrance Dixon ("Dixon"), Tyrone Blackburn ("Blackburn"), and T.A. Blackburn Law, PLLC ("Blackburn Law") (the latter two Defendants, "Blackburn Defendants," and all collectively, "Defendants"). Dkt. 161 ("Opinion"). The Court dismissed the Plaintiff's claim for intentional infliction of emotional distress ("IIED") but did not dismiss Plaintiff's defamation claim. *Id.* at 22, 28.

On March 12, 2026, the Blackburn Defendants (but not Dixon), moved for reconsideration of the Court's order denying dismissal of the defamation claims against them. Dkt. 162 ("Mot."); Dkt. 163 ("Br."). Plaintiff opposed the motion on March 26, 2026. Dkt. 174 ("Opp."). The Blackburn Defendants did not file a reply. For the following reasons, the Court DENIES the Blackburn Defendants' motion for reconsideration.

## LEGAL STANDARD

"This District has repeatedly stated that 'a motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

resources.'" *Chelsea Hotel Owner LLC v. City of New York*, No. 21-cv-03982 (ALC) (RWL), 2025 WL 1603918, at *1 (S.D.N.Y. June 6, 2025) (alteration adopted) (quoting *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). "A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F. 3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). This is a "strict" standard because a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Kassman v. KPMG LLP*, No. 11-cv-03743 (LGS), 2018 WL 6725306, at *1 (S.D.N.Y. Dec. 21, 2018).

**DISCUSSION**

The Court assumes familiarity with the factual background as set forth in its original opinion. *See* Opinion. In its Opinion, the Court found that Plaintiff had adequately alleged its defamation claim against the Blackburn Defendants based on Blackburn's April 29, 2025 Instagram post and May 2, 2025 interview. *Id.* at 6-7, 22. The Court found that Plaintiff had adequately pleaded (1) actual malice, (2) that the statements were actionable statements of fact, rather than opinion, and (3) that the statements were not shielded by privilege. *Id.* at 16, 19-21.

The Blackburn Defendants assert that this Court should reconsider its prior decision denying their motion to dismiss Plaintiff's defamation claims for three reasons. First, the Blackburn Defendants argue that the Court did not fully account for the fact that the April 29, 2025 Instagram post by Blackburn was part of a public controversy between Blackburn and Plaintiff's counsel, Joseph Tacopina, which impacts whether the statements were opinions or

facts as well as the application of *Graham v. UMG Recordings, Inc.,* 806 F. Supp. 3d 454 (S.D.N.Y. 2025). Br. at 5-9. Second, the Blackburn Defendants claim that the Court did not address the qualified privileges that protect attorney advocacy and the right of reply. *Id.* at 10-13. Third, the Blackburn Defendants argue that the Court did not fully account for the doctrine set forth in *Steinhilber v. Alphonse*, 68 N.Y.2d 283, 289-90 (1986) to distinguish between non-actionable opinion and factual bases for conclusions. *Id.* at 13-14. Plaintiff argues that the Court should not grant the reconsideration motion because the Blackburn Defendants are raising arguments that were not raised below and, in any event, are unmeritorious. *See* Opp. at 3-11. For the following reasons, the Court will not reconsider its prior ruling denying the motion to dismiss the defamation claim.

The Court does not agree that reconsideration is warranted because under *Graham v. UMG Recordings, Inc.*, 806 F. Supp. 3d 454 (S.D.N.Y. 2025), Blackburn's Instagram post should be viewed in the context of Plaintiff's counsel's public comments the same day as Blackburn's post, which state that the earlier complaint filed by Dixon against Cartegena contained false allegations and was "part of a criminal extortion scheme" orchestrated by an attorney who had been previously "condemned for abusing the court system[.]" Br. at 6.

First, this argument does not address the latter statements made by Blackburn during his interview on May 2, 2025, which also form the basis for the defamation claim. Second, the Court appropriately evaluated the context of the statements by Blackburn, considered and distinguished *Graham v. UMG Recordings, Inc.*, 806 F. Supp. 3d 454 (S.D.N.Y. 2025), considered and rejected that the use of social media was dispositive to the analysis, and found that Cartegena had pleaded statements that did not assume the character of an opinion. Opinion at 19-20. Third, the Court does not agree that Blackburn's statements are unactionable as a

matter of law because Plaintiff's counsel accused Blackburn and his client of filing a false complaint to criminally extort Plaintiff.

The Court likewise does not agree that it overlooked and did not consider the privileges associated with protecting Blackburn's statements as attorney advocacy and the right of reply. Br. at 10-13. The Court reviewed Blackburn's arguments that his statements were privileged and found that Plaintiff plausibly pleaded bad faith that defeated such protection. Opinion at 20-21.

Finally, the Court will not reconsider the denial of the Blackburn Defendants' motion to dismiss based on *Steinhilber v. Alphonse*, 68 N.Y.2d 283 (1986). The Court has considered all of the arguments raised and none change the Court's conclusion that the Blackburn Defendants have not shown that Blackburn's statements were nonactionable opinions as a matter of law.

**CONCLUSION**

For the aforementioned reasons, the Court DENIES the motion for reconsideration. The Clerk of the Court is respectfully directed to close the open motion at Dkt 162.

Dated: September 18, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge