T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236
Phone: (347) 342-7432 | tblackburn@tablackburnlaw.com

September 21, 2026

VIA ECF
Hon. Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Cartagena v. Dixon, et al.*, No. 1:25-cv-03552 (JLR) (JW)
*Dixon v. Cartagena, et al.*, No. 1:25-cv-05144 (JLR) (JW)

Request for Leave to File Objections and to Stay
Further Proceedings on the June 23, 2026, Sanctions Order

Dear Judge Rochon:

I write on my own behalf and on behalf of T.A. Blackburn Law, PLLC. I respectfully request leave to file the attached objections to Magistrate Judge Willis's June 23, 2026, Order, Dkt. No. 206, together with my supporting declaration and Exhibits A through D. To the extent leave is required under Local Civil Rule 72.1(b)(2), I respectfully request permission to file the attached memorandum in its present form. I further request that the Court stay further proceedings arising from the June 23 Order, including determination of the amount of any monetary award and, to the extent within the Court's authority, further proceedings or action arising from the referral to the Grievance Committee, pending this Court's review of the Order.

I ask that the Court's review include three items that bear directly on the findings made in the Order. First, the transcript of the May 18, 2026, oral argument, Dkt. No. 200. Second, the June 23 Order and the findings upon which it rests. Third, the letter of my treating physician, Dr. Jason Emer, addressing the medications prescribed to me and the period over which the postoperative medication course was expected to extend. I also advise the Court that a forensic assessment concerning those medications is presently underway and, upon completion, I intend to seek leave to supplement the record with that assessment.

## Background

On June 23, 2026, the Magistrate Judge granted Plaintiff's motion for sanctions in part. Dkt. No. 206. The Order awards costs and fees in three categories, id. at 13 and refers me to the Grievance Committee based in part on my conduct at depositions taken on February 24 and March 6, 2026, id. at 17. The Order fixes no amount.

The amount remains unresolved. Plaintiff submitted a fee spreadsheet on July 7, 2026. Dkt. No. 211. On September 10, 2026, the Magistrate Judge found the submission "insufficient to determine reasonable attorney's fees" and directed Plaintiff to supplement it. Dkt. No. 238 at 2–3. Plaintiff served a supplemental submission on September 17, 2026, seeking fees and costs well over a quarter million dollars. I have not been asked or scheduled to respond to either submission, and no award has been issued.

**The expert assessment now underway**

I have retained Fifth Avenue Forensics, a forensic psychiatric and psychological evaluation practice, to conduct an assessment concerning whether and to what extent the narcotic analgesic and sedative-hypnotic medications prescribed to me following two surgical procedures affected my cognition, memory, mood, temperament, inhibition, or emotional regulation on February 24 and March 6, 2026. That assessment is in progress.

Dr. Emer's letter addresses the medications he prescribed, the expected duration of the postoperative medication course, and their recognized cognitive and behavioral effects. The forensic assessment is directed more specifically to whether and to what extent those medications, individually or in combination and under the circumstances in which they were taken, could have affected my cognition or conduct during the relevant period. It is intended to supplement, not displace, Dr. Emer's letter and to place that medical question before the Court on a developed evidentiary record.

I do not represent that the assessment will establish any particular conclusion. I represent only that the question is a genuine one, that it was not developed below, and that it is material to the sanction and to the referral.

**A stay is warranted**

Rule 72(a) requires the District Court to modify or set aside any portion of a magistrate judge's nondispositive order that is clearly erroneous or contrary to law. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008). That standard applies to nondispositive discovery sanctions. Joza v. WW JFK LLC, No. 07-CV-4153(ENV)(JO), 2010 U.S. Dist. LEXIS 94591 (E.D.N.Y. Sep. 9, 2010). A ruling is clearly erroneous when the Court is left with a definite and firm conviction that a mistake has been made and is contrary to law when it fails to apply or misapplies governing law. In re Hulley Enters., 400 F. Supp. 3d 62 (S.D.N.Y. 2019).

The filing of Rule 72(a) objections does not automatically stay the challenged order. Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75 (S.D.N.Y. 1989). Courts considering a stay apply the traditional factors of likelihood of success, irreparable injury, prejudice to the opposing party, and the public interest, with the first two factors being the most critical. NRDC v. United States FDA, 884 F. Supp. 2d 108 (S.D.N.Y. 2012).

Those factors favor a limited stay here. The objections identify procedural defects bearing directly on the findings supporting the sanctions and disciplinary referral. Without a stay, the sanctions process may advance before this Court completes its review. A limited stay would preserve the status quo without delaying the discovery directed by the Order: no sanctions amount has been fixed, no judgment has entered, and Plaintiff would suffer no substantial prejudice. The public interest likewise favors review of serious sanctions and disciplinary findings on a complete record before further consequences flow from them.

**Relief requested**

I respectfully request that the Court: (1) grant leave to file and consider the attached objections, supporting declaration, and Exhibits A through D in their present form; (2) stay determination and enforcement of any award of fees and costs under Dkt. No. 206 pending this Court's review of the Order; (3) to the extent within the Court's authority, stay any further proceedings or action arising from the referral to the Grievance Committee pending that review; and (4) permit me to supplement the record with the forensic assessment upon its completion, on a schedule the Court sets.

I am prepared to proceed on any schedule the Court directs and to appear at the Court's convenience.

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
Phone: (347) 342-7432
Email: tblackburn@tablackburnlaw.com

cc: Hon. Jennifer E. Willis, U.S.M.J. (via ECF)
All counsel of record (via ECF)