UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Cartagena,<br>Plaintiff,<br>-against-<br>Terrance Dixon, et al.,<br>Defendants. | Civil Action No. 25-cv-3552 (JLR) (JW)<br><br>Declaration Of Tyrone A. Blackburn<br>In Support of Objections To<br>June 23, 2026, Order |

I, Tyrone A. Blackburn, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney admitted to practice before this Court. I am a defendant in this action and appear pro se, and I am also counsel for co-defendant T.A. Blackburn Law, PLLC. I submit this declaration in support of the Blackburn Defendants' objections to the Magistrate Judge's June 23, 2026, Order (Dkt. No. 206). The facts set forth in this declaration are based on my personal knowledge.
2. I make this declaration to place before the District Court the exhibits submitted with the objections and to set forth certain facts concerning the attorneys present at the depositions at issue and my professional commitments during the week of February 23, 2026.
3. Attached as **Exhibit A** are true and correct copies of pages from the transcript of the May 18, 2026, hearing before Magistrate Judge Jennifer E. Willis.
4. Attached as **Exhibit B** is a true and correct copy of the Magistrate Judge's June 23, 2026, Order on the motion for sanctions, filed at Dkt. No. 206.
5. Attached as **Exhibit C** is a true and correct copy of the July 29, 2026, letter from Jason Emer, M.D., concerning my January 23, 2026, and February 3, 2026, medical procedures, the postoperative medications prescribed to me, the expected duration of that medication course, and the potential cognitive and behavioral effects described in the letter.
6. Attached as **Exhibit D** is a true and correct copy of my February 5, 2026, Letter Motion Requesting an Extension of Time, filed at Dkt. No. 137. In that filing I advised the Court that I had undergone two medical procedures on January 23, 2026, and a further procedure on February 3, 2026; that I was then prescribed multiple medications, including narcotics and antibiotics, to assist with the pain and recovery from those procedures; that my doctors expected that I would remain on those medications for approximately six to eight weeks; and that I was at that time unable to prepare for or attend the depositions scheduled in this matter. I filed that letter nineteen days before the February 24, 2026, deposition of Mr. Dixon and before any motion for sanctions was made in this action.
7. I appeared as counsel for Mr. Dixon at his deposition on February 24, 2026, and I was present throughout that deposition. Joseph Tacopina, Esq. was not present at that deposition. Chad D. Seigel, Esq. conducted the examination on behalf of Plaintiff.
8. I was the deponent at the deposition that commenced on March 6, 2026, and continued on March 27, 2026. Mr. Tacopina conducted the examination of me on both dates. Only one deposition of Mr. Dixon has taken place in this action.
9. At the May 18, 2026, argument I described Mr. Tacopina's conduct during my own deposition, stating that he was "trying to goad me into having a similar reaction to the reaction that I had on the 24th of February during Mr. Dixon's deposition." Ex. A, Tr. 73:23-25. My ensuing statement that I did not believe "the behavior of Mr. Tacopina warranted that kind of reaction," Ex. A Tr. 74:7-8, referred to Mr. Tacopina's conduct at my own deposition. It was not intended to place Mr. Tacopina at the February 24, 2026, deposition, and he was not present at that deposition. Earlier in the same argument I stated that the conduct at issue on February 24 consisted of "Mr. Seigel's actions, not Mr. Tacopina's actions." Ex. A, Tr. 42:2-3.

10. At the May 18, 2026, argument the Court inquired whether two depositions I had identified at the February 10, 2026, conference, scheduled for February 26 and February 27, 2026, had gone forward. The February 26, 2026, deposition did not go forward. The February 27, 2026, deposition went forward, but I did not conduct or defend it. It was defended by my co-counsel from California. I was present on the record but took no active part in the examination; I reviewed documents and moved about the room when discomfort required.
11. A forensic medical examination concerning the cognitive, neurological, and behavioral effects of the medications prescribed to me during the period relevant to the February 24 and March 6, 2026, depositions is presently being completed. The examination addresses whether the prescribed narcotic analgesic and the other medications I was taking, individually or in combination and in the circumstances in which they were taken, are capable of affecting cognition, memory, recall, mood, temperament, inhibition, or emotional regulation during the relevant period. Those are medical and neurological questions beyond my own expertise. The June 23, 2026, Order concluded that the record was devoid of corroborating evidence on those subjects and rested in part on that absence. See Ex. B.
12. I respectfully request leave to supplement the record with the completed report promptly upon its completion and before the District Court rules on these objections.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 21, 2026
Brooklyn, New York

*/s/ Tyrone A. Blackburn, Esq.*

Tyrone A. Blackburn, Esq.
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
Phone: (347) 342-7432
Email: tblackburn@tablackburnlaw.com