**Tacopina Seigel** Trial Lawyers
TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

September 23, 2026

**<u>VIA ECF</u>**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Cartagena v. Dixon et al., No. 25-cv-03552 (JLR) (JW)**
**Dixon v. Cartagena, et al., No. 1:25-cv-05144 (JLR) (JW)**

Dear Judge Rochon:

Plaintiff Joseph Cartagena respectfully opposes the Blackburn Defendants' letter motion (Dkt. 243 in Case No. 25-3552; "Letter Motion"), which seeks permission to file objections to the June 23, 2026 Sanctions Order (Dkt. 206 in Case No. 25-3552; "June 23 Order") seventy-seven days after Rule 72's deadline (July 7, 2026), submit an 8,590-word brief exceeding the governing limit by 5,090 words, enlarge the record with post-order evidence, and stay the fee proceeding and further action arising from the disciplinary referral. Each request should be denied.

Blackburn waived his objections by failing to seek review within Rule 72's fourteen-day period. The June 23 Order did not merely express tentative conclusions or defer the sanctions issue for later decision. It granted sanctions, determined that Blackburn was liable for specified categories of fees and costs, and referred him to the Court's Grievance Committee. *See* Dkt. 206 at 13-14, 17–18. The only issue left for later determination was the amount of the monetary award. Because the Order was filed and served electronically on June 23, Rule 72(a) required Blackburn to file any objections by July 7, 2026. By that date, he had filed neither objections nor a request to extend the objection deadline. Instead, he waited until September 22 (seventy-seven days after the deadline) to challenge the findings, sanctions, and referral contained in the Order. Rule 72(a) states the consequence expressly: "[a] party may not assign as error a defect in the order not timely objected to." Thus, the failure to object does not merely make Blackburn's present application late; it waives district-court review of the alleged errors he now asserts. *See Rowe Plastic Surgery of Long Island, P.C. v. Aetna Health & Life Ins. Co.*, No. 2:22-CV-7176 (OEM) (AYS), 2024 WL 1740831, at *2 (E.D.N.Y. Apr. 23, 2024) ("To the extent that Plaintiffs believe that [the] Court has the authority to excuse an untimely party from Rule 72(a)'s 14-day objection period, they have provided no authority, much less substantive argument showing that entitlement to such excusal. The Court sees no reason why it should entertain an appeal at this late juncture in the litigation. .... The Court finds that Plaintiffs' objections are untimely. Accordingly, Plaintiffs' appeal requesting reversal of the Sanctions Order is denied.").

Indeed, this Court applied that rule strictly in *Lebenns v. Frost Productions*, denying objections filed only two days after the Rule 72(a) deadline: "the Court denies Plaintiff's Rule 72(a) objection as untimely." 2023 WL 8649021, at *2 (S.D.N.Y. Dec. 14, 2023). The Court further relied on decisions rejecting objections filed only one day late and explained that untimeliness alone is sufficient. *Id.* Blackburn's seventy-seven-day delay presents a substantially stronger case for denial.

Blackburn's argument also conflates two distinct issues: the decision to impose sanctions and the subsequent calculation of their amount. The June 23 Order conclusively resolved the first issue by finding sanctionable conduct, awarding Cartagena fees and costs, and referring Blackburn to the Grievance Committee. Only the amount of the monetary award remained unresolved. Thus, July 7 was the deadline to challenge the findings supporting sanctions, the legal or procedural basis for imposing them, and the referral. The case *Errant Gene Therapeutics, LLC v. Sloan-Kettering Institute for Cancer Research* involved the same two-step procedure: an initial order imposed Rule 37 sanctions, and a later order calculated the fees. The Second Circuit held that the failure to object to the initial order waived any challenge to the imposition of sanctions. 768 F. App'x 141, 143 (2d Cir. 2019) (summary order)("Despite contemplating the June 5 Order [awarding sanctions without calculating the amount], the October 16 Order declined to overrule, modify, or otherwise call into question that Order. EGT's argument that the district court 'should not have awarded fees to SKI based on SKI's November 3, 2016 and February 8, 2017 motions for sanctions,' *is ultimately a challenge to the June 5 Order imposing sanctions on EGT*. But EGT never objected to the June 5 Order, as required by Rule 72(a). Any challenge to the imposition of sanctions contained in the June 5 Order is therefore waived.")(emphasis added; citation omitted). Here, the fact that the Court has not yet calculated the sanctions award does not delay the start of the fourteen-day period under Fed. R. Civ. P. 72(a) with respect to the June 23 Order. Thus, the deadline expired on July 7.

Nor has Blackburn made the separate showing required to excuse his untimeliness. Once the July 7 deadline expired, Rule 6(b)(1)(B) permitted an extension only upon a motion demonstrating that the failure to act resulted from "excusable neglect." Courts assessing excusable neglect consider the prejudice to the opposing party, the length and effect of the delay, the reason for the delay (including whether it was within the movant's control) and the movant's good faith. *See Tancredi v. Metropolitan Life Insurance Co.*, 378 F.3d 220, 227–28 (2d Cir. 2004). The Letter Motion neither invokes Rule 6 nor addresses those factors.[1] Most importantly, it offers no explanation for Blackburn's failure to object between June 23 and July 7. His medical evidence concerns whether postoperative medications *may have* affected his conduct during depositions in February and March; it does not suggest that any such impairment persisted through the objection period, much less that he was unable to review the June 23 Order or prepare objections. Indeed,

[1] The Letter Motion also falls well short of Your Honor's Individual Rule 1.F, which provides that an expired deadline ordinarily will not be extended "[a]bsent extraordinary circumstances." The Letter Motion identifies none.

Dr. Emer's unsworn letter provides no causal explanation for any of Blackburn's conduct; it is blatant speculation.[2]

Furthermore, the new evidence is plainly outside the Rule 72 record. Review under Rule 72(a) is confined to the materials before the magistrate judge. "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge." *Thai Lao Lignite (Thailand) Co. v. Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013). Dr. Emer's July 29 letter was dated five weeks after the Order, and the proposed forensic assessment does not yet exist.[3]

Lastly, a stay is unwarranted because Blackburn cannot satisfy the two critical *Nken* factors: "a strong showing that he is likely to succeed on the merits" and irreparable injury. *Nken v. Holder*, 556 U.S. 418, 434 (2009). His objections are waived; Dr. Emer's unsworn letter merely speculates that medication may have affected Blackburn's conduct[4], and monetary loss is not irreparable harm.[5] The referral itself occurred on June 23 and does not constitute formal discipline. Delaying the fee determination would instead prejudice Cartagena, prolong a sanctions proceeding already decided, and reward an unexplained failure to comply with a clear deadline.

Accordingly, Cartagena respectfully requests that the Court deny the Letter Motion in its entirety, decline to consider the attached untimely objections and post-order evidence, and permit the fee proceeding to continue.

Respectfully submitted,

Joseph Tacopina
*Counsel for Plaintiff Joseph Cartagena*

cc: All counsel of record (by ECF)

---

[2] It should also be noted that Dr. Emer's supplemental letter is dated July 29, yet Blackburn waited until September 22 to file this application.

[3] Leave should independently be denied because the proposed objections violate Local Civil Rule 72.1(b)(2), which incorporates Local Civil Rule 6.3's 3,500-word limit. Dkt. 243-6 certifies 8,590 words by relying on the 8,750-word limit for ordinary motions. The Letter Motion offers no justification for a brief nearly two-and-one-half times the permitted length.

[4] Indeed, the Court held: "Blackburn never attempted to adjourn or reschedule the February 24th deposition due to medical impairment. Finally, the notion that Blackburn's behavior was due to medication is further belied by Blackburn's statements at the oral argument on the sanctions motions, wherein Blackburn attempted to contextualize his comments by arguing that he was provoked by opposing counsel." (June 23 Order at p. 10).

[5] *Sussman Sales Co., Inc. v. VWR Int'l, LLC*, No. 20-CV-2869 LTS BCM, 2026 WL 2720499, at *3 (S.D.N.Y. Sept. 15, 2026) ("An obligation to pay a sum of money … [monetary sanction for discovery violations] is not an irreparable injury.").