The Court has reviewed this submission, including the request for "an express schedule allowing fourteen days for a response of up to ten pages addressing scope, causation, apportionment, rates, staffing, and documentation, with any reply within seven days thereafter."

That request is **DENIED**. Plaintiff's counsel first submitted their attorney fees spreadsheet in July. Dkt. No. 211. Blackburn did not respond or otherwise ask to be heard on the sanctions amount at that time. On September 17, at the Court's directive, Plaintiff supplemented their spreadsheet to provide more detail. Dkt. Nos. 238, 241. Blackburn made this request only after the Court prompted his submission of relevant materials. Dkt. No. 244. Thus, Blackburn has had ample time to respond to the requested sanctions amount.

Still, the Court will allow Blackburn the chance to be heard substantively on the matter. Blackburn may submit materials he believes are relevant to the Court's determination of the monetary award by **October 5, 2026**, This filing shall be limited to five pages. Any accompanying exhibits ***must*** be relevant to the narrow question of determining a sanctions amount. The Court will not tolerate the submission of extraneous and inflammatory information. See Dkt. No. 230 at 4.

**SO ORDERED.**

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
September 28, 2026

124
Phone

VIA ECF
Hon. Jennifer E. Will
United States District
Southern District of N
500 Pearl Street
New York, New York

Dear Judge Willis:

I write on my
Court's September 2
sanctions under the J
response to Dkt. 24
objections, and reque
filed September 22, 2
243-6. I incorporate t

The materials
sanctions proceeding
withdrawal of the application presented to Judge Rochon.

My participation in this process does not concede the validity of the sanction's findings, the disciplinary referral, entitlement to fees, or the reasonableness of any amount sought. Nor does submission of additional material concede that the opportunity afforded by Dkt. 244 cures the procedural and evidentiary defects identified in the application to Judge Rochon. I ask that the Court consider the declaration and Exhibits A through D already filed with that application, including Dr. Emer's letter, for all purposes relevant to the sanction's determination, without treating that request as an abandonment of District Court and/or Second Circuit review.

I further respectfully request that Your Honor recuse herself from further consideration of the sanctions proceedings, including determination of the amount of any award, pursuant to 28 U.S.C. § 455(a). That provision requires disqualification where a judge's "impartiality might reasonably be questioned." Id.

The Court's treatment of my medication explanation is a separate and substantial component of that concern. Addressing what the Court characterized as issue-specific memory issues associated with aggressive questioning, the Court stated, I have absolutely nothing before me from a medical professional that would substantiate that such a thing is even possible. Dkt. 243-2, Tr. 93:8–13. That statement followed the Court's repeated refusal of my offers to provide prescription evidence and supplement the medical record. Id. at 55:12–56:3, 63:17–21. In that discussion, the Court cited no medical authority or contrary expert opinion supporting rejection of the explanation as medically implausible. The Court was acting as an adjudicator, not a medical expert; its skepticism was not a substitute for specialized medical evidence. I object to the

dismissive treatment of the explanation and the use against me of an evidentiary gap that I had offered to address.

The general possibility of medication-related behavioral and memory effects is documented in readily available prescribing information. For example, the published prescribing information for Ambien, one of the medications identified in Dr. Emer's letter, reports decreased inhibition, including aggressiveness out of character, agitation, and amnesia. Dkt. 243-4 at 2–3; Ambien Prescribing Information, § 5.4 (rev. Jan. 2018). Those warnings do not themselves establish what caused my conduct or the particular pattern of memory difficulty discussed at the hearing, but they demonstrate why the medical explanation required informed evaluation rather than unsupported lay skepticism. The same label cautions that individual causation can be uncertain and calls for careful evaluation of new behavioral symptoms. Id. § 5.4.

Because of the rejection of my medication explanation and the unsupported findings that followed, I have retained forensic psychiatric and psychological experts at substantial personal expense to address the medical questions underlying those findings. As disclosed to Judge Rochon, Fifth Avenue Forensics was retained to assess whether and to what extent the prescribed medications affected my cognition, memory, mood, temperament, inhibition, or emotional regulation during the relevant period. Dkt. 243 at 2; Dkt. 243-1 ¶ 11. That expense is a concrete consequence of having to develop the medical record after the Court declined my offers to supplement it and then relied on the absence of corroboration. My objection is to that sequence and its prejudicial consequences, not a claim that the Court was required to accept my explanation without scrutiny.

The concern is not simply that the Court ruled against me. At the May 18, 2026, hearing, while addressing the deposition evidence supporting my cross-motion for sanctions, the Court stated: I will have to review the transcript again. I did, but, frankly, at a bit of a skim, and explained that it wasn't a place where I thought I needed to dig into all of it. Dkt. 243-2, Tr. 102:21–103:1. The Court nevertheless announced, I am not, however, going to be sanctioning Mr. Tacopina, while additional video review remained outstanding. Id. at 101:16–21, 103:11–18. The Court then acknowledged that the video could reveal more concerning behavior than what is demonstrated by the cold reading of the transcript. Id. at 104:18–22.

That sequence, considered together with the refusal of my offers to provide medical corroboration and the comparative-treatment concerns presented to Judge Rochon, creates a substantial concern that the competing sanctions applications were not assessed on an evenhanded, fully developed record. See Dkt. 243-2, Tr. 55:12–56:3, 63:17–21; Dkt. 243-6, Points I and II. I acknowledge that the written Order states that further transcript and video review occurred. Dkt. 206 at 16. But that same discussion places the challenged conduct "during the Dixon deposition," notwithstanding the distinction between that examination and my separate deposition, as explained in my declaration and objections. Id.; Dkt. 243-1 ¶¶ 7–9; Dkt. 243-6, Point II.C. I discovered that attribution error while preparing the reconsideration and stay request to Judge Rochon; considered alongside the hearing sequence, it brought the cumulative concern into focus: I submit that the Court did not meaningfully consider my cross-motion for sanctions, did not impartially assess the two competing sanctions motions, and approached the May 18, 2026 hearing with its position already fixed rather than open to the evidence and argument. That is the inference I draw from the cumulative record, not merely from the fact that the rulings were adverse to me.

The Court's treatment of Mr. Tacopina's absence reinforces that inference. The hearing was scheduled for oral argument on both sanctions' motions. Dkt. 187. I expressly identified on the record that Mr. Tacopina was not present, even though my cross-motion challenged his own

conduct. Dkt. 243-2, Tr. 65:6–14. Nevertheless, the Court proceeded to announce that it would not sanction him, without requiring him to appear and personally address those allegations and directed that its ruling and the transcript be relayed to him. Id. at 103:11–25. I submit that proceeding in that manner, while subjecting my explanation to the scrutiny described above, further demonstrates the absence of an evenhanded assessment and supports the conclusion that the competing applications had been prejudged.

I recognize that adverse rulings ordinarily do not warrant recusal and that judicial opinions formed during proceedings require a showing of deep-seated favoritism or antagonism making fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555–56 (1994). My request rests on the cumulative appearance of prejudgment reflected in the foregoing sequence. I respectfully submit that continued assessment of sanctions against me under these circumstances would be prejudicial and would reasonably call the impartiality of that assessment into question.

Accordingly, I request recusal and return of the sanctions matters to Judge Rochon for such further assignment or disposition as she directs. I also request that determination of any monetary award be held in abeyance pending resolution of this request and the application presented to Judge Rochon. If further fee proceedings are directed, I request an express schedule allowing fourteen days for a response of up to ten pages addressing scope, causation, apportionment, rates, staffing, and documentation, with any reply within seven days thereafter. All objections to fee entitlement and amount remain expressly preserved.

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. BLACKBURN LAW, PLLC
Defendant pro se and counsel for T.A. Blackburn Law, PLLC

cc: Hon. Jennifer L. Rochon, U.S.D.J. (via ECF)
All counsel of record (via ECF)