**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

TERRANCE DIXON,

Plaintiff,

-against-

JOSEPH CARTAGENA et al.,

Defendant.

---------------------------------------------------------------X

JOSEPH CARTAGENA,

Plaintiff,

-against-

TERRANCE DIXON, et al.,

Defendant.

---------------------------------------------------------------X

**ORDER**

**25-CV-5144 (JLR) (JW)**

**25-CV-3552 (JLR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On September 28, 2026, counsel for Terrance Dixon, Tyrone A. Blackburn ("Blackburn"), filed a Request for Recusal of this Court pursuant to 28 U.S.C. Section 455. 25-CV-3552 at Dkt. No. 246.[1] For the reasons below, this request is **DENIED**.

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). Section 455(b) provides in relevant part that a judge should also disqualify herself "[w]here [s]he has a personal

[1] Unless otherwise specified, all Docket citations in this Order refer to the docket in Case No. 25-CV-3552.

bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. at § 455(b).

"Recusal motions are committed to the sound discretion of the district court." LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007). "[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited. As we have stated, **a judge is as much obliged not to recuse [herself] when it is not called for** as [she] is obliged to when it is." In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001) (cleaned up) (emphasis added).

Dissatisfaction with a Court's ruling or reasoning does not justify recusal. "[R]ecusal is not warranted where the only challenged conduct consists of judicial rulings, routine trial administration efforts, and ordinary admonishments ... to counsel and to witnesses, where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible." S.E.C. v. Razmilovic, 738 F.3d 14, 29–30 (2d Cir. 2013), as amended (Nov. 26, 2013) (cleaned up) (citing Liteky v. United States, 510 U.S. 540, 556 (1994)). Judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky, 510 U.S. at 555 (cited in Blackburn's brief, Dkt. 246 at 3).

Applying the relevant legal standards, the Court finds no basis for recusal. Blackburn argues for recusal because this Court was improperly "dismissive" during oral argument of Blacburn's argument that his medication caused the conduct

underlying the sanctions motion. Dkt. No. 246 at 1-2. Blackburn also takes issue with the Court's "repeated refusal" of Blackburn's "offers to . . . . supplement the medical record". Id. at 1. But it is wholly within the Court's discretion to assess the timely-submitted evidence before it and refuse to consider further submissions ***after*** oral argument. That is precisely what happened here.

Blackburn also asks for recusal based on "the absence of an evenhanded assessment" when comparing his treatment to that of Plaintiff's Counsel, Joseph Tacopina ("Tacopina"). Dkt. No. 246 at 2-3. According to Blackburn, "the Court did not meaningfully consider [Blackburn's] cross-motion for sanctions, did not impartially assess the two competing sanctions motions, and approached the May 18, 2026 hearing with its position already fixed rather than open to the evidence and argument." Id.

The Court disagrees. Indeed, it addressed the cross-motion against Tacopina in the sanctions order and even admonished Tacopina for his remarks after review of the "deposition transcripts and relevant portions of the deposition videos". Dkt. No. 206 at 16 ("The Court does not condone the behavior by counsel for Plaintiff during the Dixon deposition that was inappropriate and unprofessional.") The Court even made clear it was not sanctioning Tacopina because he did not have a "pattern of ad hominem attacks, inaccurate statements of law, and a record of other courts warning and sanctioning him" and "[Tacopina's] behavior was a small fraction of [Blackburn's] conduct"). Id.

The Court's rulings against Blackburn are not a result of prejudice. Rather, they are the product of Blackburn's uniquely outrageous behavior. The orders and directives in this case have been and will continue to be properly informed by the submitted briefing, applicable law, and where appropriate, the Parties' conduct. The Court has no personal bias against any Party in this matter, and as such, is obliged ***not*** to recuse itself. Aguinda, 241 F.3d at 201. Therefore, Blackburn's motion to recuse the Court is **DENIED**.

SO ORDERED.

DATED: New York, New York
September 29, 2026

Jennifer E. Willis
JENNIFER E. WILLIS
United States Magistrate Judge