UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA,

Plaintiff,

-against-

TERRANCE DIXON; TYRONE BLACKBURN; AND T.A. BLACKBURN LAW, PLLC,

Defendants.

Case No. 1:25-cv-03552 (JLR)

TERRANCE DIXON, A/K/S "TA",

Plaintiff,

-against-

JOSEPH ANTONIO CARTAGENA P/K/A "FAT JOE"; PETER "PISTOL PETE" TORRES; RICHARD "RICH PLAYER" JOSPITRE; ERICA JULIANA MOREIRA; SNEAKER ADDICT TOURING LLC; SLATE, INC.; and ROC NATION, LLC,

Defendants.

Case No. 1:25-cv-05144 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Before the Court is a letter motion filed by Defendants Tyrone A. Blackburn, Esq. ("Blackburn"), and the law firm of T.A. Blackburn Law, PLLC ("Blackburn Law" together with Blackburn, the "Blackburn Defendants") requesting (1) leave to file belatedly file attached Federal Rules of Civil Procedure ("Rule") 72(a) objections to Magistrate Judge Willis's June 23, 2026 Order (the "Order") at Dkt. 206 (25-cv-03552); (2) a stay of proceedings concerning the Order, including determination of the amount of any monetary award; (3) a stay of further proceedings or actions arising from Magistrate Judge Willis's referral of Blackburn to the Grievance Committee; and (4) permission to supplement the record with a forensic assessment

concerning the medications Blackburn was taking earlier this year. Dkt. 243 (25-cv-03552); Dkt. 136 (25-cv-05144). For the following reasons, the Court DENIES the Blackburn Defendants' requests.

**PROCEDURAL HISTORY**

On March 24, 2026, Plaintiff Joseph Cartagena ("Plaintiff Cartagena") filed a motion for sanctions against the Blackburn Defendants. Dkts. 168-170.[1] On April 8, 2026, the Blackburn Defendants filed their notice of cross-motion for sanctions, Dkt. 182, and opposed Plaintiff Cartagena's motion, Dkts. 183-84. On April 15, 2026, Plaintiff Cartagena filed a motion in further support of his motion for sanctions and his opposition to the Blackburn Defendants' cross-motion for sanctions. Dkts. 185-86. The Blackburn Defendants filed their reply on April 23, 2026. Dkt. 188; *see also* Dkt. 189 (Declaration filed on April 24, 2026). Oral argument was held by Magistrate Judge Willis on the motions on May 18, 2026. *See* Dkt. 197; *Cartagena v. Dixon et al.*, No. 25-cv-03552 (JLR) (JW) (May 18, 2026 minute entry for oral argument).

On June 23, 2026, the Magistrate Judge issued the Order granting in part and denying in part Plaintiff's motion for sanctions and denying Defendants' cross-motion for sanctions. *See* Order. The Blackburn Defendants did not file any Rule 72(a) objections. On September 22, 2026, the Blackburn Defendants filed a letter motion requesting leave to file Rule 72(a) objections, among other requests. Dkt. Dkt. 243 (25-cv-03552); Dkt. 136 (25-cv-05144). On September 23, 2026, Plaintiff Cartagena opposed this letter motion. Dkt. 245 (25-cv-03552); Dkt. 137 (25-cv-05144).

[1] All docket entries pertain to Case No. 25-cv-03552 unless otherwise noted.

## LEGAL STANDARD

In reviewing a magistrate judge's decision on nondispositive matters, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order *within 14 days* after being served with a copy. A party may not assign as error a defect in the order not timely objected to." *Id.* (emphasis added).

## DISCUSSION

### I. Rule 72(a) Objections

The Blackburn Defendants' request to file Rule 72(a) objections is untimely and is therefore denied. Magistrate Judge Willis's Order was issued and served electronically on June 23, 2026. *See* Order. Under Rule 72(a), the Blackburn Defendants were required to file any objections by July 7, 2026. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate judge's non-dispositive] order *within 14 days* after being served with a copy." (emphasis added)). The Blackburn Defendants requested leave to file their objections on September 22, 2026, Dkt. 243, 77 days after the deadline. The Blackburn Defendants provide no explanation for their delay. *See id.* Therefore, the Court denies the request to file Rule 72(a) objections as untimely, and the Court need not engage in further analysis. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *Lebenns v. Frost Prods.*, No. 21-cv-11155 (JLR) (JW), 2023 WL 8649021, at *2 (S.D.N.Y. Dec. 14, 2023) ("Courts in this Circuit have concluded that a party's failure to timely object is sufficient, without more, to dismiss the party's objections without further analysis."); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (citation omitted)); *King Harvest Dev. Ltd. v. Li*, No. 08-cv-08494 (DAB), 2011 WL

2652184, at *1 n.1 (S.D.N.Y. June 28, 2011) (finding objections untimely where filed one day after the 14-day deadline); *In re Application of XPO Logistics, Inc.*, No. 15-mc-00205 (LGS), 2016 WL 3528195, at *2 (S.D.N.Y. June 22, 2016) (overruling a Rule 72(a) objection solely because it was filed one day after the 14-day deadline).

## II. Stay of Proceedings

The Blackburn Defendants also requests that this Court "stay determination and enforcement of any award of fees and costs [by Magistrate Judge Willis] under Dkt. 206 pending this Court's review of the Order." Dkt. 243 at 2. Because the Court has reviewed the Blackburn Defendants' request regarding a review of Magistrate Judge Willis's Order, *see* Section I, *supra*, the Court denies this request as moot. The Blackburn Defendants further request that the Court "stay any further proceedings or action arising from the referral to the Grievance Committee pending that review," "to the extent [that is] within the Court's authority." Dkt. 243 at 2. The Court also denies this request as moot for the same reasons.

## III. Request to Supplement the Record

Finally, the Blackburn Defendants request that the Court permit them to supplement the record with their forensic assessment concerning the medications Blackburn was taking earlier this year that, allegedly, bear on the Order's findings. *See id.* The Court also declines this request as untimely, as it should have been made before the July 7, 2026 deadline to object to the Order.

For the foregoing reasons, the Blackburn Defendants' requests are DENIED. The Clerk of Court is respectfully directed to terminate the motions at Dkt. 243 (25-cv-03552) and Dkt. 136 (25-cv-05144).

Dated: October 6, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge