**T.A. BLACKBURN LAW, PLLC**
1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236
Telephone: (347) 342-7432 | Email: tblackburn@tablackburnlaw.com

October 14, 2026

VIA ECF
Hon. Jennifer E. Willis, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Cartagena v. Dixon et al.*, No. 25-CV-3552 (JLR) (JW);
*Dixon v. Cartagena et al.*, No. 25-CV-5144 (JLR) (JW)

Protective-Order Compliance and
Preservation of the Sanctions Record

Dear Judge Willis:

I write on my own behalf and as counsel for T.A. Blackburn Law, PLLC, before submitting the redacted replacement directed by Dkt. 252 to identify the inconsistent application of the Protective Order's requirements and to request preservation of a complete sanctions record for District Court and appellate review. Unless otherwise indicated, docket references are to Case No. 25-CV-3552. This letter does not withdraw any objection to the sanctions proceedings or seek an extension of the October 15 refiling deadline.

Paragraph 13 of the Stipulated Confidentiality Agreement and Protective Order, Dkt. 105[1] at 4, provides for the designation of protected material:

> "The Producing Party or its counsel may designate such portion as 'Confidential' or 'Highly Confidential Attorney's Eyes Only' by (a) stamping or otherwise clearly marking as 'Confidential' the protected portion in a manner that will not interfere with legibility or audibility; and (b) ***producing for future public use another copy of said Discovery Material with the confidential information redacted***."

Plaintiff's counsel transmitted the supplemental fee spreadsheets solely by email to Chambers and me. Counsel supplied only the version designated Confidential; I received no separate redacted, public-use copy. Plaintiff thus invoked the Order's confidentiality protections without providing the public-use copy specified by its designation procedure.

Dkt. 252 enforces the Protective Order against my submission, finds Plaintiff's confidentiality designation proper, and directs sealing and refiling. It does not address Plaintiff's failure to provide the corresponding public-use copy under paragraph 13. That is the inconsistency I ask the Court to address: the Order's restrictions are being enforced against my response while the designating party's accompanying production obligation remains unaddressed. The Protective Order must be applied evenhandedly. I do not contend that Plaintiff's omission eliminated my separate obligations under paragraph 21; I object to enforcing those obligations without addressing the corresponding requirement imposed on Plaintiff.

Paragraph 21(a) also requires consultation to narrow the scope of confidentiality requests and, when protection is sought at another party's request, notice that the requesting party must submit a letter explaining the need for sealing or redaction.

[1] Exhibit A "Stipulated Confidentiality Agreement and Protective Order".

> "Meet and Confer. The filing Party shall meet and confer with any opposing Party or Non-Party seeking confidential treatment of the information to narrow the scope of the request. ***When a Party seeks leave to file a document under seal or in redacted form on the ground that an opposing Party or Non-Party has requested it, the filing Party must notify the opposing Party or Non-Party that it must file, within three days, a letter explaining the need to seal or redact the document.***"

Paragraph 21(d) limits protection of supporting papers to the extent necessary to safeguard the information at issue. Dkt. 105 at 9–10.

> "Motion. Any Party that seeks to file a document in redacted form or under seal ***must file a motion stating the particular reasons for seeking to file that information with redactions or under seal*** and should not include the Protected Material sought to be filed under seal. ***Supporting papers must be separately filed on the Electronic Case Filing System and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal***"

These provisions contemplate identification and justification of the information withheld from public view, not merely reliance on an undifferentiated Confidential designation. I request that the Court address compliance with these provisions in implementing Dkt. 252.

I have every intention of challenging and appealing all aspects of this sanctions proceeding, including the underlying sanctions findings, denial of my cross-motion, evidentiary and procedural rulings, denial of recusal, any monetary award, and related confidentiality and record-access determinations, through the applicable District Court procedures and, when appellate jurisdiction is available, before the United States Court of Appeals for the Second Circuit. The record must be complete to permit thorough Second Circuit review. Confidential treatment must not result in omission from the reviewable record of the very submissions on which the sanctions determination rests.

Accordingly, I request that the Court ensure that the original fee submission, the supplemental spreadsheets and accompanying invoices exactly as submitted, and the transmitting emails identifying their dates and attachments are preserved and identifiable in the court record, under seal or with appropriate public redactions where required. To the extent these materials remain only in Chambers' email rather than in an identifiable docketed submission, they should be placed on the docket through the applicable confidential-filing procedure. The complete, unredacted objections at Dkt. 250 and at Dkt. 142 in Case No. 25-CV-5144 must likewise remain preserved alongside the public-redacted replacement, rather than be displaced by it.

This request concerns preservation and docketing of materials already submitted, not reopening the evidentiary record. I do not seek or consent to new billing evidence, revised entries, reconstructed records, or another opportunity to cure the deficiencies identified in my fee objections. Providing the public-use copy contemplated by paragraph 13 likewise must not become an occasion to alter the underlying fee submission.

I will comply with the refiling directive under protest, without conceding the propriety or breadth of the confidentiality designation, the validity of any sanction, or the recoverability of any requested fee or expense. The Court should address the unfulfilled paragraph 13 requirement and ensure that the complete existing sanctions record is preserved for District Court and Second Circuit review.

Respectfully submitted,

*<u>/s/ Tyrone A. Blackburn, Esq.</u>*

Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC