**T.A. BLACKBURN LAW, PLLC**
1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236
Telephone: (347) 342-7432 | Email: tblackburn@tablackburnlaw.com

October 15, 2026

VIA ECF
Hon. Jennifer E. Willis, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Cartagena v. Dixon et al.*, No. 25-CV-3552 (JLR) (JW);
*Dixon v. Cartagena et al.*, No. 25-CV-5144 (JLR) (JW)

Objections to Requested Sanctions Amount.
This Submission Is Made Under Protest
**PUBLIC-REDACTED VERSION PURSUANT TO DKT. 252**

Dear Judge Willis:

I submit these objections pursuant to Dkt. 247, on my own behalf and as counsel for T.A. Blackburn Law, PLLC, under protest and without conceding the validity, scope, or amount of any sanction. Plaintiff's fee application must be denied on the existing record. The specific objections below independently support exclusion of the challenged charges and do not concede that any unchallenged balance is recoverable. This submission does not withdraw Dkt. 243 or the separate challenges concerning recusal and the sanctions proceedings, including the forthcoming Rule 72(a) challenge to Dkt. 248.[1]

I. Confine the application to the monetary relief actually authorized.

Even assuming the underlying sanctions order's validity solely for these amount objections, the application cannot exceed its monetary grant: March 6 reporter and videographer costs; costs and fees associated with a second Dixon deposition; and attorneys' fees for preparing, filing, and attending conferences associated with the sanctions motion. March 6 deposition-preparation fees were expressly denied because that preparation remained usable for the March 27 Blackburn deposition. Dkt. 206 at 13–14. The second Dixon deposition was neither scheduled nor conducted, and the application identifies no separately quantified charge attributable to it. Authorization of a future deposition supplies no amount that may be added to this application.

Scope, causation, and proof of amount are independent requirements. Rule 30(d)(2) permits appropriate sanctions, including reasonable expenses and fees. To the extent the award rests on the court's inherent authority and is compensatory, it must be limited to attorney's fees that would not have been incurred but for the sanctioned misconduct. Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107, 137 S. Ct. 1178, 1186 (2017). Placement in a sanctions schedule establishes neither authorization, causal connection, nor adequate proof of the amount claimed.

[1] Plaintiff seeks [REDACTED]. SFS at 1. "SFS" refers to the supplied 13-page packet of Plaintiff's September 17, 2026, supplemental charts and invoices; citations use that packet's pagination. The "Initial Fee Spreadsheet" is Plaintiff's July 7, 2026, submission, worksheet "Final Amount."

II. The application lacks a demonstrated contemporaneous foundation.

The September 10 Order found the original firm-level spreadsheet "extremely high-level" and insufficient to disclose "who performed what tasks and for how long," the timekeepers' positions and rates, or the nature of their work. Dkt. 238 at 2–3. It permitted supplementation that "need not include contemporaneous time records of the work performed." Id. at 3. Permission to omit attachments did not establish contemporaneity. To the extent Dkt. 238 is construed or applied to dispense with the contemporaneous-support requirement itself, I object to that construction and application as contrary to Carey and Scott. A more detailed spreadsheet does not, merely by being more detailed, establish the required foundation.

Attorneys seeking court-ordered compensation in the Second Circuit must submit contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work performed. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). The contemporaneous-record rule is strict, with departures permitted only in the rarest cases and upon findings sufficiently detailed to permit appellate review. Scott v. City of New York, 626 F.3d 130, 133–34 (2d Cir. 2010).

Neither firm submitted a sworn declaration describing its timekeeping practices or attesting that the claimed entries were made contemporaneously. The supplemental packet contains no accompanying explanation establishing that the schedules were generated from contemporaneously maintained entries. The reported work dates identify the asserted dates of service; they do not themselves establish when the time was recorded.

Mishkin recognizes that a later-prepared transcription, summary, or billing submission may satisfy Carey if it is derived from sufficiently detailed time entries made contemporaneously with the work [a] request for attorneys' fees should not turn into a second major litigation. Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 149 (2d Cir. 2014). Plaintiff has not established that the submitted presentation rests on such contemporaneous entries. The attorney submitting the fee request bears the burden of producing the supporting records; opposing counsel need not first move to preclude the application. Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986). Plaintiff received a court-directed opportunity to supplement after the deficiencies were identified. The fee request must be denied on the submitted record. I oppose reopening the record to supply the missing foundation or revise, reconstruct, or reallocate the charges.

The supplement also changes the hours underlying the demand without explaining the changes. [REDACTED] Initial Fee Spreadsheet, "Final Amount," rows 3, 5; SFS at 1, 2, 4. No explanation reconciling those changes appears in the supplemental packet. These unexplained changes undermine the reliability of the application as submitted.

III. Exclude the duplicate charges.

[REDACTED] has two [REDACTED] entries, each for [REDACTED], describing the same [REDACTED]. Nothing identifies a separate expenditure supporting the second posting. The additional [REDACTED] must be excluded. SFS at 2.

[REDACTED], appears in both the reply and [REDACTED] schedules. SFS at 4, 8. Exclusion of the page 8 posting is included in the category-wide objection below and must not be counted twice. That overlap does not concede compensability of the corresponding page 4 entry. These repetitions undermine reliability.

IV. Exclude charges not established as authorized sanctions work.

[REDACTED], combines [REDACTED] outside the monetary award with sanctions work but identifies no amount attributable to authorized work. Plaintiff has not substantiated the [REDACTED] as a recoverable sanctions expense. It must be excluded on this record. SFS at 2.

[REDACTED] SFS at 2–3. Dkt. 206 at 14 states that the particular confidential information being redacted was not relevant to the sanctions motion. The descriptions do not establish that these charges fall within the monetary grant. [REDACTED] SFS at 2. The blocks establish no recoverable amount for authorized work and must be excluded.

The [REDACTED] category concerns [REDACTED]. [REDACTED] [REDACTED] SFS at 8. Plaintiff has not established that these charges fall within the monetary grant or substantiated a recoverable amount within the mixed descriptions. The category must be excluded.

The reply schedules likewise combine prosecution of Plaintiff's motion with defense of my cross-motion: [REDACTED]. SFS at 4. [REDACTED] [REDACTED] SFS at 5. Denial of my cross-motion did not itself authorize reimbursement of every expense incurred in opposing it. Dkt. 206 at 13, 16–18. These entries do not substantiate the full charges as work within the monetary grant. Those charges must be excluded on the submitted record.

[REDACTED] without establishing the amount attributable to authorized work. SFS at 4. This challenges the unsupported block, not all [REDACTED], and does not assert that a disciplinary report was filed. The [REDACTED] charge must be excluded on the submitted record.

V. Reject unsupported rates, repeated review, and insufficient descriptions.

The Tacopina firm seeks [REDACTED]. SFS at 3, 5, 7. Plaintiff has not substantiated the requested hourly rates with satisfactory evidence that they correspond to prevailing rates in the relevant community for similar services by lawyers of comparable skill, experience, and reputation. Farbotko v. Clinton Cnty., 433 F.3d 204, 210 (2d Cir. 2005), Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999). Merely designating each lawyer as a partner does not satisfy that burden. The reasonable hourly rate is what a reasonable paying client would be willing to pay, bearing in mind that such a client seeks to spend the minimum necessary to litigate the matter effectively. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 484 F.3d 162, 164 (2007). The demand must be rejected as unsupported on the submitted record.

[REDACTED] [REDACTED] SFS at 2–3. The identified [REDACTED], must be excluded because their descriptions do not establish distinct necessary contributions beyond the drafting and review already identified. This objection does not concede compensability of the underlying [REDACTED] entries.

[REDACTED], redacts the subjects of both described communications. His [REDACTED], separates [REDACTED] whose subject is redacted. SFS at 2. The description-based objection to [REDACTED] concerns the separately identified [REDACTED] and does not waive the contemporaneous-foundation objection to the entire entry. The inadequately described charges must be excluded on the submitted record.

[REDACTED] It does not substantiate the charge as a compensable service at the amount requested. [REDACTED] without identifying a substantive legal service. SFS at 4, 6. [REDACTED] SFS at 4. These mixed entries do not substantiate the full amounts as compensable legal services within the award. The challenged charges must be excluded on the submitted record.

[REDACTED] SFS at 7. Preparation and attendance are authorized categories, but the schedules do not substantiate the reasonableness of the cumulative hours at [REDACTED] or distinguish work on the competing motions. [REDACTED]; its description and rate do not establish a distinct necessary service. These charges must be excluded for the identified failures of proof.

VI. <u>Disallow separately unsupported vendor expenses.</u>

The [REDACTED] should be disallowed because the submission does not establish their reasonable necessity within the award. SFS at 10–12. The fees identify different recipients and are not alleged duplicates; optional services are not challenged merely because they are optional. The [REDACTED] is included in the claimed [REDACTED], although the invoice directs its deduction for [REDACTED] payment. SFS at 6, 13. Its actual incurrence and reasonable necessity are unsubstantiated. These expense objections rest on the invoices and the award's scope, not the attorney-time-record rule.

VII. <u>Requested disposition and preservation.</u>

Plaintiff's attorneys' fee request must be denied on the existing record for failure to establish the required contemporaneous foundation and substantiate the charges demanded. The unexplained changes between the initial and supplemental hours, duplicate postings, and specifically identified unauthorized or unsupported charges provide additional grounds for the objections above. The challenged vendor expenses should be disallowed for the separate reasons identified. No remaining charge is conceded to be recoverable.

Plaintiff has already received a court-directed opportunity to supplement after the deficiencies were expressly identified. I oppose further supplementation or reopening to supply missing proof, and I request no estimated award, substitute rates, reconstructed hours, or judicial reallocation of unsupported charges.

Any abeyance pending District Court review is sought solely to preserve that review, not to reopen Plaintiff's evidentiary submission. This letter does not concede the validity of the underlying sanctions or withdraw the separately asserted procedural, recusal, and review objections, including District Court and Second Circuit review.

Respectfully submitted,

*<u>/s/ Tyrone A. Blackburn, Esq.</u>*
Tyrone A. Blackburn, Esq.
Defendant pro se and counsel for
T.A. Blackburn Law, PLLC

cc: All counsel of record (via ECF)