**Tacopina Seigel** Trial Lawyers
TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

October 16, 2026

**VIA ECF**
Hon. Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square, Courtroom 228
New York, NY 10007

**Re: Cartagena v. Dixon et al., No. 25-cv-03552-JLR (JW)**

Plaintiff respectfully submits this letter in response to Tyrone Blackburn's October 14, 2026 submission (Dkt. 254), which asserts that Plaintiff violated Sections 13, 21(a) and 21(d) of the Stipulated Confidentiality Agreement and Protective Order (Dkt. 105) by emailing confidential supplemental fee spreadsheets to Mr. Blackburn and Chambers without also supplying a separate redacted copy or meeting and conferring concerning this emailed submission. However, those sections do not apply to this Court-ordered email submission.

Section 13 expressly states that its procedures apply "[w]ith respect to the 'Confidential' or 'Highly Confidential Attorney's Eyes Only' portion of any Discovery Material[[1]] other than deposition transcripts and exhibits" – language that Mr. Blackburn ignores in his letter. Dkt. 105 ¶ 13; Dkt. 254 at 1. Here, discovery (other than one open deposition of Defendant Terrance Dixon) closed months before Plaintiff emailed its supplemental spreadsheets to the Court. The spreadsheets were not produced pursuant to a discovery request, discovery disclosure obligation, or ongoing discovery exchange, but were emailed to Chambers and Mr. Blackburn pursuant to the Court's order. Dkt. 238.

As to Sections 21(a) and (d), they expressly address filings of Protected Material under seal or in redacted form, neither of which happened here. Dkt. 105 ¶ 21.

Respectfully submitted,

Joseph Tacopina

cc: All counsel of record (by ECF)

---

[1] Section 3 defines Discovery Material as material "produced or disclosed in the course of discovery." Dkt. 105 ¶ 3.