UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Cartagena,<br>Plaintiff,<br><br>-against-<br><br>Terrance Dixon;<br>Tyrone Blackburn; and<br>T.A. Blackburn Law, PLLC,<br>Defendants. | Case No. 1:25-cv-03552 (JLR) (JW) |
| Terrance Dixon, A/K/A "TA",<br>Plaintiff,<br><br>-against-<br><br>Joseph Antonio Cartagena P/K/A "Fat Joe";<br>Peter "Pistol Pete" Torres;<br>Richard "Rich Player" Jospitre;<br>Erica Juliana Moreira;<br>Sneaker Addict Touring LLC;<br>Slate, Inc.; and<br>Roc Nation, LLC,<br>Defendants. | Case No. 1:25-cv-05144 (JLR) (JW) |

MEMORANDUM OF LAW IN SUPPORT OF LIMITED RECONSIDERATION OF THE OCTOBER 6, 2026, ORDER

## Preliminary Statement

The Blackburn Defendants seek reconsideration of one discrete issue: whether the Court should exercise the discretionary reconsideration authority expressly invoked in the September 22 submission. The October 6 Order denied leave to file Rule 72(a) objections because the application came 77 days after the objection deadline and supplied no explanation for that delay. It did not expressly address the separate request that the Court exercise its own authority under § 636(b)(1)(A) to review identified errors in the sanctions proceeding.

That request was not implicit. Under the heading Basis and Timing of These Objections, the memorandum invoked the district judge's reconsideration authority, quoted the governing statute, and identified specific circumstances supporting its exercise. The present motion asks the Court to address that already-presented request. It does not assert that a party may avoid Rule 72(a) simply by relabeling an untimely objection.

The distinction is between a party's entitlement to review and the Court's retained discretion to undertake it. The requested review concerns the cumulative effect of refused corroboration, an announced comparative outcome before receipt of requested video, and a deposition attribution inconsistent with the identified participants. It also concerns access to the exact video submission considered. The Blackburn Defendants seek limited consideration of these previously presented matters, not an inference of actual bias, a finding of altered evidence, or a wholesale reopening of sanctions briefing.

## Relevant Procedural Record

The June 23, 2026, sanctions Order granted Plaintiff's motion in part, denied the Blackburn Defendants' cross-motion, and directed a disciplinary referral. Dkt. 206. On September 22, the Blackburn Defendants submitted their application for review, supporting materials, and proposed objections. Dkts. 243 through 243-6.

Its Basis and Timing section stated: These objections invoke the district judge's reconsideration authority under 28 U.S.C. § 636(b)(1)(A) . . . . The circumstances supporting the exercise of that authority now are limited but substantial: the monetary sanction remains undetermined and the fee application pending; the principal objection is constitutional; and review at this stage need not delay the prospective relief already ordered.

Dkt. 243-6 at 5. Pages 22–23 again invoked the Court's continuing supervision of referred matters and its authority to reconsider an order that is clearly erroneous or contrary to law. The memorandum presented the disputed medical-evidence procedure, nonshared video submission,

and comparative assessment and deposition attribution as grounds for that review. Id. at 11–12, 14–15, 17–18.

The October 6 Order characterized the application as a request for leave to file belated Rule 72(a) objections and related relief. Dkt. 251 at 1–2. It concluded that the request was untimely, stated that the Blackburn Defendants had provided no explanation for their delay, and held that the Court need not engage in further analysis. Id. at 3. It then denied the requested stays as moot and supplementation as untimely. Id. at 4.

The Order did not expressly discuss § 636(b)(1)(A) or the request for discretionary review set out at page 5 of the proposed memorandum. This motion identifies that omission without representing that silence establishes what the Court actually considered.

**Governing Standard**

Local Civil Rule 6.3 requires a reconsideration motion to identify concisely the matters or controlling decisions the Court overlooked, ordinarily within 14 days after entry of the challenged order. Local Civil Rule 6.3. The standard is strict: the movant must identify overlooked matters that might reasonably be expected to alter the result, and reconsideration is not a vehicle solely to relitigate an issue already decided. Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Rule 54(b) permits revision of an interlocutory order before entry of a judgment adjudicating all claims and all parties' rights and liabilities. Fed. R. Civ. P. 54(b). That authority supplies the framework for reconsidering this Court's October 6 disposition; § 636(b)(1)(A) supplies the authority the original application asked the Court to exercise concerning the Magistrate Judge's pretrial order.

Section 636(b)(1)(A) provides: A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Rule 72(a), meanwhile, requires timely objections and provides that [a] party may not assign as error a defect in the order not timely objected to. Fed. R. Civ. P. 72(a). This motion gives effect to both provisions rather than treating either as surplusage.

**Argument**

I. The statutory request was expressly presented and is material to the disposition

The matter assertedly overlooked is identifiable by document, page, heading, and text. Page 5 of Dkt. 243-6 expressly requested exercise of § 636(b)(1)(A) authority and supplied reasons for

exercising that authority at that stage. The request was reinforced at pages 22–23. It is therefore not a new theory introduced after the Court rejected the application.

The October 6 Order answered whether the September 22 submission qualified for review as timely Rule 72(a) objections. Its conclusion concerning that issue did not expressly answer whether the Court would undertake discretionary reconsideration of the identified pretrial matters despite the default. The Blackburn Defendants respectfully submit that the latter question warrants a distinct determination because it concerns judicial authority, not merely the movants' entitlement to invoke mandatory review.

The motion does not argue that every unmentioned contention requires a separate opinion. Nor does it presume that the Court misunderstood its authority. It identifies an express request whose treatment is unclear from an order ending its analysis at untimeliness. The appropriate relief is limited reconsideration addressing that request or, alternatively, clarification that the Court considered and declined to exercise the asserted discretion.

II. Rule 72(a) default does not categorically eliminate the Court's power to reconsider

The Blackburn Defendants do not dispute that Rule 72(a) imposes a deadline or that failure to comply can foreclose review at a party's insistence. In Caidor, the Second Circuit enforced waiver of appellate review following failure to object to a nondispositive magistrate-judge ruling, even where a pro se litigant received no express warning of that consequence. Caidor v. Onondaga County, 517 F.3d 601, 604–05 (2d Cir. 2008). The present motion does not seek an exemption from that rule based on the unresolved dollar amount or the seriousness of the sanctions.

The narrower distinction is recognized in decisions addressing nondispositive orders. In Allen, the Tenth Circuit explained that Rule 72(a) and 28 U.S.C. § 636(b)(1) limit a party's ability to seek review of a magistrate judge's nondispositive order, but a party's failure to seek timely review does not strip a district court of its power to revisit the issue. Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006). The court also held that the clearly-erroneous-or-contrary-to-law standard continued to govern that review. Id. Allen is persuasive, not controlling, authority here.

A decision in this District likewise distinguishes waiver from the court's discretion to consider an untimely objection. In SEC v. Thurlow, Judge Broderick found that the objection—filed sixteen days after service of the magistrate judge's nondispositive order—was untimely, but excused the default in the interests of justice and considered the objection on the merits. SEC v.

Thurlow, No. 21-CV-7700 (VSB) (SN), slip op. at 6–7 (S.D.N.Y. Mar. 31, 2026). The court ultimately rejected the objections, illustrating that exercising review does not dictate a favorable merits result. Id.

Thurlow involved a substantially shorter delay and different circumstances. It is cited for the existence of discretion. Together, the statutory text and these authorities support the distinction the original application asked the Court to consider: the loss of a right to insist on review does not necessarily eliminate the Court's power to undertake it.

These decisions are offered in support of the statutory request already made, not as newly discovered or intervening law. The motion rests on the previously presented matter that warrants reconsideration under Shrader, rather than on an assertion that the Court was obligated to discuss authorities not previously cited.

III. The existing record supplies concrete reasons for a limited exercise of discretion

The central inquiry is whether the Court committed to materially different outcomes before completing the requested comparative review, applied materially unequal evidentiary scrutiny, and preserved a factual conflation bearing on that comparison. These are questions for examination, not findings the present motion assumes. The original application identified the relevant sequence and challenged its cumulative significance. Dkt. 243-6 at 11–15, 17–18.

First, Blackburn offered the prescription in response to questions about corroboration, offered to supplement, and renewed the offer when the Court questioned the duration of his medication. The Court declined, explaining that he could have submitted the material in opposition and that it had the record before it. Dkt. 243-2, Tr. 55:12–56:3, 63:6–21. The ensuing Order relied on insufficient corroboration in rejecting his medication explanation. Dkt. 206 at 10, 12. By contrast, the Court accepted counsel's representation concerning Tacopina's disciplinary history and requested additional video evidence concerning his conduct. Tr. 101:16–21, 103:19–23. Those different subjects need not require identical proof; the question is whether the differing opportunities to complete the record were justified in the comparative assessment.

Due process requires that, before imposing sanctions, a court provide specific notice of the conduct alleged to be sanctionable and the standard by which it will be assessed, as well as a reasonable opportunity to respond. Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87, 92 (2d Cir. 1999). That principle supports examining whether Blackburn had an adequate

opportunity to address the evidentiary basis used against him. This motion asks for no finding of medical causation and offers no new medical opinion.

Second, the Court stated that it needed the video to assess volume, yelling, and table pounding. Tr. 101:16–21. It then described its earlier review of the transcript as "at a bit of a skim," said it would review the transcript again, and stated, I am not, however, going to be sanctioning Mr. Tacopina. Tr. 102:21–103:18. It acknowledged that the video could reveal more concerning conduct but reiterated the different sanctions outcomes. Tr. 104:18–105:3. The no-sanctions statement thus followed the request for video but preceded its contemplated delivery. Tr. 105:18–21. The issue is whether the completed review meaningfully informed the comparison.

Third, the written Order placed the challenged opposing-counsel conduct "during the Dixon deposition." Dkt. 206 at 16. The declaration identifies Seigel, not Tacopina, as the examiner at Dixon's February 24 deposition; Tacopina examined Blackburn on March 6 and March 27. Dkt. 243-1 ¶¶ 7–9. The hearing likewise distinguished the attorneys, and the Court apologized for possible misattribution. Tr. 42:1–11. March 27 was 31 days after February 24; March 6 was 10 days after it. The separate proceedings cannot be treated as one contemporaneous exchange. Review should determine whether these errors materially affected the comparison.

Fourth, the Court directed that the video could be supplied "ex parte" and "need not be shared." Tr. 101:16–21. Dkt. 243-6 at 14–15 expressly challenged the resulting opportunity to address evidence used to resolve disputed facts. The written Order reported video review and rejected the table-pounding allegation. Dkt. 206 at 16. The present materials do not identify the exact file transmitted, its completeness, accompanying substantive communications, or whether Blackburn received that same submission.

The original memorandum also invoked the adversarial-fairness principle discussed in <u>Abuhamra</u>. Dkt. 243-6 at 15. There, the Second Circuit explained the importance of an opportunity to contradict adverse evidence and the reliability concerns attending ex parte material. <u>United States v. Abuhamra</u>, 389 F.3d 309, 322, 329 (2d Cir. 2004). <u>Abuhamra</u> concerned criminal bail, not a civil sanctions cross-motion; its specific safeguards do not automatically govern here. Its reasoning supports examining the opportunity to address the actual submission.

Those limits favor a precise remedy. If the Court undertakes discretionary review, it can identify the exact material previously considered, ensure confidential access to that material, and permit a focused response if necessary. Participation in a deposition does not itself establish access

to the particular file supplied to chambers. The asserted procedural concern is a reason to consider exercising discretion.

The original memorandum additionally explained that, when the application was made, the fee amount remained unresolved, a disciplinary referral had issued, and review of the identified issues need not delay prospective discovery relief. Dkt. 243-6 at 5. Those considerations were offered to support discretionary review, not to postpone accrual of the Rule 72(a) deadline.

The requested review is confined to identified issues and materials already submitted or considered. Any further identification, service, or response would require a specific court directive. This limited scope responds to finality and efficiency concerns.

IV. The relief should be confined to the previously presented discretionary request

The Blackburn Defendants request limited reconsideration of Dkt. 251 and discretionary review of the identified issues under § 636(b)(1)(A). If needed for that review, they request identification and confidential service of the exact video submission previously considered and a limited opportunity to respond. They do not request an immediate merits disposition, a ruling on the separate recusal denial, a determination of the fee amount, or reinstatement of every component of Dkt. 243.

If the Court intended its October 6 Order to decline the discretionary request as well as deny leave for untimely objections, the Blackburn Defendants alternatively request clarification of that determination.

**Conclusion**

The Court should grant limited reconsideration of Dkt. 251, address the § 636(b)(1)(A) request expressly presented in Dkt. 243-6, and exercise its discretion to review the identified existing-record issues under the clearly-erroneous-or-contrary-to-law standard. Alternatively, the Court should clarify whether it considered and declined that discretionary request. The Blackburn Defendants seek no broader relief through this motion.

Dated: October 23, 2026
Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

Telephone: (347) 342-7432
Email: tblackburn@tablackburnlaw.com
On his own behalf and as counsel for T.A. Blackburn Law, PLLC

**Certificate of Compliance**

I certify that this memorandum complies with the applicable 3,500-word limit. Excluding the caption, signature block, and this certificate, the memorandum contains 2,266 words.

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.