**T.A. BLACKBURN LAW, PLLC**
1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236
Telephone: (347) 342-7432 | Email: tblackburn@tablackburnlaw.com

October 25, 2026

VIA ECF
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, 20B
New York, NY 10007

Re: *Cartagena v. Dixon et al.*, No. 25-CV-3552 (JLR) (JW);
*Dixon v. Cartagena et al.*, No. 25-CV-5144 (JLR) (JW)

Letter Motion for Review of Dkt. 258:
Selective Enforcement of the Protective Order

Dear Judge Rochon:

I write on my own behalf and as counsel for T.A. Blackburn Law, PLLC, under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), objecting to the interpretation of the Protective Order announced in Judge Willis's October 22, 2026, decision, Dkt. 258.[1] I request that this Court set aside that interpretation as contrary to the text of Dkt. 105 and its incorporated filing safeguards. Dkt. 252 supplies the essential context: the Protective Order was invoked to restrict my objections, while Dkt. 258 excuses corresponding procedures for the fee submissions those objections address[2]. This letter challenges the determinations made in Dkt. 258.

A. **The same designation cannot carry restrictions without its accompanying safeguards.**

Plaintiff's counsel provided the supplemental fee spreadsheets solely by email to Chambers and me, designated Confidential. I received no separate redacted, public-use copy. In Dkt. 252 at 2, Judge Willis approved the designation, in part because the spreadsheets contain previously non-disclosed financial information, citing paragraph 1(a) of the Protective Order. The Court sealed my objections at Dkt. 250 and Dkt. 142 in the related action and directed refiling consistent with that order. After I raised the corresponding production and filing requirements, Dkt. 258 at 1 ruled: The attorney fee submissions are not Discovery Material. It also stated, Section 21 does not apply, because it is about the filing of material.

That interpretation leaves the designation's burdens and protections operating in opposite directions. Paragraph 13 requires designation by marking the protected material and producing for future public use another copy of said Discovery Material with the confidential information redacted. Dkt. 105 at 4. Paragraph 3's definition expressly adds, This includes any material produced, filed, or served by the Parties or a Non-Party in this action. Id. at 2. Dkt. 258 does not reconcile that language with its categorical exclusion of the fee submissions. The Court must

[1] Fed. R. Civ. P. 72(a), https://www.law.cornell.edu/rules/frcp/rule_72.
https://www.law.cornell.edu/uscode/text/28/636.

[2] This is yet another example of the clear bias exhibited by Magistrate Judge Willis against me and my former client, Terrance Dixon, since her addition to this case.

address the definition as written and enforce the designation procedure consistently, rather than permit reliance on the Order's protections while dispensing with its corresponding safeguards.

B. **Email delivery does not resolve confidentiality or the treatment of filed objections.**

I recognize that Judge Willis's Individual Practice II.G directs counsel to email Excel fee calculations to Chambers, copy opposing counsel, and file a transmission notice. I do not challenge compliance with that delivery procedure. But Rule II.G does not declare the calculations confidential or displace Rule II. E's separate sealing requirements.[3] An authorized delivery method is not an adjudication that every entry or every quotation from it must be withheld from public view.

More fundamentally, even accepting Dkt. 258's distinction between an emailed spreadsheet and an ECF filing, my objections were filed. Paragraph 21 expressly covers portions of filed papers disclosing Protected Material and incorporates this Court's Rule 4(B). It requires a public-redacted copy, an unredacted copy filed under seal, and a motion stating particular reasons for protection. Dkt. 105 ¶ 21(a)–(d), at 9–10. The manner in which counsel delivered the spreadsheets does not answer which restrictions may properly be imposed on my filed response.

This Court's Rule 4.B.ii requires narrowly tailored redactions consistent with the presumption of public access and states that a confidentiality agreement is not, by itself, a valid basis to overcome that presumption. Rule 4.B.iii provides the corresponding public and sealed filing procedures.[4] Dkt. 252's general reference to previously undisclosed financial information does not identify why the disputed billing information requires the breadth of restriction imposed. Dkt. 258 addresses delivery and judicial access but does not supply the missing particularized public-access analysis. The Court must apply those requirements to the fee submissions and my objections alike.

Legitimate privilege and sensitive information can be protected through the governing narrow-redaction procedures. The Protective Order cannot serve as the basis for restricting my response while its safeguards are dismissed without a consistent textual explanation. Any independent basis for continued protection must be identified and applied through those procedures.

C. **Requested relief and preservation of the existing record.**

I request that the Court reject Dkt. 258's interpretation to the extent it exempts these submissions from the Protective Order's corresponding safeguards, require the public-use copy contemplated by paragraph 13, and direct consistent application of paragraph 21 and Rule 4(B) to the filed fee-related papers. The Court must limit restrictions on my objections to specifically justified protected information, rather than treating the Confidential designation as dispositive.

I further request docketing of readable copies of the original and supplemental fee submissions and their existing supporting invoices, with only properly justified redactions, and preservation of complete unredacted copies under seal where necessary. The exact native

---

[3] Judge Willis, Individual Practices in Civil Cases (Aug. 2026), II.E, II.G, pp. 3–5, https://www.nysd.uscourts.gov/sites/default/files/practice_documents/JW%20Willis%20Individual%20Practices%20in%20Civil%20Cases_2026-08-25.pdf.

[4] Judge Rochon, Individual Rules of Practice in Civil Cases (Aug. 3, 2026), 4.B.ii–iii, pp. 9–10, https://www.nysd.uscourts.gov/sites/default/files/practice_documents/JLR%20Rochon%20Individual%20Rules%20of%20Practice%20in%20Civil%20Cases%20-%20August%203%202026.pdf.

spreadsheets and transmitting emails should remain preserved and identifiable as part of the record. This request concerns materials already submitted; it does not seek new declarations, revised entries, reconstructed records, reallocation of charges, or another opportunity to cure the fee application. My contemporaneous-record and other fee objections remain unchanged.

Dkt. 258 assures that "the Court and any court of review will have access to the full record, thus enabling a complete review." I request implementation of that assurance through identification and preservation of the precise submissions considered, including the complete unredacted objections on the docket, and not hidden in emails. I intend to pursue review of all aspects of the sanction's proceedings through the applicable District Court and appellate procedures, including Second Circuit review when available. The Court must ensure that confidentiality does not obscure the materials comprising that record. This letter discloses no confidential billing entries and concedes neither the validity of the sanctions nor entitlement to any fee or expense.

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
On his own behalf and as counsel for T.A. Blackburn Law, PLLC

cc: All counsel of record via ECF