UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSEPH CARTAGENA,**<br>*Plaintiff,*<br>v.<br>**TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,**<br>*Defendants.* | Civil Action No. 25-cv-03552 |
| **TERRANCE DIXON, a/k/a "TA,"**<br>*Plaintiff,*<br>v.<br>**JOSEPH ANTONIO CARTAGENA p/k/a "FAT JOE," PETER "PISTOL PETE" TORRES, RICHARD "RICH PLAYER" JOSPITRE, ERICA JULIANA MOREIRA, SNEAKER ADDICT TOURING LLC, SLATE, INC., ROC NATION, LLC, JOHN DOES 1-10, JANE DOES 1-10, AND ABC CORPORATIONS 1-10,**<br>*Defendants.* | Civil Action No. 25-cv-05144 |

**PLAINTIFF JOSEPH CARTAGENA'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS TYRONE BLACKURN AND T.A. BLACKBURN LAW, PLLC'S MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS

INTRODUCTION....................1

PRELIMINARY STATEMENT & BRIEF STATEMENT OF FACTS....................1

ARGUMENT....................3

POINT I BLACKBURN CANNOT OBTAIN RECONSIDERATION MERELY BECAUSE THE COURT DID NOT SEPARATELY DISCUSS HIS PREFERRED LEGAL THEORY....................3

POINT II THE COURT'S DISCRETIONARY AUTHORITY TO REVIEW DOES NOT EXCUSE BLACKBURN'S FAILURE TO COMPLY WITH RULE 72(a)'S 14-DAY DEADLINE....................5

POINT III THE UNDERLYING COMPLAINTS DO NOT EXCUSE THE DEFAULT OR ESTABLISH ANY ERROR IN THE OCTOBER 6TH ORDER....................7

POINT IV THE ALTERNATIVE REQUEST FOR "CLARIFICATION" IS RECONSIDERATION BY ANOTHER NAME....................9

CONCLUSION....................10

WORD CERTIFICATION....................11

# TABLE OF AUTHORITIES

## CASES:

*Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36 (2d Cir. 2012)................................7

*Barletta v. Superintendent, Elmira Corr. Facility*, No. 23-CV-06260, 2025 WL 2814715 (S.D.N.Y. Oct. 3, 2025)....................................................................................................4

*Cartagena v. Dixon*, No. 1:25-CV-03552 (JLR), 2026 WL 3010428 (S.D.N.Y. Oct. 6, 2026)....................................................................................1, 4-5, 9

*Ediagbonya v. United States*, No. 18-cv-3882 (VSB), 2021 WL 4226400 (S.D.N.Y. Sept. 15, 2021)..........................................................................................4, 9

*Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Research*, 768 F. App'x 141 (2d Cir. 2019)...................................................................................................6

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99 (2d Cir. 2013)..........................................................................................................3

*Lebenns v. Frost Prods.*, No. 121CV11155JLRJW, 2023 WL 8649021 (S.D.N.Y. Dec. 14, 2023).............................................................................................5-6

*Miller v. Metro. Life Ins. Co.*, No. 17CIV7284ATSN, 2018 WL 5993477 (S.D.N.Y. Nov. 15, 2018)................................................................................................4

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995).........................................................3

*United States v. Schulte*, No. 17-cr-548 (JMF), 2022 WL 1284549 (S.D.N.Y. Apr. 29, 2022).........................................................................................3-4, 9

## STATUTES/RULES

28 U.S.C. § 636(b)(1)(A)....................................................................................2, 4-5, 6

Local Civil Rule 6.3..............................................................................................2, 7

Fed. R. Civ. P. 72(a)...........................................................................................2, 4-5, 6

## INTRODUCTION

Plaintiff Joseph Cartagena respectfully submits this memorandum of law in opposition to the motion for reconsideration filed by Defendants Tyrone Blackburn and T.A. Blackburn Law, PLLC (collectively "Blackburn") (Dkts. 257, 259), seeking reconsideration of this Court's October 6, 2026 Order (Dkt. 251) ("October 6th Order"), which denied Blackburn's application to file untimely objections to Magistrate Judge Willis's June 23, 2026 sanctions Order (Dkt. 206) ("Sanctions Order"), to stay proceedings concerning the sanctions award and disciplinary referral, and to supplement the record with additional medical evidence.

For the reasons set forth below, Blackburn's motion is baseless and should be denied in its entirety.

## PRELIMINARY STATEMENT & BRIEF STATEMENT OF FACTS

Blackburn's latest motion is a desperate attempt to avoid the consequences of his own failures and sanctionable conduct, including the self-inflicted wound of missing a deadline by seventy-seven days. Magistrate Judge Willis imposed sanctions on June 23, 2026 in the Sanctions Order. Blackburn did not timely object by the July 7, 2026 deadline. He also never offered an explanation for missing that deadline, and offers none now. *See Cartagena v. Dixon*, No. 1:25-CV-03552 (JLR), 2026 WL 3010428, at *1 (S.D.N.Y. Oct. 6, 2026) ("The Blackburn Defendants requested leave to file their objections on September 22, 2026, Dkt. 243, 77 days after the deadline. The Blackburn Defendants provide no explanation for their delay.").

Simply put, the Court correctly denied Blackburn's application in its October 6th Order, finding that his unexplained default warranted denial without further analysis. *See id.* ("[T]he Court denies the request to file Rule 72(a) objections as untimely, and the Court need not engage in further

analysis.”).

Rather than identify an error in that ruling, Blackburn demands another ruling explaining why he was not afforded the review he forfeited. With respect to Motions for Reconsideration, Local Civil Rule 6.3 requires a movant to identify “the matters or controlling decisions which the moving party believes the court has overlooked.” Blackburn identifies neither. Instead, he seeks another opportunity to litigate objections that he failed to raise within Rule 72(a)’s mandatory deadline.

Blackburn claims that the Court, pursuant to 28 U.S.C. § 636(b)(1)(A), had discretion (not a duty) to reconsider the Sanctions Order even though he missed the deadline to challenge it. However, the October 6th Order rejected his request for review of the Sanctions Order, and the Court was not obliged to write a separate portion of the opinion to deal with every single argument Blackburn made, including any argument as to the Court’s discretion under Section 636.

Indeed, denying his requested relief as to the Sanctions Order based upon him blowing the deadline by 77 days was enough. This is especially true considering the Court specifically cited and described cases in which courts denied relief based on a one-day default.

He now seeks to revive stale complaints about purported prescription documentation and what each attorney said during depositions. Those complaints were available at his July 7th deadline and cannot justify his subsequent default, much less constitute overlooked “matters or controlling decisions” in the October 6th Order. Blackburn does not identify a single newly controlling decision, post-order factual development, or circumstance explaining his failure to comply with Rule 72(a) that the Court overlooked.

Furthermore, Blackburn identifies no newly discovered medical evidence or information warranting reconsideration. Indeed, he expressly acknowledges that his motion “offers no new

medical opinion." Dkt. 259 at 6. Instead, he merely recycles his previously rejected contention that Magistrate Judge Willis improperly declined to accept medical documentation during the May 18, 2026 hearing. That argument was available when the Sanctions Order was entered, and Blackburn offers no explanation for failing to timely raise it instead of defaulting on the deadline by 77 days.

His motion is meritless and is just his latest attempt to avoid the repercussions of his sanctionable conduct.

## ARGUMENT

## POINT I

## BLACKBURN CANNOT OBTAIN RECONSIDERATION MERELY BECAUSE THE COURT DID NOT SEPARATELY DISCUSS HIS PREFERRED LEGAL THEORY

The reconsideration standard is stringent. A movant must identify controlling law or material facts actually overlooked that might change the result. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (reconsideration requires "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice").

Moreover, a court is not required to expressly address every argument advanced by a litigant, and its failure to do so does not warrant reconsideration. *See United States v. Schulte*, No. 17-cr-548 (JMF), 2022 WL 1284549, at *3 (S.D.N.Y. Apr. 29, 2022) ("To be sure, Judge Crotty's prior opinion did not explicitly address Defendant's arguments as to Google, Github, and Reddit. But that alone

is not a sufficient basis for reconsideration."); *Ediagbonya v. United States*, No. 18-cv-3882 (VSB), 2021 WL 4226400, at *3 (S.D.N.Y. Sept. 15, 2021) ("I need not detail all of my reasons for granting summary judgment, and any arguments Plaintiff made that were not expressly rejected in the Opinion and Order were rejected implicitly.") (brackets and quotations omitted); *Barletta v. Superintendent, Elmira Corr. Facility*, No. 23-CV-06260, 2025 WL 2814715, at *3 (S.D.N.Y. Oct. 3, 2025) ("Petitioner argues that the Prior Order 'skip[ped] over' 'numerous' arguments he advanced in his objection. Petitioner is mistaken. The Court, in the Prior Order, carefully considered each of Petitioner's arguments and 'implicitly rejected those arguments not specifically discussed.'"); *Miller v. Metro. Life Ins. Co.*, No. 17CIV7284ATSN, 2018 WL 5993477, at *5 (S.D.N.Y. Nov. 15, 2018) ("[T]here is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court.") (quotations omitted).

Blackburn identifies only one supposedly overlooked matter: his request that the Court exercise discretionary authority under 28 U.S.C. § 636(b)(1)(A) to review Magistrate Judge Willis's Sanctions Order notwithstanding his failure to timely object. Dkt. 259 at 2–4. As Blackburn himself concedes, the October 6th Order simply "did not expressly discuss § 636(b)(1)(A) or the request for discretionary review set out at page 5 of *the proposed memorandum*." *Id.* at 3 (emphasis added).

Importantly, Blackburn's argument also ignores the fundamental procedural posture of his application, namely his "proposed memorandum." His invocation of § 636(b)(1)(A) appeared in Dkt. 243-6, the *proposed* objections he sought leave to file more than two months after the Rule 72(a) deadline. The Court expressly denied him that leave, holding that his request was "untimely" and that it "need not engage in further analysis." *Cartagena v. Dixon*, 2026 WL 3010428, at *1 (S.D.N.Y. Oct. 6, 2026). Having denied leave to file the *proposed* objections, the Court was under

no obligation to separately address every legal theory advanced within them. Blackburn cannot manufacture grounds for reconsideration by insisting that the Court discuss arguments contained in a submission it had already declined to entertain.

Accordingly, the Court did not overlook the application but analyzed its timeliness, rejected the requested review, and denied the associated stay request. *Id.*

Blackburn's failure to identify any overlooked matter or controlling authority warranting reconsideration is dispositive. His motion should therefore be denied.

**POINT II**

**THE COURT'S DISCRETIONARY AUTHORITY TO REVIEW DOES NOT EXCUSE BLACKBURN'S FAILURE TO COMPLY WITH RULE 72(a)'S 14-DAY DEADLINE**

Rule 72(a) is unequivocal: an objection must be filed within fourteen days, and "[a] party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). This very Court has applied the deadline to objections filed *only two days late*:

> Plaintiff's time to file objections expired on November 27, 2023. *See* Fed. R. Civ. P. 6(a) (describing the rules for computing time in the Federal Rules of Civil Procedure). Despite his assertion to the contrary, Plaintiff's November 29, 2023 objections to the November Order are untimely. *See* Br. at 1 n.1.
>
> The Court may overrule Plaintiff's objections solely because they are untimely. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (citation omitted)). Courts in this Circuit have concluded that a party's failure to timely object is sufficient, without more, to dismiss the party's objections without further analysis. *See, e.g., Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517-18 (S.D.N.Y. 2013) (dismissing as untimely objections filed one day after Rule 72(a)'s 14-day deadline and declining to consider them further); *King Harvest Dev. Ltd. v. Li*, No. 08-cv-08494 (DAB), 2011 WL 2652184, at *1 & n.1 (S.D.N.Y. June 28, 2011) (same); *In re Application of XPO Logistics, Inc.*, No. 15-mc-00205 (LGS), 2016 WL 3528195, at *2 (S.D.N.Y. June 22, 2016) (overruling a Rule 72(a) objection solely because it was filed one day after the 14-day deadline); *Humphreys v. N.Y.C. Health*

> *& Hosps. Corp.*, No. 16-cv-09707 (VSB), 2023 WL 155446, at *3 (S.D.N.Y. Jan. 11, 2023) (noting that "[u]ntimeliness alone is grounds to dismiss" a Rule 72(a) objection filed by a pro se plaintiff one day after an extended deadline). Therefore, the Court denies Plaintiff's Rule 72(a) objection as untimely.

*Lebenns v. Frost Prods.*, No. 121CV11155JLRJW, 2023 WL 8649021, at *2 (S.D.N.Y. Dec. 14, 2023).

Blackburn was seventy-seven days late. The contrast with *Lebenns* case is overwhelming, particularly because Blackburn has supplied no excuse whatsoever.

Additionally, a discretionary choice under Section 636 to hear a late objection does not compel reconsideration of objections filed seventy-seven days late without justification.

Indeed, accepting Blackburn's theory would render the Rule 72(a) deadline optional: every defaulting litigant could recast an untimely objection as an invitation for the district judge to exercise residual authority, then seek reconsideration whenever that invitation was not separately discussed.

The unresolved amount of attorneys' fees is equally irrelevant. *See Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Research*, 768 F. App'x 141, 143 (2d Cir. 2019) (summary order) ("Any challenge to the imposition of sanctions contained in the June 5 Order is therefore waived" where no Rule 72(a) objections were filed, notwithstanding later fee proceedings). Nor does a disciplinary referral restart the objection clock. Those were consequences of the Sanctions Order, which supplied every reason to object promptly, not a license to delay.

## POINT III

## THE UNDERLYING COMPLAINTS DO NOT EXCUSE THE DEFAULT OR ESTABLISH ANY ERROR IN THE OCTOBER 6th ORDER

Blackburn devotes much of his motion to recycling accusations about the May hearing and the Sanctions Order. None concerns what the Court decided in the October 6th Order: the timeliness of his application and the absence of any explanation for the default. Repetition of abandoned merits objections cannot supply the overlooked controlling matter required by Local Rule 6.3. *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (a reconsideration motion is not a vehicle for "relitigating old issues").

His complaint that Magistrate Judge Willis declined his offer to submit prescription records simply ignores what happened. Blackburn had notice of Cartagena's sanctions motion, filed substantial opposition papers and a cross-motion, submitted a reply, and argued at the May 18 hearing. Dkts. 183-184, 188-189, 197.

Blackburn himself acknowledges that Magistrate Judge Willis declined to accept the belated medical evidence, "explaining that he could have submitted the material in opposition and that it had the record before it." Dkt. 259 at 5. Blackburn's failure to submit his medical evidence with his opposition was a self-inflicted wound. He cannot fault Magistrate Judge Willis for refusing to reopen the record at oral argument to accommodate evidence that he could—and should—have submitted with his opposition in the first instance.

His remaining accusations concern Magistrate Judge Willis's assessment of Blackburn's own cross-motion against Cartagena's counsel, not the untimeliness finding in the October 6th Order. Blackburn complains that Magistrate Judge Willis expressed a preliminary view before reviewing

his cross-motion, improperly relied on the video of his deposition, and allegedly confused the depositions involving opposing counsel. None of these contentions undermines the sanctions imposed against Blackburn, excuses his failure to timely object, or warrants reconsideration.

The bottom line is straightforward. Blackburn knew the supposed defects in the sanctions proceeding when the Sanctions Order was entered. He failed to timely object. No collection of recycled allegations about counsel, medical evidence, or video alters that chronology, establishes a newly overlooked matter in the October 6th Order, or warrants another round of sanctions litigation.

## POINT IV

## THE ALTERNATIVE REQUEST FOR "CLARIFICATION" IS RECONSIDERATION BY ANOTHER NAME

Blackburn alternatively requests clarification as to whether the Court "intended its October 6 Order to decline the discretionary request as well as deny leave for untimely objections ...." Dkt. 259 at 7. But the Court's Order was unambiguous: Blackburn's application was denied in its entirety, and the Court expressly held that it "need not engage in further analysis." *Cartagena v. Dixon*, 2026 WL 3010428, at *1 (S.D.N.Y. Oct. 6, 2026).

Thus, his "alternative" request is transparent: having lost his application, he seeks a supplemental opinion about the same application. Blackburn is not entitled to a more elaborate explanation simply because he dislikes the one supplied. *See Schulte*, 2022 WL 1284549, at *3 (failure to explicitly address an argument "alone is not a sufficient basis for reconsideration"); *Ediagbonya*, 2021 WL 4226400, at *3 (arguments not expressly rejected were "rejected implicitly").

Granting even this alternative request would reward the very serial briefing that reconsideration rules are designed to prevent. The Court should deny the motion outright and allow the sanctions proceedings, including determination of the fee amount, to proceed without further diversion.

## CONCLUSION

For the foregoing reasons, Plaintiff Joseph Cartagena respectfully requests that the Court deny the Blackburn Defendants' motion for limited reconsideration (Dkts. 257, 259) in its entirety, deny the alternative request for clarification, and grant such other relief as the Court deems just and proper.

Dated: November 4, 2026
New York, New York

By: /s/ Joseph Tacopina

Joseph Tacopina
Chad Seigel
Matthew G. DeOreo
TACOPINA SEIGEL & DEOREO
275 Madison Avenue, 35th Floor
New York, New York 10016
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
mdeoreo@tacopinalaw.com
212-227-8877

Jordan W. Siev
REED SMITH LLP
599 Lexington Ave., 22nd Floor
New York, New York 10022
jsiev@reedsmith.com
212-205-6085

*Attorneys for Plaintiff Joseph Cartagena*

**WORD CERTIFICATION**

I hereby certify that the word count of this Memorandum of Law complies with the word limit of Local Civil Rule 7.1(c). According to the word-processing system used to prepare this Memorandum of Law, the total word count for all printed text, exclusive of the material omitted under Local Rule 7.1(c), is 2389 words.

Dated: New York, New York
November 4, 2026

/s/ Joseph Tacopina
Joseph Tacopina