**Tacopina Seigel** Trial Lawyers
TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

November 5, 2026

**VIA ECF**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Cartagena v. Dixon et al., No. 1:25-cv-03552 (JLR) (JW)**
**Dixon v. Cartagena, et al., No. 1:25-cv-05144 (JLR) (JW)**

Dear Judge Rochon:

Plaintiff respectfully submits this letter in opposition to Tyrone Blackburn's October 25, 2026 letter motion (filed October 26, 2026) (Dkt. 260), which seeks review of Magistrate Judge Willis's October 22, 2026 Order (Dkt. 258). Blackburn's application should be denied because he fails to establish that Judge Willis's interpretation of the Stipulated Confidentiality Agreement and Protective Order (Dkt. 105) was clearly erroneous or contrary to law. Rather, Blackburn merely repeats arguments previously considered and rejected by Judge Willis while attempting to impose discovery-related requirements upon attorneys' fee submissions made pursuant to the Court's express direction.

Federal Rule of Civil Procedure 72(a) provides that a District Court Judge reviewing a magistrate judge's nondispositive pretrial order must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Importantly, this deferential standard applies specifically to a magistrate judge's interpretation and application of a protective order. *See Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 173 (E.D.N.Y. 2008) ("[D]iscovery matters, including issuance and application of protective orders, are non-dispositive decisions governed by Federal Rule of Civil Procedure 72(a).").

The applicable standard imposes a substantial burden upon Blackburn. A District Court Judge "must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *New Falls Corp. v. Soni*, No. 16-CV-6805, 2018 WL 895504, at *2 (E.D.N.Y. Feb. 13, 2018). A "magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Id.*; *see also Dubai Islamic Bank v. Citibank, N.A.*, 211 F. Supp. 2d 447, 448–50 (S.D.N.Y. 2001) (holding same).

Here, Judge Willis considered Blackburn's arguments concerning paragraphs 13 and 21 of the Protective Order, Plaintiff's response, and the relevant provisions of the Order before determining that those paragraphs did not govern Plaintiff's supplemental fee submissions. Dkts. 254, 256, 258. Blackburn identifies no controlling authority requiring a different interpretation. His disagreement with Judge Willis's conclusion, without more, fails to satisfy Rule 72(a).

Specifically, Blackburn's argument that Plaintiff was required to provide a separate redacted copy of its supplemental fee spreadsheets ignores the express language of the Protective Order. Paragraph 13 applies only to "Discovery Material," which paragraph 3 defines as material "produced or disclosed in the course of discovery in this action." Dkt. 105 ¶¶ 3, 13. Plaintiff's spreadsheets were not produced in discovery but submitted pursuant to the Court's direction to assist in determining the appropriate sanctions award. Dkts. 206, 238. As Judge Willis correctly explained, "[t]he attorney fee submissions are not Discovery Material. Instead, they are to aid the Court in determining a sanctions award." Dkt. 258 at 1. Blackburn's reliance on paragraph 3's reference to materials "produced, filed, or served" disregards the provision's express discovery-related limitation. Judge Willis's interpretation is consistent with the language and purpose of the Protective Order and entitled to deference. *See Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 173 (E.D.N.Y. 2008) (upholding magistrate judge's interpretation of protective order consistent with its "spirit and intent"). Blackburn identifies no controlling authority requiring a contrary interpretation and therefore fails to establish clear error or a ruling contrary to law.

Additionally, Blackburn's claim of selective enforcement is also meritless. Plaintiff submitted its supplemental fee spreadsheets by email to Chambers, copying Blackburn, as expressly directed by the Court. Dkt. 238. Because those submissions were neither Discovery Material nor filed on ECF, Judge Willis correctly determined that paragraphs 13 and 21 of the Protective Order did not apply. Dkt. 258 at 1. Blackburn, by contrast, filed objections on the public docket disclosing confidential financial information, prompting Judge Willis to direct him to refile with appropriate redactions. Dkt. 252. Plaintiff's compliance with the Court's email-submission procedure did not authorize Blackburn to publicly disclose confidential information. These distinct circumstances warranted different treatment, not because the Protective Order was selectively enforced, but because different procedural requirements applied. Blackburn identifies no legal authority requiring otherwise and thus fails to demonstrate clear error or a ruling contrary to law.

Likewise, Blackburn's requests concerning public filing and preservation of the fee submissions likewise provide no basis to disturb Judge Willis's ruling. Judge Willis expressly addressed his concerns, explaining that "sealing has one purpose and one purpose only: to shield confidential and sensitive information from the public, not from the Court," and assuring him that "the Court and any court of review will have access to the full record, thus enabling a complete review." Dkt. 258 at 1. Blackburn identifies no actual deficiency in the record that would impair judicial review, nor any authority requiring Plaintiff's Court-directed email

submissions to be publicly docketed. His preference for different filing procedures does not establish that Judge Willis's ruling was clearly erroneous or contrary to law.

Furthermore, Blackburn's repeated statements concerning his intention to challenge the underlying sanctions determination, the fee application, and other prior rulings do not expand the narrow issue presently before the Court. His motion seeks review of Dkt. 258, which addressed the application of the Protective Order to Plaintiff's supplemental fee submissions and the preservation of the record. It did not reopen the underlying sanctions findings or resolve the merits of Blackburn's objections to the amount of attorneys' fees sought. Those separate issues provide no basis for disturbing the October 22 Order.

Finally, Blackburn's gratuitous and frivolous accusation of judicial bias is particularly inappropriate given that he previously moved for Judge Willis's recusal on September 28, 2026 (Dkt. 246), which the Court promptly denied the following day (Dkt. 248). Indeed, Judge Willis expressly found that "[t]he Court's rulings against Blackburn are not a result of prejudice" and that "[t]he Court has no personal bias against any Party in this matter." Dkt. 248 at 4. Nevertheless, Blackburn again asserts that the challenged ruling is "yet another example of the clear bias exhibited by Magistrate Judge Willis against me and my former client, Terrance Dixon, since her addition to this case." Dkt. 260 at 1 n.2. Having already raised and lost his recusal motion, Blackburn continues to equate adverse judicial rulings with personal animus, without identifying any new evidence of bias or partiality. His renewed, unsupported accusation is especially unwarranted in a motion seeking review of a narrow procedural ruling.

In conclusion, Judge Willis considered the relevant provisions of the Protective Order, the parties' submissions, and the circumstances surrounding Plaintiff's Court-directed supplemental fee calculations before determining that paragraphs 13 and 21 did not apply to those submissions. Judge Willis also expressly addressed Blackburn's concerns regarding preservation of the record for judicial review. Blackburn has identified no controlling authority that Judge Willis disregarded, no clearly erroneous factual finding, and no legal basis for setting aside her interpretation of the Protective Order. His disagreement with that interpretation and his repeated demands for additional public filing procedures do not satisfy the deferential standard imposed by Rule 72(a).

Accordingly, Plaintiff respectfully requests that the Court deny Blackburn's letter motion (Dkt. 260) in its entirety.

Respectfully submitted,

Joseph Tacopina