UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CARTAGENA,<br>Plaintiff,<br><br>-against-<br><br>TERRANCE DIXON;<br>TYRONE BLACKBURN; AND<br>T.A. BLACKBURN LAW, PLLC,<br>Defendants. | Case No. 1:25-cv-03552 (JLR) (JW) |
| TERRANCE DIXON, A/K/A "TA",<br>Plaintiff,<br><br>-against-<br><br>JOSEPH ANTONIO CARTAGENA P/K/A "FAT JOE";<br>PETER "PISTOL PETE" TORRES;<br>RICHARD "RICH PLAYER" JOSPITRE;<br>ERICA JULIANA MOREIRA;<br>SNEAKER ADDICT TOURING LLC; SLATE, INC.; AND<br>ROC NATION, LLC,<br>Defendants. | Case No. 1:25-cv-05144 (JLR) (JW) |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LIMITED RECONSIDERATION OF THE OCTOBER 6, 2026, ORDER

Brief by:
Tyrone A. Blackburn

## PRELIMINARY STATEMENT

Plaintiff's opposition confirms the premises of this motion. It does not dispute that the September 22 submission expressly asked the Court to exercise its discretionary authority under section 636(b)(1)(A). It does not dispute that the October 6 Order did not address that request. And it does not dispute that the authority exists; it argues only that the Court was not required to use it. The remaining question is narrow. When the Order stated that the Court "need not engage in further analysis," did the Court consider and decline its discretion, or did it stop at Rule 72(a) timeliness? Plaintiff's characterizations of motive do not answer that question, and its own lead authority shows why the answer cannot be inferred. A single sentence would resolve this motion.

## ARGUMENT

### I. The motion identifies an overlooked matter that could alter the result

Plaintiff contends that Blackburn identifies neither overlooked matters nor controlling decisions. Dkt. 261 at 5. Local Civil Rule 6.3 is disjunctive, and Shrader asks for controlling decisions or data that the court overlooked. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The overlooked matter is the express section 636(b)(1)(A) request, identified by document, page, and heading. Dkt. 243-6 at 5, 22–23. Plaintiff concedes the Order did not expressly discuss it. Dkt. 261 at 7.

The matter might reasonably be expected to alter the conclusion. Shrader, 70 F.3d at 257. The timeliness holding would stand either way. But the disposition of the application, which resulted in no review of any kind, rested entirely on timeliness. An exercise of the discretion would produce the review the Order foreclosed. Plaintiff does not argue otherwise.

Kolel Beth adds nothing to the analysis. Dkt. 261 at 6. The motion does not rely on new evidence or intervening law. Dkt. 259 at 5–6. or does this motion seek to relitigate issues previously resolved on their merits. Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Rather, it seeks limited reconsideration or clarification concerning a distinct request for discretionary review that the October 6 Order did not expressly address. The motion asks the Court to resolve that apparent omission, not to revisit the merits of the underlying sanctions determination.

### II. Plaintiff concedes the request, the omission, and the authority

Plaintiff does not contest that the Court had discretion (not a duty) under section 636(b)(1)(A); it describes that authority as a discretionary choice under Section 636 to hear a late

objection. Dkt. 261 at 5, 9. (Citations to Dkt. 261 refer to ECF pagination.) That concession is compelled. Section 636(b)(1)(A) provides that a district judge may reconsider any pretrial matter where the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Addressing magistrate-judge reports, the Supreme Court held that the statute does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 154 (1985). As to nondispositive orders, the Tenth Circuit has expressly recognized that a party's failure to seek timely review does not strip a district court of its power to revisit the issue. Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006). Indeed, in SEC v. Thurlow, No. 21-cv-7700 (VSB) (SN), Dkt. 242 at 6–7 (S.D.N.Y. Mar. 31, 2026), the district court exercised its discretion to excuse an untimely Rule 72(a) objection and consider its merits in the interests of justice. Although neither decision requires discretionary review here, both confirm the distinction between a party's forfeiture of review as of right and the district court's retained authority to revisit the magistrate judge's ruling.

Plaintiff argues that the discretion does not compel review. Dkt. 261 at 9. Blackburn agrees. The motion seeks a determination, not a particular outcome. Dkt. 259 at 4–5.

Nor would recognizing the discretion render the deadline optional, as Plaintiff contends. Dkt. 261 at 9. A party who misses the deadline still may not assign as error the defect, and the Court is no longer obligated to consider it. Fed. R. Civ. P. 72(a). Plaintiff's concern about every defaulting litigant is overstated. Id. The question arises only where, as here, a statutory request was expressly made and went unaddressed. In any such case, the Court can resolve it in one sentence.

## III. The Order does not show whether that discretion was considered

### A. The section 636 request was not a subsidiary argument

Plaintiff's implicit-rejection cases, as Plaintiff quotes them, concern subsidiary arguments offered in support of a request the court actually decided. Dkt. 261 at 6–7. The section 636(b)(1)(A) request did not argue that the objections were timely. It asked for review despite their untimeliness. Although the Court was entitled to reject the objections as untimely, that determination does not, standing alone, establish whether the Court separately considered Blackburn's alternative request for discretionary review notwithstanding the Rule 72(a) default. Blackburn does not contend that the Court was obligated to exercise that discretion; he asks only for clarification whether it was considered and declined.

Plaintiff's proposed memorandum argument fails for the same reason. Id. at 7–8. The request appeared under the heading Basis and Timing of These Objections. Dkt. 243-6 at 5. It was the stated basis for the leave sought, not a merits theory awaiting leave. Denying leave because the objections were late answers whether they were timely. It does not answer whether the Court would exercise an authority that does not depend on timeliness.

B. Plaintiff's authorities illustrate the gap

Plaintiff block-quotes Lebenns v. Frost Productions as proof that this Court overrules late objections without further analysis. Dkt. 261 at 8–9. Plaintiff's quotation ends with the Court denies Plaintiff's Rule 72(a) objection as untimely. The next sentence reads: Even if Plaintiff's objection were timely, the Court would still deny it. Lebenns v. Frost Prods., No. 21-cv-11155 (JLR) (JW), 2023 WL 8649021, at *4 (S.D.N.Y. Dec. 14, 2023). The Court then applied the clearly-erroneous standard. Id. That omitted sentence is what answered this question in Lebenns. No comparable sentence appears in the October 6 Order. Dkt. 251 at 3.

In Lebenns, the Court expressly distinguished its timeliness determination from its alternative examination of the merits. The October 6 Order contains no comparable discussion. Blackburn does not suggest that Lebenns required the Court to reach the merits here; the distinction demonstrates why the October 6 Order does not clearly reveal whether the separate request for discretionary review was considered.

IV. **Plaintiff's remaining arguments answer points the motion does not make**

A. No excuse, restarted deadline, or new evidence is claimed

The motion offered no excuse for the delay; it acknowledged the default. Dkt. 259 at 2, 4. The delay is a factor the Court may weigh in exercising its discretion.

Errant Gene held that a party who never objected to a sanctions order waived that challenge on appeal. Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch., 768 F. App'x 141, 143 (2d Cir. 2019) (summary order). That is the party-entitlement rule the motion concedes. Errant Gene does not address the district court's own power. Blackburn also never argued that the fee proceedings or the disciplinary referral restarted the clock. Those circumstances were offered to support discretionary review, not to postpone accrual of the Rule 72(a) deadline. Dkt. 259 at 7. Plaintiff faults the motion for identifying no newly discovered medical evidence. Dkt. 261 at 5–6. The motion seeks none. Its requested relief is confined to the section 636 request and does not include the supplementation or stay components of Dkt. 243. Dkt. 259 at 6–7. That the issues were

available by July 7 is correct, and it is the point: they were presented in the September 22 submission and are not new theories. Dkt. 261 at 5; Dkt. 259 at 3–4.

B. Plaintiff's opposition does not resolve the identified record concerns

Plaintiff calls the identified issues "recycled," but it does not contest them. Dkt. 261 at 10–11. It does not dispute that Seigel, not Tacopina, examined Dixon on February 24, or that Tacopina examined Blackburn on March 6 and March 27. Dkt. 243-1 ¶¶ 7–9; Dkt. 206 at 16. It does not dispute that "I am not, however, going to be sanctioning Mr. Tacopina" was said after the Court requested video and before that video's contemplated delivery. Tr. 101:16–21, 102:21–103:18, 105:18–21. That sequence, not a "preliminary view," is the issue. Dkt. 261 at 10. Plaintiff's description of the video as the video of his deposition also does not address the actual issue. Id. at 11. The Court authorized submission of the recording directly to chambers and stated that it "need not be shared." Tr. 101:16–21. Plaintiff's opposition does not identify the precise recording transmitted or establish that Blackburn received a copy. Those circumstances warrant consideration in determining whether discretionary review of the sanctions proceedings is appropriate.

On the medical issue, Blackburn does not dispute that he had notice, filed opposition papers, and argued. Dkt. 261 at 10. Plaintiff's point that the material belonged in the opposition restates the reasoning at issue. The question is whether that rule was applied consistently, given that the same hearing invited additional evidence about opposing counsel's conduct. Tr. 101:16–21, 103:19–23.

Plaintiff contends that these issues concern only the cross-motion and do not "undermine[] the sanctions imposed against Blackburn." Dkt. 261 at 10–11. Whether they affected the Sanctions Order is the question discretionary review would answer. Dkt. 206 at 10, 12, 16. These matters are offered not as an excuse for the default, but as unrebutted reasons why the request warrants a determination.

## V. Clarification is not reconsideration by another name

Plaintiff argues the Order was unambiguous and denied the application in its entirety. Dkt. 261 at 12. If so, confirming that requires one sentence, and Plaintiff identifies no prejudice from it. Clarification does not seek a more elaborate explanation or a supplemental opinion on the merits. Id. It asks whether a discretion conferred by statute was exercised. Schulte and Ediagbonya,

which Plaintiff cites, concern unaddressed arguments, not unaddressed statutory requests. Id. A reviewing court should not have to infer the answer from silence.

Nor would clarification reward . . . serial briefing or divert the fee proceedings. Id.

## CONCLUSION

Blackburn respectfully requests that the Court grant limited reconsideration of Dkt. 251 and address the distinct request for discretionary review under 28 U.S.C. § 636(b)(1)(A), expressly presented in Dkt. 243-6. Alternatively, Blackburn requests clarification whether the Court considered and declined to exercise that discretionary authority notwithstanding the Rule 72(a) default. Blackburn does not seek to reopen the objection deadline or obtain a determination on the underlying sanctions merits through this reply.

Dated: November 11, 2026
Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*

Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
Email: tblackburn@tablackburnlaw.com
On his own behalf and as counsel for T.A. Blackburn Law, PLLC

**CERTIFICATE OF COMPLIANCE**

I certify that this reply memorandum complies with the 1,750-word limit for reply briefs under Local Civil Rule 6.3. Excluding the caption, signature block, and this certificate, the memorandum contains 1,740 words.

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC