T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236
Telephone: (347) 342-7432 | Email: tblackburn@tablackburnlaw.com

November 11, 2026

VIA ECF
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20B
New York, NY 10007

Re: Cartagena v. Dixon, et al., No. 1:25-cv-03552 (JLR) (JW)
Dixon v. Cartagena, et al., No. 1:25-cv-05144 (JLR) (JW)

Reply in Further Support of Objection to
Dkt. 258 (Responding to Dkt. 262)

Dear Judge Rochon:

I write on behalf of myself and T.A. Blackburn Law, PLLC to request leave to file this short reply to Plaintiff's November 5, 2026, letter (Dkt. 262), which opposes my Rule 72(a) objection to the October 22, 2026, Order (Dkt. 258). See Lebenns v. Frost Prods., No. 21-cv-11155 (JLR) (JW), 2023 WL 8280405 (S.D.N.Y. Nov. 30, 2023) (replies on Rule 72(a) objections require the Court's permission). If leave is granted, I respectfully submit the following.

1. The second sentence of Paragraph 3 contains no discovery limitation.

Plaintiff acknowledges that Paragraph 3 reaches material "produced, filed, or served," but asserts that the provision carries an "express discovery-related limitation." Dkt. 262 at 2. The full paragraph reads: "'Discovery Material' means all documents, items, tangible things, or information, whether produced or disclosed in the course of discovery in this action. This includes any material produced, filed, or served by the Parties or a Non-Party in this action." Dkt. 105 at 2. The discovery language appears only in the first sentence. The second sentence expressly "includes" material "filed, or served" by a party "in this action." Plaintiff's fee spreadsheets were served on me by email at the Court's direction. Dkt. 238. Reading the second sentence as adding nothing to the first would render it superfluous or meaningless, an interpretation that 'is not preferred and will be avoided if possible.' Galli v. Metz, 973 F.2d 145 (1992), 973 F.2d 145, 149 (2d Cir. 1992). +

Neither the October 22 Order nor Plaintiff's letter explains what the second sentence covers if not this. Dkt. 258 at 1; Dkt. 262 at 2. Pall Corp. does not help Plaintiff. Dkt. 262 at 2. A protective order that is clear and unambiguous must be given its plain meaning; if it is ambiguous, the court may construe it by consulting the record on which it was based. See United States v. Spallone, 399 F.3d 415, 422 (2d Cir. 2005). Because a court-approved confidentiality agreement is construed under general principles of contract law, neither the parties' interpretation nor the issuing court's later interpretation displaces the plain meaning of its terms. See City of Hartford v. Chase, 942 F.2d 130, 134 (2d Cir. 1991). Construction of an order this Court so-ordered is a question of law, reviewed under the "contrary to law" prong of Rule 72(a).

2. Plaintiff identifies no source of authority outside the Protective Order.

The October 9 Order approved Plaintiff's "Confidential" designation under Dkt. 105 ¶ 1(a), sealed my filing, and directed refiling. Dkt. 252. The October 22 Order then held that the same materials are "not Discovery Material" and that "Section 21 does not apply." Dkt. 258. Both cannot be correct. If the materials fall within the Protective Order, its procedures govern, including

Paragraph 13's requirement that the designating party produce a redacted copy "for future public use" (Dkt. 105 at 4) and Paragraph 21's procedure for filed papers (id. at 9–10). If the materials fall outside it, the "Confidential" designation approved in Dkt. 252 has no basis, because that designation exists only under the Protective Order. Plaintiff's letter does not identify a third source of authority. It refers to the materials as "confidential financial information" (Dkt. 262 at 2) without stating where that status comes from, if not from the Protective Order.

3. Email delivery does not answer the filing question.

Plaintiff argues that "different procedural requirements applied" because the spreadsheets were delivered by email under Magistrate Judge Willis's Rule II.G. Dkt. 262 at 2. I do not dispute the delivery method, as my objection stated. Dkt. 260 at 2. The question is what rules apply once a party files objections that refer to those materials. Paragraph 21 and Your Honor's Rule 4(B) govern filed papers: a public redacted version, a sealed unredacted version, and a motion stating particular reasons for each redaction. Dkt. 105 at 9–10. No particularized analysis of that kind has occurred. The asserted distinction between my filing and Plaintiff's submissions concerns the method of delivery, not the governing confidentiality standard.

4. The record deficiency is concrete.

Plaintiff states that I identify "no actual deficiency in the record that would impair judicial review." Dkt. 262 at 2–3. Plaintiff's own letter identifies it: the submissions were "neither Discovery Material nor filed on ECF." Id. at 2. That is the deficiency: the materials on which the sanctions amount will rest were transmitted by email and are not on the docket. The record on appeal consists of "the original papers and exhibits filed in the district court," the transcript, and the docket entries. Fed. R. App. P. 10(a). Materials that were emailed to chambers and never filed are not part of that record. The October 22 Order states that "the Court and any court of review will have access to the full record." Dkt. 258 at 1. That is the result I seek, and it requires only that the materials be filed. The relief requested introduces no new evidence and does not reopen the merits. Plaintiff identifies no prejudice from filing, under seal, the exact submissions it has already made.

5. The footnote is not a ground for relief.

Plaintiff devotes part of its letter to footnote 2 of my objections. Dkt. 262 at 3. The objection does not depend on that footnote, and the Court need not reach it to resolve the questions presented.

For these reasons, I respectfully request that the Court sustain the objection in part and direct that (a) Plaintiff's fee submissions and their transmittal emails be filed on the docket under seal, in the exact form delivered to the Court; (b) Plaintiff file public versions with redactions justified under Paragraph 21 and Rule 4(B); and (c) the Court clarify whether the materials are governed by the Protective Order and, if not, the basis for the restrictions imposed in Dkt. 252.

Thank you for Your Honor's consideration.

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
On his own behalf and as counsel for
T.A. Blackburn Law, PLLC

cc: All counsel of record (via ECF)