**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
TERRANCE DIXON,
Plaintiff,

-against-

JOSEPH CARTAGENA, *et al.*,

Defendants.
--------------------------------------------------------------X
JOSEPH CARTAGENA,
Plaintiff,

-against-

TERRANCE DIXON, *et al.*,

Defendants.
--------------------------------------------------------------X

**ORDER GRANTING IFP REQUEST AND REQUESTING MORE INFORMATION**

**25-CV-5144 (JLR) (JW)**

**25-CV-3552 (JLR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

## OVERVIEW

On October 2, 2026, the Court granted Tyrone A. Blackburn's request to withdraw as counsel of record for Terrance Dixon ("Dixon") in the above-captioned actions. 25-cv-3552 at Dkt. No. 249.[1] The Court gave Dixon until November 13 to either hire new counsel, represent himself *pro se*, or apply for the Court to request pro bono counsel. Dkt. No. 249 at 2. On November 12, Dixon filed on the 25-cv-3552 docket: (1) an application to proceed *in forma pauperis* ("IFP") and (2) an application for the Court to request pro bono counsel. Dkt. Nos. 265 and 266.[2]

[1] Unless otherwise specified, all docket entry numbers correspond to the 25-cv-3552 case.
[2] The Court notes that Dkt. Nos. 267 and 268 appear to be identical, or substantially the same, documents as those filed at Dkt. No. 265 and 266. The Court refers to the earlier filings.

# ORDER

1. Leave to proceed in this Court without prepayment of fees is authorized. See 28 U.S.C. § 1915.

2. The Court requests more information from Dixon before it decides on his pro bono counsel application at Dkt. No. 266. Accordingly, by **December 4, 2026**, Dixon should submit a letter to the Court to provide the following details:

   a. Does he seek counsel in both the 25-cv-3552 action, in which he is a Defendant, and the 25-cv-5144 action, in which he is the Plaintiff?

   b. Does he intend to move for summary judgment in both the 25-cv-3552 and 25-cv-5144 actions, or only the 25-cv-3552 action?

   c. At a high level, what arguments does he intend to make in his summary judgment motion?

   d. Has he made any efforts to find counsel?

   e. Are there any other reasons he believes help justify his application for pro bono counsel? For reference, Dixon may look to Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986). This case explains the factors the Court considers in deciding pro bono counsel request:

      > the [applicant's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

3. Dixon should familiarize himself with the procedures for *pro se* submissions. As of November 13, 2026, *pro se* litigants such as himself are no longer able to file documents by email. Instead, he will need to upload his court documents using the *Pro Se* Document Submission Portal (https://www.nysd.uscourts.gov/forms/pro-se-portal-document-submission-instructions). Instructions from the Court's website regarding filing through the portal are appended to this order. If Plaintiff has any questions about filing on the Portal instead of email, he should contact the *pro se* intake unit by telephone at (212) 805-0175, during normal business hours, 8:30 a.m. to 5:00 p.m., Monday through Friday (except federal holidays and court closures). He may also inquire by email to Help_Desk@nysd.uscourts.gov.

SO ORDERED.

DATED: New York, New York
November 23, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge