UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CARTAGENA,<br>Plaintiff,<br>-against-<br>TERRANCE DIXON; TYRONE BLACKBURN; AND T.A. BLACKBURN LAW, PLLC,<br>Defendants. | Case No. 1:25-cv-03552 (JLR) |
| TERRANCE DIXON, A/K/S "TA",<br>Plaintiff,<br>-against-<br>JOSEPH ANTONIO CARTAGENA P/K/A "FAT JOE"; PETER "PISTOL PETE" TORRES; RICHARD "RICH PLAYER" JOSPITRE; ERICA JULIANA MOREIRA; SNEAKER ADDICT TOURING LLC; SLATE, INC.; and ROC NATION, LLC,<br>Defendants. | Case No. 1:25-cv-05144 (JLR)<br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Before the Court is a letter motion filed by Defendants Tyrone A. Blackburn, Esq. ("Blackburn"), and the law firm of T.A. Blackburn Law, PLLC ("Blackburn Law" together with Blackburn, the "Blackburn Defendants") requesting that the Court: (1) reconsider the Court's October 6, 2026 Order at Dkt. 251 (the "Order") "to the limited extent that it disposed of the application without expressly addressing the request for discretionary reconsideration under § 636(b)(1)(A)"; (2) exercise its "discretion to undertake a focused review" of the issues the Blackburn Defendants raised in their initial request to belatedly file Federal Rules of Civil Procedure ("Rule") 72(a) objections to Magistrate Judge Willis's June 23, 2026 Order at Dkt.

206 (25-cv-03552); and (3) alternatively, "clarify whether the Court considered and declined that discretionary request, as distinct from denying leave to file untimely Rule 72(a) objections." Dkt. 257 (25-cv-03552); Dkt. 149 (25-cv-05144) ("NOM"). For the following reasons, the Court DENIES the Blackburn Defendants' requests.

## PROCEDURAL HISTORY

The Court presumes the parties' familiarity with the relevant facts, as described in the Court's Order. *See* Order. Following the Court's Order, on October 20, 2026, the Blackburn Defendants filed a letter motion requesting reconsideration of the Order, among other requests. NOM. On October 24, 2026, the Blackburn Defendants filed their brief in support of their letter motion. Dkt. 259 (25-cv-03552) & Dkt. 151 (25-cv-05144) ("Br."). On November 4, 2026, Plaintiff Joseph Cartagena ("Plaintiff Cartagena") opposed this letter motion. Dkt. 261 (25-cv-03552) & Dkt. 153 (25-cv-05144) ("Opp."). The Blackburn Defendants filed their Reply on November 11, 2026. Dkt. 263 (25-cv-03552) & Dkt. 155 (25-cv-05144) ("Reply").

## LEGAL STANDARD

The Blackburn Defendants bring the instant motion under Local Civil Rule 6.3, Rule 54(b), and 28 U.S.C. § 636(b)(1)(A).[1] *See* Br. at 3.

### I. Local Civil Rule 6.3

Local Civil Rule 6.3 provides, "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration must be

---

[1] Despite providing Rule 54(b) as one of the "Governing Standard[s]" in their brief, the Blackburn Defendants do not provide for how the rule is relevant for their motion. *See generally* Br. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). To the extent that the Blackburn Defendants' inclusion of this Rule is a request that the Court "revise" its prior Order, the Court declines to do so.

served within 14 days after the entry of the court's order being challenged. There must be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Rule 6.3.

## II. Section 636(b)(1)(A)

Section 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

# DISCUSSION

## I. The Court Declines to Reconsider its Order Under Local Civil Rule 6.3

As an initial matter, the Blackburn Defendants' motion does not comply with Local Civil Rule 6.3. The Rule provides that a notice of motion for reconsideration "must be served within 14 days after the entry of the court's order being challenged." and shall be accompanied by a "memorandum setting forth concisely the matters or controlling decisions" which counsel believes the Court has overlooked. Local Rule 6.3. The Court's Order was issued on October 6, 2026. *See* Order. While the Blackburn Defendants did file their notice of motion on October 20, 2026, *see* NOM, the accompanying memorandum was not filed until October 24, 2026, *see* Br., four days late, and therefore not in compliance with the Rule.

However, even if the Blackburn Defendants' motion was timely filed, the Court declines to reconsider its prior Order. The Blackburn Defendants have not identified any information that the Court overlooked. *See* Local Rule 6.3. Rather, they ask the Court to reconsider its decision "to the limited extent that it disposed of the application without expressly addressing the request for discretionary reconsideration under § 636(b)(1)(A)." NOM at 1. But the Blackburn Defendants' letter motion previously before this Court did not ask the Court to reconsider Magistrate Judge Willis's June 23, 2026 Order at Dkt. 206 (25-cv-03552) under Section

636(b)(1)(A). *See* Dkt. 243 (25-cv-03552) & Dkt. 136 (25-cv-05144). Rather, the Blackburn Defendants' request was to (1) belatedly file Rule 72(a) objections, (2) stay proceedings concerning Judge Willis's order, (3) stay proceedings arising from Judge Willis's referral of Blackburn to the Grievance Committee, and (4) supplement the record. *See* Dkt. 243 (25-cv-03552) & Dkt. 136 (25-cv-05144). The Blackburn Defendants' request for Court review under Section 636(b)(1)(A) is found on pages 5 and 22 of their *proposed* objections. *See* Dkt. 243-6 at 5, 22. Because the Court found that the Blackburn Defendants' Rule 72(a) objections were untimely, the Court did not address the substance of their objections. And the Court declines to do so now.

## II. The Remaining Requests are Denied

The Blackburn Defendants also request that the Court exercise its Section 636(b)(1)(A) "discretion to undertake a focused review, under the clearly-erroneous-or-contrary-to-law standard, of the existing-record issues concerning refused medical corroboration and the deposition attribution identified in the previously submitted memorandum." NOM at 1. The Court construes this request as an attempt to re-make the substantive objections that the Court previously denied as untimely. *See* Order. The Court therefore declines to engage in this review.

Finally, the Blackburn Defendants request that the Court clarify whether its Order declined their "discretionary request, as distinct from denying leave to file untimely Rule 72(a) objections." NOM at 1. As stated previously, the Court refused to consider the untimely objections.

## CONCLUSION

For the foregoing reasons, the Blackburn Defendants' requests are DENIED. The Clerk of Court is respectfully directed to terminate the motions at Dkt. 257 (25-cv-03552) and Dkt. 149 (25-cv-05144).

Dated: November 24, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge